

AUG 2 8 2014

U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TRACEY WHITE, individually, and as the next best friend of W.D., a minor , | ) ) ) |
| and | ) ) |
| DWAYNE ANTON MATTHEWS, JR., | ) **No.** |
| and | ) ) |
| DAMON COLEMAN, | ) ) |
| and | ) **JURY TRIAL DEMANDED** |
| THEOPHILUS GREEN, | ) ) |
| and | ) ) |
| KERRY WHITE, | ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THOMAS JACKSON, individually, and in his official capacity as City of Ferguson, Missouri Chief of Police | ) ) ) ) |
| and | ) ) |
| JON BELMAR, individually, and in his official capacity as St. Louis County, Missouri Chief of Police, | ) ) ) ) |
| and | ) ) |
| JUSTIN COSMA, individually, and in his official capacity as a City of Ferguson Police Officer, | ) ) ) ) |

1

|  |  |
|---|---|
| and | ) |
|  | ) |
| JOHN DOE, police officers of the City | ) |
| Of Ferguson and St. Louis County | ) |
| Police Departments whose identities are | ) |
| unknown to Plaintiffs at this time, | ) |
|  | ) |
| and | ) |
|  | ) |
| ST. LOUIS COUNTY, MISSOURI, | ) |
|  | ) |
| and | ) |
|  | ) |
| CITY OF FERGUSON, MISSOURI , | ) |
|  | ) |
| Defendants. | ) |

## COMPLAINT
**(False Arrest; Intentional Infliction of Emotional Distress;
Negligent Supervision; Assault and Battery; 42 U.S.C. § 1983)**

## INTRODUCTION

1.      This is a civil action seeking damages against Thomas Jackson, who is the City of

Ferguson Police Chief; Jon Belmar, who is the St. Louis County Chief of Police; Justin Cosma,

who is a City of Ferguson Police Officer; the John Doe police officers of the City of Ferguson

Police Department and/or the St. Louis County Police Department whose identities are unknown

to Plaintiffs at this time; St. Louis County, Missouri; and the City of Ferguson, Missouri

(collectively, "Defendants") for committing acts, under color of law, which deprived Plaintiffs of

rights secured under the Constitution and laws of the United States and the state of Missouri;

and, for refusing or failing to prevent such deprivations and denials to Plaintiffs.  Plaintiffs

allege, among other things, that Defendants intentionally, negligently and/or recklessly caused

Plaintiffs to be subjected to unnecessary and unwarranted force, arrests that were not based upon

probable cause, and other violations of their constitutional rights.  This action seeks both

2

compensatory and punitive damages against the defendants for the intentional acts of wrongdoing and negligence under state law.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment to the United States Constitution. This Court has jurisdiction over this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 28 U.S.C. § 1331. Plaintiffs further invoke the supplemental jurisdiction of this Court to hear and decide claims arising under state law, pursuant to 28 U.S.C. § 1367.

## PARTIES

3. At all times relevant herein, Plaintiff Tracey White was a resident of the state of Missouri and a citizen of the United States. She is also the mother of W.D., a minor.

4. At all times relevant herein, Plaintiff DeWayne Anton Matthews, Jr., was a resident of the state of Missouri and a citizen of the United States.

5. At all times relevant herein, Plaintiff Damon Coleman was a resident of the state of Missouri and a citizen of the United States.

6. At all times relevant herein, Plaintiff Theophilus Green was a resident of the state of Missouri and a citizen of the United States.

7. At all times relevant herein, Plaintiff Kerry White was a resident of the State of Missouri and a citizen of the United States.

8. At all times relevant herein, Defendant Thomas Jackson was the ~~St. Louis County~~ City of Ferguson Chief of Police and acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the City of Ferguson, Missouri; and, the City of Ferguson Police Department; and, pursuant to his authority as the Chief of Police.

3

9.     At all times relevant herein, Defendant Jon Belmar was the St. Louis County Chief of Police and acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of St. Louis County, Missouri; and, the St. Louis County Police Department; and, pursuant to his authority as the Chief of Police.

10.     At all times relevant herein, Defendant Justin Cosma was a City of Ferguson Police Officer and acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the City of Ferguson, Missouri; and, the City of Ferguson Police Department; and, pursuant to his authority as a police officer.

