UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TRACEY WHITE, et al._____)
_____)
____Plaintiffs,_____)
_____)
v._____)
_____)
THOMAS JACKSON, et al.,_____)____No.____4:14-cv-01490-HEA
_____)
____Defendants._____)
_____)

## *DEFENDANTS' CITY OF FERGUSON, POLICE CHIEF THOMAS JACKSON, AND POLICE OFFICER JUSTIN COSMA'S MEMORANDUM IN SUPPORT OF JOINT MOTION TO DISMISS*

COME NOW Defendants, City of Ferguson, Ferguson Police Chief Thomas Jackson, and Ferguson Police Officer Justin Cosma, and for their Memorandum in Support of their Joint Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), state as follows:

### LAW

Rule 8(a)(2), Fed.R.Civ.P., provides a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 686 (2009) (a court need not "credit a complaint's conclusory statements without reference to its factual context"). Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570.

## PROCEDURAL HISTORY

On August 28, 2014, Plaintiffs Tracey White, Dwayne Anton Matthews, Jr., Damon Coleman, Theophilus Green, and Kerry White filed their Complaint against Defendants Thomas Jackson, Jon Belmar, Justin Cosma, John Does, St. Louis County, Missouri, and the City of Ferguson, Missouri. Plaintiffs purported to allege causes of action against the Defendants for various occurrences which were alleged to have taken place from August 11 through 13, 2014. On October 2, the Plaintiffs filed an Amended Complaint adding Antawn Harris, Nathan Burns, Kia Bowers, and Sandy Bowers as Plaintiffs.

## ARGUMENT

*A.   Negligent Supervision and Sovereign Immunity*

Plaintiffs have attempted to allege claims of negligent supervision under Missouri state law against the City of Ferguson. Doc. No. 9, ¶¶ 34–36, 57–59, 76–78, 101–03, 117–19, 136–38, and 153–155. The State of Missouri recognizes that municipalities are entitled for sovereign immunity from liability for state common law tort claims, subject to certain exceptions. The Plaintiffs have not pleaded any exception to Missouri's sovereign immunity (R.S.Mo. § 537.600.1). Doc. No. 9.

Under Missouri law, sovereign immunity is an absolute defense. *See State ex rel. Div. Of Motor Carrier & R.R. Safety v. Russell*, 91 S.W. 3d 612, 615 (Mo. 2002); *Topps v. City of Country Club Hills*, 272 S.W.3d 409, 414 (Mo. App. E.D. 2008). With the exception of a few express statutory exceptions, sovereign immunity protects public entities from any kind of tort liability. *Gregg v. City of Kansas City*, 272 S.W. 3d 353 (Mo. App. W.D. 2008); *Hummell v. St. Charles City R-3 Sch. Dist.*, 114 S.W. 3d 282, 284 (Mo. App. E.D. 2003). Under Missouri law, sovereign immunity generally protects public entities from liability for common law tort claims

arising from its governmental functions, such as the operation and maintenance of a police force. § 537.600, R.S.Mo.; S*tate ex rel. Bd. Of Trustees of City of N. Kansas City Memorial Hospital v. Russell*, 843 S.W. 2d 353, 358 (Mo. 1992); *Oberkramer v. City of Ellisville*, 650 S.W.2d 294, 295-6 (Mo. App. E.D. 1983). It is well-established that sovereign immunity extends to municipalities, as well as to claims against municipalities for intentional torts that are allegedly committed by police officers. *Credit Acceptance Corp. v. Smith*, 991 S.W. 2d 720, 721 (Mo. App. E.D. 1999).

"The liability of a public entity for torts is the exception to the general rule of immunity for tort and it is incumbent upon a plaintiff who seeks to state a claim for relief to specifically allege facts establishing that an exception applies." *Boever v. Special Sch. Dist. of St. Louis Cnty.*, 296 S.W.3d 487, 491 (Mo. App. E.D. 2009); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998); *Shifflette v. Mo. Dep't of Natural Res.*, 308 S.W.3d 331, 334 (Mo. App. W.D. 2010) ("Sovereign immunity is not an affirmative defense but is part of the plaintiff's *prima facie* case."); *Richardson v. City of St. Louis*, 293 S.W.3d 133, 137 (Mo. App. E.D. 2009); *see also, Cunningham v. Hinrichs*, 2013 WL 6068881, *10 (E.D. Mo. 2013) (applying sovereign immunity to state law tort claims against municipality and finding insurance provisions did not waive sovereign immunity).

In the case at bar, the Plaintiffs have not pleaded any exception, nor is there any exception, to Missouri's Sovereign Immunity Statute (R.S.Mo. § 537.600), and the City of Ferguson should be dismissed from state claims regarding alleged negligent supervision. *See, e.g., Doe A v. Special School Dist. of St. Louis County*, 637 F.Supp. 1138, 1149 (E.D. Mo. 1986); *Aiello v. St. Louis Community College Dist.*, 830 S.W.2d 556, 559 (Mo. App. E.D. 1992) (barring negligent supervision claim based on application of sovereign immunity); *Dowell v.*

*Lincoln County*, 927 F.Supp.2d 741 (E.D. Mo. 2013) (barring negligent hiring and training claim based on application of sovereign immunity). The City of Ferguson is therefore entitled to be dismissed from this claim.

B. *Respondeat Superior and Failure to State a Claim for Which Relief can be Granted*

Further, Plaintiffs seek to impose liability on the City of Ferguson under 42 U.S.C. § 1983 under theories of respondeat superior and principal/agent liability. Doc. No. 9 ¶ 17.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents on a theory of respondeat superior." *Andrews v. Fowler*, 98 F.3d 1069, 1074–75 (8th Cir. 1996) (*quoting Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978)); *see also Giustiniano v. Village of Calverton Park, Mo.*, 2008 WL 5110576, 2 (E.D. Mo. 2008).

In the Amended Complaint, the allegation contained in paragraph seventeen should be stricken or dismissed as Plaintiffs have only purportedly stated a cause of action founded in respondeat superior. No such claim is allowed under § 1983 and this claim must be dismissed.

WHEREFORE, Defendants City of Ferguson, Police Chief Thomas Jackson, and Officer Justin Cosma respectfully move this Court dismiss Plaintiffs' claims regarding negligent supervision, as Plaintiffs' First Amended Complaint regarding negligent supervision fails to state any claim upon which relief may be granted, and for such further relief as this Court deems just and proper.

/s/Peter J. Dunne
Peter J. Dunne  #31482MO
Robert T. Plunkert #62064MO
PITZER SNODGRASS, P.C.
Attorneys for Defendants City of Ferguson and
Officer Justin Cosma
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
dunne@pspclaw.com
plunkert@pspclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 24th day of October, 2014, to be served by operation of the Court's electronic filing system upon the following:

- Gregory L. Lattimer, Attorney for Plaintiffs, 1200 G. Street, N.W., Suite 800, Washington, D.C. 20005, lattlaw@aol.com;
- Malik Z. Shabazz, Attorney for Plaintiffs, 1200 G. Street, N.W., Suite 800, Washington, D.C. 20005, attorneyshabazz@yahoo.com;
- Reginald A. Green, Attorney for Plaintiffs, One Georgia Center, Suite 605, 600 West Peachtree Street, N.W., Atlanta, Georgia 30308, rgreene@greenelegalgroup.com; and
- Michael E. Hughes, Attorney for Defendants St. Louis County and Chief Jon Belmar, 41 S. Central Ave, Clayton MO 63105.

/s/ Peter J. Dunne

October 24, 2014