IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRACEY WHITE, et al. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Cause No. 14-cv-01490 - HEA |
| | ) | |
| THOMAS JACKSON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## SEPARATE MOTION OF DEFENDANTS JON BELMAR AND ST. LOUIS COUNTY, MISSOURI TO DISMISS THE CLAIMS FILED BY PLAINTIFF DWAYNE ANTON MATTHEWS, JR

Come now Defendants Jon Belmar and St. Louis County, pursuant to Federal Rule of Civil Procedure 12 (b) (6), move this Court to dismiss the claims made against them by plaintiff Dwayne Anton Matthews, Jr., and as grounds therefore state as follows:

1. Under Missouri Tort law the doctrine of respondeat superior does not apply to police chiefs and other public officials and therefore no state law tort claim has been stated against Jon Belmar, the chief of police of St. Louis County.

2. Additionally Chief Belmar is protected from civil liability under Missouri law by the Public Duty Doctrine which states the duty that is owed by a public official such as the Chief of Police is to the general public, not to particular individuals.

3. Additionally Chief Belmar is protected from civil liability under Missouri law by Official Immunity because as a supervisor his decisions under Missouri law are discretionary.

4. St. Louis County is protected from civil liability under Missouri law because the doctrine of sovereign immunity applies to the operation of a police force, (Section 637.600 et al R.S. Mo).

5.  Additionally plaintiff has not stated the elements of the separate tort of Negligent Supervision and therefore has not stated a claim. Even if plaintiff had stated the elements, St. Louis County has immunity in tort.

6.  Additionally plaintiff Matthews has not stated a state tort claim of intentional infliction of emotional distress upon which relief can be granted because plaintiff has not stated the elements of that claim including but not limited to fact that the conduct must have been *intended only* to cause *extreme* emotional distress, and that the plaintiff suffered a *medically diagnosable, medically significant emotional distress* serious enough to require some attention.

7.  Plaintiff Matthews has not stated a claim under 42 U.S.C. 1983 upon which relief can be granted against Jon Belmar in his individual capacity because these plaintiff made no allegation that Jon Belmar was personally involved in the arrest of plaintiffs, and in the Section 1983 civil rights context liability supervisory liability is limited, the doctrine of respondeat superior does not apply, and the inaction of the supervisor must rise to the level of deliberate indifference.

8.  Plaintiff Matthews has not properly sued Jon Belmar in his individual capacity and therefore this lawsuit should only be construed as a suit in his official capacity, which should be considered to be a suit against his employer, St. Louis County.

9.  Plaintiff Matthews has not stated a claim under 42 U.S. C. 1983 against St. Louis County because plaintiff has alleged as a fact that St. Louis County trained officers in the use of force as well as a basis for an arrest and then later argue that there was no training, and because a government cannot be liable under 42 U.S. C. 1983 based upon a theory of respondeat superior.

Memorandum of Law in Support of this Motion to Dismiss is filed herewith and is incorporated by reference.

Respectfully Submitted

PATRICIA REDINGTON
COUNTY COUNSELOR

_/s/ Michael E. Hughes_

Michael E. Hughes #23360MO
Associate County Counselor
Mhughes2@stlouisco.com
Priscilla F. Gunn #29729MO
Assistant County Counselor
Pgunn@stlouisco.com
41 S. Central, Ninth Floor
Clayton, MO 63105
(314) 615-7042
(314) 615-3732 (fax)

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served electronically via this Court's Electronic Filing System to all counsel of record.

_/s/ Michael E. Hughes_
Michael E. Hughes

3