IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TRACEY WHITE, et al. )
)
    Plaintiffs )
)
v. ) Cause No. 14-cv-01490 - HEA
)
THOMAS JACKSON, et al. )
)
    Defendants. )

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS CLAIMS FILED BY PLAINTIFFS DAMON COLEMAN AND THEOPHILUS GREEN AGAINST DEFENDANTS JON BELMAR AND ST. LOUIS COUNTY**

**Preliminary Statement**

The matter is before the Court on the Motion to Dismiss the claims made by Damon Coleman and Theophilus Green against St. Louis County Chief of Police Jon Belmar and St. Louis County. This Memorandum of Law is in Support of that Motion to Dismiss.

**Statement of Facts**

The parentheses below refer to the paragraphs of Plaintiffs' Amended Complaint, and the bold parentheses refer to Paragraphs of the 2nd Amended Complaint for which leave has not yet been granted

Plaintiffs have invoked the supplemental jurisdiction of this Court to hear and decide state law claims in addition to Federal claims (2). Defendant Jon Belmar was the St. Louis County Chief of Police and acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of St. Louis County, Missouri, and the St. Louis County Police Department; pursuant to his authority as the Chief of Police (14). Defendant St. Louis County maintained a police department which operates under, and administers a set of law enforcement

1

policies, practices and customs involving the hiring, training and supervision of its officers. *These policies,* practices and customs *include training in the use of force and on the street encounters with civilians as well as the basis for an arrest."* (16), (emphasis added).

John Doe police officers are believed to have been St. Louis County and/or Ferguson Police Department police officers. (18).

On August 9, 2014 Ferguson City police officer Darren Wilson, and Michael Brown, Jr, a teenaged African American, "encountered one another" (19). **(20)** "A violent confrontation ensued, and Michael Brown, Jr, who was unarmed, was shot to death by Darren Wilson, who is Caucasian" (19)**(20)**. A "public outcry" turned into protests which led to *"civil unrest in the streets* of Ferguson, Missouri" (22) **(23)** emphasis added).

On August 11, 2014 at approximately 8:00 p.m. plaintiffs Coleman and Green were engaging in a protest with several others on West Florissant near the Quick Trip convenience store (88) **(89)**. St. Louis County police officers pulled up in "in full riot gear." Protesters began chanting at the police (90) **(91)**; the police spread out in what appeared to be tactical positions and fired tear gas (91) **(92)**. While Coleman and Green were recording these events they were "spotted" after which the police fired tear gas and "what appeared to be stun grenades" in their direction, even though their hands were up (92) **(92)**. Coleman and Green were shot with "rubber bullets" while they were on their knees (93) **(94)**. Subsequently they were placed under arrest for failure to disperse. (94) **(95)**. While they were arresting these plaintiffs, St. Louis County officers kicked, punched and "hurled racial epithets" at plaintiffs. (94) **(95)**.

*Causes of Action claimed by Damon Coleman and Theophilus Green*

*(A) False Arrest (Supplemental state claim)*

There was no probable cause for being arrested failure to disperse. (96) **(97)**.

2

(B) *Intentional Infliction of Emotional Distress (Supplemental state claim).*

St. Louis County police officers falsely arrested, beat, ridiculed and shot plaintiffs with rubber bullets (98) **(99)** . Ferguson and St. Louis County took no action against any officer involved in this (99) **(100)**. As a result plaintiffs suffered discomfort, distress, psychological harm and mental anguish and embarrassment (100) **(101)**.

(C) *Negligent Supervision (Supplemental state claim).*

Defendant John Doe police officers were acting under the direction and pursuant to the rules, regulations, policies and procedures of the City of Ferguson and St. Louis County (101) **102)**, which agencies failed to "properly" train, supervise and monitor their officers deployed onto the streets of Ferguson August 11-13, 2014 (102) **(103)**. The prayer for relief is against Ferguson and St. Louis County only.

