## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

TRACEY WHITE,               )
                                  )

and                              )
                                  )

WILLIAM DAVIS,            )
                                  )

and                              )
                                  )

DWAYNE ANTON MATTHEWS, JR.,   )    Case No. 14-cv-01490
                                  )

and                              )    JURY TRIAL DEMANDED
                                  )

DAMON COLEMAN,          )

and

THEOPHILUS GREEN,

and

KERRY WHITE,

and

ANTWAN HARRIS,

and

NATHAN BURNS,

and

KAI BOWERS,

and

SANDY BOWERS.

               Plaintiffs,

      v.

1

|                                                             |     |
| ----------------------------------------------------------- | --- |
|                                                             | )   |
| **THOMAS JACKSON, individually, and**                       | )   |
| **In his official capacity as City of**                     | )   |
| **Ferguson Missouri Chief of Police,**                      | )   |
|                                                             | )   |
| **and**                                                     | )   |
|                                                             | )   |
| **JON BELMAR, individually, and in his**                    | )   |
| **official capacity as St. Louis County,**                  | )   |
| **Missouri Chief of Police,**                               | )   |
|                                                             | )   |
| **and**                                                     | )   |
|                                                             | )   |
| **JUSTIN COSMA, individually, and in**                      | )   |
| **his official capacity as a City of**                      | )   |
| **Ferguson Police Officer,**                                | )   |
|                                                             | )   |
| **and**                                                     | )   |
|                                                             | )   |
| **JOHN DOES, police officers of the City**                  | )   |
| **Of Ferguson and St. Louis County**                        | )   |
| **Police Departments whose identities are**                 | )   |
| **unknown to Plaintiffs at this time,**                     | )   |
|                                                             | )   |
| **and**                                                     | )   |
|                                                             | )   |
| **ST. LOUIS COUNTY, MISSOURI,**                             | )   |
|                                                             | )   |
| **and**                                                     | )   |
|                                                             | )   |
| **CITY OF FERGUSON, MISSOURI,**                             | )   |
|                                                             | )   |
| **Defendants.**                                             | )   |

## SECOND AMENDED COMPLAINT
**(False Arrest; Intentional Infliction of Emotional Distress;**
**Negligent Supervision; Assault and Battery; 42 U.S.C. § 1983)**

## INTRODUCTION

1.     This is a civil action seeking damages against Thomas Jackson, who is the

City of Ferguson Police Chief; Jon Belmar, who is the St. Louis County Chief of Police;

Justin Cosma, who is a City of Ferguson Police Officer; the John Doe police officers of

2

the City of Ferguson Police Department and/or the St. Louis County Police Department whose identities are unknown to Plaintiffs at this time; St. Louis County, Missouri; and the City of Ferguson, Missouri (collectively, "Defendants") for committing acts, under color of law, which deprived Plaintiffs of rights secured under the Constitution and laws of the United States and the state of Missouri; and, for refusing or failing to prevent such deprivations and denials to Plaintiffs.  Plaintiffs allege, among other things, that Defendants intentionally, negligently and/or recklessly caused Plaintiffs to be subjected to unnecessary and unwarranted force, arrests that were not based upon probable cause, and other violations of their constitutional rights.  This action seeks both compensatory and punitive damages against the defendants for the intentional acts of wrongdoing and negligence under state law.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment to the United States Constitution.  This Court has jurisdiction over this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 28 U.S.C. § 1331.  Plaintiffs further invoke the supplemental jurisdiction of this Court to hear and decide claims arising under state law, pursuant to 28 U.S.C. § 1367.

## PARTIES

3.     At all times relevant herein, Plaintiff Tracey White was a resident of the state of Missouri and a citizen of the United States.

4.     At all times relevant herein, Plaintiff William Davis was a resident of the state of Missouri and a citizen of the United States.

5.      At all times relevant herein, Plaintiff DeWayne Anton Matthews, Jr., was a resident of the state of Missouri and a citizen of the United States.

6.      At all times relevant herein, Plaintiff Damon Coleman was a resident of the state of Missouri and a citizen of the United States.

7.      At all times relevant herein, Plaintiff Theophilus Green was a resident of the state of Missouri and a citizen of the United States.

8.      At all times relevant herein, Plaintiff Kerry White was a resident of the State of Missouri and a citizen of the United States.

9.      At all times relevant herein, Plaintiff Antwan Harris was a resident of the State of Missouri and a citizen of the United States.

10.     At all times relevant herein, Plaintiff Nathan Burns was a resident of the State of Missouri and a citizen of the United States.

11.     At all times relevant herein, Plaintiff Kai Bowers was a resident of the State of Missouri and a citizen of the United States.

12.     At all times relevant herein, Plaintiff Sandy Bowers was a resident of the State of Missouri and a citizen of the United States.

13.     At all times relevant herein, Defendant Thomas Jackson was the City of Ferguson Chief of Police and acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the City of Ferguson, Missouri; and, the City of Ferguson Police Department; and, pursuant to his authority as the Chief of Police.

14.     At all times relevant herein, Defendant Jon Belmar was the St. Louis County Chief of Police and acted under color of the laws, statutes, ordinances,

regulations, policies, customs, and usages of St. Louis County, Missouri; and, the St. Louis County Police Department; and, pursuant to his authority as the Chief of Police.

15.     At all times relevant herein, Defendant Justin Cosma was a City of Ferguson Police Officer and acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the City of Ferguson, Missouri; and, the City of Ferguson Police Department; and, pursuant to his authority as a police officer.

16.     At all times relevant herein, Defendant St. Louis County was located in the state of Missouri and maintained a police department which operates under, and administers, a set of law enforcement policies, practices and customs involving the hiring, training and supervision of its officers.  These policies, practices and customs include training in the use of force and on-the-street encounters with civilians as well as the basis for an arrest.  St. Louis County is liable directly and vicariously.

17.     At all times relevant herein, Defendant City of Ferguson was a municipal corporation and maintained a police department which operates under, and administers, a set of law enforcement policies, practices and customs involving the hiring, training and supervision of its officers.  These policies, practices and customs include training in the use of force and on-the-street encounters with civilians as well as the basis for an arrest. The City of Ferguson is liable directly and vicariously.

18.     At all times relevant herein, Defendant John Doe police officers, whose identities are unknown to Plaintiffs at this time, are believed to have been St. Louis County and/or City of Ferguson Police Department officers acting within the scope of their employment and under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the City of Ferguson, Missouri and the City of Ferguson Police

5

Department; or, St. Louis County, Missouri and the St. Louis County Police Department; pursuant to their authority as police officers.

