UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TRACEY WHITE, et al. | ) |  |
|---|---|---|
| Plaintiffs, | ) |  |
| v. | ) | No. 4:14-cv-01490-HEA |
| THOMAS JACKSON, et al., | ) |  |
| Defendants. | ) |  |

## *DEFENDANTS' CITY OF FERGUSON, POLICE CHIEF THOMAS JACKSON, AND POLICE OFFICER JUSTIN COSMA'S REPLY IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT (DOC. NO. 41)*

COME NOW Defendants, the City of Ferguson, Ferguson Police Chief Thomas Jackson, and Ferguson Police Officer Justin Cosma, and for their Reply in Support of Their Joint Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. No. 41) pursuant to Federal Rule of Civil Procedure 12(b)(6), state as follows:

### INTRODUCTION

Defendants will not repeat their arguments raised in their initial Motion (Doc. No. 13) and Memorandum in Support (Doc. No. 14), but submit the following as to the arguments raised by Plaintiffs in the order in which those points are raised in the Plaintiffs' Response (Doc. No. 20.

### ARGUMENT

A. *Negligent Supervision and Sovereign Immunity*

Plaintiffs state that under the pleading requirements of the Federal Rules of Civil Procedure Plaitniffs need only provide notice of their claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, federal case law has also instructed that notice pleading in federal courts has certain requirements. For example, the purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

The United States District Court for the Eastern District of Missouri has previously addressed this issue and required that factual content pertaining to alleged insurance coverage must be pleaded. *Hankins v. City of Hazelwood*, 4:13CV1691 SNLJ, 2014 WL 996789, at *1 (E.D. Mo. March 13, 2014) (""The liability of a public entity for torts is the exception to the general rule of immunity for tort and it is incumbent upon a plaintiff who seeks to state a claim for relief to specifically allege facts establishing that an exception applies.") (citing *Boever v. Special Sch. Dist. of St. Louis Cnty.*, 296 S.W.3d 487, 491 (Mo. App. E.D. 2009)).

Even if assumed to be true, the Plaintiffs' allegation that the purchase of insurance by Defendants addresses "at least to some extent" the claims alleged is an insufficient factual basis to support a waiver of sovereign immunity. There is insufficient factual content to establish that any insurance purchased constituted a waiver of sovereign immunity. Accordingly, Plaintiffs' state law claims against the City of Ferguson and against Chief Tom Jackson and Officer Justin Cosma in their official capacities should be dismissed. *See State ex rel. Cravens v. Nixon*, 234 S.W.3d 442, 449 (Mo. App. W.D. 2007) ("Sovereign immunity, if not waived, bars suits against employees in their official capacity, as such suits are essentially direct claims against the state.").

B.   *Respondeat Superior and Failure to State a Claim for Which Relief can be Granted*

In Plaintiffs' Response (Doc. No. 52), it is suggested that "a fair reading of plaintiffs' Complaint clearly indicates that any alleged vicarious liability on the part of the City of Ferguson, was pled with respect to plaintiffs' common law claims. . ."[1]  However, Plaintiffs' Second Amended Complaint incorporates by reference (as is permitted by the rules) the statement "The City of Ferguson is liable directly and vicariously[]" at different places in several counts. *See* Doc. No. 38, ¶¶ 26, 46, 70, 88, 112, 128, and 147.  As Plaintiffs' Second Amended Complaint is worded, the allegation of the vicarious liability of the City of Ferguson is not limited as Plaintiffs' argument suggest.

C.   *Public Duty Doctrine*

Plaintiffs do not argue against the application of the public duty doctrine against "U.S. Citizens."  It appears from Plaintiffs' Response as though it is conceded that they did not intend to name unidentified "U.S. Citizens" as Plaintiffs.

---

[1] Plaintiffs further concede that "absolutely no allegation of vicarious liability has been pled as to Chief Thomas Jackson."

Defendants request that this point be granted in favor of Defendants and against Plaintiffs, as the issue is not moot. As an example, the Plaintiffs plead in paragraph 126 of the Second Amended Complaint that the "Defendants acted negligently, carelessly, recklessly and with deliberate indifference to the safety of United States citizens in Ferguson, MO., by failing to properly train, supervise, control, direct, monitor and discipline the officers from their respective departments who were patrolling the streets of Ferguson, Mo., on August 11, 2014."

If the Plaintiffs concede that "U.S. Citizens" are not plaintiffs, then the allegations should be dismissed or stricken pursuant to Federal Rule of Civil Procedure 12(e) as immaterial, impertinent, and scandalous. *See Aoki v. Benihana, Inc.*, 823 F.Supp.2d 759, 764 (D. Del. 2012) (a scandalous matter is "that which improperly casts a derogatory light on someone, most typically on a party to the action."). The issues before this Court and the trier of fact will pertain to the named Plaintiffs, not pertaining to the broad class of U.S. Citizens.

WHEREFORE, Defendants City of Ferguson, Police Chief Thomas Jackson, and Officer Justin Cosma respectfully move this Court dismiss the Plaintiffs' claims alleging negligent supervision, as the Plaintiffs' Second Amended Complaint regarding allegations of negligent supervision fails to state any cause of action or claim upon which relief may be granted, and for such further relief as this Court deems just and proper.

/s/Peter J. Dunne
Peter J. Dunne   #31482MO
Robert T. Plunkert #62064MO
PITZER SNODGRASS, P.C.
Attorneys for Defendants City of Ferguson and Officer Justin Cosma
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
dunne@pspclaw.com
plunkert@pspclaw.com

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 29th day of December, 2014, to be served by operation of the Court's electronic filing system upon the following:

- Gregory L. Lattimer, Attorney for Plaintiffs, 1200 G. Street, N.W., Suite 800, Washington, D.C. 20005, lattlaw@aol.com;
- Malik Z. Shabazz, Attorney for Plaintiffs, 1200 G. Street, N.W., Suite 800, Washington, D.C. 20005, attorneyshabazz@yahoo.com;
- Reginald A. Green, Attorney for Plaintiffs, One Georgia Center, Suite 605, 600 West Peachtree Street, N.W., Atlanta, Georgia 30308, rgreene@greenelegalgroup.com; and
- Michael E. Hughes, Attorney for Defendants St. Louis County and Chief Jon Belmar, 41 S. Central Ave, Clayton MO 63105.

/s/ Peter J. Dunne

December 29, 2014