IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TRACEY WHITE, et al.           )
                               )
    Plaintiffs                 )
                               )
v.                             )   Cause No. 14-cv-01490 - HEA
                               )
THOMAS JACKSON, et al.         )
                               )
    Defendants.                )

### REPLY TO TRACEY WHITE AND WILLIAM DAVIS' OPPOSITION TO THE MOTION TO DISMISS FILED BY DEFENDANTS JON BELMAR AND ST. LOUIS COUNTY

**Preliminary Statement**

Defendants Jon Belmar and St. Louis County filed a Motion to Dismiss the claims filed by Tracey White and William Davis. A Memorandum of law was filed along with that motion. This is a reply memorandum to the response filed by Tracey White and William Davis.

**Reply to Statement of Facts**

Tracey White and William Davis did not dispute the specific Statement of Facts presented by Jon Belmar and St. Louis County, wherein Belmar and County cited paragraphs from plaintiffs' 2nd Amended Complaint. Rather than discussing the facts specific to their claim on August 13th, 2014 Tracey White and William Davis spoke in general terms about events from August 11th to 13th, and often substituted argument for fact by saying, for example, on page 2 that there was "wanton and excessive force under color of law which deprived plaintiffs of rights," and also added things not applicable to the Motion to Dismiss such as the comment on page 2 that "these lawless acts.....were being broadcast to the public at large by numerous news organizations." Interestingly Tracey White and William Davis conceded on page 2 that there

1

was "civil unrest in the streets of Ferguson, Missouri" including the day they were arrested for failure to disperse.

It is respectfully submitted that defendants' Statement of Facts with citations to the paragraphs of the 2nd Amended Complaint should be accepted by the Court.

**Reply to Statement of Law**

Reply to issue of State claims against Jon Belmar

In his motion to dismiss state claims, Chief Belmar invoked state law defenses applicable to his position, namely that the doctrine of respondeat superior would not apply, that Chief Belmar has official immunity, and that Chief Belmar is protected by the public duty doctrine. These defenses were raised because in Tracey White's and William Davis' prayers for relief in Counts A (false arrest), B (Intentional Infliction of Emotional Distress), and D (Assault and Battery), those plaintiffs demanded judgment against "Defendants" and so the word "Defendants" presumably included Defendant Jon Belmar. In addition plaintiffs alleged that the officers who arrested those plaintiffs were acting pursuant to the practices and customs of St. Louis County as implemented by Chief Belmar. Maybe it was overly cautious to raise these state law defenses but the ambiguity of plaintiffs' pleadings seemed to make it necessary; but if there was an ambiguity, it has now certainly been cleared up by the statement on page 4 of Tracey White's and William Davis' Response that plaintiffs "are not seeking to recover for any state tort claims against defendant Belmar." So that matter seems to be settled. The state law claims against Belmar should be dismissed because his defenses are valid and/or because plaintiffs have informed the Court that they are not seeking to recover for any state law claims against Belmar.

Reply to response to issue regarding assault and battery

2

Plaintiffs Tracey White and William Davis conceded on page 14 of their response that in order to state a claim for assault and battery against a police officer who makes an arrest, that the plaintiff must allege that the officer used more force than was reasonably necessary. *Neal v. Helbling*, 726 S. W. 2d 483, 487 (Mo. App. 1987). Plaintiffs then argued that if the arrest is unlawful, then the handcuffing in and of itself becomes a battery. In support of this argument plaintiffs cited a criminal case called *State v. Maxey*, 661 S. W. 2d 641, 643 (Mo. App. 1983) but did so completely out of context. In *Maxey* a Bonne Terre police officer was in pursuit of a motorcycle which drove out of the city limits of Bonne Terre, and then the motorcyclist lost control and crashed, and then resisted arrest, and then claimed that the resisting was justified because the Bonne Terre police were outside the city limits of Bonne Terre. At p. 643 the Court stated:

"Miller was a police officer, this fact was known to defendant and defendant had no right to resist Miller's attempts to arrest him. Miller's tort liability might be equated to that of a private citizen, but his actions were made as a police officer and he was entitled to the protection from resistance of that position."

