IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TRACEY WHITE, et al. | ) | |
|---|---|---|
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Cause No. 14-cv-01490 - HEA |
| | ) | |
| THOMAS JACKSON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM OF DEFENDANTS JON BELMAR AND
ST. LOUIS COUNTY IN SUPPORT OF THEIR MOTION TO SEVER CLAIMS
AND FOR SEPARATE TRIALS**

Preliminary Statement

As already indicated in the Memorandum in Support of the Motion to Sever, the hope is that The Motion to Sever will become moot by the Court sustaining the Motions to Dismiss Chief Jon Belmar and St. Louis County, and therefore separate trials will not be needed. But the plaintiffs filed a Response to the Motion to Sever and so Chief Belmar and St. Louis County are filing this Reply.

Statement of Facts

Chief Belmar and St. Louis County attempted to show in their Statement of Facts that in this single lawsuit, there are different plaintiffs, who on different dates, at different times, at different locations, had different occurrences, involving different police officers, from at least two different police departments. The 2nd Amended Complaint demonstrates that some plaintiffs have sued for false arrest, some have not; some have sued for intentional infliction of emotional distress, some have not; some have sued for false arrest, one has not; two of the 10 plaintiffs were treated at an emergency room, eight were not. According to the times, dates and locations

1

described in the 2nd Amended Complaint, 6 different encounters occurred. Whether or not a constitutional tort occurred with plaintiff is dependent on the unique facts of each occurrence with each plaintiff. At pages 3-4 of the "Argument" section of Plaintiffs' Response, plaintiffs listed 6 separate bullet point paragraphs naming different plaintiffs at different times and locations, with each paragraph ending with the phrase: "His/their claims arise out of that encounter." In other words, the plaintiffs in their Response have described 6 different encounters.

Statement of Law

There does not seem to be much dispute with the applicable law, just how to apply the law. Plaintiffs claim they are entitled to combine all their claims in a single lawsuit because they were each allegedly subjected to police action in one form or another in the City of Ferguson in the days following Michael Brown's death. However Rule 20 of the Federal Rules of Civil Procedure requires a greater nexus between the claims than plaintiffs have asserted. The claims must arise out of the same transaction, occurrence or series of transactions or occurrences that are logically and reasonably related. *In re Prempro Products Liability Litigation*, 591 F.3d 613, 622 (8th Cir. 2010). Additionally, there must be a common question of law or fact upon which the case turns ("transactional link"). *Smith v. Planned Parenthood of the St. Louis Region*, 225 F.R.D. 233, 244 (E.D.Mo. 2004). It is not enough that all of the claims have to do with police officers who were in the City of Ferguson because of the reaction to Michael Brown's death. There must be a logical and factual connection involving the substance of the claims for joinder to occur.

In *Lee v. Cook County*, 635 F.3d 969, 971 (7th Cir. 2011), the court held that when other issues predominate over common questions, severance under Rules 20(b) and 21 is appropriate.

2

Plaintiffs argue that *Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974) support their position. In *Mosley*, the plaintiffs claimed that a single policy, (that is, one factual scenario) was the cause of the discriminatory treatment that each suffered. But whether the 10 different Plaintiffs here were subjected to Constitutional torts or state law torts is dependent on the facts of 6 different encounters.

Finally, plaintiffs argue that it is more efficient to combine the claims into one lawsuit. That is questionable for each individual plaintiff who, if they were to have separate trials, may have their case decided in 2 days, but being a part of a group may cause them to become subjected to a trial lasting 2 weeks or more. The same could be said of any individual defendant. (For example plaintiffs Tracey White and William Davis identify an Officer Cosma, who instead of a 2 day trial could be subjected to at least a 2 week trial). Furthermore, efficiency is not the only consideration in determining whether severance is in order. Rule 42 calls upon the court to consider the prejudice to all parties. Defendants believe that the claims of all 10 plaintiffs are without merit, but what if one plaintiff has a claim that does have merit. That plaintiff could suffer prejudice by being associated with 9 plaintiffs who have claims that have no merit. The risk of prejudice to defendants who have nothing to do with other claims is also high.

Conclusion

In the event that the Motions to Dismiss Belmar and St. Louis County are not sustained, then at some point their Motion to Sever should be sustained so that the six separate encounters described by plaintiffs can be heard separately.

Respectfully submitted,

PETER J. KRANE
COUNTY COUNSELOR

/s/ Michael E. Hughes
Michael E. Hughes #23360MO
Associate County Counselor
Mhughes2@stlouisco.com
Priscilla F. Gunn #29729MO
Assistant County Counselor
Pgunn@stlouisco.com
41 S. Central, Ninth Floor
Clayton, MO 63105
(314) 615-7042
(314) 615-3732 (fax)

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served electronically via this Court's Electronic Filing System to all counsel of record.

s/s Michael E. Hughes

4