IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACEY WHITE, et al. ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Cause No. 14-cv-01490 - HEA |
| ) | |
| THOMAS JACKSON, et al. ) | Jury Trial Demanded |
| ) | |
| Defendants. ) | |

### ANSWER OF DEFENDANTS JON BELMAR AND ST. LOUIS COUNTY TO PLAINTIFFS' SECOND AMENDED COMPLAINT

COME NOW Defendants Jon Belmar and St. Louis County, and for their answer to Plaintiffs' Second Amended Complaint, deny everything not specifically admitted and in particular state as follows:

1. In answer to Paragraph 1 defendants admit that Jon Belmar is the St. Louis County Chief of Police. These defendants deny that there were acts under color of law that deprived plaintiffs of constitutional rights and deny that there was "intentional acts of wrongdoing and negligence." Defendants admit only that plaintiffs bring a civil action.

2. Defendants admit that this Court has jurisdiction and supplemental jurisdiction

3. Defendants have no personal knowledge of the allegations of paragraph 3 and therefore deny same at this time.

4. Defendants have no personal knowledge of the allegations of paragraph 4 and therefore deny same at this time.

5. Defendants have no personal knowledge of the allegations of paragraph 5 and therefore deny same at this time.

1

6. Defendants have no personal knowledge of the allegations of paragraph 6 and therefore deny same at this time.

7. Defendants have no personal knowledge of the allegations of paragraph 7 and therefore deny same at this time.

8. Defendants have no personal knowledge of the allegations of paragraph 8 and therefore deny same at this time.

9. Defendants have no personal knowledge of the allegations of paragraph 9 and therefore deny same at this time.

10. Defendants have no personal knowledge of the allegations of paragraph 10 and therefore deny same at this time.

11. Defendants have no personal knowledge of the allegations of paragraph 11 and therefore deny same at this time.

12. Defendants have no personal knowledge of the allegations of paragraph 12 and therefore deny same at this time.

13. Paragraph 13 does not pertain specifically to these defendants and therefore requires no response from these defendants. To whatever extent paragraph 13 may be deemed to apply to these defendants then it is denied.

14. In answer to paragraph 14 defendants admit that Jon Belmar was the St. Louis County Chief of Police and acted under color of law and his authority as Chief of Police.

15. Paragraph 15 does not pertain to these defendants specifically and requires no response from these defendants but defendants do believe that it is a correct statement that Justin Cosma was a Ferguson police officer.

16. Defendants admit the first two sentences of paragraph 16 but deny the third sentence which alleges that St. Louis County is liable directly and vicariously.

17. Paragraph 17 does not pertain specifically to these defendants and therefore requires no response from these defendants. To whatever extent paragraph 17 may be deemed to pertain to these defendants then it is denied.

18. Paragraph 18 is vague and calls for speculation regarding who "John Doe" police officers are and therefore said paragraph is denied at this time.

19. To the extent that paragraph 19 applies to St. Louis County then paragraph 19 is specifically denied. To the extent that paragraph 19 may apply to Ferguson, defendants state that they have no personal knowledge of the allegations and for that reason deny paragraph 19.

20. Defendants admit paragraph 20.

21. In answer to paragraph 21, defendants admit only that Michael Brown died between 12 p.m and 1 p.m. The remainder of paragraph 21 is argumentative and conclusory and is denied.

22. Paragraph 22 is argumentative and conclusory and is denied for that reason. For further answer defendants state that to whatever extent paragraph 22 may be deemed to be alleged statements of fact, then these allegations do not seem to pertain directly to these defendants and should not require a response. To the extent that they are deemed to pertain to these defendants then paragraph 22 is denied.

23. In answer to paragraph 23, defendants admit that there were protests and admit that there was civil unrest in the streets and other places in and around Ferguson. Defendants deny

the remaining allegations that say that defendants engaged citizens as though they were war combatants.

24. Defendants deny paragraph 24.

25. Defendants deny paragraph 25.

### ALLEGATIONS SPECIFIC TO TRACEY WHITE AND WILLIAM DAVIS

26. Defendants incorporate their responses to the allegations in paragraphs 1 through 25 as though fully set out herein.

27. Paragraph 27 appears to be informational and at times argumentative and not relevant or material and defendants move to strike. To the extent that said allegations are allowed or are deemed to pertain to these defendants, it is stated that these defendants do not have personal knowledge of the allegations and they are therefore denied.

