IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TRACEY WHITE, et al.                    )
                                        )
        Plaintiffs                      )
                                        )
v.                                      )        Cause No. 14-cv-01490 - HEA
                                        )
THOMAS JACKSON, et al.                  )        Jury Trial Demanded
                                        )
        Defendants.                     )

## ANSWER OF DEFENDANTS JON BELMAR AND ST. LOUIS COUNTY TO PLAINTIFFS' THIRD AMENDED COMPLAINT

COME NOW Defendants Jon Belmar and St. Louis County, and for their answer to Plaintiffs' Third Amended Complaint, deny everything not specifically admitted and in particular state as follows:

1. In answer to Paragraph 1 defendants admit that Jon Belmar is the St. Louis County Chief of Police.  These defendants deny that there were acts under color of law that deprived plaintiffs of constitutional rights and deny that there was "intentional acts of wrongdoing and negligence."  Defendants admit only that plaintiffs bring a civil action.

2. Defendants admit that this Court has jurisdiction and supplemental jurisdiction

3. Defendants have no personal knowledge of the allegations of paragraph 3 and therefore deny same at this time.

4. Defendants have no personal knowledge of the allegations of paragraph 4 and therefore deny same at this time.

5. Defendants have no personal knowledge of the allegations of paragraph 5 and therefore deny same at this time.

1

6.  Defendants have no personal knowledge of the allegations of paragraph 6 and therefore deny same at this time.

7.  Defendants have no personal knowledge of the allegations of paragraph 7 and therefore deny same at this time.

8.  Defendants have no personal knowledge of the allegations of paragraph 8 and therefore deny same at this time.

9.  Defendants have no personal knowledge of the allegations of paragraph 9 and therefore deny same at this time.

10. Defendants have no personal knowledge of the allegations of paragraph 10 and therefore deny same at this time.

11. Defendants have no personal knowledge of the allegations of paragraph 11 and therefore deny same at this time.

12. Defendants have no personal knowledge of the allegations of paragraph 12 and therefore deny same at this time.

13. Paragraph 13 does not pertain specifically to these defendants and therefore requires no response from these defendants, other than to say that it believe to be a correct statement that Thomas Jackson, as police chief of the City of Ferguson, acted under color of law and his authority as Chief of Police.   To whatever extent paragraph 13 may be deemed to apply to these defendants then it is denied.

14. In answer to paragraph 14 defendants admit that Jon Belmar was the St. Louis County Chief of Police who acted under color of law and his authority as Chief of Police.

15. Paragraph 15 does not pertain to these defendants specifically and requires no response from these defendants but defendants do believe that it is a correct statement that Justin Cosma was a Ferguson police officer whose actions would have been under color of law.

16. Defendants admit that Sgt. David Ryan was a St. Louis County Police Officer who acted under color of law and his authority as a Police Officer.

17. Defendants admit that Terrence McCoy was a St. Louis County police officer who acted under color of law and his authority as a Police Officer.

18. Defendants admit that Michael McCann was a St. Louis County Police Officer, who acted under color of law and his authority as a police officer.

19. Defendants admit that Derik Jackson was a St. Louis County Police Officer who acted under color of law and his authority as a police officer.

20. Defendants admit that Joe Patterson was a St. Louis County Police Officer who acted under color of law and his authority as a police officer.

21. Defendants admit that Aaron Vinson was a St. Louis County Police Officer who acted under color of law and his authority as a police officer.

22. Defendants admit that William Bates was a St. Louis County Police Officer who acted under color of law and his authority as a police officer.

23. Defendants admit that Matthew Burns was a St. Louis County Police Officer who acted under color of law and his authority as a police officer.

24. Defendants admit that Nicholas Payne was a St. Louis County Police Officer who acted under color of law and his authority as a police officer.

25. Defendants admit that Daniel Hill was a St. Louis County Police Officer who acted under color of law and his authority as a police officer.

