## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| TRACEY WHITE ET AL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.: 4:14CV01490 HEA |
| | ) | |
| THOMAS JACKSON, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |

## *DEFENDANT MARYLAND HEIGHTS POLICE OFFICERS MATT DELIA, RYAN DEVOUTON, AND BRANDON MCKINNON'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT*

COME NOW the Maryland Heights Police Officer Defendants, Officers Matt Delia, Ryan Devouton, and Brandon McKinnon (the "Defendants"), and for their Answer to Plaintiffs' Third Amended Complaint, state:

### INTRODUCTION

1.    Defendants admit that Plaintiffs purport to raise a civil action seeking damages against Defendants for alleged torts.  Defendants deny the truth of the allegations and the remainder of the allegations contained in paragraph 1.

### JURISDICTION

2.    Defendants admit the allegations contained in paragraph 2.

### PARTIES

3.    Upon information and belief, Defendants admit the allegations contained in paragraph 3.

4.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 4.

5. Upon information and belief, Defendants admit the allegations contained in paragraph 5.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6.

7. Upon information and belief, Defendants admit the allegations contained in paragraph 7.

8. Upon information and belief, Defendants admit the allegations contained in paragraph 8.

9. Upon information and belief, Defendants admit the allegations contained in paragraph 9.

10. Upon information and belief, Defendants admit the allegations contained in paragraph 10.

11. Upon information and belief, Defendants admit the allegations contained in paragraph 11.

12. Upon information and belief, Defendants admit the allegations contained in paragraph 12.

13. Defendants admit the allegations contained in paragraph 13.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 14.

15. Defendants admit the allegations contained in paragraph 15.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 16.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 17

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 18.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 19.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20.

{01423118.DOCX;1}

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 21.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 24.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 26.

27. Defendants admit at all relevant times herein, defendant Lt. Matt Delia was a City of Maryland Heights, MO., Police Officer. Defendants deny the remainder of the allegations contained in paragraph 27.

28. Defendants admit at all relevant times herein, defendant Officer Ryan Devouton was a City of Maryland Heights, MO., Police Officer. Defendants deny the remainder of the allegations contained in paragraph 28.

29. Defendants admit at all relevant times herein, defendant Officer Brandon McKinnon was a City of Maryland Heights, MO., Police Officer. Defendants deny the remainder of the allegations contained in paragraph 29.

{01423118.DOCX;1}

30.     Defendants admit the allegations contained in the first two sentences of paragraph 30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in paragraph 30.

31.     Defendants admit the allegations contained in the first two sentences of paragraph 31. Defendants deny the allegations contained in the remainder of paragraph 31.

32.     Defendants deny the allegations contained in paragraph 32, as phrased.

33.     Defendants deny the allegations contained in the first sentence of paragraph 33.

## I.     STATEMENT OF FACTS COMMON TO ALL PLAINTIFFS

34.     Defendants admit the allegations contained in paragraph 34.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 35.

36.     Defendants admit, upon information and belief, that some individuals in Ferguson claimed to feel outrage over the death of Michael Brown, Jr.  Defendants admit, upon information and belief, that Michael Brown was not armed with a weapon and was shot multiple times by Ferguson Police Officer Wilson.  Defendants deny the remainder of the allegations contained in paragraph 36.

37.     Defendants admit that civil unrest occurred after the death of Michael Brown, Jr., which, in part, took place in Ferguson, Missouri.  Defendants deny the remainder of the allegations contained in paragraph 37.

38.     Defendants deny the allegations contained in paragraph 38.

39.     Defendants deny the allegations contained in paragraph 39.

{01423118.DOCX;1}

## II.   FACTS AND CLAIMS SPECIFIC TO PLAINTIFFS TRACEY WHITE AND WILLIAM DAVIS

40.   Defendants adopt and incorporate by reference responses to paragraphs 1–39 of this Answer as if fully set forth herein.

41.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 41

42.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first two sentences of paragraph 42. Defendants deny the allegations contained in the third and fourth sentences of paragraph 42.

43.   Defendants deny the allegations contained in the first and last sentences of paragraph 43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in paragraph 43.

