IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TRACEY WHITE, et al.                )
                                    )
        Plaintiffs                  )
                                    )
v.                                  )          Cause No. 14-cv-01490 - HEA
                                    )
THOMAS JACKSON, et al.              )          Jury Trial Demanded
                                    )
        Defendants.                 )

### ANSWER OF DEFENDANTS DAVID RYAN, TERRENCE MCCOY, MICHAEL MCCANN, DERIK JACKSON, JOE PATTERSON, AARON VINSON, WILLIAM BATES, NICHOLAS PAYNE, DANIEL HILL, ANTONIO VALENTINE AND MATT DELIA TO  PLAINTIFFS' THIRD AMENDED COMPLAINT

COME NOW Defendants David Ryan, Terrence McCoy, Michael McCann, Derik Jackson, Joe Patterson, Aaron Vinson, William Bates, Nicholas Payne, Daniel Hill, and Antonio Valentine, and for their answer to Plaintiffs' Third Amended Complaint, deny everything not specifically admitted and in particular state as follows:

1.  In answer to Paragraph 1 defendants admit that Jon Belmar is the St. Louis County Chief of Police, and further admit only that plaintiffs have  brought a civil action that now names several officers.  These defendants deny that  plaintiffs  were denied constitutional rights and deny that there were "intentional acts of wrongdoing and negligence."

2.  Defendants admit that this Court has jurisdiction and supplemental jurisdiction

3.  Defendants have no personal knowledge of the allegations of paragraph 3 and therefore deny same at this time.

4.  Defendants have no personal knowledge of the allegations of paragraph 4 and therefore deny same at this time.

5. Defendants have no personal knowledge of the allegations of paragraph 5 and therefore deny same at this time.

6. Defendants have no personal knowledge of the allegations of paragraph 6 and therefore deny same at this time.

7. Defendants have no personal knowledge of the allegations of paragraph 7 and therefore deny same at this time.

8. Defendants have no personal knowledge of the allegations of paragraph 8 and therefore deny same at this time.

9. Defendants have no personal knowledge of the allegations of paragraph 9 and therefore deny same at this time.

10. Defendants have no personal knowledge of the allegations of paragraph 10 and therefore deny same at this time.

11. Defendants have no personal knowledge of the allegations of paragraph 11 and therefore deny same at this time.

12. Defendants have no personal knowledge of the allegations of paragraph 12 and therefore deny same at this time.

13. Paragraph 13 does not pertain specifically to these defendants and therefore requires no response from these defendants, other than to say that it is believed to be a correct statement that Thomas Jackson, as police chief of the City of Ferguson, acted under color of law and his authority as Chief of Police.   To whatever extent paragraph 13 may be deemed to apply to these defendants then it is denied.

14. In answer to paragraph 14 defendants admit that Jon Belmar was the St. Louis County Chief of Police who acted under color of law and his authority as Chief of Police.

2

15. Paragraph 15 does not pertain to these defendants specifically and requires no response from these defendants but defendants do believe that it is a correct statement that Justin Cosma was a Ferguson police officer and whatever actions as a police officer, would have been under color of law.

16. Defendants admit that Sgt. David Ryan was a St. Louis County Police Officer who acted under color of law and his authority as a Police Officer.

17. Defendants admit that Terrence McCoy was a St. Louis County police officer who acted under color of law and his authority as a Police Officer.

18. Defendants admit that Michael McCann was a St. Louis County Police Officer, who acted under color of law and his authority as a police officer.

19. Defendants admit that Derik Jackson was a St. Louis County Police Officer who acted under color of law and his authority as a police officer.

20. Defendants admit that Joe Patterson was a St. Louis County Police Officer who acted under color of law and his authority as a police officer.

21. Defendants admit that Aaron Vinson was a St. Louis County Police Officer who acted under color of law and his authority as a police officer.

22. Defendants admit that William Bates was a St. Louis County Police Officer who acted under color of law and his authority as a police officer.

