## LAW OFFICES OF
## GREGORY L. LATTIMER
### PLLC
TEL (202) 434-4513
TEL (202) 638-0095
FAX (866) 764-6442

| | |
|---|---|
| **1200 G STREET, N.W.** | **445 PARK AVENUE, # 900213** |
| **SUITE 800** | **9th FLOOR** |
| **WASHINGTON, D.C. 20005** | **NEW YORK, N.Y. 10022** |
| **Lattimerlaw.com** | **Lattlaw@aol.com** |

**Please correspond to DC Office**

September 8, 2015

Michael E. Hughes, Esq.
Associate County Counselor
Priscilla F. Gunn, Esq.
Assistant County Counselor
31 So. Central Avenue, 9th Floor
Clayton, MO 63105

Re: <u>White et al. v. City of Ferguson, et al.</u>,

Dear Mr. Hughes & Ms. Gunn:

The plaintiffs are in receipt of the discovery responses of defendants St. Louis County, Bates, Vinson, Ryan, Jackson, Hill, McCann, Valentine, McCoy, Patterson, and Payne and they are all astoundingly similar and deficient. This letter is being forwarded to specifically identify defendants' deficiencies and urge your compliance with the requirements of the Federal Rules of Civil Procedure in responding to discovery requests so as to obviate the need for plaintiffs to seek court intervention.

### Interrogatories Answers of the Defendant Officers

#### Interrogatory 1

Please fully state your full name, date of birth, martial status, social security number, business address and residential address for the last five years, and your spouse's name.

After stating his name and business address, each of the defendant officers answer as follows:

> **Defendant objects to providing his date of birth, marital status, social security number, residential address, and spouse's name because he is a police office (sic). The personal information requested about defendant could compromise**



PLAINTIFF'S EXHIBIT 4

**his safety and security, is not material or relevant to the issues of this lawsuit, is not reasonably calculated to lead to discovery of admissible evidence, and is overbroad. Defendant may be contacted through his attorneys.**

It is undisputed that each of the defendant officers failed to fully answer this interrogatory. The excuse provided for not doing so is not justified under the rules. The birth date and marital status of a police officer does not even arguably jeopardize his safety. And to the extent that officer safety is legitimately an issue, the defendants could have sought a protective order limiting the release of the requested information to counsel and their staff. As to whether or not the requested information could reasonably lead to the discovery of admissible evidence, the plaintiffs have a right to explore the backgrounds of the defendant officers just as the defendant officers have a right to explore the backgrounds of the plaintiffs. This is particularly so in a case such as this where there is an issue of negligent training and supervision. In sum, the defendant officers have an obligation to fully answer each and every interrogatory propounded and have not provided a legitimate reason for failing to do so with respect to this interrogatory.

### Interrogatory 2

Give a concise statement of the facts surrounding your interaction with each of the plaintiffs as you contend it occurred. In answering, please identify each and every document utilized, reviewed or relied upon to respond or which allegedly supports the representations in your response.

**Answer**

**Defendant objects to the interrogatory because it is overly broad, and calls for a narrative response that is more appropriate for a deposition than an interrogatory answer. Defendant states that a general statement of facts pertaining to his interactions with any of the plaintiff with any of the plaintiffs is contained within the police reports and any other documents that Defendants Belmar and St. Louis County produced to plaintiffs pursuant to the Rule 26 Initial Disclosures, and pursuant to Defendant's Response to Plaintiff's Request for Production of Documents. Therefore pursuant to FRCP 33(d), the answer to the interrogatory may be determined by examining the police reports.**

Each of the defendant officers provided the above non-answer. Whether or not the defendant officers believe that this interrogatory is more appropriate for a deposition is beside the point and consequently of no moment. It is a properly propounded interrogatory pursuant to F.R.C.P. 33 and therefore, requires an answer. As to your suggestion that "a general statement of facts pertaining to his interactions with any of the plaintiffs" is contained in police reports, no such reports have been provided to the plaintiffs and even if they have, each defendant has an obligation to specifically identify the particular records containing such information. More importantly, however, Rule 33(d), provides in relevant part as follows:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing **a party's business records** (including electronically stored information), **and if the burden of deriving or ascertaining the answer will be substantially the same for either party**, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could

as is obvious from the Rule, it has no applicability to the situation here. First of all, none of the police reports referenced are the business records of any of the defendant officers. Secondly, the burden of ascertaining the answer is not substantially the same and lastly, the defendant officers have completely failed to comply with the provisions of subsection (1). This interrogatory needs to be answered by each of the defendant officers forthwith.