11.     At all times relevant herein, Defendant St. Louis County was located in the state of Missouri and maintained a police department which operates under, and administers, a set of law enforcement policies, practices and customs involving the hiring, training and supervision of its officers. These policies, practices and customs include training in the use of force and on-the-street encounters with civilians as well as the basis for an arrest. St. Louis County is liable directly and vicariously.

12.     At all times relevant herein, Defendant City of Ferguson was a municipal corporation and maintained a police department which operates under, and administers, a set of law enforcement policies, practices and customs involving the hiring, training and supervision of its officers. These policies, practices and customs include training in the use of force and on-the-street encounters with civilians as well as the basis for an arrest. The City of Ferguson is liable directly and vicariously.

13.     At all times relevant herein, Defendant John Doe police officers, whose identities are unknown to Plaintiffs at this time, are believed to have been St. Louis County or City of Ferguson Police Department officers acting within the scope of their employment and under

4

color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the City of Ferguson, Missouri and the City of Ferguson Police Department; or, St. Louis County, Missouri and the St. Louis County Police Department; as the case may be, pursuant to their authority as police officers.

## I.
## STATEMENT OF FACTS COMMON TO ALL PLAINTIFFS

14. On August 9, 2014, Darren Wilson of the City of Ferguson Police Department and Michael Brown, Jr., a teenaged African American, encountered one another. A violent confrontation ensued, and Michael Brown, Jr., who was unarmed, was shot to death by Darren Wilson, who is Caucasian.

15. Although the fact that an unarmed African American was shot and killed by a Caucasian police officer is not an unusual event in the United States, the Michael Brown, Jr. shooting was somewhat unique in that it occurred between 12:00 p.m. and 1:00 p.m. in the afternoon, and there were several independent eyewitnesses. As a result of the number of eyewitnesses, technology and the internet, the circumstances surrounding the death of Michael Brown, Jr. went viral and millions of people became aware of it.

16. The community in Ferguson was particularly outraged by what appeared to be an excessive use of force in the Michael Brown, Jr. shooting. The unarmed Michael Brown, Jr. was shot multiple times by Officer Wilson.

17. A public outcry about the shooting death of Michael Brown, Jr. by Officer Wilson turned into protests, which subsequently led to civil unrest in the streets of Ferguson, Missouri when Defendants took up arms and, in militaristic displays of force and weaponry, engaged U.S. Citizens as if they were war combatants.

5

18. In doing so during the period of August 11-13, 2014, Defendants used wanton and excessive force, under color of law, which deprived Plaintiffs of rights secured under the Constitution and laws of the United States and state law.

19. Plaintiffs were all victims of the atrocities committed by Defendants during the period of August 11-13, 2014.

## II.
## FACTS AND CLAIMS SPECIFIC TO PLAINTIFF TRACEY WHITE

20. Plaintiffs Tracey White and her son adopt and incorporate by reference paragraphs 1-19 of this Complaint as if fully set forth herein.

21. On August 13, 2014, Plaintiffs Tracey White and her minor son attended a Peace and Love rally that was sponsored by her AME Church group in Ferguson. After the rally was over, she and her son walked to the McDonald's Restaurant located on W. Florissant, where they purchased some drinks and food.

22. While in the restaurant waiting for her husband to come and get her and her son, Plaintiff White conversed with some of the patrons and otherwise acted normally. Shortly thereafter, Plaintiff White's son went to the restroom and she went back up to the counter to purchase a sundae. Just as she did that, several Defendant John Doe police officers and Defendant Cosma, in what appeared to be army uniforms, carrying rifles and sticks and wearing helmets, approached the door and ordered Plaintiff White to "get out." Plaintiff White was terrified and tried to tell Defendant John Doe police officers and Defendant Cosma that her son was in the restroom, and that she was there waiting for her husband to pick them up.

23. After her son exited the restroom, Plaintiff White observed him being accosted by Defendant John Doe police officers and Defendant Cosma. When she expressed her concern,

6

she was told to "shut up." When Plaintiff White continued to express her concerns about the way her son was being mistreated, she was advised that she was being arrested because she would not "shut up." Plaintiff White was then thrown to the ground and handcuffed. During the process of being arrested, Plaintiff White realized that she had her son's iPad in her hand and summoned him over to retrieve the item. When he did, Defendant John Doe police officers and Defendant Cosma, placed the minor under arrest as well, for no reason at all.