(D) *Assault and Battery (Supplemental state claim).*

Coleman and Green "without proper grounds" were shot with "rubber bullets" and beaten by John Doe police officers (104) **(105)**.

(E) *42 U.S.C. 1983 (Federal claim filed against John Doe police officers).*

John Doe officers committed a Fourth Amendment "illegal seizure" and used excessive force (106, 107) **(107, 108)**.

(F)   *42 U.S. C. 1983 (Federal claim of failure to train, supervise and discipline).*

During the period of August 11-13, 2014 Joh Doe officers who arrested, beat and mistreated plaintiffs Coleman and Green were acting under the direction and control and pursuant to the practices and customs of Defendants City of Ferguson and St. Louis County and implemented by Belmar and Thomas (108) **(109)**, who failed to *"properly"* train, supervise,

3

control, direct, monitor and discipline officers from their respective departments who were patrolling the streets of Ferguson August 11-13, 2014 (emphasis added) (109) **(110)**.

**Statement of Law**

*Standard of Review*

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint. *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.,* 616 F.3d 872, 876 (8th Cir. 2010). F R. C.P. 8(a) requires a short and plain statement of the facts showing that the pleader is entitled to relief. *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570 (2007). A Complaint must contain more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Iqbal* at 555. When ruling on a motion to dismiss, a court must liberally construe the complaint in favor of the plaintiff. *Huggins v. FedEx Ground Package Sys. Inc.,* 592 F. 3d 83, 562 (8th Cir. 2010). At the same time, if a claim fails to allege one of the elements necessary for recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe,* 660 F. 3d 346, 355 (8th Cir. 2011). Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice. *Iqbal,* 556 U.S. at 678, *Bell Atlantic v. Twombly,* 550 U. S. 544, 555 (2007). Although courts must accept the factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation. *Twombly,* 550 at 555; *Iqbal,* 556 U. S. 677-78. (Also see *Sandy v. Schiro,* 39 S. W. 3d 853, 855 (Mo. App. 2001, Mere conclusions of the pleader not supported by factual allegations are disregarded). Where the allegations show on the face of the Complaint

there is some insuperable bar to relief, dismissal under Rule 12 (b) (6) is appropriate. *Benton v. Merrill Lynch & Co.*, 524 F. 3d 866, 870 (8th Cir. 2008).

1. *Plaintiffs have not stated a claim against Chief of Police Jon Belmar on the state tort claims of False Arrest, Intentional Infliction of Emotional Distress and Assault and Battery because under Missouri tort law, the doctrine of Respondeat Superior does not apply as to police chiefs and other public officials*

Under Missouri law police chiefs are not responsible for the acts of their subordinates unless the chief has directed such acts to be done or has personally cooperated in the offense. *Linkogel v. Baker Protective Services*, 626 S. W. 2d 380, 385 (Mo. App. E.D. 1981); *Jordan v. Kelly*, 223 F. Supp. 731, 737 (4) (W. D. Mo 1963); *Jackson v.* Wilson, 581 S. W. 2d 39 (Mo. App. 1979); City *of St. Louis v. Nicholas,* 374 S. W. 2d 547 (Mo. App. 1964); The doctrine of respondeat superior is not applicable to hold a public official vicariously liable for the acts or omissions of subordinate employees. *Jackson v. Wilson* 581 S. W. 2d at 46, *Rennie v. Belleview School District*, 521 S. W. 2d 423, 425 (Mo Banc 1975

2. *Additionally, the Public Duty Doctrine protects Chief Belmar from state tort civil liability because the duty of a police chief is owed to the general public, not to particular individuals.*