19. Upon information and belief, Defendants have waived sovereign immunity by establishing some type of insurance coverage for the claim at issue pursuant to Mo. Rev. Stat. § 71.185. Plaintiffs further contend that the City of Ferguson, as a Charter Member of the St. Louis Area Insurance Trust, has purchased insurance policies that would address, at least to some extent, the claims alleged herein.

## I.
## STATEMENT OF FACTS COMMON TO ALL PLAINTIFFS

20. On August 9, 2014, Darren Wilson of the City of Ferguson Police Department and Michael Brown, Jr., a teenaged African American, encountered one another. A violent confrontation ensued, and Michael Brown, Jr., who was unarmed, was shot to death by Darren Wilson, who is Caucasian.

21. Although the fact that an unarmed African American was shot and killed by a Caucasian police officer is not an unusual event in the United States, the Michael Brown, Jr. shooting was somewhat unique in that it occurred between 12:00 p.m. and 1:00 p.m. in the afternoon, and there were several independent eyewitnesses. As a result of the number of eyewitnesses, technology and the internet, the circumstances surrounding the death of Michael Brown, Jr. went viral and millions of people became aware of it.

22. The community in Ferguson was particularly outraged by what appeared to be an excessive use of force in the Michael Brown, Jr. shooting. The unarmed Michael Brown, Jr. was shot multiple times by Officer Wilson.

23.     A public outcry about the shooting death of Michael Brown, Jr. by Officer Wilson turned into protests, which subsequently led to civil unrest in the streets of Ferguson, Missouri when Defendants took up arms and, in militaristic displays of force and weaponry, engaged U.S. Citizens as if they were war combatants.

24.     In doing so, during the period of August 11-13, 2014, Defendants used wanton and excessive force, under color of law, which deprived Plaintiffs of rights secured under the Constitution and laws of the United States and state law.  In addition, Defendants made arrests without probable cause in defiance of the Constitution and laws of the United States and state law.

25.     Plaintiffs were all victims of the atrocities committed by Defendants during the period of August 11-13, 2014.

## II.
## FACTS AND CLAIMS SPECIFIC TO PLAINTIFFS
## TRACEY WHITE AND WILLIAM DAVIS

26.     Plaintiffs Tracey White and her son, Plaintiff William Davis, adopt and incorporate by reference paragraphs 1-25 of this Complaint as if fully set forth herein.

27.     On August 13, 2014, Plaintiffs Tracey White and her son, William Davis, attended a Peace and Love rally that was sponsored by her AME Church group in Ferguson.  After the rally was over, she and her son walked to the McDonald's Restaurant located on W. Florissant, where they purchased some drinks and food.

28.     While in the restaurant waiting for her husband to come and get her and her son, Plaintiff White conversed with some of the patrons and otherwise acted normally.  Shortly thereafter, Plaintiff White's son went to the restroom and she went back up to the counter to purchase a sundae.  Just as she did that, several Defendant John

Doe police officers and Defendant Cosma, in what appeared to be army uniforms, carrying rifles and sticks and wearing helmets, approached the door and ordered Plaintiff White to "get out." Plaintiff White was terrified and tried to tell these people that her son was in the restroom, and that she was there waiting for her husband to pick them up.

29.     After her son exited the restroom, Plaintiff White observed him being accosted by Defendant John Doe police officers and Defendant Cosma. When she expressed her concern, she was told to "shut up." When Plaintiff White continued to express her concerns about the way her son was being mistreated, she was advised that she was being arrested because she would not "shut up." Plaintiff White was then thrown to the ground and handcuffed. During the process of being arrested, Plaintiff White realized that she had her son's iPad in her hand and summoned him over to retrieve the item. When he did, Defendant John Doe police officers and Defendant Cosma, placed Plaintiff William Davis, who was a minor at the time, under arrest as well, for no reason at all.

30.     Plaintiff White and Plaintiff Davis, who was a minor at the time, were then transported to the St. Louis County Police Department offices in Clayton, Missouri, where they were fingerprinted, photographed, held for more than five (5) hours and told that they had been arrested on the unfounded charge of "failure to disperse."

## A.
## FALSE ARREST

31.     Defendant Cosma wrongfully and unlawfully arrested and detained and/or assisted in the arrest and detention of the Plaintiffs on the unfounded charge of "failure to

8

disperse", even though he knew that no probable cause or any other basis for the charge existed.

32.    As a direct proximate result of the false arrest of Plaintiffs by Defendant Cosma and the other Defendants, Plaintiffs White and Davis suffered discomfort, distress and loss of liberty; and have suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being falsely arrested, taken into custody, and otherwise grossly mistreated.

WHEREFORE, Plaintiffs Tracey White and William Davis, demand judgment against Defendants, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages against Defendant Cosma, and other Defendants, in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

### B.
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33.    Plaintiffs White and Davis further allege that Defendant Cosma and Defendant John Doe police officers, with deliberate indifference and reckless disregard for the rights of Plaintiffs White and Davis and with pure malice, did subject Plaintiff White to the humiliation of being thrown to the ground and being arrested in front of her minor son and the added humiliation of seeing her son taken into custody, and treated as if he were a criminal.  Defendants City of Ferguson and County of St. Louis Police Departments, with full knowledge of the inappropriateness of these actions have taken no action against any officer involved in the blatantly unfounded arrest of Plaintiffs Tracey White and William Davis and have, therefore, acquiesced in and/or condoned the unlawful acts of Defendant Cosma and other Defendants against Plaintiff.

34.     As a direct and proximate result of the actions of Defendants, Plaintiffs White and Davis suffered discomfort, distress and loss of liberty; and have suffered, and will continue to suffer, psychological harm and mental anguish including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being unlawfully arrested, taken into custody, and otherwise grossly mistreated.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages against Defendant Cosma in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## C.
## NEGLIGENT SUPERVISION

35.     During the period of August 11-13, 2014, Defendant Cosma and Defendant John Doe police officers were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures, of Defendants City of Ferguson and St. Louis County.

36.     Defendants City of Ferguson and St. Louis County acted negligently, carelessly and recklessly by failing to properly train, supervise, control, direct and monitor Defendant Cosma and Defendant John Doe police officers.

37.     As a direct and proximate result of the acts and omissions of Defendants City of Ferguson and St. Louis County, Plaintiffs White and Davis were wrongfully and unlawfully, arrested, detained and humiliated.  As a result, Plaintiffs White and Davis have suffered physical assault, embarrassment, and mental anguish.

WHEREFORE, Plaintiffs demand judgment against Defendants City of Ferguson and St. Louis County, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, plus interest, costs and attorney's fees to the extent allowed by law.