Likewise *Johnson v. District of Columbia*, 528 F. 3d 969, 977 (D. C. Cir. 2008) does not stand for the proposition that when there is a so called false arrest, that any force used is unreasonable. Instead what the Court stated at p. 977 was:

"The cases add up to the sensible proposition that a police officer must have some justification for the quantum of force he uses......The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than the 20/20 vision of hindsight."

So the conclusion remains, that plaintiffs have not stated a common law state claim of assault and battery by being handcuffed by police during their arrests.

Reply to the issue of immunity of St. Louis County under state law.

3

St. Louis County cited in its Memorandum a state statute as well as 10 cases that demonstrate that St. Louis County enjoys governmental immunity for the state law claims. Plaintiffs did not dispute these particular cases or the statute, but are nonetheless attempting to avoid governmental immunity of the state claims.

After filing a complaint and an amended complaint, the plaintiffs filed a 2nd Amended Complaint that contains a new paragraph 19, which broadly states that "Upon information and belief, Defendants (separate governmental entities) have waived sovereign immunity by establishing some type of insurance coverage for the claim at issue pursuant to Mo. Rev. Stat. 71.185." One obvious problem with plaintiffs' citation is that Section 71.185 R.S. Mo. specifically refers to a municipality, not to a County or the state, and so St. Louis County could not have possibly waived sovereign immunity pursuant to Section 71.185. Plaintiffs cited *Gregg v. City of Kansas City*, 272 S. W. 3d 353 (Mo. App. W. D. 2008) but that decision states at pages 359-360 that the plaintiff bears the burden of demonstrating the existence of the insurance and also that the insurance covered his particular claim; and further states that finding a municipality liable for torts is the exception to the general rule of sovereign immunity, and a plaintiff must plead with specificity facts demonstrating that his claims fall within an exception to sovereign immunity. Note that plaintiffs did not plead with specificity any facts pertaining to St. Louis County that may possibly demonstrate that plaintiffs' claims against the County fall within an exception, even while the plaintiffs made some type of attempt to plead some type of specificity only as to the municipality, the city of Ferguson, where plaintiffs alleged in paragraph 19 of the 2nd Amended Complaint that the City of Ferguson as a Charter Member of the St. Louis Area Insurance Trust has purchased insurance policies that would address to some extent the claims of the plaintiffs.

4

It should not go without notice that St. Louis County and Jon Belmar are represented by the County Counselor's office of St. Louis County. The question might become whether it should actually be necessary to require St. Louis County to file a separate Motion for Summary Judgment denying that sovereign immunity has been waived; when the plaintiffs have not pled specificity but instead vaguely alleged or argued on "information and belief" that defendants (referring to two separate governmental entities) purchased insurance and then at page 6 of their Response, those plaintiffs instructed the Court that it is obligated to accept as true all of the factual allegations in the second amended complaint. However to survive a motion to dismiss, plaintiffs' claim must be facially plausible, which means that there must be a reasonable inference that the defendant is liable, *Cole v. Homier Dist. Co. Inc.*, 599 F. 3d 856, 861 (8th Cir. 2010). It is respectfully submitted that unless the Court grants plaintiffs a 4th try, so that plaintiffs could file a 3rd Amended Complaint, there presently is no reasonably plausible inference that St. Louis County does not have immunity on the state common law claims.

Reply to issue that these plaintiffs have not stated a claim for False Arrest

For purposes of the motion to dismiss, it is admitted that plaintiffs' allegations are true, that there was civil unrest in the streets of Ferguson (par. 23) (i.e. a riot), that these conditions were such (par. 27) that officers were carrying rifles, that these plaintiffs were ordered by Ferguson police officer Cosma to leave ( par. 28), these plaintiffs did not obey the command of the police officer (28), after which these plaintiffs were arrested for failure to disperse (29,30). Plaintiffs cited cases to argue that the issue should be whether there was probable cause that an offense has been committed. As a matter of law, those facts assumed to be true do constitute probable cause. In addition, as indicated in *Anderson v. Creighton*, 483 U. S. 635, 641 (1987) the issue is whether the police could have reasonably thought that this constituted probable

5

cause. Missouri Statute 574.060 states that a person commits the crime of failure to disperse if, being at the scene of a riot, he knowingly fails or refuses to depart from the scene. Plaintiffs' factual allegations are that there was civil unrest; they heard the police tell them to depart; they did not depart; they were arrested for failure to disperse. The conclusion remains that as a matter of law, the police could have reasonably thought that this constituted a violation of 574.060.