28. Paragraph 28 appears to be informational and at times argumentative and not relevant or material and defendants move to strike. Further paragraph 28 refers to John Doe officers and "sticks" and is therefore vague and calls for speculation and conjecture as to what plaintiff is referring to and therefore paragraph 28 is denied. To the extent that said allegations are deemed to be allegations of fact that are deemed to pertain to these defendants then said paragraph is denied at this time.

29. Defendants deny paragraph 29.

30. Defendants deny paragraph 30

### ALLEGED CLAIM OF FALSE ARREST.

31. Defendants deny paragraph 31.

32. Defendants deny paragraph 32.

### ALLEGED CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

4

33. This claim has been dismissed by the Court.

34. This claim has been dismissed by the Court.

### ALLEGED CLAIM OF NEGLIGENT SUPERVISION

35. This claim has been dismissed by the Court.

36. This claim has been dismissed by the Court.

37. This claim has been dismissed by the Court.

### ALLEGED CLAIM OF ASSAULT AND BATTERY.

38. The Assault and Battery claim of William Davis has been dismissed by the Court. To whatever extent that paragraph 38 is deemed to pertain to Tracey White's claim for assault and battery, said paragraph is denied.

39. The Assault and Battery claim of William Davis has been dismissed by the Court. To whatever extent that paragraph 39 is deemed to pertain to Tracey White's claim for assault and battery, said paragraph is denied.

### ALLEGED CLAIMS OF VIOLATION OF 42 U.S.C. § 1983

40. Defendants deny paragraph 40.

41. Defendants deny paragraph 41.

42. Defendants deny paragraph 42.

43. Defendants deny paragraph 43.

44. Defendants deny paragraph 44.

45. Defendants deny paragraph 45.

### ALLEGATIONS SPECIFIC TO DEWAYNE A. MATTHEWS, JR.

46. Defendants incorporate their responses to the allegations in paragraphs 1 through 25 as though fully set out herein

5

47. Defendants have no personal knowledge of what is alleged in paragraph 47 and so deny same at this time.

48. In answer to paragraph 48 defendants admit there were civil disturbances taking place but defendants have no personal knowledge of the other allegations in paragraph 48 and so deny same at this time.

49. These defendants have no personal knowledge whether or not Mathews took public transportation and what he noticed and for that reason paragraph 49 is denied at this time.

50. Defendants deny paragraph 50.

51. Defendants deny paragraph 51.

52. Paragraph 52 is very confusing and argumentative. It seems to allege that persons were arrested for failure to disperse because they were involved in protests, and so paragraph 52 is denied for that reason. If plaintiff is alleging that he was arrested without probable cause then paragraph 52 is again denied. Regarding being in the "neighborhood to check on his mother" defendants have no personal knowledge of that, and so the paragraph is also denied for that reason.

53. In answer to paragraph 53, defendants state that it is believed to be correct that Matthews was transported to Christian Northwest and was released from the treatment room without being admitted as an inpatient and that Matthews was not taken to a police station. To whatever extent that paragraph 53 implies or alleges wrongdoing by police officers, then paragraph 53 is denied.