26. Defendants admit that Antonio Valentine was a St. Louis County Police Officer who acted under color of law and his authority as a police officer.

27. The allegations in Paragraph 27 do not pertain to these defendants specifically and require no response from these defendants, but defendants acknowledge that they believe Lt. Matt Delia was a City of Maryland Heights Police Officer who acted under color of law and his authority as a police officer with the City of Maryland Heights.

28. The allegations in Paragraph 28 do not pertain to these defendants specifically and require no response from these defendants, but defendants acknowledge that they believe Officer Devouton was a City of Maryland Heights Police Officer who acted under color of law and his authority as a police officer with the City of Maryland Heights.

29. The allegations in Paragraph 29 do not pertain to these defendants specifically and require no response from these defendants, but defendants acknowledge that they believe Officer McKinnon was a City of Maryland Heights Police Officer who acted under color of law and his authority as a police officer with the City of Maryland Heights.

30. Defendants admit the first two sentences of paragraph 30 which allege that St. Louis County administers policies, practices and customs which include training, but deny the third sentence which alleges that St. Louis County is liable directly and vicariously.

31. Paragraph 31 does not pertain specifically to these defendants and therefore requires no response from these defendants. To whatever extent paragraph 17 may be deemed to pertain to these St. Louis County and Chief Belmar then it is denied.

32. Paragraph 32 is vague, overbroad and calls for speculation and conjecture as to what plaintiffs are attempting to say and so paragraph 32 is generally denied, except that defendants once again admit that the police officers who are named as defendants herein

4

were acting under color of law and pursuant to the authority of their respective police departments.

33. To the extent that paragraph 33 alleges that St. Louis County has waived sovereign immunity then paragraph 33 is specifically denied. To the extent that paragraph 33 may apply to Ferguson, defendants state that they have no personal knowledge of whether Ferguson waived sovereign immunity and for that reason paragraph 33 is also denied.

34. Defendants admit paragraph 34.

35. In answer to paragraph 35, defendants admit only that Michael Brown died between 12 p.m and 1 p.m. The remainder of paragraph 35 is argumentative and conclusory and is denied.

36. The allegations in Paragraph 36 are argumentative and conclusory and are therefore denied. For further answer, to whatever extent the court may construe the allegations in paragraph 36 to be statements of fact, defendants Belmar and St. Louis County state that the allegations in paragraph 36 do not pertain directly to them and therefore do not require a response. To the extent that the Court may deem the allegations of paragraph 36 to pertain to these defendants then the allegations of paragraph 36 are denied.

37. Defendants admit that there were protests over the death of Michael Brown, Jr. and that there was civil unrest in the streets and other places in and around Ferguson. Defendants deny the remaining allegations in paragraph 37, in particular that defendants engaged citizens as though they were war combatants.

38. Defendants deny paragraph 38.

39. Defendants deny paragraph 39.

### ALLEGATIONS SPECIFIC TO TRACEY WHITE AND WILLIAM DAVIS

40. Defendants incorporate their responses to the allegations in paragraphs 1 through 39 as though fully set out herein.

41. Paragraph 41 appears to be informational and not relevant or material and defendants move to strike. To the extent that said allegations may be allowed, these defendants do not have personal knowledge of the allegations and so deny the allegations.

42. Paragraph 42 is at times argumentative, such as the allegation that Tracey White "otherwise acted normally," and defendants move to strike any argumentative statements. Defendants admit only that because of danger to persons and property in the area, including danger to the employees of the restaurant that the manager of the McDonalds Restaurant was in the process of closing the restaurant, and so to assist in protecting people and property, people were told it was necessary to leave. Defendants deny the remaining allegations of paragraph 42.