44.   Defendants admit, upon information and belief, that Plaintiffs White and Davis (who was under the age of eighteen at the time), were transported to the St. Louis County Police Department in Clayton, Missouri. Defendants are without knowledge or information sufficient to form a belief as to the fingerprinting, photographing, holding of Plaintiffs, or the informing of charges while at St. Louis County. Defendants deny the remainder of the allegations contained in paragraph 44.

### A.   FALSE ARREST

45.   Defendants deny the allegations contained in paragraph 45.

46.   Defendants deny the allegations contained in paragraph 46.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

5

## B.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47.    Defendants deny the allegations contained in paragraph 47.

48.    Defendants deny the allegations contained in paragraph 48.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

## C.    NEGLIGENT SUPERVISION

49.    Defendants admit that in carrying out his official duties, Defendant Officer Cosma acted under the direction and control, and pursuant to the rules, regulations, policies and procedures of, the Defendant City of Ferguson, and Defendants deny the remainder of the allegations contained in paragraph 49.

50.    Defendants deny the allegations contained in paragraph 50.

51.    Defendants deny the allegations contained in paragraph 51.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

## D.    ASSAULT AND BATTERY

52.    Defendants deny the allegations contained in paragraph 52.

53.    Defendants deny the allegations contained in paragraph 53.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

{01423118.DOCX;1}

### E. DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

54.     Defendants deny the allegations contained in paragraph 54.

55.     Defendants deny the allegations contained in paragraph 55.

56.     Defendants deny the allegations contained in paragraph 56.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### F. FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE 42 U.S.C. § 1983

57.     Defendants admit that in carrying out his official duties, Defendant Cosma acted under the direction and control, and pursuant to the practices and customs of Defendant City of Ferguson.  Defendants deny that all practices and customs were implemented by Chief Tom Jackson.  Defendant is without knowledge or information sufficient to form a belief as to the averments contained in paragraph 57.

58.      Defendants deny the allegations contained in paragraph 58.

59.     Defendants deny the allegations contained in paragraph 59.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### III. FACTS AND CLAIMS SPECIFIC TO PLAINTIFF DEWAYNE A. MATTHEWS, JR.

60.     Defendants adopt and incorporate by reference responses to paragraphs 1–59 of this Answer as if fully set forth herein.

61.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 61.

62.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 62.

63.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 63.

64.    Defendants deny Defendant Thomas Jackson's involvement with respect to the allegations contained in paragraph 64. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in paragraph 64.

65.    Defendants deny Defendant Thomas Jackson's involvement with respect to the allegations contained in paragraph 65. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in paragraph 65.

66.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 66.

67.    Defendants deny Defendant Thomas Jackson's involvement with respect to the allegations contained in paragraph 67. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in paragraph 67.

### *A.    FALSE ARREST*

68.    Defendants deny Defendant Thomas Jackson's involvement with respect to the allegations contained in paragraph 68. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in paragraph 68.

{01423118.DOCX;1}

69.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 69.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### B.     INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70.     Defendants deny Defendant Thomas Jackson's involvement with respect to the allegations contained in paragraph 70. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in paragraph 70.

71.     Defendants deny Defendant Thomas Jackson's involvement with respect to the allegations contained in paragraph 71. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in paragraph 71.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### C.     NEGLIGENT SUPERVISION

72.     Defendants deny Defendant Thomas Jackson's involvement with respect to the allegations contained in paragraph 72. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in paragraph 72.

73.     Defendants deny the allegations contained in paragraph 73.

{01423118.DOCX;1}

74. Defendants deny the allegations contained in paragraph 74.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### D. ASSAULT AND BATTERY

75. Defendants deny Defendant Thomas Jackson's involvement with respect to the allegations contained in paragraph 75. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in paragraph 75.

76. Defendants deny Defendant Thomas Jackson's involvement with respect to the allegations contained in paragraph 76. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in paragraph 76.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### E. DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

77. Defendants deny Defendant Thomas Jackson's involvement with respect to the allegations contained in paragraph 77. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in paragraph 77.

78. Defendants deny Defendant Thomas Jackson's involvement with respect to the allegations contained in paragraph 78. Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remainder of the averments contained in paragraph 78.

79.     Defendants deny Defendant Thomas Jackson's involvement with respect to the allegations contained in paragraph 79. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in paragraph 79.