23. Defendants admit that Matthew Burns was a St. Louis County Police Officer who acted under color of law and his authority as a police officer.

24. Defendants admit that Nicholas Payne was a St. Louis County Police Officer who acted under color of law and his authority as a police officer.

25. Defendants admit that Daniel Hill was a St. Louis County Police Officer who acted under color of law and his authority as a police officer.

26. Defendants admit that Antonio Valentine was a St. Louis County Police Officer who acted under color of law and his authority as a police officer.

27. The allegations in Paragraph 27 do not pertain to these defendants specifically and require no response from these defendants, but defendants acknowledge that any actions of Lt. Matt Delia as a City of Maryland Heights Police Officer would be under color of law and his authority as a police officer with the City of Maryland Heights.

28. The allegations in Paragraph 28 do not pertain to these defendants specifically and require no response from these defendants, but defendants acknowledge that any actions of Officer Devouton taken as a City of Maryland Heights Police Officer would be under color of law and his authority as a police officer with the City of Maryland Heights.

29. The allegations in Paragraph 29 do not pertain to these defendants specifically and require no response from these defendants, but defendants acknowledge that any actions of Officer McKinnon taken as a City of Maryland Heights Police Officer would be under color of law and his authority as a police officer with the City of Maryland Heights.

30. Defendants admit the first two sentences of paragraph 30 which allege that St. Louis County administers policies, practices and customs which include training, but deny the third sentence which states a legal conclusion pertaining to St. Louis County, and implies that St. Louis County police officers violated plaintiffs' rights which is expressly denied.

31. Paragraph 31 does not pertain specifically to these defendants and therefore requires no response from these defendants.  To whatever extent paragraph 31 may be deemed to pertain to these defendants then it is denied.

32. Paragraph 32 is vague, overbroad  and calls for speculation and conjecture as to what plaintiffs are attempting to say and so paragraph 32 is generally denied, except that defendants once again admit that as police officers they act under color of law.

33. Paragraph 33 does not pertain to individual defendants and requires no response.  As further response the individual defendants do not have personal knowledge of the allegations made in paragraph 33.

34. Paragraph 34 is not within the personal knowledge of these individual defendants.

35. These individual defendants do not have personal knowledge of paragraph 35.  Further, paragraph 35 is argumentative and conclusory.  For these reasons paragraph 35 is denied.

36. The allegations in Paragraph 36 are argumentative and conclusory and are therefore denied.  For further answer, to whatever extent the court may construe  the allegations in paragraph 36 to be  statements of fact, defendants state that the allegations in paragraph 36  do not  pertain directly to them  and therefore do not require a response.  If the allegations are deemed to require a response, then defendants state that they do not have personal knowledge of paragraph 36 and therefore deny said paragraph.

37. Defendants admit that there were protests over the death of Michael Brown, Jr. and  that there was "civil unrest in the streets of Ferguson, Missouri."  Defendants deny the remaining allegations in paragraph 37, including that defendants engaged "citizens as if they were war combatants."

38. Defendants deny paragraph 38.

39. Defendants deny paragraph 39.

## ALLEGATIONS SPECIFIC TO TRACEY WHITE AND WILLIAM DAVIS

Defendants David Ryan, Terrence McCoy and Michael McCann state to the Court that they are mentioned in the "Allegations specific to Tracey White and William Davis, and so for their answer to these allegations, they deny everything not specifically admitted and in particular state as follows:

40. Defendants incorporate their responses to the allegations in paragraphs 1 through 39 as though fully set out herein.

41. Paragraph 41 appears to be informational and not relevant or material and defendants move to strike. To the extent that said allegations may be allowed, these defendants do not have personal knowledge of the allegations and so deny the allegations.