### Interrogatory 3

Do you know of any person, including yourself, who will say that any of the plaintiffs did any act or omitted to do anything which caused or contributed to the happening of the occurrences referred to in the Complaint? If the Answer to this Interrogatory is in the affirmative, state the name of that plaintiff and identify each act or acts, or each failure to act on the part of that plaintiff which you claim caused or contributed to the aforementioned occurrence, giving the name, address, telephone number, and occupation of the person(s) who claim to have personal knowledge of any such act or mission.

### Answer

**The interrogatory is difficult for Defendant to understand. Defendant believes that pursuant to FRCP 33 (d) the answer to this interrogatory may be determined by examining the information produced and disclosed in Defendant Belmar's and St. Louis County's Rule 26 Initial Disclosures including police documents produced in Response to Plaintiffs' Request for Production of Documents. All St. Louis County Police Officers and St. Louis County employees may be contacted through counsel for the defendant.**

Each of the defendant officers provided the above non-answer. Pointedly, there is nothing at all about this interrogatory that is difficult. In fact, it is quite simple. Each of the defendant officers are asked - what did you see any plaintiff do or say that led to his or her arrest; who told you that any of the plaintiffs did or said anything that led to his or her arrest; and fully identify all persons noted. As to the attempt of the defendant officers to rely upon Rule 33(d) to justify their failure to properly answer plaintiffs' interrogatories, as noted above, that Rule has no applicability to the situation here.

First of all, none of the police reports referenced are the business records of any of the defendant officers. Secondly, the burden of ascertaining the answer is not substantially the same and lastly, the defendant officers have completely failed to comply with the provisions of subsection (1). This interrogatory needs to be answered by each of the defendant officers forthwith.

### Interrogatory 4

Do you know of any person, including yourself, who will say that a person not a party to this action did any act or omitted to do anything which you claim caused or contributed to the happening of the occurrences referred to in the Complaint? If the Answer to this Interrogatory is in the affirmative, identify the person, state each such act or acts, or each such failure to act, giving the name, address, telephone number and occupation of any and all persons who will make such a claim or who claim to have personal knowledge of any such act or mission. In addition, please identify any and all documents which you contend support your positions in this regard.

**Answer**

**Defendant objects because the interrogatory goes beyond information known to defendant, and seeks mental impression, theories and conclusions of attorneys. Therefore, the interrogatory calls for disclosure of work product and attorney client privileged information. Furthermore, the interrogatory is unduly burdensome and overly broad. Without waiving the objections pursuant to FRCP 33 (d) the answer may be determined by examining Defendant Belmar's and St. Louis County's Rule 26 Initial Disclosures, all documents produced in connection with the Disclosures, and documents produced in Response to Plaintiffs' Request for Production of Documents. All St. Louis County Police Officers and St. Louis County employees may be contacted through counsel for defendant.**

Each of the defendant officers provided the above non-answer. This is a simple interrogatory that asks each of the defendant officers to state whether or not there is anyone who is not a party to this lawsuit (not a plaintiff or a defendant) who did or said something that led to the arrest of either of the plaintiffs and to fully identify all persons noted. This interrogatory in no way seeks the mental impressions, theories and/or the conclusions of any attorney. As to the attempt of the defendant officers to rely upon Rule 33(d) to justify their failure to properly answer plaintiffs' interrogatories, as noted above, that Rule has no applicability to the situation here. First of all, none of the police reports referenced are the business records of any of the defendant officers. Secondly, the burden of ascertaining the answer is not substantially the same and lastly, the defendant officers have completely failed to comply with the provisions of subsection (1). This interrogatory needs to be answered by each of the defendant officers forthwith.