24.     Plaintiff White and her minor son were then transported to the St. Louis County Police Department offices in Clayton, Missouri, where they were fingerprinted, photographed, held for more than five (5) hours and told that they had been arrested on the unfounded charge of "failure to disperse."

## A.
## FALSE ARREST

25.     Defendant Cosma wrongfully and unlawfully arrested and detained and/or assisted in the arrest and detention of the Plaintiffs on the unfounded charge of "failure to disperse", even though he knew that no probable cause or any other basis for the charge existed.

26.     As a direct proximate result of the false arrest of Plaintiffs by Defendant Cosma and the other Defendants, Plaintiff White and her minor son suffered discomfort, distress and loss of liberty; and have suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being falsely arrested, taken into custody, and otherwise grossly mistreated.

WHEREFORE, Plaintiff Tracey White and her son demand judgment against Defendants, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages against

7

Defendant Cosma, and other Defendants, in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

**B.**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

27. Plaintiff White further alleges that Defendant Cosma and Defendant John Doe police officers, with deliberate indifference and reckless disregard for the rights of Plaintiff White and her son and with pure malice, did subject Plaintiff White to the humiliation of being thrown to the ground and being arrested in front of her minor son and the added humiliation of seeing her son taken into custody, and treated as if he were a criminal. Defendants City of Ferguson and County of St. Louis Police Departments, with full knowledge of the inappropriateness of these actions have taken no action against any officer involved in the blatantly unfounded arrest of Plaintiff Tracey White and her minor son and have, therefore, acquiesced in and/or condoned the unlawful acts of Defendant Cosma and other Defendants against Plaintiff.

28. As a direct and proximate result of the actions of Defendants, Plaintiffs suffered discomfort, distress and loss of liberty; and has suffered, and will continue to suffer, psychological harm and mental anguish including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being unlawfully arrested, taken into custody, and otherwise grossly mistreated.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages against Defendant Cosma in the amount of one

8

Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## C.
## NEGLIGENT SUPERVISION

29. During the period of August 11-13, 2014, Defendant Cosma and Defendant John Doe police officers were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures, of Defendants City of Ferguson and St. Louis County.

30. Defendants City of Ferguson and St. Louis County acted negligently, carelessly and recklessly by failing to properly train, supervise, control, direct and monitor Defendant Cosma and Defendant John Doe police officers.

31. As a direct and proximate result of the acts and omissions of Defendants City of Ferguson and St. Louis County, Plaintiff White and her minor son were wrongfully and unlawfully, arrested, detained and humiliated. As a result, Plaintiff White and her son have suffered physical assault, embarrassment, and mental anguish.

WHEREFORE, Plaintiffs demands judgment against Defendants City of Ferguson and St. Louis County, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, plus interest, costs and attorney's fees to the extent allowed by law.

## D.
## ASSAULT AND BATTERY

32. Defendant Cosma and Defendant John Doe police officers, without proper grounds, willfully assaulted and handcuffed Plaintiff White and her minor son without just cause or basis.

9

33. As a direct and proximate result of Defendants' willful, malicious and intentional conduct, Plaintiff White and her minor son suffered bodily injuries when they were taken to the ground to be handcuffed.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages against Defendant Cosma in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## E.
## DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

34. Plaintiff White further alleges that Defendant Cosma and Defendant John Doe police officers, with deliberate indifference to and reckless disregard for the safety and well-being of her and her minor son and in violation of the Fourth Amendment to the Constitution, did on August 13, 2014 deprived Plaintiff White and her son of their Constitutional rights by assaulting them and then placing them under unlawful arrest, or failed to prevent the arrest and detention, when they had the opportunity to do so.

35. The arrest and detention were and are in violation of Plaintiffs' right to be free from unreasonable seizure secured by the Fourth Amendments to the United States Constitution and protected under 42 U.S.C. §1983.

36. As a direct and proximate result of Defendants' arrest and detention of Plaintiffs as set forth herein, Plaintiffs have suffered severe emotional anguish.

WHEREFORE, Plaintiffs demand judgment against Defendant Cosma and Defendant John Doe police officers, jointly and severally, in the full and fair amount of One Million Dollars

10

($1,000,000.00) in compensatory and punitive damages, plus interest, costs and attorney's fees to the extent allowed by law.

## F.
## FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE 42 U.S.C. § 1983

37.     During the period of August 11-13, 2014, Defendants that were responsible for the arrest of Plaintiff White and her minor son were acting under the direction and control, and pursuant to the practices and customs of Defendants City of Ferguson and St. Louis County and implemented by Defendants Belmar and Thomas.