Under state law, the public duty doctrine protects a public officer from civil liability for his or her negligence. *Johnny Briscoe v. Margaret Walsh et al,* (Mo App. E. D. No. 100909, decided October 14, 2014), citing *Benson v. Kansas City Bd of Police Com'rs*, 366 S. W. 3d 120, 124 (Mo. App. W. D. 2012). The public duty doctrine recognizes that a public officer owes a duty to the public, and not to a particular individual. *Id.* A supervising police officer's duty to supervise officers in his command is a duty owed to the general public. *Southers v. City of Farmington*, 263 S. W. 3d 303, 621 (Mo 2008). Likewise the public duty doctrine applies to claims filed against the Chief. *Id.* The public duty doctrine states that a public employee is not

civilly liable for the breach of a duty owed to the general public, rather than a particular individual. *Id* at 611; *Beaver v. Gooney*, 825 S. W. 2d 870, 872 (Mo. App. 1992).

3. *Additionally Official Immunity protects Chief Belmar from liability in tort because Missouri considers supervisory conduct to be discretionary, and public officials are protected under the Official Immunity Doctrine for discretionary conduct.*

Official Immunity is a judicially created doctrine in Missouri that protects public employees from liability for alleged acts of negligence committed during the course of their duties for the performance of discretionary acts. *Southers v. City of Farmington*, 263 S. W. 3d 603, 610 (Mo. banc 2008); *Davis v. Lambert–St. Louis Int'l Airport*, 193 S.W.3d 760, 763 (Mo. banc 2006). The goal of official immunity is to permit public employees to make judgments affecting public safety and welfare without concerns about possible personal liability. . *Davis* 193 S.W.3d at 765; *Southers*, 263 S.W.3d at 611. In *Southers*, the court held that official immunity applied to claims for negligent supervision because the defendants' "conduct at issue involves highly discretionary supervisory and policy decisions that the doctrine is intended to shield." *Id.* at 621. Additionally, in *State ex rel. St. Louis State Hosp. v. Dowd*, 908 S.W.2d 738, 741 (Mo.Ct.App.1995), overruled on other grounds by *Cain v. Mo. Highways and Transp. Comm'n*, 239 S.W.3d 590 (Mo. banc 2007), the court found that supervisory conduct was discretionary and covered by official immunity.

4. *Additionally, Plaintiffs Coleman and Green have not stated a claim against* St. Louis County *on any state tort claim because governmental agencies such as* St. Louis County *have immunity in tort for the operation of a police department.*

Under Missouri law (Section 537.600 R.S. Mo), governmental entities are immune from tort liability with two exceptions, negligent acts or omissions by public employees arising out of the operation of motor vehicles within the course and scope of their employment (537.600.1 (1) and claims based on injuries cause by dangerous conditions of the public entity's property.

6

(537.600.1 (2) *Phelps v. City of Kansas City*, 371 S.W.3d 909, 912 (Mo.Ct.App. 2012); *Rodgers v. City of North Kansas City*, 340 S.W.3d 154, 158 (Mo.Ct.App. 2011). Counties are included in the political subdivisions that enjoy sovereign immunity. *Wood v. County of Jackson*, 463 S. W. 2nd 834 (Mo. 1971). Sovereign Immunity is not an affirmative defense, and the plaintiff must plead with specificity facts giving rise to an exception to sovereign immunity to avoid application. *Richardson v. City of St. Louis*, 293 S. W. 3d 133, 136 (Mo. Ct. App. 2009).

Also see *Fantasma v. Kansas City Board of Police Commissioners*, 913 S. W. 2d 388, 398 (Mo. App. 1996); *Best v. Schoemehl* 652 S. W. 2d 740 (Mo. App. 1983); *R.C. v. Southwestern Bell Telephone et al*, 759 S. W. 2d 617 (Mo. App. 1988); *Carmelo v. Miller*, 569 S. W. 2d 365 (Mo. App. 1978); *State ex rel. Bd. of Trustees of City of N. Kansas City Memorial Hospital v. Russell*, 843 S. W. 2d, 353, 358 (Mo. 1992); *Okerkramer v. City of Ellisville*, 60 S. W. 2d 294, 295-296 (Mo. App. E. D. 1983) holding that the operation of a police department is a governmental function under Missouri law for which there is immunity in tort.