## D.
## ASSAULT AND BATTERY

38.      Defendant Cosma and Defendant John Doe police officers, without proper grounds, willfully assaulted and handcuffed Plaintiff White and her minor son without just cause or basis.

39.      As a direct and proximate result of Defendants' willful, malicious and intentional conduct, Plaintiff White suffered bodily injuries when she was taken to the ground to be handcuffed.

WHEREFORE, Plaintiffs demands judgment against the Defendants, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages against Defendant Cosma in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## E.
## DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

40.      Plaintiffs White and Davis further allege that Defendant Cosma and Defendant John Doe police officers, with deliberate indifference to and reckless disregard for the safety and well-being of plaintiffs, and in violation of the Fourth Amendment to the Constitution, did on August 13, 2014 deprived Plaintiffs of their Constitutional rights

by assaulting them and then placing them under unlawful arrest, or failed to prevent the arrest and detention, when they had the opportunity to do so.

41.     The arrest and detention were and are in violation of Plaintiffs' right to be free from unreasonable seizure secured by the Fourth Amendments to the United States Constitution and protected under 42 U.S.C. §1983.

42.     As a direct and proximate result of Defendants' arrest and detention of Plaintiffs as set forth herein, Plaintiffs have suffered severe emotional anguish.

WHEREFORE, Plaintiffs demand judgment against Defendant Cosma and Defendant John Doe police officers, jointly and severally, in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, plus interest, costs and attorney's fees to the extent allowed by law.

**F.**
**FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE 42 U.S.C. § 1983**

43.     During the period of August 11-13, 2014, Defendants that were responsible for the arrest of Plaintiffs White and Davis were acting under the direction and control, and pursuant to the practices and customs of Defendants City of Ferguson and St. Louis County and implemented by Defendants Belmar and Thomas.

44.     Defendants acted negligently, carelessly, recklessly and with deliberate indifference to Plaintiffs by failing to properly train, supervise, control, direct, monitor and discipline Defendant officers from their respective departments who were patrolling the streets of Ferguson, Missouri during the period of August 11-13, 2014.

45.     As a direct and proximate result of the acts and omissions of Defendants City of Ferguson, St. Louis County, Belmar and Thomas, Plaintiff s White and Davis

were unlawfully arrested, seized and otherwise deprived of their rights under the Fourth Amendment to the U.S. Constitution.

WHEREFORE, Plaintiffs demand judgment against the named Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,00.00), plus punitive damages to the extent allowed by law, attorney's fees, interest, and costs.

### III.
### FACTS AND CLAIMS SPECIFIC TO PLAINTIFF DEWAYNE A. MATTHEWS, JR.

46.     Plaintiff Dewayne A. Matthews, Jr. adopts and incorporates by reference paragraphs 1-25 of this Complaint as if fully set forth herein.

47.     On August 13, 2014, which was a Wednesday night, Plaintiff Matthews was on his way to his mother's house who lives near W. Florissant and Kappel in Ferguson, Missouri.

48.     Because of the civil disturbances that had taken place, he was simply going to her house to visit her and make sure she was alright.

49.     Plaintiff Matthews took public transportation to his mother's house. When he got off the 61 Chambers bus, he noticed that the street was blocked off so he proceeded to the corner of W. Florissant and Highmont.

50.     At the above location, Plaintiff Matthews was confronted by approximately eight (8) Defendant John Doe police officers in military type uniforms who had their weapons trained upon him.  Plaintiff immediately put his hands in the air whereupon he was shot multiple times with rubber bullets.

51.     At that point, Plaintiff Matthews fell into a creek or sewer.  Defendant John Doe officers pounced on him, slammed his face into the concrete, and pushed his head underwater to the point that he felt he was going to be drowned.  Afterward,

Defendant John Doe police officers continued to assault him and spray him with O.C. spray.

52.     Plaintiff Matthews was arrested for allegedly "failing to disperse" even though he had not been involved in any protests of any kind and was only in the neighborhood to check on his mother.

53.     Plaintiff Matthews was transported to Christian Hospital Northwest for treatment for the injuries he sustained at the hands of John Doe Defendant police officers. Despite the fact that Plaintiff Matthews was allegedly placed under arrest for committing a crime, Plaintiff Matthews was never taken to a police station and was released from the hospital the next day.

**A.**
**FALSE ARREST**

54.     Plaintiff Matthews was wrongfully and unlawfully arrested and detained by Defendant John Doe police officers on the unfounded charge of "failure to disperse" even though no probable cause or any other basis for the charge existed and even though Plaintiff Matthews was not in any way involved in any protests.

55.     As a direct proximate result of his false arrest, Plaintiff Matthews suffered discomfort, distress and loss of liberty; and has suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being falsely arrested, taken into custody, and otherwise grossly mistreated.

WHEREFORE, Plaintiff Matthews demands judgment against Defendant John Doe police officers, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages

against Defendant John Doe police officers in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

**B.**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

56.     Plaintiff Matthews further alleges that Defendant John Doe police officers with deliberate indifference and reckless disregard for his rights and with pure malice, subjected him to vicious acts of violence for no lawful reason.  Defendants City of Ferguson and County of St. Louis, with full knowledge of the brutal, vicious and gratuitous acts of violence in which its officers were engaging took no action against any officer involved in the blatantly unlawful assault, battery and arrest Plaintiff Matthews and have, therefore, acquiesced in and/or condoned the unlawful acts of the Defendant John Doe officers.

57.     As a direct and proximate result of the actions of Defendants, Plaintiff Matthews suffered discomfort, distress and loss of liberty; and has suffered, and will continue to suffer, psychological harm and mental anguish including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being unlawfully arrested, savagely beaten for no reason, taken into custody, and otherwise grossly mistreated.

WHEREFORE, Plaintiff Matthews demands judgment against Defendant John Doe police officers, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## C.
## NEGLIGENT SUPERVISION

58.     During the period of August 11-13, 2014, Defendant John Doe police officers were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures of Defendants City of Ferguson and St. Louis County.

59.     Defendants City of Ferguson and St. Louis County acted negligently, carelessly and recklessly by failing to properly train, supervise, control, direct and monitor Defendant John Doe police officers.

60.     As a direct and proximate result of the acts and omissions of Defendants City of Ferguson and St. Louis County, Plaintiff Matthews was wrongfully and unlawfully, arrested, detained and shot with rubber bullets and savagely beaten.  As a result, he suffered severe bodily injuries, pain and suffering, mental anguish, embarrassment, and emotional distress.

WHEREFORE, Plaintiff Matthews demands judgment against the City of Ferguson and St. Louis County in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, plus interest, costs and attorney's fees to the extent allowed by law.