Reply to response of issue concerning a separate state tort of negligent supervision

Defendant St. Louis County still maintains that Missouri *Practice, Volume 34* and the cases cited in the Memorandum of Law correctly state that this separate independent tort (as opposed to an ordinary negligence tort where liability of an entity is sought based on pass through respondeat superior acts of an agent or employee) usually involves a special relationship where a duty of supervision is owed. The County still maintains that examples of such special relationships, discussed in *Missouri Practice Volume 34,* include a relationship of a grandparent to a grandchild, or of a teacher to a student. County still maintains that plaintiffs have not pled a special relationship existed creating a duty owed to plaintiffs.

Plaintiffs cited a case with a slightly different sort of relationship but still a relationship of sorts called *Gibson v. Brewer*, 952 S. W. 2d 239 (Mo. banc 1997), a case where a child spent the night in a church rectory and allegedly was sexually fondled. Concerning the claim of "Negligent Failure to Supervise Clergy," the Missouri Supreme Court stated at p. 247 that among the elements of such negligent supervision is when the servant of the master is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or using a chattel of the master. It is astonishing to suggest that this wording or anything

6

concerning the *Gibson* case has any applicability to plaintiffs Tracey White and William Davis being arrested after they did not obey a command to leave the premises.

Next those plaintiffs cited *St. John Bank & Trust Co. v. City of St. John*, 679 S. W. 2d 399 (Mo. App. E. D. 1984), which was decided by the appellate court as a simple negligence or simple failure to use ordinary care case, not as a separate tort called "negligent supervision." The court in St. *John Bank & Trust Co.,* recognized at the outset, that the City of St. John conceded that it had purchased insurance specifically waiving sovereign immunity for negligence, and then noted that what was alleged was the same as an act done negligently, and that any error in the verdict director that referred to the word supervise was harmless. The Court did not discuss the elements of a separate tort called "negligent supervision."

The conclusion should remain that plaintiffs did not state a claim for the separate tort of "negligent supervision" against St. Louis County, and even if they could file another amended complaint in order to attempt to plead the necessary elements of that separate tort, St. Louis County has immunity for state claims.

<u>Reply to response to issue whether 42 U.S. C. 1983 claim has been stated against Belmar</u>

Plaintiffs did not directly address any of the six 8th Circuit cases, or the one 6th Circuit case or the U.S. Supreme Court case cited by Belmar in defendants' Memorandum of Law. All of these cases remain valid and demonstrate, as explained in Defendant's memorandum, how and why plaintiffs did not state a claim against the Chief of Police who was not personally involved in the arrests of Tracey White and William Davis. These plaintiffs did however cite two 8th Circuit cases which are discussed below.

*White v. Holmes*, 21 F. 3d 277 (8th Cir. 1994) involved an altercation at a prison library. The 8th Circuit reversed the denial of a motion for summary judgment and remanded with

7

instructions to dismiss. While so doing the Court noted (at 280) that a supervisor is not vicariously liable for an employee's unconstitutional activity and that there must be tacit authorization of unconstitutional acts or deliberate indifference to the fact that unconstitutional acts are being performed.

*Ripson v. Alles*, 21 F. 3d 805 (8th Cir. 1994) likewise reversed the denial of summary judgment, holding (at 809) that for a supervisor to be liable for the acts of a subordinate, something more must be shown than merely the existence of the supervisor-subordinate relationship (internal citation omitted). In addition, mere negligence in failing to detect and prevent a subordinate's conduct is not enough. The supervisor must know about the conduct, facilitate it, approve it, condone it, or turn a blind eye for fear of what he might see. (Internal citation omitted).

The conclusion remains that these plaintiffs who were arrested by Officer Cosma and possibly John Doe officers do not state a claim under 42 U. S. C. 1983 against St. Louis County police chief Jon Belmar.

Reply to response to issue of whether Belmar was adequately sued in individual capacity.