**ALLEGED CLAIM OF FALSE ARREST.**

54. Defendants deny paragraph 54.

55. Defendants deny paragraph 55.

## ALLEGED CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56. This claim has been dismissed by the Court.

57. This claim has been dismissed by the Court.

## ALLEGED CLAIM OF NEGLIGENT SUPERVISION

58. This claim has been dismissed by the Court.

59. This claim has been dismissed by the Court.

60. This claim has been dismissed by the Court.

## ALLEGED CLAIM OF ASSAULT AND BATTERY

61. Defendants deny paragraph 61.

62. Defendants deny paragraph 62.

## ALLEGED CLAIMS OF VIOLATION OF 42 U.S.C. § 1983

63. Defendants deny paragraph 63.

64. Defendants deny paragraph 64.

65. Defendants deny paragraph 65.

66. Defendants deny paragraph 66.

67. Defendants deny paragraph 67.

68. Defendants deny paragraph 68.

69. Defendants deny paragraph 69.

## ALLEGATIONS SPECIFIC TO KERRY WHITE

70. Defendants incorporate their responses to the allegations in paragraphs 1 through 25 as though fully set out herein

71. Defendants do not have personal knowledge of the allegations in paragraph 71 and therefore deny same at this time.

72. Defendants do not have personal knowledge of the allegations of paragraph 72, and therefore deny same at this time.

73. Defendants deny paragraph 73.

74. Defendants deny paragraph 74..

### ALLEGED CLAIM OF FALSE ARREST.

75. Defendants deny paragraph 75.

76. Defendants deny paragraph 76.

### ALLEGED CLAIM OF NEGLIGENT SUPERVISION

77.  This claim has been dismissed by the Court.

78. This claim has been dismissed by the Court.

79. This claim has been dismissed by the Court.

### ALLEGED CLAIM OF ASSAULT AND BATTERY

80. Defendants deny paragraph 80.

81. Defendants deny paragraph 81.

### ALLEGED CLAIMS OF VIOLATION OF 42 U.S.C. § 1983

82. Defendants deny paragraph 82.

83. Defendants deny paragraph 83.

84. Defendants deny paragraph 84.

85. Defendants deny paragraph 85.

86. Defendants deny paragraph 86.

87. Defendants deny paragraph 87.

### ALLEGATIONS SPECIFIC TO DAMON COLEMAN AND THIOPHILUS GREEN

88. Defendants incorporate their responses to the allegations in paragraphs 1 through 25 as though fully set out herein

89. Defendants do not have personal knowledge of the allegations of paragraph 89, and therefore deny same at this time.

90. Paragraph 90 is vague and calls for speculation and conjecture as to what is being said and alleged, and so paragraph 90 is denied until clarifications are made.

91. Paragraph 91 is vague and calls for speculation and conjecture as to what is being said and alleged, and so paragraph 91 is denied at this time until clarifications are made.

92. Paragraph 92 is vague and calls for speculation and conjecture as to what is being said and alleged, and so paragraph 92 is denied at this time until clarifications are made.

93. Defendants deny paragraph 93.

94. Defendants deny paragraph 94

95. Defendants deny paragraph 95.

96. Defendants that these plaintiffs were taken to the Clayton Justice Center but deny the other allegations in paragraph 96.

### ALLEGED CLAIM OF FALSE ARREST.

97. Defendants deny paragraph 97.

98. Defendants deny paragraph 98.

### ALLEGED CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

99. This claim has been dismissed by the Court.

100. This claim has been dismissed by the Court.

101. This claim has been dismissed by the Court.

### ALLEGED CLAIM OF NEGLIGENT SUPERVISION

102.  This claim has been dismissed by the Court.

103.  This claim has been dismissed by the Court.

104.  This claim has been dismissed by the Court.

### ALLEGED CLAIM OF ASSAULT AND BATTERY

105.  Defendants deny paragraph 105.

106.  Defendants deny paragraph 106.

### ALLEGED CLAIMS OF VIOLATION OF 42 U.S.C. § 1983

107.  Defendants deny paragraph 107.

108.  Defendants deny paragraph 108.

109.  Defendants deny paragraph 109.

110.  Defendants deny paragraph 110.

111.  Defendants deny paragraph 111.

### ALLEGATIONS SPECIFIC TO ANTWAN HARRIS

112.  Defendants incorporate their responses to the allegations in paragraphs 1 through 25 as though fully set out herein

113.  Defendants do not have personal knowledge of the allegations of paragraph 113, and therefore deny same at this time.

114.  Defendants deny paragraph 114.

115.  Defendants deny paragraph 115.

### ALLEGED CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

116.  This claim has been dismissed by the Court.

117.  This claim has been dismissed by the Court.

### ALLEGED CLAIM OF NEGLIGENT SUPERVISION

118.  This claim has been dismissed by the Court.

119.  This claim has been dismissed by the Court.

120.  This claim has been dismissed by the Court.

### ALLEGED CLAIM OF ASSAULT AND BATTERY

121.  Defendants deny paragraph 121.

122.  Defendants deny paragraph 122.

### ALLEGED CLAIMS OF VIOLATION OF 42 U.S.C. § 1983

123.  Defendants deny paragraph 123.

124.  Defendants deny paragraph 124.

125.  Defendants deny paragraph 125.

126.  Defendants deny paragraph 126.

127.  Defendants deny paragraph 127.

### ALLEGATIONS SPECIFIC TO NATHAN BURNS

128.  Defendants incorporate their responses to the allegations in paragraphs 1 through 25 as though fully set out herein