43. Defendants deny paragraph 43.

44. Defendants deny the allegations in paragraph 44.

### ALLEGED CLAIM OF FALSE ARREST.

45. Defendants deny paragraph 45.

46. Defendants deny paragraph 46.

### ALLEGED CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. This claim has been dismissed by the Court. Plaintiffs have not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

48. This claim has been dismissed by the Court. Plaintiffs have not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants

## ALLEGED CLAIM OF NEGLIGENT SUPERVISION

49. This claim has been dismissed by the Court.  Plaintiffs have not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants

50. This claim has been dismissed by the Court.  Plaintiffs have not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants

51. This claim has been dismissed by the Court.  Plaintiffs have not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

## ALLEGED CLAIM OF ASSAULT AND BATTERY.

52. The Assault and Battery claim of William Davis has been dismissed by the Court. Plaintiffs have not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants   To the extent that paragraph 52 is deemed to pertain to Tracey White, said paragraph is denied.

53. The Assault and Battery claim of William Davis has been dismissed by the Court. Plaintiffs have not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.  To the extent that paragraph 53 is deemed to pertain to Tracey White, said paragraph is denied.

## ALLEGED CLAIMS OF VIOLATION OF 42 U.S.C. § 1983, FAILURE TO TRAIN

54. Defendants deny paragraph 54.

55. Defendants deny paragraph 55.

56. Defendants deny paragraph 56.

57. Paragraph 57 is vague and calls for speculation and conjecture as to what is being alleged, and so paragraph 57 is denied.  Defendants however admit that the arrests of

plaintiffs were proper and were performed under color of law and officers had been trained.

58. Defendants deny paragraph 58.

59. Defendants deny paragraph 59.

## ALLEGATIONS SPECIFIC TO DEWAYNE A. MATTHEWS, JR.

60. Defendants incorporate their responses to the allegations in paragraphs 1 through 39 as though fully set out herein

61. Defendants have no personal knowledge of what is alleged in paragraph 61 and so deny same at this time.

62. In answer to paragraph 62 defendants admit there were civil disturbances taking place but defendants have no personal knowledge of the other allegations in paragraph 62 and so deny the allegations at this time.

63. These defendants have no personal knowledge whether or not Mathews took public transportation and what he noticed and therefore paragraph 63 is denied at this time.

64. Defendants deny paragraph 64.

65. Defendants deny paragraph 65.

66. Paragraph 66 is very confusing and argumentative and is denied.   If plaintiff is alleging that he was arrested without probable cause then paragraph 66 is denied.

67. In answer to paragraph 67, defendants state that on information and belief Matthews was transported to Christian Northwest and was released from the treatment room without being admitted as an inpatient and was not taken to a police station.  To whatever extent that paragraph 67 implies or alleges wrongdoing by any police officers or that he was injured by police officers, then paragraph 67 is denied.

## ALLEGED CLAIM OF FALSE ARREST.

68. Defendants deny paragraph 68.

69. Defendants deny paragraph 69.

## ALLEGED CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70. This claim has been dismissed by the Court. Plaintiffs have not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

71. This claim has been dismissed by the Court. Plaintiffs have not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

## ALLEGED CLAIM OF NEGLIGENT SUPERVISION

72. This claim has been dismissed by the Court.

73. This claim has been dismissed by the Court.

74. This claim has been dismissed by the Court.

## ALLEGED CLAIM OF ASSAULT AND BATTERY

75. Defendants deny paragraph 61. Plaintiffs have not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

76. Defendants deny paragraph 62. Plaintiffs have not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

## ALLEGED CLAIMS OF VIOLATION OF 42 U.S.C. § 1983, FAILURE TO TRAIN

77. Defendants deny paragraph 77.

78. Defendants deny paragraph 78.

79. Defendants deny paragraph 79.

80. Defendants deny paragraph 80.

81. Paragraph 81 is vague and calls for speculation and conjecture as to what is being alleged, and so paragraph 81 is denied. Defendants further specifically deny that plaintiff was beaten. Defendants however admit that the arrest of plaintiff was proper and was performed under color of law, and that officers had been trained. Defendants deny any other allegations of Paragraph 81.