80.     Defendants deny Defendant Thomas Jackson's involvement with respect to the allegations contained in paragraph 80. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in paragraph 80.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### F.     FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE 42 U.S.C. § 1983

81.     Defendants deny Defendant Thomas Jackson's involvement with respect to the allegations contained in paragraph 81. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in paragraph 81.

82.     Defendants deny the allegations contained in paragraph 82.

83.      Defendants deny the allegations contained in paragraph 83.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### IV. FACTS AND CLAIMS SPECIFIC TO PLAINTIFF KERRY WHITE

84. Defendants adopt and incorporate by reference responses to paragraphs 1–83 of this Answer as if fully set forth herein.

85. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 85.

86. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 86.

87. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 87.

88. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 88.

### A. FALSE ARREST

89. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 89.

90. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 90.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### B. NEGLIGENT SUPERVISION

91. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 91.

92. Defendants deny the allegations contained in paragraph 92.

93.     Defendants deny the allegations contained in paragraph 93.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

## C.     ASSAULT AND BATTERY

94.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 94.

95.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 95.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

## D.     DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

96.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 96.

97.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 97.

98.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 98.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

{01423118.DOCX;1}

### E.    FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE 42 U.S.C. § 1983

99.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 99.

100.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 100.

101.    Defendants deny the allegations contained in paragraph 101.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### V.    FACTS AND CLAIMS SPECIFIC TO PLAINTIFFS DAMON COLEMAN AND THEOPHILUS GREEN

102.    Defendants adopt and incorporate by reference responses to paragraphs 1–101 of this Answer as if fully set forth herein.

103.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 103.

104.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 104.

105.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 105.

106.    Defendants admit that the Maryland Heights police officers were present during the disturbances of August 11, 2014, and that tear gas was deployed, but deny the remaining averments contained in paragraph 106.

107.    Defendants deny the averments contained in paragraph 107.

108.    Defendants deny the allegations contained in paragraph 108.

{01423118.DOCX;1}

109.    Defendants admit Plaintiffs were arrested upon probable cause to believe Plaintiffs had committed violations of law, but Defendants deny the remainder of the allegations contained in paragraph 109.

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 110.

### *A.*     *FALSE ARREST*

111.    Defendants deny the allegations contained in paragraph 111.

112.    Defendants deny the allegations contained in paragraph 112.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### *B.*     *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

**[This has been dismissed by Court Order, Doc. No. 103]**

113.    Defendants deny the allegations contained in paragraph 113.

114.    Defendants deny the allegations contained in paragraph 114.

115.     Defendants deny the allegations contained in paragraph 115.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

{01423118.DOCX;1}

### C.    NEGLIGENT SUPERVISION

**[This has been dismissed by Court Order, Doc. No. 103]**

116.    Defendants admit they are Maryland Heights police officers, and were present during the disturbances of August 11, 2014, and were assisting the St. Louis County police, but deny the remaining averments contained in paragraph 116.

117.    Defendants deny the allegations contained in paragraph 117.

118.    Defendants deny the allegations contained in paragraph 118.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### D.    ASSAULT AND BATTERY

119.    Defendants deny the allegations contained in paragraph 119.

120.    Defendants deny the allegations contained in paragraph 120.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### E.    DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

121.    Defendants deny the allegations contained in paragraph 121.

122.    Defendants deny the allegations contained in paragraph 122.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### F.     FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE 42 U.S.C. § 1983

123.    Defendants deny the allegations contained in paragraph 123.

124.    Defendants deny the allegations contained in paragraph 124.

125.     Defendants deny the allegations contained in paragraph 125.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### VI.     FACTS AND CLAIMS SPECIFIC TO PLAINTIFF ANTAWN HARRIS

126.    Defendants adopt and incorporate by reference responses to paragraphs 1–125 of this Answer as if fully set forth herein.

127.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 127.

128.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 128.

129.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 129.

### A.     INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

130.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 130.

131.    Defendants deny the allegations contained in paragraph 131.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

{01423118.DOCX;1}

## B.     NEGLIGENT SUPERVISION

132.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 132.

133.    Defendants deny the allegations contained in paragraph 133.

134.    Defendants deny the allegations contained in paragraph 134.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

## C.     ASSAULT AND BATTERY

135.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 135.

136.    Defendants deny the allegations contained in paragraph 136.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

## D.     DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

137.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 137.