42. Paragraph 42 is at times argumentative, such as the allegation that Tracey White "otherwise acted normally," and defendants move to strike this and other argumentative statements. Defendants state that because of danger to persons and property in the area, including danger to the employees of the restaurant, that the manager of the McDonalds Restaurant was in the process of attempting to close the restaurant, and so to assist in protecting people and property, including employees of McDonalds's, people were to leave the restaurant. Defendants deny the remaining allegations of paragraph 42.

43. Defendants deny paragraph 43.

44. Defendants deny paragraph 44.

## ALLEGED CLAIM OF FALSE ARREST.

45. Defendants deny paragraph 45.

46. Defendants deny paragraph 46.

**ALLEGED CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

47. This claim has been dismissed by the Court and requires no response.

48. This claim has been dismissed by the Court and requires no response.

**ALLEGED CLAIM OF NEGLIGENT SUPERVISION**

49. This claim has been dismissed by the Court and requires no response.

50. This claim has been dismissed by the Court and requires no response.

51. This claim has been dismissed by the Court and requires no response.

**ALLEGED CLAIM OF ASSAULT AND BATTERY.**

52. The Assault and Battery claim of William Davis has been dismissed by the Court.
Plaintiff William Davis has not obtained leave of Court to re-allege the exact same
allegations that have been dismissed.  To the extent that it is determined that William
Davis' claim of assault and battery has not already been dismissed, paragraph 52 is
denied by these defendants.   To the extent that paragraph 52 is deemed to pertain to
Tracey White, said paragraph is denied by these defendants.

53. The Assault and Battery claim of William Davis has been dismissed by the Court.
Plaintiff, William Davis, has not obtained leave of Court to re-allege the exact same
allegations that have been dismissed.  To the extent that it is determined that William
Davis' claim of assault and battery has not already been dismissed, paragraph 53 is
denied. To the extent that paragraph 53 is deemed to pertain to Tracey White, paragraph
53 is denied.

**ALLEGED CLAIM OF DEPRIVATAION OF CIVIL RIGHTS,  42 U.S.C. § 1983**

54. Defendants deny paragraph 54.

55. Defendants deny paragraph 55.

56. Defendants deny paragraph 56.

## ALLEGED CLAIM OF FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE, 42 U.S.C. § 1983

57. Paragraph 57 seems to be directed to Chief Belmar and St. Louis County and therefore does not require a response from these defendants.  To the extent paragraph 57 may be deemed to apply to these defendants, then defendants state that said paragraph is vague and calls for speculation and conjecture as to what is being alleged, and so paragraph 57 is denied.  Defendants however admit that the arrests of plaintiffs were proper and were performed under color of law and officers had been trained by St. Louis County and that officers worked within a chain of command.

58. Paragraph 58 seems to be directed to Chief Belmar and St. Louis County and therefore does not require a response from these defendants.  To the extent that paragraph 58 may be deemed to apply to these defendants the defendants deny paragraph 58.

59. Paragraph 59 seems to be directed to Chief Belmar and St. Louis County and therefore does not require a response from these defendants.  To the extent that paragraph 59 may be deemed to apply to these defendants, the defendants deny paragraph 59.

## ALLEGATIONS SPECIFIC TO DEWAYNE A. MATTHEWS, JR.

Defendants Derik Jackson, Joe  Patterson, William Bates, Aaron Vinson,  and Nicolaus Payne state to the Court that they are mentioned in the allegations "specific to Dwayne Matthews," and so for their answer to these allegations, they deny everything not specifically admitted and in particular state as follows:

8

60. Defendants incorporate their responses to the allegations in paragraphs 1 through 39 as though fully set out herein

61. Defendants have no personal knowledge of what is alleged in paragraph 61 and so deny same at this time.

62. In answer to paragraph 62 defendants admit there were civil disturbances taking place but defendants have no personal knowledge of the other allegations in paragraph 62 and so deny the allegations at this time.

63. These defendants have no personal knowledge whether or not Mathews took public transportation and what he noticed and therefore paragraph 63 is denied at this time.