### Interrogatory 5

State the name, address, telephone number and occupation of all persons known to you who claim that they witnessed all or part any of the incidents referenced in the complaint, or who were near or at the scene at the time of any of the occurrences. State in detail what such persons claim to have witnessed.

### Answer

**The Third Amended Complaint references the civil unrest in Ferguson, Missouri in the days immediately following Michael Brown's death. It is exceptionally difficult and burdensome for defendant to list and identify all persons who may have been involved with, and or who responded to the unrest. For this reason, defendant objects that the interrogatory is overly broad and unduly burdensome. For those persons defendant has identified as having specific involvement with the plaintiffs and their claims, pursuant to FRCP 33 (d) the answer to this interrogatory way be determined by examining Defendant Belmar's and St. Louis County's Rule 26 Initial Disclosures, all documents produced in connection with the Disclosures including police reports in particular, and documents produced in response to Plaintiffs' Request for Production Eop Documents. All St. Louis County Police Officers and Employees may be contacted through counsel for defendant.**

Again, each of the defendant officers supply the identical non-answer to plaintiffs' interrogatory. The defendant officers were not asked to identify witnesses to the civil unrest in Ferguson, they were asked in this interrogatory to identify witnesses to **the incidents referenced in the complaint**. In other words, the defendant officers were asked to do nothing more than to identify the witnesses to their interaction with any plaintiff, to the detention of any plaintiff, and/or to the arrest of any plaintiff. There is nothing difficult and/or burdensome about such a request. As to the attempt of the defendant officers to rely upon Rule 33(d) to justify their failure to properly answer plaintiffs' interrogatories, as noted above, that Rule has no applicability to the situation here. First of all, none of the police reports referenced are the business records of any of the defendant officers. Secondly, the burden of ascertaining the answer is not substantially the same and lastly, the defendant officers. have completely failed to comply with the provisions of subsection (1). This interrogatory needs to be answered by each of the defendant officers forthwith.

### Interrogatory 6

State the name, address, telephone number and occupation of all persons known to you who arrived at any of the scenes within one (1) hour after any of the occurrences. State in detail what such persons claim to have witnessed.

Answer

**Defendant objects that the interrogatory is overly broad and unduly burdensome. Without waiving the objections, defendant believes that pursuant to FRCP 33 (d), the answer to this interrogatory may be determined by examining Defendant Belmar's and St. Louis County's Rule 26 Initial Disclosures, all documents produced in connection with the Disclosures including police reports in particular, and documents produced in Response to Plaintiffs' Request for Production of Documents. All St. Louis County Police Officers and St. Louis County employees may be contacted through counsel for defendant.**

Again, each of the defendant officers supply the identical non-answer to plaintiffs' interrogatory. In this instance, each of the defendant officers flat out refuse to answer the question put to them under the guise that stating and identifying any supervisory personnel, transport officers, medical personnel, etc., that arrived on the scene of their interaction with any of the plaintiffs' within one hour of the encounter, is overly broad and burdensome. There is nothing broad about the question and it is groundless to suggest that a police officer identifying witnesses to an incident in which he was involved is burdensome. . As to the attempt of the defendant officers to rely upon Rule 33(d) to justify their failure to properly answer plaintiffs' interrogatories, as noted above, that Rule has no applicability to the situation here. First of all, none of the police reports referenced are the business records of any of the defendant officers. Secondly, the burden of ascertaining the answer is not substantially the same and lastly, the defendant officers have completely failed to comply with the provisions of subsection (1). This interrogatory needs to be answered by each of the defendant officers forthwith.

### Interrogatory 7

State the name, address, telephone number and occupation of all persons known to you who are known by you to have, or have claimed to have, personal knowledge or information of relevant facts which may pertain to the cause of any of the occurrences or who was at any of the scenes at the time any of the plaintiffs were stopped, searched, detained or arrested. State in detail the personal knowledge or information possessed by all such persons.