38.     Defendants acted negligently, carelessly, recklessly and with deliberate indifference to Plaintiffs by failing to properly train, supervise, control, direct, monitor and discipline Defendant officers from their respective departments who were patrolling the streets of Ferguson, Missouri during the period of August 11-13, 2014.

39.     As a direct and proximate result of the acts and omissions of Defendants City of Ferguson, St. Louis County, Belmar and Thomas, Plaintiff White and her minor son were unlawfully arrested, seized and otherwise deprived of their rights under the Fourth Amendment to the U.S. Constitution.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,00.00), plus punitive damages to the extent allowed by law, attorney's fees, interest, and costs.

## III.
## FACTS AND CLAIMS SPECIFIC TO PLAINTIFF DEWAYNE A. MATTHEWS, JR.

40.     Plaintiff Dewayne A. Matthews, Jr. adopts and incorporates by reference paragraphs 1-19 of this Complaint as if fully set forth herein.

11

41. On August 13, 2014, which was a Wednesday night, Plaintiff Matthews was on his way to his mother's house who lives near W. Florissant and Kappel in Ferguson, Missouri.

42. Because of the civil disturbances that had taken place, he was simply going to her house to visit her and make sure she was alright.

43. Plaintiff Matthews took public transportation to his mother's house. When he got off the 61 Chambers bus, he noticed that the street was blocked off so we proceeded to the corner of W. Florissant and Highmont.

44. At the above location, Plaintiff Matthews was confronted by approximately eight (8) Defendant John Doe police officers in military type uniforms who had their weapons trained upon him. Plaintiff immediately put his hands in the air whereupon he was shot multiple times with rubber bullets.

45. At that point, Plaintiff Matthews fell into a creek or sewer. Defendant John Doe officers pounced on him, slammed his face into the concrete, and pushed his head underwater to the point that he felt he was going to be drowned. Afterward, Defendant John Doe police officers continued to assault him and spray him with O.C. spray.

46. Plaintiff Matthews was arrested for allegedly "failing to disperse" even though he had not been involved in any protests of any kind and was only in the neighborhood to check on his mother.

47. Plaintiff Matthews was transported to Christian Hospital Northwest for treatment for the injuries he sustained at the hands of Defendant John Doe police officers. Despite the fact that Plaintiff Matthews was allegedly placed under arrest for committing a crime, Plaintiff Matthews was never taken to a police station and was released from the hospital the next day.

12

## A.
## FALSE ARREST

48. Plaintiff Matthews was wrongfully and unlawfully arrested and detained by Defendant John Doe police officers on the unfounded charge of "failure to disperse" even though no probable cause or any other basis for the charge existed and even though Plaintiff Matthews was not in any way involved in any protests.

49. As a direct proximate result of his false arrest, Plaintiff Matthews suffered discomfort, distress and loss of liberty; and has suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being falsely arrested, taken into custody, and otherwise grossly mistreated.

WHEREFORE, Plaintiff Matthews demands judgment against Defendant John Doe police officers, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages against Defendant John Doe police officers in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## B.
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. Plaintiff Matthews further alleges that Defendant John Doe police officers with deliberate indifference and reckless disregard for his rights and with pure malice, subjected him to vicious acts of violence for no lawful reason. Defendants City of Ferguson and County of St. Louis, with full knowledge of the brutal, vicious and gratuitous acts of violence in which its officers were engaging took no action against any officer involved in the blatantly unlawful assault, battery and arrest Plaintiff Matthews and have, therefore, acquiesced in and/or condoned the unlawful acts of the Defendant John Doe officers.

13

51. As a direct and proximate result of the actions of Defendants, Plaintiff Matthews suffered discomfort, distress and loss of liberty; and has suffered, and will continue to suffer, psychological harm and mental anguish including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being unlawfully arrested, savagely beaten for no reason, taken into custody, and otherwise grossly mistreated.

WHEREFORE, Plaintiff Matthews demands judgment against Defendant John Doe police officers, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## C.
## NEGLIGENT SUPERVISION

52. During the period of August 11-13, 2014, Defendant John Doe police officers were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures of Defendants City of Ferguson and St. Louis County.

53. Defendants City of Ferguson and St. Louis County acted negligently, carelessly and recklessly by failing to properly train, supervise, control, direct and monitor Defendant John Doe police officers.