5. *Additionally Plaintiffs Coleman and Green have not stated a claim for negligent supervision against St. Louis County (or Ferguson) (the only two defendants against whom relief is sought for this separate tort).*

Negligent Supervision is a seldom used tort. *Missouri Practice, Personal Injury and Torts Handbook,* Dierker and Mehan, section 34.2 indicates Negligent Supervision normally involves the specific relationship that the defendant has with a third party, such as grandparent to grandchild, and/or teacher to a student, or a school to a student but in cases where there is no special relationship a duty must still be found, and the duty is a narrow one. What is required is "the existence of a relationship between the plaintiff and defendant that the law recognizes as the basis for the duty of care." *Hill ex rel Hill v. Herbert Hoover Boys Club*, 990 S. W. 2d 19, 22 (Mo. App. E. D. 1999) (coach had no duty to supervise minors on opposite team).

The duty, if there is a duty, is to the person who is being supervised. What must be pled and then later proven is a legal duty on the part of the defendant to use ordinary care to protect the plaintiff against unreasonable risks of harm, a breach of that duty, and a proximate cause between the breach and the resulting injury, and actual damages to the plaintiff's person or property. *Cook v. Smith*, 33 S. W. 3d 548, 553 (Mo. App. 2000) citing Hoover's *Dairy Inc. v. Mid-America Dairymen, Incl. Special Products Inc.*, 700 S.W. 2d 426, 431 (Mo. 1985). Plaintiffs have not pled those elements (but of course even if they had St. Louis County is immune).

### 6. *Additionally Plaintiffs Coleman and Green have not stated a claim for the tort of intentional infliction of emotional distress.*

The elements of the action are: the defendant's conduct was extreme and outrageous; the conduct was intentional or done recklessly; the conduct causes severe emotional distress that results in bodily harm to the plaintiff; the conduct must have been intended only to cause extreme emotional distress to the victim; and the conduct must have been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, such as to be regarded as atrocious and utterly intolerable in a civilized society. *Gibson v. Brewer*, 952 S. W. 2d 239, 249 Mo. 1997); *Central Missouri Elec. Co-op v. Balke*, 119 S. W. 3d 627, 636 (Mo. App. W. D. 2003). The U. S. District Court gave an excellent discussion of IIED in *Dunham v. City of O'Fallon, Mo.*, 945 F. Supp. 1256, 1262 (E.D. Mo. 1996) and stated: "Missouri case law reveals very few factual scenarios sufficient to support a claim for intentional infliction of emotional distress."

In an IIED case, the defendant's conduct must have been intended *only* to cause extreme emotional distress to the victim. Where the conduct was intended to invade other legally protected interests of the plaintiff or to cause bodily harm, a claim for intentional infliction of

8

emotional distress will not lie. *Sansonetti v. City of St. Joseph*, 976 S. W. 2d 572, 580 (Mo. App. 1998).

In addition, in order to state a claim, plaintiffs must allege that they are suffering severe emotional distress that is medically diagnosable, medically significant, and serious enough to require some medical attention. *Greco v. Robinson*, 747 S. W. 2d 730, 735 (Mo. App. E. D. 1988). For example, evidence of nausea and loss of sleep by plaintiff was not enough in *Rooney v. National Super Markets, Inc.*, 668 S. W. 2d 649 (Mo. App. E. D. 1984). Failure to plead that the emotional distress was medically diagnosable and medically significant is fatal. *Bockover v. Stemmerman*, 708 S. W. 2d 179 (Mo. App. 1986) abrogated on other grounds by *Roth v. La Societe Anonyme turbomea France*, 120 S. W. 3d 764 (Mo. App. 2003).