## D.
## ASSAULT AND BATTERY

61.     On August 13, 2014, Defendant John Doe police officers, without proper grounds, willfully subjected the Plaintiff Matthews to cruel and unwarranted physical violence in the form of a beating, near drowning and being shot numerous times with rubber bullets without just cause or basis.

62.     As a direct and proximate result of the conduct of the Defendant John Doe police officers, Plaintiff Matthews suffered severe bodily injuries, emotional distress, mental anguish and pain and suffering.

WHEREFORE, the Plaintiff Matthews demands judgment against Defendants, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, and punitive damages against Defendant John Doe police officers in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## E.
## DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

63.     Plaintiff Matthews further alleges that Defendant John Doe police officers, with deliberate indifference to and reckless disregard for his safety and well-being in violation of the Fourth Amendment to the Constitution, did on August 13, 2014 deprive Plaintiff Matthews of his Constitutional rights by assaulting him and then placing him under unlawful arrest, or failed to prevent the arrest and detention, when they had the opportunity to do so.

64.     As a direct and proximate result of Defendant John Doe police officers' assault, battery, arrest and detention of Plaintiff Matthews as set forth herein, Plaintiff Matthews has suffered severe injuries and emotional anguish.

65.     On August 13, 2014, Defendant John Doe police officers used wanton and excessive force, under color of state law, which deprived Plaintiff Matthews of rights secured under the Constitution and laws of the United States.

66.     As a direct and proximate result of the actions of Defendant John Doe police officers, Plaintiff Matthews was subjected to an illegal seizure by Defendant John Doe police officers from the City of Ferguson and St. Louis County, acting outside the parameters of law and decency.

WHEREFORE, Plaintiff Matthews demands judgment against Defendant John Doe police officers, jointly and severally, in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, plus interest, costs and attorney's fees to the extent allowed by law.

**F.**
**FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE 42 U.S.C. § 1983**

67.     During the period of August 11-13, 2014, Defendant John Doe police officers responsible for the arrest and beating of Plaintiff Matthews were acting under the direction and control, and pursuant to the practices and customs of Defendants City of Ferguson and St. Louis County and implemented by Defendants Belmar and Thomas.

68.     Defendants City of Ferguson, St. Louis County, Belmar and Thomas acted negligently, carelessly, recklessly and with deliberate indifference to the safety of Plaintiff Matthews by failing to properly train, supervise, control, direct, monitor and discipline the officers from their respective departments who were patrolling the streets of Ferguson, Missouri during the period of August 11-13, 2014.

69.     As a direct and proximate result of the acts and omissions of Defendants City of Ferguson, St. Louis County, Belmar and Plaintiff Matthews was unlawfully arrested, seized, beaten, shot with rubber bullets and otherwise deprived of his civil rights.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe police officers, jointly and severally, in the full and just amount of One Million Dollars ($1,000,00.00), plus punitive damages to the extent allowed by law, attorney's fees, interest, and costs.

## IV.

### FACTS AND CLAIMS SPECIFIC TO PLAINTIFF KERRY WHITE

70.     Plaintiff Kerry White adopts and incorporates by reference paragraphs 1-25 of this Complaint as if fully set forth herein.

71.     On Tuesday, August 12, 2014, Plaintiff White was in the City of Ferguson, shooting photographic footage of the protests in Ferguson.  He initially parked at Chambers and West Florissant, with two of his friends in the vehicle.

72.     As Plaintiff White was shooting footage, he observed Defendant John Doe police officers begin proceeding down Chambers, shooting tear gas and ordering people to leave the area.  Plaintiff White left the lot, went south on Chambers and then made a right on Lorna.  Plaintiff White continued to shoot footage from his vehicle.  Defendant John Doe police officers subsequently came onto Lorna and when Plaintiff White tried to get out of their path, he was blocked in by a military-like tactical vehicle.

73.     At this point, the Plaintiff White was seriously afraid for his life.  He held his camera out of his car window in an attempt to let Defendant John Doe police officers know that he was simply photographing the protests.

74.     Defendant John Doe police officer snatched Plaintiff White's camera from his hand, took out his memory card and threw it to the ground.  Plaintiff White and his passengers were then taken from his vehicle by several Defendant John Doe police

officers from the St. Louis County Police Department, handcuffed, placed in a police wagon and transported to the Clayton Justice Center. Once there, they were booked on the unfounded charge of "failure to disburse" even though no basis at all existed for that charge.

## A.
## FALSE ARREST

75.     Plaintiff Kerry White was wrongfully and unlawfully arrested and detained by Defendant John Doe police officers on the unfounded charge of "failure to disperse" even though it was clear that no probable cause or any other basis for the charge existed.

76.     As a direct proximate result of his false arrest by Defendant John Doe police officers, Plaintiff White suffered discomfort, distress and loss of liberty; and has suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being falsely arrested, taken into custody, and otherwise grossly mistreated.

WHEREFORE, Plaintiff Kerry White demands judgment against Defendant John Doe police officers, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages against Defendant John Doe officers in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## B.
## NEGLIGENT SUPERVISION

77.     During the period of August 11-13, 2014, Defendant John Doe police officers were acting under the direction and control, and pursuant to the rules,

regulations, policies and procedures, of Defendants City of Ferguson and St. Louis County.

78. Defendants City of Ferguson and St. Louis County acted negligently, carelessly and recklessly by failing to properly train, supervise, control, direct and monitor Defendant John Doe police officers during the period of August 11-13, 2014.

79. As a direct and proximate result of the acts and omissions of Defendants City of Ferguson and St. Louis County, Plaintiff White was wrongfully and unlawfully, arrested, detained and humiliated. As a result, he was caused to suffer mental anguish, embarrassment, and emotional distress.

WHEREFORE, Plaintiff White demands judgment against Defendants City of Ferguson and St. Louis County in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, plus interest, costs and attorney's fees to the extent allowed by law.

## C.
## ASSAULT AND BATTERY

80. Defendant John Doe police officers, without proper grounds, willfully assaulted, battered and handcuffed Plaintiff Kerry White without just cause or basis.

81. As a direct and proximate result of Defendant John Doe police officers' willful, malicious and intentional actions, Plaintiff White suffered bodily injuries while being unlawfully arrested, taken to the ground and handcuffed.

WHEREFORE, Plaintiff White demands judgment against Defendants, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages against Defendant John

Doe police officers in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

**D.**
**DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983**

82.    Plaintiff Kerry White further alleges that Defendant John Doe police officers, with deliberate indifference to and reckless disregard for his safety and well-being and in violation of the Fourth Amendment, did on August 12, 2014, commit or allowed to be committed acts which deprived him of his constitutional right to be free from an unreasonable seizure.