In his Motion to Dismiss, as just discussed the defense was raised that no claim under 42 U. S. C. 1983 was stated against Belmar, after which the motion to dismiss also raised the issue that plaintiffs had not even properly sued Belmar in his individual capacity because plaintiffs only indicated in the style of the case that Belmar was being sued in his individual capacity, but plaintiffs had not pled in any paragraph of the 2nd Amended Complaint that Belmar was being sued in his individual capacity. Belmar then cited cases saying that damage actions against government officials are subject to heightened standards of pleading, and a plaintiff must expressly and unambiguously plead that someone is sued in his/her individual capacity.

Plaintiffs refer to this as "bewildering," but do not deny that they did not allege in a paragraph that Belmar was being sued in his individual capacity. Perhaps it is overly technical. That won't be denied. But Belmar is being sued for a lot of money, and whether or not someone states a claim should be determined by what is pled in paragraphs of the complaint, not by the names listed in the style of the case. It would be understandable if the Court does not rule on this technicality, but even without the technicality, plaintiffs have not stated a claim against Belmar.

Reply to Response to issue of a claim under 42 U.S. C. 1983 against St. Louis County

In paragraph 16 of the 2nd Amended complaint plaintiffs allege as a *fact* that Defendant St. Louis County maintained a police department which operates under and administers a set of law enforcement policies, practices, and customs involving the hiring, training and supervision of its officers. Plaintiffs further allege in paragraph 16 as a *fact* that these policies, practices and customs include training in the use of force as well as on-the-street encounters with civilians as well as the basis for an arrest. Then in paragraph 44 the plaintiffs *argue* that St. Louis County failed to *properly* train, supervise, control, direct, monitor and discipline officers (emphasis added).

Defendant St. Louis County moved to dismiss saying these allegations do not state a claim under 42 U.S. C. because, as indicated in the numerous cases cited, governmental agencies cannot be held liable on a theory of vicarious liability; that if plaintiff is going on policy or custom, there must exist a continuing widespread persistent pattern of unconstitutional conduct as well as tacit authorization and causation, the custom, policy or deliberate conduct must be the moving force; the policy itself must be unconstitutional; failure to investigate or censor a police officer does not state a claim; inadequacy of training does not state a claim but rather it must

9

amount to deliberate indifference to training that is obviously bad; and also a failure to train allegation is nebulous at best. (See cases cited in support in the Memorandum of Law).

Plaintiff's response at p. 19 was that "the plaintiffs need not provide specific facts in support of their allegations at this point" citing *Schaaf v. Residential Funding Corp.*, 517 F. 3d 544, 549 (8th Cir. 2008). But that is not what *Schaaf* held. In fact *Schaaf* held that the complaint must include sufficient factual information. But the 2nd Amended Complaints does not contain factual allegations, (for example that there was no training at all, or that the training given to police officers was different from and obviously less than the training in other cities or counties, or that there was a widespread pattern of false arrests that had been going on for years). Instead plaintiffs alleged in paragraph 16 that different areas of training had been given, and then later in Count F, paragraph 44 make the conclusory statement that defendants failed to "properly" train and discipline officers, without any facts demonstrating it was improper. The law remains that threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice. *Iqbal*, 556 U.S. at 678, *Bell Atlantic v. Twombly*, 550 U. S. 544, 555 (2007). Although courts must accept the factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation. *Twombly*, 550 at 555; *Iqbal*, 556 U. S. 677-78. The initial conclusion that no claim under 42 U.S. C. 1983 was stated against St. Louis County remains valid.

## Conclusion

For all of the reasons stated in the initial Memorandum of Law, and further explained in this Reply, St. Louis County Police Chief Jon Belmar's and St. Louis County's Motion to Dismiss the claims filed against them by Tracey White and William Davis should be sustained.

10

Respectfully Submitted

PETER J. KRANE
COUNTY COUNSELOR

/s/ Michael E. Hughes
Michael E. Hughes #23360MO
Associate County Counselor
Mhughes2@stlouisco.com
Priscilla F. Gunn #29729MO
Assistant County Counselor
Pgunn@stlouisco.com
41 S. Central, Ninth Floor
Clayton, MO 63105
(314) 615-7042
(314) 615-3732 (fax)

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served electronically via this Court's Electronic Filing System to all counsel of record.

s/s Michael E. Hughes