129.  Defendants deny paragraph 129.

130.  Defendants deny paragraph 130.

131.  Defendants deny paragraph 131.

132.  Defendants deny paragraph 132. .

### ALLEGED CLAIM OF FALSE ARREST.

133.  Defendants deny paragraph 133.

134.  Defendants deny paragraph 134.

### ALLEGED CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

135.   This claim has been dismissed by the Court.

136.   This claim has been dismissed by the Court.

### ALLEGED CLAIM OF NEGLIGENT SUPERVISION

137.   This claim has been dismissed by the Court.

138.   This claim has been dismissed by the Court.

139.   This claim has been dismissed by the Court.

### ALLEGED CLAIM OF ASSAULT AND BATTERY

140.   Defendants deny paragraph 140.

141.   Defendants deny paragraph 141.

### ALLEGED CLAIMS OF VIOLATION OF 42 U.S.C. § 1983

142.   Defendants deny paragraph 142.

143.   Defendants deny paragraph 143.

144.   Defendants deny paragraph 144.

145.   Defendants deny paragraph 145.

146.   Defendants deny paragraph 146.

### ALLEGATIONS SPECIFIC TO SANDY AND KAI BOWERS

147.   Defendants incorporate their responses to the allegations in paragraphs 1 through 25 as though fully set out herein

148.   Defendants do not have personal knowledge of the allegations in paragraph 148 and therefore deny same at this time.

149.   Defendants do not have personal knowledge of the allegations of paragraph 149, and therefore deny same at this time.

150.   Defendants deny paragraph 150.

151.    Defendants deny paragraph 151.

## ALLEGED CLAIM OF FALSE ARREST.

152.    Defendants deny paragraph 152.

153.    Defendants deny paragraph 153.

## ALLEGED CLAIM OF NEGLIGENT SUPERVISION

154.    This claim has been dismissed by the Court.

155.    This claim has been dismissed by the Court.

156.    This claim has been dismissed by the Court.

## ALLEGED CLAIM OF ASSAULT AND BATTERY

157.    Defendants deny paragraph 157.

158.    Defendants deny paragraph 158.

## ALLEGED CLAIMS OF VIOLATION OF 42 U.S.C. § 1983

159.    Defendants deny paragraph 159.

160.    Defendants deny paragraph 160.

161.    Defendants deny paragraph 161.

162.    Defendants deny paragraph 162.

163.    Defendants deny paragraph 163.

## ADDITIONAL DEFENSES/AFFIRMATIVE DEFENSES

1. For further answer and defense, defendant Jon Belmar states that all plaintiffs have failed to state a factual claim against him under 42 U. S. C. §1983 upon which relief can be granted for many reasons including but not limited to:   The doctrine of respondeat superior does not apply; plaintiffs do not allege direct participation of this defendant in a constitutional violation; plaintiffs do not allege a pattern of unconstitutional acts

committed by subordinates followed by deliberate indifference to the longstanding pattern of unconstitutional acts; plaintiffs do not allege a pattern of unconstitutional violations by untrained employees; plaintiffs do not allege pervasive misconduct of unconstitutional acts that would constitute a custom of usage; instead plaintiffs allege isolated allegations of misconduct by individuals during a difficult time of what the plaintiffs call "civil unrest in the streets of Ferguson:" but plaintiffs make threadbare recitals of causes of action supported by their conclusory statements.

2. For further answer and defense defendant Jon Belmar is entitled to Qualified Immunity on all claims made against him pursuant to 42 U. S. C. §1983 because all actions performed by Chief Belmar including any general orders that may have been given and the training and supervision of officers did not violate any clearly established constitutional or statutory rights of which Chief Belmar should have known.