82. Defendants deny paragraph 82.

83. Defendants deny paragraph 83.

## ALLEGATIONS SPECIFIC TO KERRY WHITE

84. Defendants incorporate their responses to the allegations in paragraphs 1 through 20 as though fully set out herein

85. Defendants do not have personal knowledge of the allegations in paragraph 85and therefore deny the allegations at this time.

86. Defendants deny paragraph 86.

87. Defendants deny paragraph 87.

88. Defendants deny paragraph 88.

## ALLEGED CLAIM OF FALSE ARREST.

89. Defendants deny paragraph 89.

90. Defendants deny paragraph 90.

## ALLEGED CLAIM OF NEGLIGENT SUPERVISION

91. This claim has been dismissed by the Court. Plaintiff has not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

92. This claim has been dismissed by the Court. Plaintiff has not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

93. This claim has been dismissed by the Court. Plaintiff has not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

## ALLEGED CLAIM OF ASSAULT AND BATTERY

94. Defendants deny paragraph 94.

95. Defendants deny paragraph 95.

## ALLEGED CLAIMS OF VIOLATION OF 42 U.S.C. § 1983, FAILURE TO TRAIN

96. Defendants deny paragraph 96.

97. Defendants deny paragraph 97.

98. Defendants deny paragraph 98.

99. Paragraph 99 is vague and calls for speculation and conjecture as to what is being alleged, and so paragraph 99 is denied. Defendants however admit that the arrest of plaintiff was proper and was performed under color of law, and that officers had been trained. Defendants deny any other allegations of Paragraph 99.

100.    Defendants deny paragraph 100.

101.    Defendants deny paragraph 101.

## ALLEGATIONS SPECIFIC TO DAMON COLEMAN AND THIOPHILUS GREEN

102.    Defendants incorporate their responses to the allegations in paragraphs 1 through 39 as though fully set out herein

103.    Defendants do not have personal knowledge of the allegations of paragraph 103, and therefore deny allegations at this time.

104.    Paragraph 104 is vague and includes speculation and conjecture as to what is being alleged, and as a result defendants deny the allegations of paragraph 104.

105.     Paragraph 105 is vague and includes speculation and conjecture as to what is being alleged, and as a result paragraph 105 is denied.

106.     Paragraph 106 is vague and includes speculation and conjecture as to what is being alleged, and so paragraph 106 is denied.

107.     Defendants deny paragraph 107.

108.     Defendants deny paragraph 108

109.     Defendants deny paragraph 109.

110.     Defendants admit that these plaintiffs were taken to the Clayton Justice Center but deny the other allegations in paragraph 110.

## ALLEGED CLAIM OF FALSE ARREST.

111.     Defendants deny paragraph 111.

112.     Defendants deny paragraph 112.

## ALLEGED CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

113.     This claim has been dismissed by the Court.  Plaintiffs have not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

114.     This claim has been dismissed by the Court. Plaintiffs have not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

115.     This claim has been dismissed by the Court.  Plaintiffs have not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

## ALLEGED CLAIM OF NEGLIGENT SUPERVISION

116.     This claim has been dismissed by the Court.  Plaintiffs have not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

117.     This claim has been dismissed by the Court.  Plaintiffs have not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

118.     This claim has been dismissed by the Court.  Plaintiffs have not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

## ALLEGED CLAIM OF ASSAULT AND BATTERY

119.     Defendants deny paragraph 119.

120.     Defendants deny paragraph 120.

## ALLEGED CLAIMS OF VIOLATION OF 42 U.S.C. § 1983, FAILURE TO TRAIN

121.     Defendants deny paragraph 121.

122.     Defendants deny paragraph 122.

123.     Paragraph 123 is vague and includes speculation and conjecture as to what is being alleged, and so paragraph 123 is denied.  Defendants further specifically deny that plaintiffs were unlawfully arrested, beaten, and mistreated.   Defendants however admit that the arrests of plaintiffs were proper and were performed under color of law, and that officers had been trained.   Defendants deny any other allegations of Paragraph 123.