138.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 138.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

{01423118.DOCX;1}

### E.        FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE 42 U.S.C. § 1983

139.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 139.

140.    Defendants deny the allegations contained in paragraph 140.

141.     Defendants deny the allegations contained in paragraph 141.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### VII.     FACTS AND CLAIMS SPECIFIC TO PLAINTIFF NATHAN BURNS

142.    Defendants adopt and incorporate by reference responses to paragraphs 1–141 of this Answer as if fully set forth herein.

143.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 143.

144.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 144.

145.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 145.

146.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 146.

### A.        FALSE ARREST

147.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 147.

148.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 148.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

## B.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

149.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 149.  Defendants deny the remainder of the allegations contained in paragraph 149.

150.   Defendants deny the allegations contained in paragraph 150.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

## C.   NEGLIGENT SUPERVISION

151.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 151.

152.   Defendants deny the allegations contained in paragraph 152.

153.   Defendants deny the allegations contained in paragraph 153.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### D. ASSAULT AND BATTERY

154. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 154.

155. Defendants deny the allegations contained in paragraph 155.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### E. DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

156. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 156.

157. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 157.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### F. FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE 42 U.S.C. § 1983

158. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 158.

159. Defendants deny the allegations contained in paragraph 159.

160. Defendants deny the allegations contained in paragraph 160.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

{01423118.DOCX;1}

### VIII.   FACTS AND CLAIMS SPECIFIC TO PLAINTIFFS SANDY AND KIA BOWERS

161.  Defendants adopt and incorporate by reference responses to paragraphs 1–160 of this Answer as if fully set forth herein.

162.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 162.

163.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 163.

164.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 164.

165.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 165.

### A.   FALSE ARREST

166.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 166.

167.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 167.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### B.   NEGLIGENT SUPERVISION

168.  Defendants admit at all times relevant, Officer Cosma was acting under the direction and control and pursuant of the rules, regulations, policies and procedures of Defendant City

of Ferguson. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in the remainder of paragraph 168.

169. Defendants deny the allegations contained in paragraph 169.

170. Defendants deny the allegations contained in paragraph 170.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### C.     ASSAULT AND BATTERY

171. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 171.

172. Defendants deny the allegations contained in paragraph 172.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

### D.     DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

173. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 173.

174. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 174.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

{01423118.DOCX;1}

### E. FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE 42 U.S.C. § 1983

175. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 175.

176. Defendants deny the allegations contained in paragraph 176.

177. Defendants deny the allegations contained in paragraph 177.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' cause of action, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

A. Defendants deny each and every other allegation in Plaintiffs' Third Amended Complaint not specifically admitted to herein;

B. Due to the law of the case and for arguments previously raised, Plaintiffs' claims for intentional infliction of emotional distress should be and are dismissed because Plaintiffs have not adequately claimed that any of their alleged emotional distress was medically diagnosable and medical significant. In addition, such claims should be dismissed because they are predicated on their claims for assault and battery, and/or false arrest. Doc. Nos. 70 and 103.

C. Due to the law of the case and for arguments previously raised, Plaintiffs' claims for negligent supervision fail as Plaintiffs have not sufficiently pleaded Defendant police officers were acting outside the scope of their employment. Doc. No. 70 and 103.

D. Defendants state that Plaintiffs' Amended Complaint fails to state any cause or causes of action or any claims upon which relief can be granted against these defendants, including but not limited that Missouri law bars all the Plaintiff's claim for respondeat superior due

to sovereign immunity, and Missouri law does not recognize any exception to sovereign immunity regarding any alleged negligent supervision, assault, intentional infliction of emotional distress, false arrest, or battery of an officer in his or her official capacity. Therefore, any state law claim against Defendants in their official capacities is barred by operation of sovereign immunity.