64. Defendants deny paragraph 64.

65. Defendants deny paragraph 65.

66. Paragraph 66 is very confusing and argumentative and is denied.   If plaintiff is alleging that he was arrested without probable cause then paragraph 66 is denied.

67. In answer to paragraph 67, defendants state that on information and belief Matthews was transported to Christian Northwest and was released from the treatment room without being admitted as an inpatient and was not taken to a police station.  To whatever extent that paragraph 67 implies or alleges wrongdoing by these or any police officers or that he was wrongfully injured by these or any police officers, then paragraph 67 is denied.

### ALLEGED CLAIM OF FALSE ARREST.

68. Defendants deny paragraph 68.

69. Defendants deny paragraph 69.

## ALLEGED CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70. This claim has been dismissed by the Court and therefore no response is required.

9

71. This claim has been dismissed by the Court and therefore no response is required.

## ALLEGED CLAIM OF NEGLIGENT SUPERVISION

72. This claim has been dismissed by the Court and therefore no response is required.

73. This claim has been dismissed by the Court and therefore no response is required.

74. This claim has been dismissed by the Court and therefore no response is required.

## ALLEGED CLAIM OF ASSAULT AND BATTERY

75. Defendants deny paragraph 75.

76. Defendants deny paragraph 76.

## ALLEGED CLAIMS OF DEPRIVATION OF CIVIL RIGHTS 42 U.S.C. § 1983

77. Defendants deny paragraph 77.

78. Defendants deny paragraph 78.

79. Defendants deny paragraph 79.

80. Defendants deny paragraph 80.

## ALLEGED CLAIMS OF FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE 42 U.S.C. § 1983

81. Paragraph 81 seems to be directed to Chiefs Belmar and Thomas and possibly to the City of Ferguson and to St. Louis County and therefore does not require a response from these defendants.  To the extent that Paragraph 81 may be deemed to apply to these defendants, then these defendants state that paragraph 81 is vague and calls for speculation and conjecture as to what is being alleged, and so paragraph 81 is denied.  Defendants further specifically deny that plaintiff was beaten.  Defendants however admit that the alleged arrest of plaintiff was proper and was performed under color of law, and that officers had

been trained and worked within a chain of command.    Defendants deny any other allegations of Paragraph 81 not specifically admitted.

82. Paragraph 82 seems to be directed to Chiefs Belmar and Thomas and possibly to the City of Ferguson and to St. Louis County and therefore does not require a response from these defendants.  To the extent that Paragraph 82 may be deemed to apply to these defendants, then these defendants deny paragraph 82.

83. Paragraph 83 seems to be directed to Chiefs Belmar and Thomas and possibly to the City of Ferguson and to St. Louis County and therefore does not require a response from these defendants.  To the extent that Paragraph 83 may be deemed to apply to these defendants, then these defendants deny paragraph 83.

## ALLEGATIONS SPECIFIC TO KERRY WHITE

Defendants Michael McCann, Terrence McCoy, Antonio Valentine and Daniel Hill state to the Court that they are mentioned in the allegations "specific to Kerry White," and so for their answer to these allegations, they deny everything not specifically admitted and in particular state as follows:

84. Defendants incorporate their responses to the allegations in paragraphs 1 through 20 as though fully set out herein

85. Defendants do not have personal knowledge of the allegations in paragraph 85 and therefore deny the allegations at this time.

86. In answer to  paragraph 86 defendants admit only that there had been a large, violent crowd on Chambers Road that, among other things, was throwing objects at police and also threatening police, and so the crowd was told to disperse, and then when some of the crowd did not disperse, then the Tactical Operations Unit continued to issue instructions

to disperse, and subsequently deployed dispersal methods; and defendants admit that this other unit attempted to disperse the crowd, that Kerry White drove his vehicle on Lorna Lane toward the police skirmish line without headlights, and ignored orders to stop driving towards the police until he was very close, but defendants deny  the remaining allegations of paragraph 86.