Answer

**The Third Amended Complaint references the civil unrest in Ferguson, Missouri in the days immediately following Michael Brown's death. It is exceptionally difficult and burdensome for defendant to list and identify all persons who may have been involved with, and or who responded to the unrest. For this reason, the interrogatory is overly broad and unduly burdensome For those persons defendant has identified as having specific involvement with the**

> plaintiffs and their claims, see Defendant Belmar's and St. Louis County's Rule 26 Initial Disclosures, all documents produced in connection with the Disclosures including police reports in particular, and documents produced in response to Plaintiffs' Request for Production of Documents. Defendant believes that pursuant to FRCP 33 (d), the answer to this interrogatory may be determined by examining the documents and material referenced above. All St. Louis County Police Officers and Employees may be contacted through counsel for defendant.

Again, each of the defendant officers supply the identical non-answer to plaintiffs' interrogatory. The defendant officers were not asked to "list and identify all persons who may have been involved with, and or who responded to the unrest." They were simply asked in this interrogatory to identify all persons who may have relevant information or were at the scene of any plaintiffs' stop, search, detention or arrest. There is nothing difficult and/or burdensome about such a request. As to the attempt of the defendant officers to rely upon Rule 33(d) to justify their failure to properly answer plaintiffs' interrogatories, as noted above, that Rule has no applicability to the situation here. First of all, none of the police reports referenced are the business records of any of the defendant officers. Secondly, the burden of ascertaining the answer is not substantially the same and lastly, the defendant officers have completely failed to comply with the provisions of subsection (1). This interrogatory needs to be answered by each of the defendant officers forthwith.

### Interrogatory 8

Have any of the persons whose names were furnished in response to any of the foregoing Interrogatories, or anyone else, made or given to you, or any representative of the St. Louis County, Missouri, the St. Louis County Police Department, the City of Ferguson, the City of Ferguson Police Department, or any other person or entity, any statement or report concerning any of the incidents which are the subject of this lawsuit? If the Answer is in the affirmative, state the name, address, telephone number and occupation of each such person who made or gave such a statement or report, the dates thereof, the content of each such statement, whether it was written or reduced to writing and the names and addresses of any and all persons in custody or possession thereof. Please attach a copy of the same to your Answers.

Answer

> Defendant St. Louis County has previously produced its police reports related to the incidents referenced in the Third Amended Complaint Defendant objects to producing any statements obtained by counsel and/or in anticipation of litigation on the basis of the work product privilege and the attorney client privilege. Defendant does not have any statements of any of the plaintiffs which are not contained within the police reports or other documents produced to plaintiff. Without waiving the objection, Defendant believes that pursuant to

> **FRCP 33 (d), the answer to this interrogatory may be determined by examining the police reports previously produced.**

Again, each of the defendant officers supply the identical non-answer to plaintiffs' interrogatory. Instead of simply stating whether or not anyone has provided him a statement, or provided a statement to any law enforcement agency or anyone else that he knows of, the defendant officers refuse to answer the question and resort to some gibberish about not having to produce statements given to their counsel. What the defendant officers may or may not object to producing, has nothing whatsoever to do with answering whether or not statements exist and who provided them. The refusal of the defendant officers to answer this interrogatory makes no legal sense. As to the attempt of the defendant officers to rely upon Rule 33(d) to justify their failure to properly answer plaintiffs' interrogatories, as noted above, that Rule has no applicability to the situation here. First of all, none of the police reports referenced are the business records of any of the defendant officers. Secondly, the burden of ascertaining the answer is not substantially the same and lastly, the defendant officers have completely failed to comply with the provisions of subsection (1). This interrogatory needs to be answered by each of the defendant officers forthwith.

### Interrogatory 9

State the name, address, telephone number and occupation of any and all persons who investigated any of the facts or allegations relating to the issues in this case, including particularly, but not exclusively, all investigators, officers, detectives, police officials, experts and/or specialists, who conducted an investigation of any kind. State in detail the facts ascertained during the investigation and any findings and conclusion reached as a result thereof. Please attach a copy of any resulting reports(s) to your Answers.