54. As a direct and proximate result of the acts and omissions of Defendants City of Ferguson and St. Louis County, Plaintiff Matthews was wrongfully and unlawfully, arrested, detained and shot with rubber bullets and savagely beaten. As a result, he suffered severe bodily injuries, pain and suffering, mental anguish, embarrassment, and emotional distress.

14

WHEREFORE, Plaintiff Matthews demands judgment against Defendants City of
Ferguson and St. Louis County in the full and just amount of One Million, Five Hundred
Thousand Dollars ($1,500,000.00), in compensatory damages, plus interest, costs and attorney's
fees to the extent allowed by law.

## D.
## ASSAULT AND BATTERY

55. On August 13, 2014, Defendant John Doe police officers, without proper grounds,
willfully subjected the Plaintiff Matthews to cruel and unwarranted physical violence in the form
of a beating, near drowning and being shot numerous times with rubber bullets without just cause
or basis.

56. As a direct and proximate result of the conduct of the Defendant John Doe police
officers, Plaintiff Matthews suffered severe bodily injuries, emotional distress, mental anguish
and pain and suffering.

WHEREFORE, the Plaintiff Matthews demands judgment against Defendants, jointly
and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars
($1,500,000.00), in compensatory damages, and punitive damages against Defendant John Doe
police officers in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and
attorney's fees to the extent allowed by law.

## E.
## DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

57. Plaintiff Matthews further alleges that Defendant John Doe police officers, with
deliberate indifference to and reckless disregard for his safety and well-being in violation of the
Fourth Amendment to the Constitution, did on August 13, 2014 deprive Plaintiff Matthews of his

15

Constitutional rights by assaulting him and then placing him under unlawful arrest, or failed to prevent the arrest and detention, when they had the opportunity to do so.

58.    As a direct and proximate result of Defendant John Doe police officers' assault, battery, arrest and detention of Plaintiff Matthews as set forth herein, Plaintiff Matthews has suffered severe injuries and emotional anguish.

59.    On August 13, 2014, Defendant John Doe police officers used wanton and excessive force, under color of state law, which deprived Plaintiff Matthews of rights secured under the Constitution and laws of the United States.

60.    As a direct and proximate result of the actions of Defendant John Doe police officers, Plaintiff Matthews was subjected to an illegal seizure by Defendant John Doe police officers from the City of Ferguson and St. Louis County, acting outside the parameters of law and decency.

WHEREFORE, Plaintiff Matthews demands judgment against Defendants John Doe police officers, jointly and severally, in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, plus interest, costs and attorney's fees to the extent allowed by law.

## F.
## FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE 42 U.S.C. § 1983

61.    During the period of August 11-13, 2014, Defendant John Doe police officers responsible for the arrest and beating of Plaintiff Matthews were acting under the direction and control, and pursuant to the practices and customs of Defendants City of Ferguson and St. Louis County and implemented by Defendants Belmar and Thomas.

62. Defendants City of Ferguson, St. Louis County, Belmar and Thomas acted negligently, carelessly, recklessly and with deliberate indifference to the safety of Plaintiff Matthews by failing to properly train, supervise, control, direct, monitor and discipline the officers from their respective departments who were patrolling the streets of Ferguson, Missouri during the period of August 11-13, 2014.

63. As a direct and proximate result of the acts and omissions of Defendants City of Ferguson, St. Louis County, Belmar and Plaintiff Matthews was unlawfully arrested, seized, beaten, shot with rubber bullets and otherwise deprived of his civil rights

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,00.00), plus punitive damages to the extent allowed by law, attorney's fees, interest, and costs.

## IV.
## FACTS AND CLAIMS SPECIFIC TO PLAINTIFF KERRY WHITE

64. Plaintiff Kerry White adopts and incorporates by reference paragraphs 1-19 of this Complaint as if fully set forth herein.

65. On Tuesday, August 12, 2014, Plaintiff White was in the City of Ferguson, shooting photographic footage of the protests in Ferguson. He initially parked at Chambers and West Florissant, with two of his friends in the vehicle.

66. As Plaintiff White was shooting footage, he observed Defendant John Doe police officers begin proceeding down Chambers, shooting tear gas and ordering people to leave the area. Plaintiff White left the lot, went south on Chambers and then made a right on Lorrna. Plaintiff White continued to shoot footage from his vehicle. Defendant John Doe police officers

17

subsequently came onto Lorrna and when Plaintiff White tried to get out of their path, he was blocked in by a military-like tactical vehicle.