7. *Plaintiffs have not stated a claim under 42 U. S. C. 1983 against Chief Jon Belmar in his individual capacity.*

In the Section 1983 context, supervisory liability is limited. *Boyd v. Knox*, 47 F. 3d 966, 968 (8th Cir. 1995). Liability attaches only when the supervisor is personally involved in the constitutional violation, or his inaction constitutes deliberate indifference to the misconduct. *Id.* A supervisor is not liable merely because subordinates allegedly violated someone's constitutional rights. *City of Canton v. Harris, supra* at 385; *Otey v. Marshall*, 121 F. 3d 802, 806 (8th Cir. 194). There is no liability where the police chief was not actually involved and did not consent to the misconduct allegedly caused by others. *Taken Alive v. Litzau*, 551 F. 2d 196, 200 (8th Cir. 1977); *Rogers v. Rulo*, 712 F. 2d 363 366 (8th Cir. 1983). The doctrine of respondeat superior is inapplicable in actions based upon allegations of civil rights violations. *DeShields v. U. S. Parole Commission*, 593 F. 2d 354, 356 (8th Cir. 1979)

When alleging facts in both the Amended Complaint and Second Amended Complaint plaintiffs allege that there had (indeed) been training in the use of force as well as training

regarding the basis for an arrest (16) but then later while attempting to state a claim under 42 U.S.C. 1983 plaintiffs argue that officers were not *"properly"* trained, supervised or controlled (109) **(110)**. Plaintiffs don't allege facts to explain anything to support their argument. Simple negligence in training, supervising, and controlling officers is insufficient to support imposition of liability under Section 1983. *Hayes v. Jefferson County, Kentucky*, 668 F. 2d 869 (6th Cir. 1982). There must be deliberate indifference. *City of Canton v. Harris, (supra)*. To establish deliberate indifference, a plaintiff must allege that the supervisor had notice that inadequate training procedures and supervision likely would violate a plaintiff's constitutional rights. *Livers v. Schenck*, 700 F. 3d 340, 355-356 (8th Cir. 2012).

   8. *Plaintiffs have not adequately sued Chief Jon Belmar in his individual capacity and therefore this should only be considered to be a suit against his employer.*

It is stated above that plaintiffs have not stated a claim against Chief Belmar in his individual capacity. In addition, plaintiffs have not even properly pled that Belmar is being sued in his individual capacity. It is conceded that in the style of the case the plaintiffs named Jon Belmar "individually, and in his official capacity as St. Louis County, Missouri Chief of Police." However nowhere in the pleading is it ever alleged that Jon Belmar is sued in his individual capacity. Damage actions against government officials are subject to heightened standards of pleading to allow them to prepare a response. *Brown v. Frey*, 889 F. 2d 159, 170 (8th Cir. 1989). Also see *Freeman v. Ferguson*, 911 F. 2d 52, 57 n. 5 (8th Cir. 1990). In order to sue a public official in his individual capacity, a plaintiff must expressly and unambiguously state so in the pleading, otherwise it will be construed that the defendant is sued only in his official capacity. *Johnson v. Outboard Marine Corp.*, 172 F. 3rd 531, 535 (8th Cir. 1999); *Egerdahl v. Hibbing Community College*, 72 F. 3d 615, 619 (8th Cir. 1995). A suit against a public official in his official capacity is merely a suit against his governmental entity employer. *Will v. Michigan*

*Dep't of State Police*, 491 U. S. 58, 71 (1989); *Kentucky v.* Graham, 473 U.S. 159, 166 (1985); *Brandon v.* Holt, 469 U. S. 464 (1985). Also see *Nix v. Norman*, 879 F. 2d 29, 33 (8th Cir. 1989).