83.    As a direct and proximate result of the actions of Defendant John Doe police officers, Kerry White was subjected to an illegal seizure by t Defendant John Doe police officers, who were acting outside the parameters of law and decency.

84.    During the period of August 11-13, 2014, Defendant John Doe police officers used wanton and excessive force, under color of state law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States.

WHEREFORE, Plaintiff White demands judgment against the Defendant John Doe police officers, jointly and severally, in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, plus interest, costs and attorney's fees to the extent allowed by law.

**E.**
**FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE 42 U.S.C. § 1983**

85.    During the period of August 11-13, 2014, Defendant John Doe police officers responsible for the arrest of Plaintiff Kerry White were acting under the direction

and control, and pursuant to the practices and customs of Defendants City of Ferguson and St. Louis County and implemented by Defendants Belmar and Thomas.

86.     Defendant John Doe police officers acted negligently, carelessly, recklessly and with deliberate indifference to the safety of Plaintiff White by failing to properly train, supervise, control, direct, monitor and discipline the officers from their respective departments who were patrolling the streets of Ferguson, Missouri during the period of August 11-13, 2014.

87.     As a direct and proximate result of the acts and omissions of Defendants City of Ferguson, St. Louis County, Belmar and Plaintiff Thomas Kerry White was unlawfully arrested, seized and otherwise deprived of his civil rights.

WHEREFORE, Plaintiff White demands judgment against Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,00.00), plus punitive damages to the extent allowed by law, attorney's fees, interest, and costs.

## V.
## FACTS AND CLAIMS SPECIFIC TO PLAINTIFFS
## DAMON COLEMAN AND THEOPHILUS GREEN

88.     Plaintiffs Damon Coleman and Theophilus Green adopt and incorporate by reference paragraphs 1-25 as if fully set forth herein.

89.     On August 11, 2014, at approximately 8:00 p.m., Plaintiffs Coleman and Green were engaging in a peaceful protest, with several others, regarding the shooting death of Michael Brown, Jr. on West Florissant near the Quick Trip convenience store.

90.     At or around the same date and time, a number of St. Louis County police officers began to arrive on the scene.  Shortly thereafter, a military type truck pulled up with more St. Louis County police officers in full riot gear.

91.     At that point, other St. Louis County police officers began to put on riot gear and arm themselves with militaristic type automatic weapons. Upon seeing these officers appear to be preparing to engage in combat, the protesters turned to them and began to chant, "hands up don't shoot" with their arms raised in the air.

92.     In response, Defendant John Doe police officers, who appeared to be seeking a confrontation, began to spread out and take what appeared to be tactical positions behind the non-violent protesters. At about the same time, two military tank-like vehicles began to approach the group from the front with police officers on and next to the vehicles. Defendant John Doe police officers then began shooting tear gas into the group of protestors causing the group to scatter.

93.     Plaintiffs Coleman and Green were recording these events. Plaintiffs Coleman and Green were then spotted and Defendant John Doe police officers began shooting at them. Plaintiffs Coleman and Green raised their hands but the police continued to fire tear gas and what appeared to be stun grenades in their direction.

94.     Plaintiffs Coleman and Green were repeatedly shot with rubber bullets as the police continued to fire as Plaintiffs Coleman and Green got on their knees and presented no threat.

95.     Plaintiffs Coleman and Green were subsequently placed under arrest on the unfounded charge of "failure to disperse." While arresting Plaintiffs Coleman and Green, Defendant John Doe police officers from the St. Louis County Police Department hurled racial epithets at them, while punching and kicking them the entire time.

96.     Plaintiffs Coleman and Green were eventually taken to the Clayton Justice Center where they were ridiculed and placed in small cells.  Plaintiffs Green and Coleman were held for more than 12 hours.

### A.
### FALSE ARREST

97.     Plaintiffs Coleman and Green wrongfully and unlawfully arrested and detained on the unfounded charge of "failure to disperse" even though it was clear that no probable cause or any other basis for the charge existed.

98.     As a direct proximate result of the false arrest of Plaintiffs Coleman and Green by Defendant John Doe police officers from the St. Louis County Police Department, Plaintiffs Coleman and Green suffered discomfort, distress and loss of liberty; and have suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being falsely arrested, taken into custody, and otherwise grossly mistreated.

WHEREFORE, Plaintiffs Coleman and Green demand judgment against Defendant John Doe police officers, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, and punitive damages in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

### B.
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

99.     Plaintiffs Coleman and Green further allege that Defendant John Doe police officers from the St. Louis County Police Department, with deliberate indifference

and reckless disregard for Plaintiffs' rights, and with pure malice, did falsely arrest, beat, ridicule and shoot them with rubber bullets simply for the sport of it.

100.    Defendants City of Ferguson and County of St. Louis with full knowledge of the falsification of police reports by their officers as well as their acts of misconduct and use of excessive force took no action against any officer involved in the unlawful arrest of Plaintiffs Coleman and Green and have, therefore, acquiesced in and/or condoned the unlawful acts of Defendant John Doe police officers.

101.    As a direct and proximate result of the actions of Defendants, Plaintiffs suffered discomfort, distress and loss of liberty; and have suffered, and will continue to suffer, psychological harm and mental anguish including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being unlawfully arrested, taken into custody,  and otherwise grossly deprived of their civil rights and mistreated.

WHEREFORE, Plaintiffs Coleman and Green demand judgment against Defendants, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages against Defendant John Doe police officers from the St. Louis County Police Department in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## C.
## NEGLIGENT SUPERVISION

102.    During the period of August 11-13, 2014, the Defendant John Doe police officers were acting under the direction and control, and pursuant to the rules,

regulations, policies and procedures, of Defendants City of Ferguson and St. Louis County.

103.     Defendants City of Ferguson and St. Louis County acted negligently, carelessly and recklessly by failing to properly train, supervise, control, direct and monitor Defendant John Doe police officers deployed onto the streets of Ferguson, Missouri During the period of August 11-13, 2014.

104.     As a direct and proximate result of the acts and omissions of Defendants City of Ferguson and St. Louis County, Plaintiffs Coleman and Green were wrongfully and unlawfully, arrested, detained, beaten, shot with rubber bullets and humiliated. As a result, Plaintiffs Coleman and Green have suffered physical injury, pain and suffering, mental anguish, embarrassment, and mental distress.

WHEREFORE, Plaintiffs Coleman and Green demand judgment against the City of Ferguson and St. Louis County in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, plus interest, costs and attorney's fees to the extent allowed by law.

## D.
## ASSAULT AND BATTERY

105.     Plaintiffs Coleman and Green, without proper grounds, were shot with rubber bullets and beaten about their bodies by Defendant John Doe police officers even though Plaintiffs Coleman and Green posed no threat to Defendant John Doe police officers or anyone else.