3. For further answer and defense, defendant St. Louis County states that all plaintiffs have failed to state a factual claim against St. Louis County under 42 U. S. C. §1983 upon which relief can be granted for many reasons including but not limited to: The doctrine of respondeat superior does not apply; plaintiffs do not allege or identify an official policy of St. Louis County that was allegedly unconstitutional; plaintiffs do not allege that a specific unconstitutional policy or policies caused officers to commit unconstitutional acts; plaintiffs do not allege a pattern of unconstitutional acts committed by subordinates followed by deliberate indifference to the longstanding pattern of unconstitutional acts; plaintiffs do not allege a pattern of unconstitutional violations by untrained employees; plaintiffs do not allege pervasive misconduct of unconstitutional acts that would constitute a custom of usage; instead plaintiffs allege isolated allegations

14

of misconduct by individuals during a difficult time of what the plaintiffs call "civil unrest in the streets of Ferguson;" but plaintiffs make threadbare recitals of causes of action supported by their conclusory statements.

4. For further answer and defense, Defendants state that plaintiffs have failed to state a claim against him under 42 U.S.C. §1983 upon which relief can be granted because, negligence in training is insufficient to impose liability. Inadequate training can only rise to the level of a constitutional violation where it amounts to deliberate indifference, that obviously leads to constitutional violations.

5. Regarding state law claims, St. Louis County is protected under Missouri law by the doctrine of sovereign immunity, pursuant to §537.600 R. S. Mo, and St. Louis County has not waived its sovereign immunity under §537.610

6. For further answer and defense, St. Louis County provides notice that it intends to rely upon and obtain the benefits of §537.600 et seq. of the Missouri Revised Statutes.

7. With regard to the alleged false arrest claims, the issue is whether the officers at the time of the arrests reasonably thought that there was probable cause to arrest, and in each instance the officers objectively could have thought there was probable cause for arrest and there was probable cause for arrest and there was reasonable suspicion for arrest.

8. With regard to the alleged claims of assault and battery defendants state as follows: the officers used the force that appeared to be reasonably necessary to effect arrests; police officers, in the first instance, are the judges of the manner and means to take to make an arrest and are protected unless plaintiffs can show that unreasonable force was used; the officers had justification for the force that was used to effect the arrests; plaintiffs by their words or conduct consented to the acts of police officers and the reasonable

consequences thereof; the officers used only such force as was reasonable and necessary; officers had reasonable cause to apprehend and did apprehend bodily contact and the officers did not create the situation that caused apprehension of bodily contact and then used such force as was reasonable and necessary under the circumstances.

9. Governmental agencies such as St. Louis County are immune from punitive damages under 42 U. S. C. §1983. See *City of Newport v. Fact Concerts, Inc.* 453 U. S. 247, 271 (1981).

10. Governmental agencies such as St. Louis County are immune from punitive damages under state law. See §537.610.3 R. S. MO.

11. Plaintiffs have not stated a claim for punitive damages upon which relief can be granted against Jon Belmar because no evil motive or intent or outrageous or malicious conduct has been alleged against him.

12. For further answer, defendants request bifurcation of punitive damage claims pursuant to Rule 42 (b).

13. For further answer and defense defendants state that punitive damages violate the equal protection afforded by the Fourteenth Amendment of the Constitution of the United States, and Article I, Section 10 and Section 18 (a) and Section 19 of the Missouri Constitution.

14. For further answer and defense, defendants state in the alternative that if there is a state law judgment, defendants would be entitled to a reduction or set off for any amounts that may be paid by or on behalf of any other claimed tortfeasor. See e.g. §537.060 R. S. Mo.

**WHEREFORE**, having fully answered Defendants Jon Belmar and St. Louis County move this Court to enter judgment in their favor at plaintiff's costs and for such other relief that the Court deems just under the circumstances.

>PETER J. KRANE
>COUNTY COUNSELOR
>
>/s/ Michael E. Hughes
>Michael E. Hughes    #23360MO
>Associate County Counselor
>Mhughes2@stlouisco.com
>Priscilla F. Gunn    #29729MO
>Assistant County Counselor
>pgunn@stlouisco.com
>41 So. Central Avenue, 9th Floor
>Clayton, MO. 63105
>314-615-7009; Fax 314-615-3732
>Attorneys for Defendants

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served electronically via this Court's Electronic Filing System to all counsel of record this 26th day of March, 2015

>/s/   Michael E. Hughes