124.     Defendants deny paragraph 124.

125.     Defendants deny paragraph 125.

## ALLEGATIONS SPECIFIC TO ANTWAN HARRIS

126.     Defendants incorporate their responses to the allegations in paragraphs 1 through 39 as though fully set out herein

127.     Defendants do not have personal knowledge of the allegations of paragraph 127, and therefore deny the allegations at this time.

128.     Defendants deny paragraph 128.

129.     Defendants deny paragraph 129.

## ALLEGED CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

130.     This claim has been dismissed by the Court. Plaintiff has not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

131.     This claim has been dismissed by the Court.  Plaintiff has not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

## ALLEGED CLAIM OF NEGLIGENT SUPERVISION

132.     This claim has been dismissed by the Court.  Plaintiff has not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

133.     This claim has been dismissed by the Court.  Plaintiff has not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

134.     This claim has been dismissed by the Court.  Plaintiff has not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

## ALLEGED CLAIM OF ASSAULT AND BATTERY

135.     Defendants deny paragraph 135.

136.     Defendants deny paragraph 136.

## ALLEGED CLAIMS OF VIOLATION OF 42 U.S.C. § 1983, FAILURE TO TRAIN

137.     Defendants deny paragraph 137.

138.     Defendants deny paragraph 138.

139.     Paragraph 139 is vague and includes speculation and conjecture as to what is being alleged, and so paragraph 139 is denied.  Defendants further specifically deny that plaintiff was mistreated.   Defendants however admit that officers had been trained. Defendants deny any other allegations of Paragraph 139.

140.     Defendants deny paragraph 140.

141.     Defendants deny paragraph 141.

## ALLEGATIONS SPECIFIC TO NATHAN BURNS

142.     Defendants incorporate their responses to the allegations in paragraphs 1 through 39 as though fully set out herein

143.     Defendants deny paragraph 143.

144.     Defendants deny paragraph 144.

145.     Defendants deny paragraph 145.

146.     Defendants deny paragraph 146. .

## ALLEGED CLAIM OF FALSE ARREST.

147.     Defendants deny paragraph 147.

148.     Defendants deny paragraph 148.

## ALLEGED CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

149.     This claim has been dismissed by the Court. Plaintiff has not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

150.   This claim has been dismissed by the Court. Plaintiff has not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

## ALLEGED CLAIM OF NEGLIGENT SUPERVISION

151.     This claim has been dismissed by the Court. Plaintiff has not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

152.     This claim has been dismissed by the Court. Plaintiff has not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

153.     This claim has been dismissed by the Court. Plaintiff has not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

## ALLEGED CLAIM OF ASSAULT AND BATTERY

154.     Defendants deny paragraph 154.

155.     Defendants deny paragraph 155.

## ALLEGED CLAIMS OF VIOLATION OF 42 U.S.C. § 1983, FAILURE TO TRAIN

156.     Defendants deny paragraph 156.

157.     Defendants deny paragraph 157.

158.     Paragraph 158 is vague and includes speculation and conjecture as to what is being alleged, and so paragraph 158 is denied.  Defendants further specifically deny that plaintiff was beaten and mistreated.   Defendants however admit that officers had been trained.   Defendants deny any other allegations of Paragraph 158..

159.     Defendants deny paragraph 159.

160.     Defendants deny paragraph 160.

## ALLEGATIONS SPECIFIC TO SANDY AND KAI BOWERS

161.     Defendants incorporate their responses to the allegations in paragraphs 1 through 39 as though fully set out herein

162.     Defendants do not have personal knowledge of the allegations in paragraph 162 and therefore deny same at this time.

163.     Defendants do not have personal knowledge of the allegations of paragraph 163, and therefore deny same at this time.