E.      These defendants have immunity from liability to plaintiffs under the Doctrines of Sovereign Immunity, Qualified Immunity, Official Immunity and the Public Duty Doctrine;

F.      Plaintiffs have a duty to mitigate their damages, and have failed to do so;

G.      Any force that was used to effect the arrest of any Plaintiffs was reasonable and necessary in order to safely and lawfully subdue Plaintiffs due to Plaintiffs' unreasonable, unlawful, illegal, threatening and irrational conduct, including resisting lawful arrest and engaging in or being near an unlawful assembly;

H.      Any force used and any act of any Defendant was undertaken pursuant to law and in the course of the Defendants' official sworn duties as a law enforcement officer, was reasonable in nature and was based upon both probable cause and reasonable suspicion Plaintiffs had violated the laws and ordinances of the State of Missouri and the City of Ferguson, that every search, seizure, arrest, and detention of plaintiff took place pursuant to law and was reasonable in manner and duration;

I.      Neither the State of Missouri nor its officials acting in their official capacity are "persons" under 42 U.S.C. § 1983, therefore cannot be liable in their official capacity pursuant to any claims raised thereunder.

J.    There is no fundamental right that was clearly established at the time of the events described in the Amended Complaint for Plaintiffs to refuse to obey the lawful direction of a police officer, and thus and thereby, Plaintiffs are not entitled to recover from the Defendants.

K.    Any actions of Defendants were taken in their own self-defense or defense of others, and were therefore justified.

L.    Any force used against Plaintiffs was the direct result of Plaintiffs' own voluntary and consensual instigation of unreasonable behavior against any Defendant, and thus and thereby, Plaintiffs consented to the acts of the Defendants in defending themselves and/or others against the Plaintiffs.

M.    The Plaintiffs claims do not arise out of identical or substantially similar factual circumstances, lack a core of common operative facts, and should be severed.

N.    For further answer and for affirmative defense, Plaintiffs claims for punitive damages fail to state a claim for relief and in addition, to the extent that Plaintiffs seek to recover punitive damages herein, Plaintiffs have not stated and cannot state a claim for relief for punitive damages because the procedures for assessing punitive damages, facially and as applied to this case, violate the due process provisions of the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Constitution of Missouri in that:

   a.    Missouri's procedural and substantive law of punitive damages conflicts with the procedural and substantive standards set forth in the United States Supreme Court decisions in <u>Pacific Life Insurance Co. v. Haslip</u>; <u>State Farm v. Campbell</u>, <u>White v. Ford Motor</u> and <u>Phillip Morris USA v. Williams</u>.

26

b. Missouri's guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair.

c. Missouri has no objective limitations or standards that have been established concerning the amount or severity of a punitive damages award.

d. Missouri has vague and inconsistent legal standards for the imposition of punitive damages, which deprive defendant of sufficient notice of the type of conduct and mental state upon which punitive damages could be awarded as a result of defendant's alleged misconduct.

e. Missouri permits the jury to award punitive damages that are disproportionate and have no reasonable relationship to the actual damages, plaintiffs' injury, plaintiffs' expenses, defendant's conduct, and defendant's mental state.

f. Missouri courts review punitive awards on the theory that the magnitude of such awards is wholly and peculiarly within the discretion of the jury; this standard provides no meaningful standard basis for review of punitive awards by either the trial or appellate courts.

g. Missouri's trial court and appellate courts are bound to apply vague and inconsistent standards by which to evaluate the jury's punitive damages award. Specifically, these inadequate standards include:

    i. a nebulous and undefined "abuse of discretion" standard of review;
    ii. a nebulous and undefined standard under which a punitive damages award may be disturbed if it is the product of "bias and prejudice";
    iii. a standard that allocates undefined, inordinate, and improper discretion to the jury without providing the jury with adequate standards to guide their discretion;
    iv. a standard that is based upon an evaluation of the "proper relationship" between the degree of malice allegedly proven and the amount of the punitive damages award; however, no legal guidelines have been established that define the manner in which a court should evaluate either the degree or nature of the alleged "malice" or the "proper relationship" between such malice and the punitive damages award. Further, no legal standards have been established which reconcile and apply the different standards, set forth above, by which the trial and appellate courts review punitive damages awards.

h. Missouri improperly permits a plaintiff to submit punitive damages to the jury based upon a defendant's conduct that, as a matter of law, was not willful or reckless. Punitive damages are not constitutionally permissible for mere negligent conduct, assuming defendant's conduct even meets this standard.