87. Defendants deny paragraph 87.

88. Defendants deny paragraph 88.

## ALLEGED CLAIM OF FALSE ARREST.

89. Defendants deny paragraph 89.

90. Defendants deny paragraph 90.

## ALLEGED CLAIM OF NEGLIGENT SUPERVISION

91. This claim has been dismissed by the Court and therefore no response is required.

92. This claim has been dismissed by the Court and therefore no response is required.

93. This claim has been dismissed by the Court and therefore no response is required.

## ALLEGED CLAIM OF ASSAULT AND BATTERY

94. Defendants deny paragraph 94.

95. Defendants deny paragraph 95.

## ALLEGED CLAIMS OF DEPRIVATION OF CIVIL RIGHTS 42 U.S.C. § 1983

96. Defendants deny paragraph 96.

97. Defendants deny paragraph 97.

98. Defendants deny paragraph 98.

## ALLEGED CLAIMS OF VIOLATION OF 42 U.S.C. § 1983, FAILURE TO TRAIN, SUPERVISE AND DISCIPLE

99. Paragraph 99 is vague and calls for speculation and conjecture as to what is being alleged, and so paragraph 99 is denied. Defendants however admit that the arrest of plaintiff was proper and was performed under color of law, and also that officers had been trained supervised. Defendants deny any other allegations of Paragraph 99.

100.     Defendants deny paragraph 100.

101.     Defendants deny paragraph 101.

## ALLEGATIONS SPECIFIC TO DAMON COLEMAN AND THIOPHILUS GREEN

The St. Louis County police officer defendants who are named in the style of this lawsuit state to the Court that they are not mentioned within in the allegations "specific to Damon Coleman and Theophilus Green," but rather officers from the Maryland Heights police department are mentioned; and so it does not appear that an answer is necessary as to the St. Louis County police officer defendants. However to whatever extent that the allegations specific to Daman Coleman and Theophilus Green are deemed to apply to St. Louis County police officer defendants, then these defendants for their answer deny everything not specifically admitted and in particular state as follows

102.     Defendants incorporate their responses to the allegations in paragraphs 1 through 39 as though fully set out herein

103.     Defendants do not have personal knowledge of the allegations of paragraph 103, and therefore deny allegations at this time.

104.     Paragraph 104 is vague and includes speculation and conjecture as to what is being alleged, and as a result defendants deny the allegations of paragraph 104.

105.     Paragraph 105 is vague and includes speculation and conjecture as to what is being alleged, and as a result paragraph 105 is denied.

106.     Paragraph 106 is vague and includes speculation and conjecture as to what is being alleged, and so paragraph 106 is denied.

107.     Defendants deny paragraph 107.

108.     Defendants deny paragraph 108

109.     Defendants deny paragraph 109.

110.     The individual St. Louis County defendants named herein have no knowledge of any alleged events at the Justice Center and so deny paragraph 110.

## ALLEGED CLAIM OF FALSE ARREST.

111.     Defendants deny paragraph 111.

112.     Defendants deny paragraph 112.

## ALLEGED CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

113.     This claim has been dismissed by the Court and therefore no response is required.

114.     This claim has been dismissed by the Court and therefore no response is required.

115.     This claim has been dismissed by the Court and therefore no response is required.

## ALLEGED CLAIM OF NEGLIGENT SUPERVISION

116.     This claim has been dismissed by the Court and therefore no response is required.

117.     This claim has been dismissed by the Court and therefore no response is required.

118.     This claim has been dismissed by the Court, and therefore no response is required.

## ALLEGED CLAIM OF ASSAULT AND BATTERY

119.     Defendants deny paragraph 119.

120.     Defendants deny paragraph 120.

## ALLEGED CLAIMS OF DEPRIVATION OF CIVIL RIGHTS 42 U.S.C. § 1983

121.     Defendants deny paragraph 121.

122.     Defendants deny paragraph 122.

## ALLEGED CLAIMS OF VIOLATION OF 42 U.S.C. § 1983, FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE

123.     Paragraph 123 is vague and includes speculation and conjecture as to what is being alleged, and so paragraph 123 is denied.  Defendants further deny that plaintiffs were unlawfully arrested, beaten, and mistreated.   Defendants however admit that the arrests of plaintiffs were proper and were performed under color of law, and that officers had been trained.   Defendants deny any other allegations of Paragraph 123.