### Answer

> **Defendant objects to the interrogatory to the extent it calls for attorney client and or work product information. The investigators into the individual incidents which are the subject of the Third Amended Complaint are listed in the Police Reports which Defendants St. Louis County and Jon Belmar previously produced. Therefore, without waiving the objection, Defendant believes that pursuant to FRCP 33 (d), the answer to this interrogatory may be determined by examining the police reports previously produced.**

Again, each of the defendant officers supply the identical non-answer to plaintiffs' interrogatory. Instead of simply identifying anyone known to him who investigated his interaction with any of the plaintiffs, the defendant officers prefer to talk about attorney client and work product which have nothing at all to do with the question asked. Even if defendants' counsel investigated the subject incidents, identifying the lawyer who did so would not implicate the attorney client privilege. The objection to this interrogatory is unabashedly frivolous. In addition, St. Louis County speaks for

itself, it does not and cannot speak for anyone else, including the defendant officers. The fact that St. Louis County has identified individuals that it claims investigated the subject incidents does not preclude the plaintiffs from obtaining from the defendant officers who they are aware of that may have investigated the subject incidents. And as has been repeatedly stated above, Rule 33(d) is not applicable to this situation.

### Interrogatory 12

Do you have within your possession or control, or do you have knowledge of any photograph, picture, audio or video recording, motion picture, plats or diagrams of any of the scenes, any plaintiff or other items which pertain in any way to any of the occurrences alleged in plaintiffs' complaint? If the answer to this Interrogatory is in the affirmative in any way, fully identify the item or items in your possession.

**Answer**

**Defendant will produce any audio and video recordings and photographs he may have of the plaintiffs There are too many recordings in various formats of the events in Ferguson, Missouri between August 11 and 13, 2014 to be able to list them all, or even produce them. Therefore, the interrogatory is overly burdensome. Defendant will, however, produce those recording of the specific plaintiffs, and those that he intends to use in the trial of this case. Defendant further has access to numerous plats and diagrams of the area in Ferguson, Missouri where the events that are the subject of the Third Amended Complaint. There are too many to list or even to produce, and therefore the interrogatory is overly burdensome. Defendant will produce any plats and diagrams he intends to use at trial as required by the Case Management Order. Defendant objects to producing any plat and/or diagrams which may be prepared specifically for trial preparation purposes, and not for use at trial on the basis of work product privilege. Defendant believes that pursuant to FRCP 33 (d), the answer to this interrogatory may be determined by examining the documents produced.**

Again, each of the defendant officers supply the identical non-answer to plaintiffs' interrogatory. Instead of simply answering the question asked, the defendant officers proceed to tell the plaintiffs what it wants to communicate about photographs, recordings, plats and diagrams. The defendant officers further advise the plaintiffs that they will produce certain things at some unidentified point in time. The defendant officers were asked if they had within their possession or control or knew of any photos, pictures, audio or video recordings or any plats or diagrams of the scene; any photos, audio or video recordings of the plaintiffs, or of any items which pertain to any of the incidents set forth in plaintiffs' complaint. This aspect of plaintiffs' interrogatory could have been answered yes or no. Only if the answer was yes was the defendant officers asked to identify anything that was in their possession or control or which they had knowledge of. The defendants were not asked to

produce anything in this interrogatory. Rule 33(d) has no applicability for the reasons stated previously. The defendant officers need to answer the interrogatory propounded forthwith.

### Interrogatory 14

Identify any and all lawsuits and/or disciplinary proceedings of any kind in which you have been involved in, in any way, during your tenure as a police officer and state in detail the nature of the disciplinary proceedings and/or lawsuit, the date of the disciplinary proceeding or lawsuit was filed, the allegations asserted therein, the outcome of the disciplinary proceedings or lawsuit, the name of all parties to the lawsuit, the forum and/or court in which the disciplinary proceeding or lawsuit was filed and the outcome of the proceeding, indicating whether the proceeding is still pending.