67.     At this point, the Plaintiff White was seriously afraid for his life.  He held his camera out of his car window in an attempt to let Defendant John Doe police officers know that he was simply photographing the protests.

68.     Defendant John Doe police officer snatched Plaintiff White's camera from his hand, took out his memory card and threw it to the ground.  Plaintiff White and his passengers were then taken from his vehicle by several Defendant John Doe police officers from the St. Louis County Police Department, handcuffed, placed in a police wagon and transported to the Clayton Justice Center.  Once there, they were booked on the unfounded charge of "failure to disburse" even though no basis at all existed for that charge.

## A.
## FALSE ARREST

69.     Plaintiff Kerry White was wrongfully and unlawfully arrested and detained by Defendant John Doe police officers on the unfounded charge of "failure to disperse" even though it was clear that no probable cause or any other basis for the charge existed.

70.     As a direct proximate result of his false arrest by Defendant John Doe police officers, Plaintiff White suffered discomfort, distress and loss of liberty; and has suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being falsely arrested, taken into custody, and otherwise grossly mistreated.

WHEREFORE, Plaintiff Kerry White demands judgment against Defendant John Doe police officers, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages against

18

Defendant John Doe officers in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## B.
## NEGLIGENT SUPERVISION

71. During the period of August 11-13, 2014, Defendant John Doe police officers were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures, of Defendants City of Ferguson and St. Louis County.

72. Defendants City of Ferguson and St. Louis County acted negligently, carelessly and recklessly by failing to properly train, supervise, control, direct and monitor Defendant John Doe police officers during the period of August 11-13, 2014.

73. As a direct and proximate result of the acts and omissions of Defendants City of Ferguson and St. Louis County, Plaintiff White was wrongfully and unlawfully, arrested, detained and humiliated. As a result, he was caused to suffer mental anguish, embarrassment, and emotional distress.

WHEREFORE, Plaintiff White demands judgment against Defendants City of Ferguson and St. Louis County in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, plus interest, costs and attorney's fees to the extent allowed by law.

## C.
## ASSAULT AND BATTERY

74. Defendant John Doe police officers, without proper grounds, willfully assaulted, battered and handcuffed Plaintiff Kerry White without just cause or basis.

75. As a direct and proximate result of Defendant John Doe police officers' willful, malicious and intentional actions, Plaintiff White suffered bodily injuries while being unlawfully

19

arrested, taken to the ground and handcuffed.

WHEREFORE, Plaintiff White demands judgment against Defendants, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages against Defendant John Doe police officers in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## D.
## DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

76.     Plaintiff Kerry White further alleges that Defendant John Doe police officers, with deliberate indifference to and reckless disregard for his safety and well-being and in violation of the Fourth Amendment, did on August 12, 2014, commit or allowed to be committed acts which deprived him of his constitutional right to be free from an unreasonable seizure.

77.     As a direct and proximate result of the actions of Defendant John Doe police officers, Kerry White was subjected to an illegal seizure by t Defendant John Doe police officers, who were acting outside the parameters of law and decency.

78.     During the period of August 11-13, 2014, Defendant John Doe police officers used wanton and excessive force, under color of state law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States.

WHEREFORE, Plaintiff White demands judgment against the Defendant John Doe police officers, jointly and severally, in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, plus interest, costs and attorney's fees to the extent allowed by law.

### E.
### FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE 42 U.S.C. § 1983

79.     During the period of August 11-13, 2014, Defendant John Doe police officers responsible for the arrest of Plaintiff Kerry White were acting under the direction and control, and pursuant to the practices and customs of Defendants City of Ferguson and St. Louis County and implemented by Defendants Belmar and Thomas.

80.     Defendant John Doe police officers acted negligently, carelessly, recklessly and with deliberate indifference to the safety of Plaintiff White by failing to properly train, supervise, control, direct, monitor and discipline the officers from their respective departments who were patrolling the streets of Ferguson, Missouri During the period of August 11-13, 2014.

81.     As a direct and proximate result of the acts and omissions of Defendants City of Ferguson, St. Louis County, Belmar and Plaintiff Thomas Kerry White was unlawfully arrested, seized and otherwise deprived of his civil rights.