9. <u>*Plaintiffs have not stated a claim under 42 U.S. C. 1983 against St. Louis County because plaintiffs have alleged as an allegation of fact that St. Louis County (indeed) trained officers in the use of force as well as the basis for an arrest, but later state that that there was no training; and also plaintiffs have not stated a claim because governmental agencies cannot be held liable on a theory of respondeant superior.*</u>

It is alleged that Constitutional violations were committed by John Doe officers because St. Louis County failed to *"properly"* train, supervise, monitor and discipline. A governmental agency cannot be held liable solely on a theory of vicarious liability or respondeat superior. *City of Canton v. Harris*, 489 U. S. 378, 385 (1989); *Monell v. Dep't of Social Services*, 436 U. S. 658, 694-95 (1978). *Monell* established restrictive circumstances for recovery for recovery against governmental entities when it rejected respondeat superior, requiring that an act in question implements or executes an official policy of law or reflects a custom which amounts to de facto policy. To prove policy or custom plaintiff must demonstrate "the existence of a continuing, widespread, persistent pattern of unconstitutional conduct, as well as tacit authorization and causation. *Kinman v. Omaha School District*, 94 F. 3d 463 (8th Cir. 1996) citing Jane *Doe v. Special School District of St. Louis County*, 901 F. 2d 642 (8th Cir. 1990). The custom, policy, or deliberate conduct must be the moving force behind the injury alleged. *Board of Police Commissioners of Bryan County v. Brown*, 117 S. Ct. 1382 (1997); *Moyle v. Anderson*, 571 F. 3d 814, 817 (8th Cir. 2009); *Luckert v. Dodge County*, 684 F. 3d 808, 820 (8th Cir. 2012). Moreover plaintiff must show that the policy itself was unconstitutional. *Luckert, Id* quoting *Patzner v. Burkett*, 779 F. 2d 1363, 1367 (8th Cir. 1985).

Failure to investigate, censor or sanction police officers for their alleged actions standing alone does not state a cause of action under 42 U.S. C. 1983 *Green v. Rahn*, 572 F. Supp. 1517 (E.D. Mo 1983).

Inadequacy of training is actionable only where it amounts to deliberate indifference. It must be obvious that it will result in a constitutional violation. *City of Canton v. Harris*, supra. Simple negligence in training, supervising, and controlling officers is insufficient to support imposition of liability under Section 1983. *Hayes v. Jefferson County, Kentucky*, 668 F. 2d 869 (6th Cir. 1982). To establish deliberate indifference, a plaintiff must allege that the supervisor had notice that inadequate training procedures and supervision likely would violate a plaintiff's constitutional rights. *Livers v. Schenck*, 700 F. 3d 340, 355-356 (8th Cir. 2012)

There are very limited circumstances in which a local government's failure to train certain employees may rise to the level of an official government policy for purposes of § 1983. The U. S. Supreme Court stated in *Connick v. Thompson*, ____U.S.____, 131 S. Ct. 1350, 1359, 1360 (2011) that a municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train; that a policy of "inadequate training" is far more nebulous and a good deal further removed from the constitutional violation than was the policy in *Monell*; and that to satisfy the statute a municipality's failure to train its employees in a relevant respect must amount to "deliberate indifference" to the rights of persons with whom the untrained employees come into contact; and only then can such a shortcoming be properly thought of as a city "policy or custom" that is actionable under Section 1983.

**Conclusion**

St. Louis County Police Chief Jon Belmar's and St. Louis County's Motion to Dismiss the claims filed against them by Damon Coleman and Theophilus Green should be sustained.

12

Respectfully Submitted

PATRICIA REDINGTON
COUNTY COUNSELOR

_____
Michael E. Hughes #23360MO
Associate County Counselor
Mhughes2@stlouisco.com
Priscilla F. Gunn #29729MO
Assistant County Counselor
Pgunn@stlouisco.com
41 S. Central, Ninth Floor
Clayton, MO 63105
(314) 615-7042
(314) 615-3732 (fax)

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served electronically via this Court's Electronic Filing System to all counsel of record.

_____
Michael E. Hughes