106.     As a direct and proximate result of Defendant John Doe police officers willful, malicious and intentional actions, Plaintiffs Coleman and Green suffered serious

injury to significant areas of their bodies, as well a pain and suffering, mental anguish, emotional distress and humiliation.

WHEREFORE, Plaintiffs Coleman and Green demand judgment against Defendants, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

### E.
### DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

107.    Plaintiffs Coleman and Green further allege that Defendant John Doe police officers, with deliberate indifference to and reckless disregard for their safety and well-being son and in violation of the Fourth Amendment to the United States Constitution and protected under 42 U.S.C. §1983, did on August 11, 2014, commit or allowed to be committed acts which deprived both of them their Constitutional right to be free from an unreasonable seizure and excessive force.

108.    As a direct and proximate result of the actions of Defendant John Doe police officers, Plaintiffs Coleman and Green were subjected to an illegal seizure and the excessive use of force by the completely out of control police officers, acting outside the parameters of law and decency.

WHEREFORE, Plaintiffs Coleman and Green demand judgment against Defendant John Doe police officers, jointly and severally, in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, plus interest, costs and attorney's fees to the extent allowed by law.

**F.**
**FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE 42 U.S.C. § 1983**

109.     During the period of August 11-13, 2014, Defendant John Doe police officers responsible for the unlawful arrest, beating and mistreatment of Plaintiffs Coleman and Green were acting under the direction and control, and pursuant to the practices and customs of Defendants City of Ferguson and St. Louis County and implemented by Defendants Belmar and Thomas.

110.     Defendants acted negligently, carelessly, recklessly and with deliberate indifference to the safety of Plaintiffs Coleman and Green by failing to properly train, supervise, control, direct, monitor and discipline Defendant John Doe police officers from their respective departments who were patrolling the streets of Ferguson, Missouri during the period of August 11-13, 2014.

111.     As a direct and proximate result of the acts and omissions of Defendants City of Ferguson, St. Louis County, Belmar and Thomas, Plaintiffs Coleman and Green were unlawfully arrested, seized and otherwise mistreated.

WHEREFORE, Plaintiffs Coleman and Green demand judgment against Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,00.00), plus punitive damages to the extent allowed by law, attorney's fees, interest, and costs.

**VI.**
**FACTS AND C LAIMS SPECIFIC TO PLAINTIFF ANTWAN HARRIS**

112.     Plaintiff Antwan Harris adopts and incorporates by reference paragraphs 1-25 as if fully set forth herein.

113.    On August 11, 2014, at approximately 7:40 p.m., Plaintiff Harris, who resides in the Canfield Green Apartments, was standing near the intersection of W Florissant Avenue and Canfield Drive observing what was going on at the time.

114.    While standing there, the Plaintiff observed several St. Louis County police officers push a man, who had not been doing anything, to the ground and start beating him. The Plaintiff started recording this unlawful conduct. As he was recording the officers, one of them fired his weapon in the direction of the Plaintiff striking him between the eyes with a rubber bullet. As a result of being shot between the eyes, the Plaintiff almost lost consciousness, was knocked back and bleeding badly.

115.    As a result of this assault and battery and use of excessive force, the Plaintiff was caused to seek medical treatment at BJC HealthCare Christian Hospital for the serious trauma to his face, blurred vision, headaches and severe swelling that occurred immediately thereafter.

**A.**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

116.    Plaintiff Harris further alleges that the as of yet unidentified St. Louis County police officers, with deliberate indifference and reckless disregard for the rights of the Plaintiff, and with pure malice, did intentionally shoot him in the face with a rubber bullet simply for the sport of it. Defendants City of Ferguson and County of St. Louis with full knowledge of the falsification of police reports by their officers as well as their acts of misconduct and use of excessive force have taken no action against any officer involved in the rubber bullet shooting of Plaintiff Harris and has therefore

acquiesced in and/or condoned the unlawful acts of their officers who were deployed on August 11, 2014.

117. As a direct and proximate result of the actions of the Defendants, Plaintiff Harris suffered discomfort, distress, psychological harm and mental anguish.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages against the officer Defendants in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

**B.**
**NEGLIGENT SUPERVISION**

118. At all times relevant herein, the officers deployed in Ferguson, Mo., were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures of Defendants City of Ferguson and St. Louis County.

119. Defendants City of Ferguson and St. Louis County acted negligently, carelessly and recklessly by failing to properly train, supervise, control, direct and monitor the officers deployed onto the streets of Ferguson, MO., on August 11, 2014.

120. As a direct and proximate result of the acts and omissions of Defendants City of Ferguson and St. Louis County, Plaintiff Harris was wrongfully and unlawfully, shot with a rubber bullet between the eyes. As a result, Plaintiff has suffered physical injury, pain and suffering, mental anguish, and mental distress.

WHEREFORE, the Plaintiff demands judgment against the City of Ferguson and St. Louis County in the full and just amount of One Million, Five Hundred Thousand

Dollars ($1,500,000.00), in compensatory damages, plus interest, costs and attorney's fees to the extent allowed by law.

## C.
## ASSAULT & BATTERY

121.    Plaintiff Harris, without proper grounds, was shot with a rubber bullet between his eyes even though he posed no threat to any officer or anyone else.

122.    As a direct and proximate result of Defendants' willful, malicious and intentional actions, Plaintiff Harris suffered serious and permanent injury to his face, as well a pain and suffering, mental anguish, emotional distress and humiliation.

WHEREFORE, the Plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## D.
## DEPRIVATION OF CIVIL RIGHTS, U.S.C. § 1983

123.    Plaintiff Harris further alleges that the as of yet unidentified officer defendants, with deliberate indifference to and reckless disregard for their safety and well-being and in violation of the 4th Amendment to the Constitution, did on August 11, 2014, commit or allowed to be committed acts which deprived him of his Constitutional right to be free from an unreasonable seizure and excessive force.

124.    As a direct and proximate result of the actions of the as of yet unidentified officer Defendants, the Plaintiff was subjected to an illegal seizure and the excessive use

of force by the completely out of control police officers, acting outside the parameters of law and decency.

Wherefore, Plaintiff demands judgment against the Defendant officers, jointly and severally, in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, plus interest, costs and attorney's fees to the extent allowed by law.

**E.**
**FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE 42 U.S.C. § 1983**

125. At all times relevant herein, the lawless officers responsible for the mistreatment of Plaintiff Harris were acting under the direction and control, pursuant to the practices and customs of Defendants City of Ferguson and St. Louis County and implemented by Defendants Belmar and Thomas.