164.     Defendants deny paragraph 164.

165.     Defendants deny paragraph 151.

## ALLEGED CLAIM OF FALSE ARREST.

166.     Defendants deny paragraph 166.

167.     Defendants deny paragraph 167.

## ALLEGED CLAIM OF NEGLIGENT SUPERVISION

168.     This claim has been dismissed by the Court.  Plaintiffs have not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

169.     This claim has been dismissed by the Court.  Plaintiffs have not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

170.     This claim has been dismissed by the Court.  Plaintiffs have not obtained leave of Court to re-allege the exact same allegations that have been dismissed against these defendants.

## ALLEGED CLAIM OF ASSAULT AND BATTERY

171.     Defendants deny paragraph 171.

172.     Defendants deny paragraph 172.

## ALLEGED CLAIMS OF VIOLATION OF 42 U.S.C. § 1983, FAILURE TO TRAIN

173.     Defendants deny paragraph 173.

174.     Defendants deny paragraph 174.

175.     Paragraph 175 is vague and includes speculation and conjecture as to what is being alleged, and so paragraph 175 is denied.  Defendants however admit that the arrest of plaintiffs were proper and were performed under color of law, and that officers had been trained.   Defendants deny any other allegations of Paragraph 175.

176.     Defendants deny paragraph 176.

177.     Defendants deny paragraph 177.

## ADDITIONAL DEFENSES/AFFIRMATIVE DEFENSES

1.  For further answer and defense, defendant Jon Belmar states that all plaintiffs have failed to state a factual claim against him under 42 U. S. C. §1983 upon which relief can be granted for many reasons including but not limited to:  The doctrine of respondeat superior does not apply; plaintiffs do not allege direct participation of this defendant in a

constitutional violation; plaintiffs do not allege a pattern of unconstitutional acts committed by subordinates followed by deliberate indifference to the longstanding pattern of unconstitutional acts; plaintiffs do not allege a pattern of unconstitutional violations by untrained employees; plaintiffs do not allege pervasive misconduct of unconstitutional acts that would constitute a custom of usage; instead plaintiffs allege isolated allegations of misconduct by individuals during a difficult time of what the plaintiffs call "civil unrest in the streets of Ferguson:" Plaintiffs attempt only to make threadbare recitals of causes of action against this defendant supported only  by their conclusory statements.

2.  For further answer and defense defendant Jon Belmar is entitled to Qualified Immunity on all claims made against him pursuant to 42 U. S. C. §1983 because all actions performed by Chief Belmar including any general orders that may have been given during the civil unrest, and the training and supervision of officers did not violate any clearly established constitutional or statutory rights of which Chief Belmar should have known.  Further none of the actions attributable to Chief Belmar violated any clearly established constitutional or statutory rights of which Chief Belmar should have known.

3.  For further answer and defense, defendant St. Louis County states that all plaintiffs have failed to state a factual claim against St. Louis County under 42 U. S. C. §1983 upon which relief can be granted for many reasons including but not limited to:  The doctrine of respondeat superior does not apply; plaintiffs do not assert or identify an official policy or policies of St. Louis County that was allegedly unconstitutional; plaintiffs do not allege that a specific unconstitutional policy or policies caused officers to commit unconstitutional acts; plaintiffs do not allege a pattern of unconstitutional acts committed

by subordinates followed by deliberate indifference to the longstanding pattern of unconstitutional acts; plaintiffs do not allege a pattern of unconstitutional violations by untrained employees; plaintiffs do not allege pervasive misconduct of unconstitutional acts that would constitute a custom of usage; instead plaintiffs allege isolated allegations of misconduct by individuals during a difficult time of what the plaintiffs call "civil unrest in the streets of Ferguson;" but plaintiffs make threadbare recitals of causes of action against St. Louis County supported only by their conclusory statements.

4. For further answer and defense, Defendants state that plaintiffs have failed to state a claim against him under 42 U.S.C. §1983 upon which relief can be granted because negligence in training is insufficient to impose liability. Inadequate training can only rise to the level of a constitutional violation where it amounts to deliberate indifference which obviously leads to constitutional violations.