27

i.   Missouri's approved jury instructions for punitive damages do not provide the jury with sufficiently specific and objective standards to guide its discretion in awarding punitive damages. These instructions fail to inform the jury of its duty to consider the character and degree of the wrong as shown by the evidence. The instructions also fail to inform the jury that the defendant's net worth may not be considered in deciding whether to award punitive damages.

j.   Missouri law does not contain adequate and objective procedures and standards or instructions that guide the jury, trial, and appellate courts concerning the purposes of punitive damages and the reasons for awarding such damages.

k.   Missouri law does not have adequate standards and procedures to guide the trial and appellate courts in reviewing an excessive award of punitive damages.

l.   Missouri courts are not required to explain the basis for their decisions concerning punitive damages awards; Missouri, therefore, affords no procedure for meaningful review of punitive damages by either the trial or the appellate courts.

m.   Missouri does not provide adequate and objective standards and procedures to instruct the jury to ensure in the post-trial review by the trial and appellate courts that any punitive damages award has an understandable relationship to the actual or compensatory damages award.

n.   Missouri does not require the standard of proof for the imposition of punitive damages to be "beyond a reasonable doubt."

o.   Missouri does not provide objective standards and procedures to prevent the plaintiff from receiving an unfair windfall of money as a result of a punitive damages award.

p.   Missouri does not have legal standards that would unconditionally prohibit in all cases an award of multiple punitive damages awards and punishments against a defendant who has already been subjected to punitive damages in a prior case based upon the identical or similar conduct. These multiple awards amount to civil and criminal fines and punishments and are prohibited under Article I, Section 21 of the Missouri Constitution and are also prohibited under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Missouri Constitution.

q.   Based on the Due Process Clause contained in Article I, Section 10 of the Missouri Constitution, a corporate defendant should not be held to be vicariously liable for acts or omissions of its agent without a showing of complicity.

r. An award of punitive damages under Missouri law violates the Eighth Amendment to the United States Constitution and Article I, Section 21 of the Constitution of Missouri, which prohibit excessive fines because fifty percent of any final judgment awarding punitive damages is payable to the State of Missouri under Mo. Rev. Stat. Ann. § 537.675. That portion of the punitive award therefore constitutes a fine payable to the State, but the State of Missouri has established no standards or limits upon the amount of punitive damages that may be awarded in a particular case, and has not provided procedural safeguards, including a requirement of proof beyond a reasonable doubt, necessary for imposition of fines.

O. Any claims made by any Plaintiff against Defendants in their official capacities are barred by law and by operation of the Eleventh Amendment of the U.S. Constitution.

P. Claims for punitive damages against Defendants in their official capacities are barred by federal immunity (*City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1982)) and sovereign immunity (R.S.Mo. § 537.600 *et seq.*).

Q. Defendants are entitled to a reduction of any award by the amount of settlement pursuant to federal law and R.S.Mo. § 537.060.

R. Defendants incorporate, by reference, arguments raised in St. Louis County and Jon Belmar's Motions to Dismiss Plaintiffs' Second Amended Complaint, Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint, and any subsequent affirmative answers raised.

WHEREFORE, the Maryland Heights Police Officer Defendants respectfully request that this Court Dismiss Plaintiffs' Third Amended Complaint against them and to dismiss the causes of action alleged therein, and for such other and further relief this Court deems just and proper.

/s/Peter J. Dunne
Peter J. Dunne   #31482MO
Robert T. Plunkert   #62064MO
PITZER SNODGRASS, P.C.
Attorneys for Defendants City of Ferguson,
Chief Thomas Jackson, Officers Justin Cosma,
Matt Delia, Devouton, and McKinnon
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 29th day of June, 2015, to be served by operation of the Court's electronic filing system upon the following:

- Gregory L. Lattimer, Attorney for Plaintiffs, 1200 G. Street, N.W., Suite 800, Washington, D.C. 20005, lattlaw@aol.com;
- Malik Z. Shabazz, Attorney for Plaintiffs, 1200 G. Street, N.W., Suite 800, Washington, D.C. 20005, attorneyshabazz@yahoo.com;
- Reginald A. Green, Attorney for Plaintiffs, One Georgia Center, Suite 605, 600 West Peachtree Street, N.W., Atlanta, Georgia 30308, rgreene@greenelegalgroup.com; and
- Michael E. Hughes, Attorney for Defendants St. Louis County and Chief Jon Belmar, 41 S. Central Ave, Clayton MO 63105, mhughes2@stlouisco.com, pgunn@stlouisco.com.

/s/ Peter J. Dunne

{01423118.DOCX;1}