124.     Defendants deny paragraph 124.

125.     Defendants deny paragraph 125.

## ALLEGATIONS SPECIFIC TO ANTAWN HARRIS

The St. Louis County Police Officer defendants who are named in the style of this lawsuit state to the Court that they are not mentioned in the allegations "Specific to Plaintiff Antawn Harris," and so it does not appear that an answer is necessary as to these defendants. However to whatever extent that the allegations specific to Plaintiff Antawn Harris are deemed to apply to individuals named herein who are employed by St. Louis County, defendants for their answer deny everything not specifically admitted and in particular state as follows:

126.     Defendants incorporate their responses to the allegations in paragraphs 1 through 39 as though fully set out herein

127.     Defendants do not have personal knowledge of the allegations of paragraph 127, and therefore deny the allegations at this time.

128.     Defendants deny paragraph 128.

129.     Defendants deny paragraph 129.

## ALLEGED CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

130.     This claim has been dismissed by the Court and therefore does not require a

response.

131.     This claim has been dismissed by the Court and therefore does not require a

response.

## ALLEGED CLAIM OF NEGLIGENT SUPERVISION

132.      This claim has been dismissed by the Court and therefore does not require a

response.

133.     This claim has been dismissed by the Court and therefore does not require a

response.

134.     This claim has been dismissed by the Court and therefore does not require a

response.

## ALLEGED CLAIM OF ASSAULT AND BATTERY

135.     Defendants deny paragraph 135.

136.     Defendants deny paragraph 136.

## ALLEGED CLAIMS OF DEPRIVATION OF CIVIL RIGHTS 42 U.S.C. § 1983

137.     Defendants deny paragraph 137.

138.     Defendants deny paragraph 138.

## ALLEGED CLAIMS OF VIOLATION OF 42 U.S.C. § 1983, FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE

139.     Paragraph 139 is vague and includes speculation and conjecture as to what is

being alleged, and so paragraph 139 is denied.  Defendants further  deny that plaintiff

was mistreated.   Defendants however admit that officers had been trained and supervised.   Defendants deny any other allegations of Paragraph 139.

140.     Defendants deny paragraph 140.

141.     Defendants deny paragraph 141.

## ALLEGATIONS SPECIFIC TO NATHAN BURNS

Defendants Terrence McCoy and Michael McCann,  and Daniel Hill state to the Court that they are mentioned in the "Allegations specific to Plaintiff Nathan Burns", and so for their answer to these allegations, they deny everything not specifically admitted and in particular state as follows:

142.     Defendants incorporate their responses to the allegations in paragraphs 1 through 39 as though fully set out herein

143.     Defendants deny paragraph 143.

144.     Defendants deny paragraph 144.

145.     Defendants deny paragraph 145.

146.     Defendants deny paragraph 146. .

## ALLEGED CLAIM OF FALSE ARREST.

147.     Defendants deny paragraph 147.

148.     Defendants deny paragraph 148.

## ALLEGED CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

149.     This claim has been dismissed by the Court and therefore requires no response.

150.    This claim has been dismissed by the Court and therefore requires no response.

## ALLEGED CLAIM OF NEGLIGENT SUPERVISION

151.     This claim has been dismissed by the Court and therefore requires no response.

17

152.     This claim has been dismissed by the Court and therefore requires no response.

153.     This claim has been dismissed by the Court and therefore requires no response.

## ALLEGED CLAIM OF ASSAULT AND BATTERY

154.     Defendants deny paragraph 154.

155.     Defendants deny paragraph 155.

## ALLEGED CLAIMS OF DEPRIVATION OF CIVIL RIGHTS 42 U.S.C. § 1983

156.     Defendants deny paragraph 156.

157.     Defendants deny paragraph 157.

## ALLEGED CLAIMS OF VIOLATION OF 42 U.S.C. § 1983, FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE

158.     Paragraph 158 is vague and includes speculation and conjecture as to what is being alleged, and so paragraph 158 is denied. Defendants further specifically deny that plaintiff was beaten and mistreated. Defendants however admit that officers had been trained and supervised. Defendants deny any other allegations of Paragraph 158.