### Answer

**Defendant objects because the request is overly broad in that it is not limited to time or circumstances or to conduct that is the subject of the Third Amended Complaint. Further, it is not limited to complaints that were sustained or otherwise substantiated.**

Again, each of the defendant officers supply the identical non-answer to plaintiffs' interrogatory. In this instance, each of the defendant officers flat out refuse to answer the question put to them under the guise that it is overly broad because it is not limited "to time or to circumstances or to conduct that it is the subject of the Third Amended . This interrogatory is not even arguably **overbroad.** In the Third Amended complaint it is specifically alleged in plaintiffs' Count for failure to train, supervise and discipline that Defendants City of Ferguson, St. Louis County, Chief Belmar, and Chief Jackson **failed to properly train, supervise, control, direct, monitor and discipline the defendant officers.** This interrogatory seeks information that is directly related to proving that claim. The defendant officers further suggest that they do not have to answer this interrogatory because it is not limited to complaints that were sustained or otherwise substantiated. No such requirement exists under the law. The only requirement for obtaining discovery is that the information sought be reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs' interrogatory fully meets that requirement. Therefore, this interrogatory must be answered by each of the defendant officers forthwith.

### Interrogatory 15

Identify any and all instances wherein you have been the subject of any complaint(s) lodged by citizens during your tenure as a law enforcement officer and state in detail the nature of the complaint, the date of the complaint was lodged, the allegations asserted therein, the outcome of any proceedings related thereto, the name of the complaining party, indicating whether the complaint is still pending and identify any

and all documents which relate in any way to each such proceeding(s) or complaint(s)

**Answer**

**Defendant objects because the request is overly broad in that it is not limited to time or circumstances or to conduct that is the subject of the Third Amended Complaint. Further, it is not limited to complaints that were sustained or otherwise substantiated.**

Again, each of the defendant officers supply the identical non-answer to plaintiffs' interrogatory. In this instance, each of the defendant officers flat out refuse to answer the question put to them under the guise that it is overly broad because it is not limited "to time or to circumstances or to conduct that it is the subject of the Third Amended . This interrogatory is not even arguably **overbroad.** In the Third Amended complaint it is specifically alleged in plaintiffs' Count for failure to train , supervise and discipline that Defendants City of Ferguson, St. Louis County, Chief Belmar, and Chief Jackson **failed to properly train, supervise, control, direct, monitor and discipline the defendant officers**. This interrogatory seeks information that is directly related to proving that claim. The defendant officers further suggest that they do not have to answer this interrogatory because it is not limited to complaints that were sustained or otherwise substantiated. No such requirement exists under the law. The only requirement for obtaining discovery is that the information sought be reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs' interrogatory fully meets that requirement. Therefore, this interrogatory must be answered by each of the defendant officers forthwith.

### Interrogatory 16

Identify all reports, memorandums, notes, investigations or writings of any kind which refer to any of the plaintiffs, including the date of the document, author of the document, the recipient of the document and the subject matter of the document. Please produce all such documents.

**Answer**

**Defendant objects to the extent the interrogatory includes work product and attorney/client privileged information. Defendant states that he does not have in his possession any non-privileged documents not previously produced. Defendant believes that pursuant to FRCP 33 (d), the answer to this interrogatory may be determined by examining the documents produced.**

Again, each of the defendant officers supply the identical non-answer to plaintiffs' interrogatory. And again the defendant officers fail to answer the interrogatory propounded. This interrogatory asks that any report, memorandum, note, investigation or writing be identified by date, author and by its subject name. The defendant officers have not done that and they have an obligation to do that

under the Federal Rules. As to alleged privileged documents, no privilege exists which allows a party not to identify responsive documents or writings. In fact, if in fact there are responsive documents or writings that are responsive but privileged, the defendants should have prepared and provided a **privilege log**. This interrogatory must be appropriately answered forthwith.

### Interrogatory 20

If it is your contention that you did not interact with any of the plaintiffs during any of the incidents that are referenced in this lawsuit, identify all person(s) who you contend did interact with any plaintiff, providing their full name, rank, and business address.