WHEREFORE, Plaintiff White demands judgment against Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,00.00), plus punitive damages to the extent allowed by law, attorney's fees, interest, and costs.

### V.
### FACTS AND CLAIMS SPECIFIC TO PLAINTIFFS
### DAMON COLEMAN AND THEOPHILUS GREEN

82.     Plaintiffs Damon Coleman and Theophilus Green adopt and incorporate by reference paragraphs 1-19 as if fully set forth herein.

83.     On August 11, 2014, at approximately 8:00 p.m., Plaintiffs Coleman and Green were engaging in a peaceful protest, with several others, regarding the shooting death of Michael Brown, Jr. on West Florissant near the Quick Trip convenience store.

21

84. At or around the same date and time, a number of St. Louis County police officers began to arrive on the scene. Shortly thereafter, a military type truck pulled up with more St. Louis County police officers in full riot gear.

85. At that point, other St. Louis County police officers began to put on riot gear and arm themselves with militaristic type automatic weapons. Upon seeing these officers appear to be preparing to engage in combat, the protesters turned to them and began to chant "hands up don't shoot" with their arms raised in the air.

86. In response, Defendant John Doe police officers, who appeared to be seeking a confrontation, began to spread out and take what appeared to be tactical positions behind the non-violent protesters. At about the same time, two military tank-like vehicles began to approach the group from the front with police officers on and next to the vehicles. Defendant John Doe police officers then began shooting tear gas into the group of protestors causing the group to scatter.

87. Plaintiffs Coleman and Green were recording these events. Plaintiffs Coleman and Green were then spotted and Defendant John Doe police officers began shooting at them. Plaintiffs Coleman and Green raised their hands but the police continued to fire tear gas and what appeared to be stun grenades in their direction.

88. Plaintiffs Coleman and Green were repeatedly shot with rubber bullets as the police continued to fire as Plaintiffs Coleman and Green got on their knees and presented no threat.

89. Plaintiffs Coleman and Green were subsequently placed under arrest on the unfounded charge of "failure to disperse." While arresting Plaintiffs Coleman and Green,

22

Defendant John Doe police officers from the St. Louis County Police Department hurled racial epithets at them, while punching and kicking them the entire time.

90. Plaintiffs Coleman and Green were eventually taken to the Clayton Justice Center where they were ridiculed and placed in small cells. Plaintiffs Green and Coleman were held for more than 12 hours.

## A.
## FALSE ARREST

91. Plaintiffs Coleman and Green wrongfully and unlawfully arrested and detained on the unfounded charge of "failure to disperse" even though it was clear that no probable cause or any other basis for the charge existed.

92. As a direct proximate result of the false arrest of Plaintiffs Coleman and Green by Defendant John Doe police officers from the St. Louis County Police Department, Plaintiffs Coleman and Green suffered discomfort, distress and loss of liberty; and have suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being falsely arrested, taken into custody, and otherwise grossly mistreated.

WHEREFORE, Plaintiffs Coleman and Green demand judgment against Defendant John Doe police officers, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, and punitive damages in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## B.
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93. Plaintiffs Coleman and Green further allege that Defendant John Doe police officers from the St. Louis County Police Department, with deliberate indifference and reckless

23

disregard for Plaintiffs' rights, and with pure malice, did falsely arrest, beat, ridicule and shoot them with rubber bullets simply for the sport of it.

94. Defendants City of Ferguson and County of St. Louis with full knowledge of the falsification of police reports by their officers as well as their acts of misconduct and use of excessive force took no action against any officer involved in the unlawful arrest of Plaintiffs Coleman and Green and have, therefore, acquiesced in and/or condoned the unlawful acts of Defendant John Doe police officers.

95. As a direct and proximate result of the actions of Defendants, Plaintiffs suffered discomfort, distress and loss of liberty; and have suffered, and will continue to suffer, psychological harm and mental anguish including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being unlawfully arrested, taken into custody, and otherwise grossly deprived of their civil rights and mistreated

WHEREFORE, Plaintiffs Coleman and Green demand judgment against Defendants, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages against Defendant John Doe police officers from the St. Louis County Police Department in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## C.
## NEGLIGENT SUPERVISION

96. During the period of August 11-13, 2014, the Defendant John Doe police officers were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures, of Defendants City of Ferguson and St. Louis County.

24

97.     Defendants City of Ferguson and St. Louis County acted negligently, carelessly and recklessly by failing to properly train, supervise, control, direct and monitor Defendant John Doe police officers deployed onto the streets of Ferguson, Missouri During the period of August 11-13, 2014.