126. Defendants acted negligently, carelessly, recklessly and with deliberate indifference to the safety of United States citizens in Ferguson, Mo., by failing to properly train, supervise, control, direct, monitor and discipline the officers from their respective departments who were patrolling the streets of Ferguson, Mo., on August 11, 2014.

127. As a direct and proximate result of the acts and omissions of Defendants City of Ferguson, St. Louis County, Belmar and Thomas, Plaintiff Harris was unlawfully shot between the eyes with a rubber bullet, seized and otherwise mistreated.

Wherefore, Plaintiff demands judgment against the Defendant officers, jointly and severally, in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, plus interest, costs and attorney's fees to the extent allowed by law.

# VII.
## FACTS AND CLAIMS SPECIFIC TO PLAINTIFF NATHAN BURNS

128.     Plaintiff Nathan Burns adopts and incorporates by reference paragraphs 1-25 as if fully set forth herein.

129.     On August 11, 2014, at approximately 10:30 p.m., the Plaintiff was amongst a peaceful group of protesters when suddenly canisters of tear gas were thrown into the crowd of people.  Almost simultaneously, 10-15 police officers ambushed members of the crowd.  The Plaintiff was sprayed with mace all over his face and mouth. In response, the Plaintiff put his hands up in the air to show that he did not pose a threat to anyone and in an attempt to block the mace that was being sprayed at his face.

130.     The Plaintiff then tried to walk away from the chaotic situation only to be grabbed by his hair by one of the policemen who then slammed him to the ground.  In an attempt to diffuse the situation, the Plaintiff immediately placed his hands behind his back so that the officers could handcuff him without any accusation of resistance.  After being handcuffed, the Plaintiff's hair was grabbed by an officer who then slammed his head into the ground while other officers saturated him with mace.  One officer even stuck his finger in Plaintiff's ear.

131.     The Plaintiff was eventually lifted off the ground by the officers.  While being lifted off the ground, one of the officers whispered in his ear "hey . . . hey. . . now we're bout to kill you . . . This caused the Plaintiff to panic and seek assistance from the other officers by yelling to them that the officer nearest to him had threatened his life and to not allow him to arrest the Plaintiff.  None of the other officers intervened.  Plaintiff Burns was then placed in one of the armored vehicles and taken to jail.  Before being

placed in the vehicle, however, the officers searched the Plaintiff's genital area several times and made sure to place their mace soaked hands on his genitals.

132.    As a result of his bogus arrest for "failure to disburse," the Plaintiff was held in jail for approximately 24 hours in clothes so drenched in mace that others could not bear to sit near him.

## A.
## FALSEARREST

133.    Plaintiff Burns was wrongfully and unlawfully arrested and detained on the bogus charge of "failure to disperse" even though it was clear that no probable cause or any other basis for the charge existed.

134.    As a direct proximate result of the false arrest of Plaintiff Burns by as of yet unidentified St. Louis County officer Defendants, the Plaintiff suffered discomfort, distress and loss of liberty; and has suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being falsely arrested, taken into custody, and otherwise grossly mistreated.

WHEREFORE, the Plaintiff Burns demands judgment against the Defendant officers, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages against the officer Defendants in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## B.
## INTENTIONAL INFLICTION OF EMOTION DISTRESS

135.    Plaintiff Burns further alleges that the as of yet unidentified St. Louis County police officers, with deliberate indifference and reckless disregard for the rights

of the Plaintiff, and with pure malice, did falsely arrest, beat, ridicule and spray him with a mace like substance simply for the sport of it. Defendants City of Ferguson and County of St. Louis with full knowledge of the falsification of police reports by their officers as well as their acts of misconduct and use of excessive force have taken no action against any officer involved in the blatantly bogus arrest of Plaintiff Burns and has therefore acquiesced in and/or condoned the unlawful acts of their officers who were deployed on August 11 2014.

136.    As a direct and proximate result of the actions of the defendants, Plaintiff suffered discomfort, distress and loss of liberty; and has suffered, and will continue to suffer, psychological harm and mental anguish including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being unlawfully arrested, taken into custody, and otherwise grossly mistreated.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages against the officer Defendants in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

## C.
## NEGLIGENT SUPERVISION

137.    At all times relevant herein, the officers deployed in Ferguson, Mo., were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures, of Defendants City of Ferguson and St. Louis County.

138.     Defendants City of Ferguson and St. Louis County acted negligently, carelessly and recklessly by failing to properly train, supervise, control, direct and monitor the officers deployed onto the streets of Ferguson, MO., on August 11, 2014.

139.     As a direct and proximate result of the acts and omissions of Defendants City of Ferguson and St. Louis County, Plaintiff Burns was wrongfully and unlawfully, shot with a rubber bullet between the eyes.  As a result, Plaintiff has suffered physical injury, pain and suffering, mental anguish, and mental distress.

WHEREFORE, the Plaintiff demands judgment against the City of Ferguson and St. Louis County in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, plus interest, costs and attorney's fees to the extent allowed by law.

### D.
### ASSAULT & BATTERY

140.     Plaintiff Burns, without proper grounds, was sprayed with a mace like substance and beaten about his body even though he posed no threat to any officer or anyone else.

141.     As a direct and proximate result of Defendants' willful, malicious and intentional actions, the Plaintiff suffered serious injury to significant areas of their bodies, as well a pain and suffering, mental anguish, emotional distress and humiliation.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

**E.**
**DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983**

142.     Plaintiff Burns further alleges that the as of yet unidentified officer Defendants, with deliberate indifference to and reckless disregard for his safety and well-being and in violation of the 4th Amendment to the Constitution, did on August 11, 2014, commit or allowed to be committed acts which deprived both of them their Constitutional right to be free from an unreasonable seizure and excessive force.

143.     As a direct and proximate result of the actions of the as of yet unidentified officer defendants, the Plaintiff was subjected to an illegal seizure and excessive use of force by the completely out of control police officers, acting outside the parameters of law and decency.

Wherefore, Plaintiffs demand judgment against the Defendant officers, jointly and severally, in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, plus interest, costs and attorney's fees to the extent allowed by law.

**F.**
**FAILURE TO TRAIN, SUPERVISE, AND DISCIPLLINE 42 U.S.C. § 1983**

144.     At all times relevant herein, the lawless officers responsible for the arrest, beating and mistreatment of Plaintiff Burns was acting under the direction and control, and pursuant to the practices and customs of defendants City of Ferguson and St. Louis County and implemented by Defendants Belmar and Thomas.

145.     Defendants acted negligently, carelessly, recklessly and with deliberate indifference to the safety of United States citizens in Ferguson, Mo., by failing to properly train, supervise, control, direct, monitor and discipline the officers from their

respective departments who were patrolling the streets of Ferguson, Mo., on August 11, 2014.