5. Regarding state law claims, St. Louis County is protected under Missouri law by the doctrine of sovereign immunity, pursuant to §537.600 R. S. Mo, and St. Louis County has not waived its sovereign immunity under §537.610, and plaintiffs do not have a basis for making an allegation that St. Louis County has chosen to waive its sovereign immunity.

6. For further answer and defense, St. Louis County provides notice that it intends to rely upon and obtain the benefits of §537.600 et seq. of the Missouri Revised Statutes.

7. With regard to the alleged false arrest claims, the issue is whether the officers at the time of the arrests reasonably thought that there was probable cause to arrest, and in each instance the officers objectively could have thought there was probable cause for arrest

and there was probable cause for arrest and there was reasonable suspicion for arrests and/or detentions.

8. With regard to the alleged claims of assault and battery defendants state as follows:  the officers used that amount force that was reasonably necessary to effect the arrests; police officers, in the first instance, are the judges of the manner and means to take in order to make an arrest and are protected unless plaintiffs can show  that unreasonable force was used; the officers had justification for the force that was used to effectuate the arrests; plaintiffs by their words or conduct consented to the acts of the police officers and the reasonable consequences thereof; the officers used only such force as was reasonable and necessary; the officers had reasonable cause to apprehend and did apprehend bodily contact and the officers did not create the situation that caused apprehension of bodily contact and then the officers used such force as was reasonable and necessary under the circumstances.

9. Governmental agencies such as St. Louis County are immune from punitive damages under 42 U. S. C. §1983.  See *City of Newport v. Fact Concerts, Inc.* 453 U. S. 247, 271 (1981).

10. Governmental agencies such as St. Louis County are immune from punitive damages under state law.  See §537.610.3 R. S. MO; See also *Chappell v. City of Springfield*, 423 S. W. 2d 810, (Mo 1986).

11. Plaintiffs have not stated a claim for punitive damages upon which relief can be granted against Jon Belmar because they have not alleged an evil motive or intent or outrageous or malicious conduct on his part.

12. For further answer, defendants request bifurcation of punitive damage claims pursuant to Rule 42 (b) FRCP.

13. For further answer and defense defendants state that punitive damages violate the equal protection afforded by the Fourteenth Amendment of the Constitution of the United States, and Article I, §§ 10, 18 (a) and 19 of the Missouri Constitution.

14. For further answer and defense, defendants state, in the alternative, that in the event there is a judgment on any of the state law claims, then defendants would be entitled to a reduction or set off for any amount paid by or on behalf of any other claimed tortfeasor. See e.g. §537.060 R. S. Mo.

15. For further answer and defense, Defendants state that this Court has already dismissed the assault and battery claim of William Davis, and has dismissed the claims of all plaintiffs, and plaintiffs have not filed any motions to set aside the rulings and have not asked for leave of court to re-allege the exact same allegations and so these claims should not be before the Court, and these defendants should not be required to respond to the identical allegations.   If it is deemed necessary to do so, thenDefendants re-allege the motions to dismiss these claims that were previously filed by these defendants and ruled upon by the Court.

**WHEREFORE**, having fully answered Defendants Jon Belmar and St. Louis County move this Court to enter judgment in their favor at plaintiff's costs and for such other relief that the Court deems just under the circumstances.

PETER J. KRANE
COUNTY COUNSELOR

/s/ Michael E. Hughes
Michael E. Hughes    #23360MO
Associate County Counselor
Mhughes2@stlouisco.com
Priscilla F. Gunn     #29729MO
Assistant County Counselor
pgunn@stlouisco.com
41 So. Central Avenue, 9th Floor
Clayton, MO. 63105
314-615-7009; Fax 314-615-3732
Attorneys for Defendants


**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served electronically to all Counsel of Record via this Court's Electronic Filing System this 10th day of June, 2015

/s/   Michael E. Hughes