159.     Defendants deny paragraph 159.

160.     Defendants deny paragraph 160.

## ALLEGATIONS SPECIFIC TO SANDY AND KAI BOWERS

Defendants Michael McCann, Daniel Hill, Antonio Valentine, Terrence McCoy and Nicholas Payne state to the Court that they are mentioned in the allegations "specific to Plaintiffs Sandy and Kia Bowers," and so for their answer to these allegations, they deny everything not specifically admitted and in particular state as follows:

161.     Defendants incorporate their responses to the allegations in paragraphs 1 through 39 as though fully set out herein

162.    Defendants do not have personal knowledge of the allegations in paragraph 162 and therefore deny same at this time.

163.    In answer to paragraph 163, defendants admit only that there had been a large, violent crowd on Chambers Road that, among other things, was throwing objects at police and threatening police, and so the crowd told to disperse, and then when some of the crowd did not disperse the Tactical Operations Unit continued to issue instructions to disperse and subsequently deployed dispersal methods; and defendants admit that Kerry White drove his vehicle on Lorna Lane toward the police skirmish line without headlights, and ignored orders to stop driving at the police until he was very close, but defendants deny the remaining allegations of paragraph 86.

164.    Defendants deny paragraph 164.

165.    Defendants deny paragraph 151.

### ALLEGED CLAIM OF FALSE ARREST.

166.    Defendants deny paragraph 166.

167.    Defendants deny paragraph 167.

### ALLEGED CLAIM OF NEGLIGENT SUPERVISION

168.    This claim has been dismissed by the Court and therefore requires no response.

169.    This claim has been dismissed by the Court and therefore requires no response.

170.    This claim has been dismissed by the Court and therefore requires no response.

### ALLEGED CLAIM OF ASSAULT AND BATTERY

171.    Defendants deny paragraph 171.

172.    Defendants deny paragraph 172.

### ALLEGED CLAIMS OF DEPRIVATION OF CIVIL RIGHTS 42 U.S.C. § 1983

173.      Defendants deny paragraph 173.

174.      Defendants deny paragraph 174.

## ALLEGED CLAIMS OF VIOLATION OF 42 U.S.C. § 1983, FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE

175.      Paragraph 175 is vague and includes speculation and conjecture as to what is being alleged, and so paragraph 175 is denied.  Defendants however admit that the arrest of plaintiffs were proper and were performed under color of law, and that officers had been trained and supervised.   Defendants deny any other allegations of Paragraph 175.

176.      Defendants deny paragraph 176.

177.      Defendants deny paragraph 177.

### ADDITIONAL DEFENSES/AFFIRMATIVE DEFENSES

1.  For further answer and defense, with regard to the alleged claims of false arrests filed under state law, defendants state that the arrests of plaintiffs T. White, Davis, Matthews, Coleman and Green, K. White, Burns, and Bauers and Bauers were made upon probable cause or reasonable suspicion that those plaintiffs had committed the offenses for which they were arrested.

2.  For further answer and defense, with regard to the alleged claims of assault and battery filed under state law by all the plaintiffs, defendants state that officers used that amount of force that was reasonably necessary to effect the arrests; and further state as a defense that under state law police officers, in the first instance, are the judges of the manner and means that should be taken in order to effectuate an arrest; and further state as a defense that the officers had justification for the force that was used to effectuate each arrest; and further state as a defense that plaintiffs by their words or conduct consented to the acts of

20

the police officers and the reasonable consequences thereof; and further state as a defense that the officers used only such force as was reasonable and necessary; and further state as a defense that the officers had reasonable cause to apprehend and did apprehend bodily contact and the officers did not create the situation that caused apprehension of bodily contact and the officers used only such force as was reasonable and necessary under the circumstances.