### Answer

**Defendant's knowledge of the persons who interacted with any of the plaintiffs is contained in the police reports previously produced. Therefore pursuant to FRCP 33 (d), the answer to the interrogatory may be determined by examining the police reports.**

Again, each of the defendant officers supply the identical non-answer to plaintiffs' interrogatory. And again the defendant officers fail to answer the interrogatory propounded. Specifically, the defendant officers fail to indicate if it his contention that he did not interact with any of the plaintiffs. Then and only then, was the defendant officer to identify anyone that he contends did interact with any of the plaintiffs. Rule 33 (d) has no applicability whatsoever with this interrogatory as detailed above. The defendant officers need to answer this interrogatory in all respects, forthwith.

### Interrogatory 21

Describe in detail the reason you 1) drew your service weapon, 2) pointed it at a plaintiff, shot (either tear gas or a bullet of any kind) at any plaintiff, or 4) placed handcuffs on a plaintiff during any of the incidents that are the subject of this lawsuit.

### Answer

**Any action which defendant took with respect to any of the plaintiffs is contained in the police reports previously produced. Therefore pursuant to FRCP 33 (d), the answer to the interrogatory may be determined by examining the police reports.**

Again, each of the defendant officers supply the identical non-answer to plaintiffs' interrogatory. And again the defendant officers fail to answer the interrogatory propounded. Despite the fact that Rule 33 (d) has no applicability to this interrogatory whatsoever, there is no police report that has been provided to the plaintiffs that provide the reason why any of the defendant officers drew his

service weapon; pointed his firearm at any plaintiff; discharged his firearm in the direction of any plaintiff; or placed handcuffs on a plaintiff. Each of the defendant officers need to answer this interrogatory in all respects, forthwith.

## Interrogatory Answers of St. Louis County

### Interrogatory 1

Please fully identify the person(s), including the name and position of the person(s), and the basis for his/her knowledge, providing information and documents or any input whatsoever in response to these interrogatories.

**Answer**

**The answers are prepared by counsel and the phraseology is that of counsel, Michael E. Hughes and Priscilla F. Gunn. Counsel obtained the information for the answers from the documents referenced in the answers, and from various County employees.**

Plaintiffs' interrogatory specifically asks that the **various County employees** referenced in the answer as providing any input whatsoever be identified, and that the basis of his/her knowledge be provided. That was not done in response to this interrogatory. This interrogatory needs to be fully and appropriately answered.

### Interrogatories 2&3

Thess interrogatories are identical to interrogatories 2 & 3 that were propounded to the defendant officers and the answer provided by this defendant are identical to the answers by the defendant officers. While the County defendant may rely upon business records to answer an interrogatory **if the burden of deriving or ascertaining the answer will be substantially the same for either party**, it must specify . . . the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could. F.R.C.P. 33(d)(1). The County defendant has completely failed to comply with the provisions of subsection (1) inasmuch as it has done nothing to detail the documents responsive to the specific interrogatory other than point to police reports and suggest that **the answer to the interrogatory may be determined by examining the police reports**. This clearly and unequivocally does not constitute the sufficient detail envisioned by the Rule. These interrogatories need to be appropriately answered by the County defendant forthwith.

### Actual Interrogatory 4

Do you know of any person who will say that a person not a party to this action did any act or omitted to do anything which you claim caused or contributed to the

happening of the occurrences referred to in the Complaint? If the Answer to this Interrogatory is in the affirmative, identify the person who caused or contributed to the occurrences, state each such act or acts, or each such failure to act and provide the name, address, telephone number and occupation of any and all person(s) who claim to have personal knowledge of any such act or mission. In addition, please identify any and all documents which you contend support your positions in this regard.

The County defendant misnumbers this interrogatory as a second interrogatory no. 3. Nevertheless, its answer is the same as the answer to actual interrogatory 3, and therefore, suffers from the same deficiency.