98.     As a direct and proximate result of the acts and omissions of Defendants City of Ferguson and St. Louis County, Plaintiffs Coleman and Green were wrongfully and unlawfully, arrested, detained, beaten, shot with rubber bullets and humiliated.  As a result, Plaintiffs Coleman and Green have suffered physical injury, pain and suffering, mental anguish, embarrassment, and mental distress.

WHEREFORE, Plaintiffs Coleman and Green demand judgment against the City of Ferguson and St. Louis County in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, plus interest, costs and attorney's fees to the extent allowed by law.

## D.
## ASSAULT AND BATTERY

99.     Plaintiffs Coleman and Green, without proper grounds, were shot with rubber bullets and beaten about their bodies by Defendant John Doe police officers even though Plaintiffs Coleman and Green posed no threat to Defendant John Doe police officers or anyone else.

100.    As a direct and proximate result of Defendant John Doe police officers willful, malicious and intentional actions, Plaintiffs Coleman and Green suffered serious injury to significant areas of their bodies, as well a pain and suffering, mental anguish, emotional distress and humiliation.

25

WHEREFORE, Plaintiffs Coleman and Green demand judgment against Defendants,

jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars

($1,500,000.00), in compensatory damages, punitive damages in the amount of one Million

Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## E.
## DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

101. Plaintiffs Coleman and Green further allege that Defendant John Doe police

officers, with deliberate indifference to and reckless disregard for their safety and well-being son

and in violation of the Fourth Amendment to the United States Constitution and protected under

42 U.S.C. §1983, did on August 11, 2014, commit or allowed to be committed acts which

deprived both of them their Constitutional right to be free from an unreasonable seizure and

excessive force.

102. As a direct and proximate result of the actions of Defendant John Doe police

officers, Plaintiffs Coleman and Green were subjected to an illegal seizure and the excessive use

of force by the completely out of control police officers, acting outside the parameters of law and

decency.

WHEREFORE, Plaintiffs Coleman and Green demand judgment against Defendant John

Doe police officers, jointly and severally, in the full and fair amount of One Million Dollars

($1,000,000.00) in compensatory and punitive damages, plus interest, costs and attorney's fees to

the extent allowed by law.

## F.
## FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE 42 U.S.C. § 1983

103. During the period of August 11-13, 2014, Defendant John Doe police officers

responsible for the unlawful arrest, beating and mistreatment of Plaintiffs Coleman and Green

26

were acting under the direction and control, and pursuant to the practices and customs of Defendants City of Ferguson and St. Louis County and implemented by Defendants Belmar and Thomas.

104. Defendants acted negligently, carelessly, recklessly and with deliberate indifference to the safety of Plaintiffs Coleman and Green by failing to properly train, supervise, control, direct, monitor and discipline Defendant John Doe police officers from their respective departments who were patrolling the streets of Ferguson, Missouri During the period of August 11-13, 2014.

105. As a direct and proximate result of the acts and omissions of Defendants City of Ferguson, St. Louis County, Belmar and Thomas, Plaintiffs Coleman and Green were unlawfully arrested, seized and otherwise mistreated.

WHEREFORE, Plaintiffs Coleman and Green demand judgment against Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,00.00), plus punitive damages to the extent allowed by law, attorney's fees, interest, and costs.

This 28th Day of August 2014,

[Signatures of counsel on next page]

27

Respectfully submitted,

**LAW OFFICES OF GREGORY L. LATTIMER**

By

Gregory L. Lattimer, Esq. *(pro hac pending)*
1200 G Street, N.W.
Suite 800
Washington, D.C.  20005
Tel. (202) 434-4513
Fax: (202) 248-4478
lattlaw@aol.com

and

**BLACK LAWYERS FOR JUSTICE**

By

Malik Z. Shabazz, Esq. *(pro hac pending)*
1200 G Street, N.W.
Suite 800
Washington, D.C.  20005
Tel: (202) 434-4528
Fax: (202) 248-4478
attorneyshabazz@yahoo.com

and

**GREENE LEGAL GROUP LLC**

By

Reginald A. Greene, Esq. *(pro hac pending)*
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
Tel. (404) 574-4308
Fax: (404) 574-4308
rgreene@greenelegalgorup.com

Counsel for the Plaintiffs

29