146.     As a direct and proximate result of the acts and omissions of Defendants City of Ferguson, St. Louis County, Belmar and Thomas, Plaintiff Burns was unlawfully arrested, seized and otherwise mistreated.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,00.00), plus punitive damages to the extent allowed by law, attorney's fees, interest, and costs.

## VIII.
## FACTS AND CLAIMS SPECIFIC TO PLAINTIFFS SANDY & KAI BOWERS

147.     These Plaintiffs adopt and incorporate by reference paragraphs 1-25 as if fully set forth herein.

148.      On Tuesday, August 12, 2014, the Plaintiffs were in the City of Ferguson, shooting photographic footage of the goings on in Ferguson.  They initially parked at Chambers and West Florissant, Plaintiff Kerry White was in the vehicle with them.

149.     As Plaintiff White was shooting footage, the Plaintiffs observed the police begin proceeding down Chambers, shooting tear gas and ordering people to leave the area.  The Plaintiffs left the lot, went south on Chambers and then made a right on Lorna. Plaintiff White continued to shoot footage from the vehicle.  The police subsequently came onto Lorna and when the Plaintiffs tried to get out of their path, they were blocked in by a military like tactical vehicle.

150.     At this point, the Plaintiffs were seriously afraid for their lives.  Plaintiff White held his camera out of his car window in an attempt to let the police officers know that he was simply photographing the goings on.

151.     A police officer snatched the camera from Plaintiff White's hand, took out his memory card and threw it to the ground.  The Plaintiffs were then taken from the vehicle by several St. Louis County police officers, thrown to the ground, handcuffed, placed in a police wagon and transported to the Clayton Justice Center.  Once there, they were booked on the bogus charge of failure to disburse even though no basis at all existed for that charge.

## A.
## FALSE ARREST

152.     Plaintiffs Kai and Sandy Bowers were wrongfully and unlawfully arrested and detained on the bogus charge of "failure to disperse" even though it was clear that no probable cause or any other basis for the charge existed.

153.     As a direct proximate result of their false arrest, the Plaintiffs suffered discomfort, distress and loss of liberty; and has suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being falsely arrested, taken into custody, and otherwise grossly mistreated.

WHEREFORE, Plaintiffs Kai and Sandy Bowers demand judgment against the Defendants, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages against the officer Defendants in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

**B.**
**NEGLIGENT SUPERVISION**

154.    At all times relevant herein, the Defendant officers, were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures, of Defendants City of Ferguson and St. Louis County.

155.    Defendants City of Ferguson and St. Louis County acted negligently, carelessly and recklessly by failing to properly train, supervise, control, direct and monitor their officers who were deployed on August 12, 2014.

156.    As a direct and proximate result of the acts and omissions of Defendants City of Ferguson and St. Louis County, Plaintiffs Kai and Sandy Bowers were wrongfully and unlawfully, arrested, detained and humiliated.  As a result, they were caused to suffer mental anguish, embarrassment, and emotional distress.

WHEREFORE, these Plaintiffs demand judgment against the City of Ferguson and St. Louis County in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, plus interest, costs and attorney's fees to the extent allowed by law.

**C.**
**ASSAULT & BATTERY**

157.    Several yet to be identified officers, without proper grounds, willfully manhandled and handcuffed Plaintiffs Kai and Sandy Bowers without just cause or basis.

158.    As a direct and proximate result of Defendants' willful, malicious and intentional actions, the Plaintiffs suffered bodily injury after being taken to the ground to be handcuffed.

WHEREFORE, these Plaintiffs demand judgment against the Defendants, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages against the Defendant officers in the amount of one Million Dollars ($1,000,000.00) plus interest, costs and attorney's fees to the extent allowed by law.

**D.**
**DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983**

159.     Plaintiffs Kai and Sandy Bowers further allege that several yet to be identified officer Defendants, with deliberate indifference to and reckless disregard for his safety and well-being and in violation of the 4th Amendment to the Constitution, did on August 12, 2014, commit or allowed to be committed acts which deprived them of their constitutional right to be free from an unreasonable seizure.

160.     As a direct and proximate result of the actions of these officers, Kai and Sandy Bowers were subjected to an illegal seizure by the completely out of control police officers, acting outside the parameters of law and decency.

Wherefore, these Plaintiffs demand judgment against the Defendant officers, jointly and severally, in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, plus interest, costs and attorney's fees to the extent allowed by law.

**E.**
**FAILURE TO TRAIN, SUPERVISE AND DICIPLINE, 42 U.S.C. § 1983**

161.     At all times relevant herein, the lawless officers responsible for the arrest of  Plaintiffs Kai and Sandy Bowers were acting under the direction and control, and

pursuant to the practices and customs of Defendants City of Ferguson and St. Louis County and implemented by Defendants Belmar and Thomas.

162.    Defendants acted negligently, carelessly, recklessly and with deliberate indifference to the safety of United States citizens lawfully in Ferguson, Mo., by failing to properly train, supervise, control, direct, monitor and discipline the officers from their respective departments who were patrolling the streets of Ferguson, Mo., on August 12, 2014.

163.    As a direct and proximate result of the acts and omissions of Defendants City of Ferguson, St. Louis County, Belmar and Thomas, Kai and Sandy Bowers were unlawfully arrested, seized and otherwise mistreated.

WHEREFORE, these Plaintiffs demand judgment against the Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), plus punitive damages to the extent allowed by law, attorney's fees, interest, and costs.

This 2nd day of December 2014,

Respectfully submitted,

**GREENE LEGAL GROUP LLC**

By /s/ Reginald A. Greene
Reginald A. Greene, Esq.
Eastern District Bar No. 308674GA
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
Tel. (404) 574-4308
Fax: (404) 574-4308
rgreene@greenelegalgroup.com

Gregory L. Lattimer, Esq.
Eastern District Bar No. 371926DC
**LAW OFFICES OF GREGORY L.
LATTIMER**
1200 G Street, N.W.
Suite 800
Washington, D.C.  20005
Tel. (202) 434-4513
Fax: (202) 248-4478
lattlaw@aol.com

Malik Z. Shabazz, Esq.
Eastern District Bar No. 458434DC
**BLACK LAWYERS FOR JUSTICE**
1200 G Street, N.W.
Suite 800
Washington, D.C.  20005
Tel: (202) 434-4528
Fax: (202) 248-4478
attorney.shabazz@yahoo.com

Counsel for the Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was served on

Defendants' counsel of record by operation of the Court's ECF/CM system on December

2, 2014.

<u>/s/ Reginald A. Greene, Esq.</u>