3. For further answer and defense, Defendants Ryan, McCann and McCoy state that this Court has already dismissed the assault and battery claim of William Davis.

4. For further answer and defense all individual defendants state that they are protected under the doctrine of official immunity for all state law claims because there were riotous conditions occurring during which the police officers made judgments in all of their encounters with these plaintiffs, and that under Missouri law officials, including police officers, making judgments that require discretion and reason are protected by the doctrine of official immunity.

5. For further answer and defense, these defendants state that plaintiffs Coleman and Green have not stated any claims under either state law or federal law upon which relief can be granted against these defendants, because, among other reasons, Coleman and Green have not alleged any personal involvement of any of these individual defendants, and the doctrine of respondeat superior would not apply as to these individual defendants under either state or federal law.

6. For further answer and defense, these defendants state that plaintiff Harris has not stated any claims under either state law or federal law against these individual defendants, because, among other reasons, Harris has not alleged any personal

involvement of any of these individual defendants, and the doctrine of respondeat superior would not apply as to these individual defendants under either state or federal law.

     7.    For further answer and defense as to the claims filed against these defendants under 42 U. S. C. § 1983, defendants state that they are protected by the doctrine of Qualified Immunity because their actions were objectively reasonable under the particular circumstances where they encountered each plaintiff, and their actions did not violate any clearly established constitutional or statutory rights of which the defendants should have known.

     8.    To the extent that these defendants are deemed to have been sued in their official capacity, plaintiffs have not stated a claim under 42 U. S. C. § 1983 because plaintiffs have not alleged the policy, practice or custom of these defendants caused a violation of rights protected by the Constitution; and plaintiffs have not stated claims under state law because of the doctrine of sovereign immunity.   Further related to any state law claims filed against these defendants in their official capacity, defendants invoke the benefits and provisions of §537.600 and 637.610 R.S. Mo.

     9.    For further answer and defense these individual defendants state that plaintiffs have failed to state a claim for punitive damages against these individual defendants upon which relief can be granted because, among other reasons, plaintiffs have alleged unrest in streets, and have alleged riotous conditions occurring for which judgments had to be made by these defendants in the heat of the moment, and the allegations demonstrate an absence evil motive or intent or facts demonstrating deliberate indifference.

10.     For further answer and defense all defendants state that an award of punitive damage would be in violation of the due process rights of these individual defendants under the Fourteenth Amendment to the U.S. Constitution and Article 1, Section 10 of the Missouri Constitution.

11.     For further answer the defendants request bifurcation of punitive damage claims pursuant to Rule 42 (b).

12.     Defendants incorporate herein by reference any and all applicable affirmative defenses raised by any co-defendant.

**WHEREFORE**, having fully answered Defendants David Ryan, Terrence McCoy, Michael McCann, Derik Jackson, Joe Patterson, Aaron Vinson, William Bates, Nicholas Payne, Daniel Hill, and Antonio Valentine  move this Court to enter judgment in their favor at plaintiffs' costs and for such other relief that the Court deems just under the circumstances.

PETER J. KRANE
COUNTY COUNSELOR

/s/ Michael E. Hughes____
Michael E. Hughes     #23360MO
Associate County Counselor
Mhughes2@stlouisco.com
Priscilla F. Gunn     #29729MO
Assistant County Counselor
pgunn@stlouisco.com
41 So. Central Avenue, 9th Floor
Clayton, MO. 63105
314-615-7009; Fax 314-615-3732
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served electronically to all Counsel of Record via this Court's Electronic Filing System this 6th day of July, 2015

/s/   Michael E. Hughes