### Actual Interrogatories 5-8

The County defendant has misnumbered these interrogatories as nos. 4,5,7 & 8. Its 4 is actually no. 5; its 5 is actually no. 6; the County fails to address the interrogatory actually numbered 6; its 7 & 8 are correctly numbered. Nevertheless, the answers provided are deficient because the County defendant has completely failed to comply with the provisions of F.R.C.P. 33(d)(1) inasmuch as it has done nothing to detail the documents responsive to the specific interrogatory other than point to police reports and suggest that **the answer to the interrogatory may be determined by examining the police reports**. This clearly and unequivocally does not constitute the sufficient detail envisioned by the Rule. The interrogatories need to be appropriately answered by the County defendant forthwith. As to plaintiffs' interrogatory 6, an answer must be provided.

### Interrogatory 15

Identify any and all instances wherein any of the defendant officers have been the subject of any lawsuit or disciplinary proceeding, within the last ten (10) years, and state in detail the nature of the disciplinary proceedings and/or lawsuit, the date of the disciplinary or lawsuit was filed, the allegations asserted therein, and the outcome of the disciplinary proceedings or lawsuit, the name of all parties to the lawsuit, the court in which the lawsuit was filed and the outcome of the lawsuit, indicating whether the lawsuit is still pending.

### Interrogatory 16

Identify any and all lawsuits and/or disciplinary proceedings of any kind in which any of the defendant officers have been involved in any way during his/her tenure as a law enforcement officer and state in detail the nature of the disciplinary proceedings and/or lawsuit, the date of the disciplinary or lawsuit was filed, the allegations asserted therein, the outcome of the disciplinary proceedings or lawsuit, the name of all parties to the lawsuit, the forum and/or court in which the disciplinary proceeding or lawsuit was filed and the outcome of the proceeding, indicating whether the proceeding is still pending.

### Interrogatory 17

Identify any and all instances wherein any of the defendant officers have been the subject of any complaint(s) lodged by citizens during his/her tenure as a law enforcement officer and state in detail the nature of the complaint, the date the complaint was lodged, the allegations asserted therein, the outcome of any proceedings related thereto, the name of the complaining party, indicating whether the complaint is still pending and identify any and all documents which relate in any way to each such proceeding(s) or complaint(s).

St. Louis County answered each of these interrogatories exactly the same:

**Defendant objects because the request is overly broad in that it is not limited to time or circumstances or to conduct that is the subject of the Third Amended Complaint. Further, it is not limited to complaints that were sustained or otherwise substantiated.**

In response to these interrogatories, the County defendant, just as the defendant officers similarly responded, flat out refuses to answer the questions put to it under the guise that they are overly broad because it is not limited "to time or to circumstances or to conduct that it is the subject of the Third Amended. Contrary to this specious contention, these interrogatories are not even arguably **overbroad.** In the Third Amended complaint it is specifically alleged in plaintiffs' Count for failure to train , supervise and discipline that Defendants City of Ferguson, St. Louis County, Chief Belmar, and Chief Jackson **failed to properly train, supervise, control, direct, monitor and discipline the defendant officers**. This interrogatory seeks information that is directly related to proving that claim. The defendant officers further suggest that they do not have to answer this interrogatory because it is not limited to complaints that were sustained or otherwise substantiated. No such requirement exists under the law. The only requirement for obtaining discovery is that the information sought be reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs' interrogatory fully meets that requirement. Therefore, this interrogatory must be answered by the County defendant forthwith.

### Interrogatory 22

Describe in detail the role your Chief of Police played in the investigation into the incidents set forth herein.

**Answer**

**The Chief did not personally investigate any of the incidents.**

The County defendant was not asked if the Chief of Police personally investigated anything, the

County defendant was asked to describe in detail what role the Chief of police played in the investigations. The County defendant has not answered that question and it is obligated to do so.

To be sure, Rule 33 requires that the answers of the County defendant be provided by an officer or an agent of the County defendant and that they be signed under oath. Please explain the role of counsel since it was indicated that counsel for the County defendant provided its answers. More importantly, however, it is noted that the interrogatories have not been executed under oath as required by the Federal Rules and are therefore, null and void as a matter of law.

As a final aside, the plaintiffs note that none of the defendants have properly responded to their requests for production of documents. We shall address those deficiencies under separate cover.

Sincerely,

/s/

Gregory L. Lattimer