UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACEY WHITE ET AL, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No.: 4:14CV01490 HEA |
| THOMAS JACKSON, ET AL, | ) ) ) |
| Defendants. | ) |

## *DEFENDANTS CITY OF FERGUSON, THOMAS JACKSON, JUSTIN COSMA, MATT DELIA, BRANDON MCKINNON, AND RYAN DEVOUTON'S JOINT MOTION FOR SUMMARY JUDGMENT*

COME NOW Defendants, the City of Ferguson, former Ferguson Chief of Police Thomas Jackson, former Ferguson Police Officer Justin Cosma, and Maryland Heights Lieutenant Matt Delia and Officers Brandon McKinnon and David "Ryan" DeVouton, and for their Joint Motion for Summary Judgment, state:

1. Plaintiffs Tracey White, William Davis, Dwayne Anton Mathews, Jr., Damon Coleman, Theophilus Green, Kerry White, Antawn Harris, Nathan Burns, Kai Bowers, and Sandy Bowers have filed their Third Amended Complaint (Doc. No. 81) against several defendants, including the City of Ferguson, former Ferguson Chief of Police Thomas Jackson, former Ferguson Police Officer Justin Cosma, Maryland Heights Police Lieutenant Matt Delia, and Maryland Heights Police Officers Brandon McKinnon and David "Ryan" DeVouton.

{01622149.DOCX;1}

2. This Court has dismissed Plaintiffs' allegations of failure to supervise and intentional infliction of emotional distress. Doc. No. 103.

3. Accordingly, the remaining claims of Plaintiffs' Third Amended Complaint (Doc. No. 81) against Defendants in this lawsuit are (separated by Plaintiff):

- Tracey White and William Davis:
    - o A. False Arrest against former City of Ferguson Police Officer Justin Cosma and St. Louis County Police Officers David Ryan, Terrence McCoy, and Michael McCann;
    - o D. Assault and Battery against the same;
    - o E. 42 U.S.C. § 1983 claim regarding alleged assault and unlawful arrest under the Fourth Amendment against the same;
    - o F. 42 U.S.C. § 1983 against the City of Ferguson, former City of Ferguson Police Chief Thomas Jackson, St. Louis County, and St. Louis County Police Chief Jon Belmar; regarding alleged failure to train, supervise, control, direct, monitor, and discipline officers from their respective departments.
- Dewayne A. Matthews, Jr.:
    - o A. False Arrest against St. Louis County Police Officers Derik Jackson, Joe Patterson, William Bates, Nicholas Payne, and Aaron Vinson;
    - o D. Assault and Battery against the same;
    - o E. 42 U.S.C. § 1983 claim regarding excessive force and unlawful arrest under the Fourth Amendment against the same;
    - o F. 42 U.S.C. § 1983 claim against the City of Ferguson, former City of Ferguson Police Chief Thomas Jackson, St. Louis County, and St. Louis County Police Chief Jon Belmar; regarding alleged failure to train, supervise, control, direct, monitor, and discipline officers from their respective departments;
- Kerry White:
    - o A. False Arrest against St. Louis County Police Officers Michael McCann, Terrence McCoy, Antonio Valentine, and Daniel Hill;

- o C. Assault and Battery against the same;
- o D. 42 U.S.C. § 1983 claim regarding excessive force and unlawful seizure under the Fourth Amendment against the same;
- o E. 42 U.S.C. § 1983 claim against the City of Ferguson, former City of Ferguson Police Chief Thomas Jackson, St. Louis County, and St. Louis County Police Chief Jon Belmar; regarding alleged failure to train, supervise, control, direct, monitor, and discipline officers from their respective departments;
- Damon Coleman and Theophilus Green:
    - o A. False Arrest against the "Maryland Heights Police Department" (presumably Plaintiffs intended to name Lt. Matt Delia, Officer Brandon McKinnon, and Officer Ryan DeVouton of the City of Maryland Heights Police Department);
    - o D. Assault and Battery against the same;
    - o E. 42 U.S.C. § 1983 claim regarding illegal seizure and excessive force under the Fourth Amendment against the same;
    - o F. 42 U.S.C. § 1983 claim against St. Louis County and St. Louis County Police Chief Jon Belmar; regarding alleged failure to train, supervise, control, direct, monitor, and discipline.
- Antawn Harris:
    - o C. Assault and Battery against "as of yet unidentified St. Louis County police officers" (Doc. No. 81, ¶¶ 130, 135–36);
    - o D. 42 U.S.C. § 1983 claim regarding illegal seizure and excessive force under the Fourth Amendment against "as of yet unidentified officer defendants" (*id.* at 137);
    - o E. 42 U.S.C. § 1983 claim against the City of Ferguson, former City of Ferguson Police Chief Thomas Jackson, St. Louis County, and St. Louis County Police Chief Jon Belmar; regarding alleged failure to train, supervise, control, direct, monitor, and discipline officers from their respective departments.

3

- Nathan Burns:
    - A. False Arrest against St. Louis County Police Officer Michael McCann, Terrence McCoy, and Daniel Hill;
    - D. Assault and Battery against the same;
    - E. 42 U.S.C. § 1983 claim regarding illegal seizure and excessive force under the Fourth Amendment against the same;
    - F. 42 U.S.C. § 1983 against the City of Ferguson, former City of Ferguson Police Chief Thomas Jackson, St. Louis County, and St. Louis County Police Chief Jon Belmar; regarding alleged failure to train, supervise, control, direct, monitor, and discipline officers from their respective departments.
- Sandy Bowers and Kai Bowers:
    - A. False Arrest against St. Louis County Officers Michael McCann, Daniel Hill, Antonio Valentine, Terrence McCoy, and Nicholas Payne;
    - C. Assault and Battery against the same;
    - E. 42 U.S.C. § 1983 claim regarding illegal seizure and excessive force under the Fourth Amendment against the same;
    - F. 42 U.S.C. § 1983 claim against the City of Ferguson, former City of Ferguson Police Chief Thomas Jackson, St. Louis County, and St. Louis County Police Chief Jon Belmar; regarding alleged failure to train, supervise, control, direct, monitor, and discipline officers from their respective departments.

4. Defendants the City of Ferguson, Chief Jackson, Officer Cosma, Lt. Delia, and Officers McKinnon and DeVouton are each entitled to summary judgment on all plaintiffs' claims against them pursuant to the following outline explained in further detail in their Memorandum in Support's Argument section:

**A. The Maryland Heights Police Officers are entitled to summary judgment on all remaining counts because Plaintiffs Damon Coleman and Theophilus Green cannot meet their burden of proof regarding each and every element of their claims and because each of these officers are entitled to qualified immunity.**

1. *The Maryland Heights Officers are entitled to summary judgment on Plaintiffs Coleman and Green's claim of false arrest due to official immunity.*

2. *The Maryland Heights Officers are entitled to summary judgment on Plaintiffs Coleman and Green's claim of assault and battery as Plaintiffs Coleman and Green cannot establish the elements as to any of these three officers.*

3. *The Maryland Heights Officers are entitled to summary judgment and qualified immunity on Plaintiffs Coleman and Green's federal claims under the Fourth Amendment as it is undisputed the officers had arguable probable cause to conduct their arrests and there is no evidence these officers used any force beyond that that force which was reasonably necessary to effectuate the arrest.*

    a. The Maryland Heights Officers are entitled to summary judgment regarding Plaintiffs Coleman and Green's federal claim for excessive force.

    b. The Maryland Heights Officers are entitled to summary judgment regarding Plaintiffs Coleman and Green's federal claims for false arrest.

    c. The Maryland Heights Officers, in their individual capacities, are entitled to summary judgment regarding Plaintiffs Coleman and Green's federal claims due to qualified immunity.

    d. The Maryland Heights Officers, in their official capacities, are entitled to summary judgment regarding Plaintiffs Coleman and Green's federal claim due to redundancy and failure to establish any constitutes a "final policymaker."

B. **Former Ferguson Police Officer Justin Cosma is entitled to summary judgment on all remaining counts because the uncontroverted and undisputed evidence establishes Officer Cosma was not involved in the arrest of any Plaintiff and because he is entitled to qualified immunity.**

   1. *Officer Cosma is entitled to summary judgment on Plaintiffs White and Davis' claim of false arrest as it is undisputed Officer Cosma did not arrest either Plaintiff White or Davis.*

   2. *Officer Cosma is entitled to summary judgment on Plaintiffs White and Davis' claim of assault and battery as it is undisputed Officer Cosma did not use or attempt to use any force against either Plaintiff White or Davis.*

   3. *Officer Cosma is entitled to summary judgment regarding Plaintiffs White and Davis' federal claims under the Fourth Amendment as it is undisputed Officer Cosma did not arrest, or use or attempt to use any force against either Plaintiffs White or Davis.*

5

    a. <u>Officer Cosma is entitled to summary judgment regarding Plaintiffs White and Davis' federal claim for excessive force.</u>

    b. <u>Officer Cosma is entitled to summary judgment regarding Plaintiffs White and Davis' federal claim for false arrest.</u>

    c. <u>Officer Cosma, in his individual capacity, is entitled to summary judgment regarding Plaintiffs White and Davis' federal claim due to qualified immunity.</u>

    d. <u>Officer Cosma, in his official capacity, is entitled to summary judgment regarding Plaintiffs White and Davis' federal claims as there is no underlying constitutional violation, the claims are redundant, and there is no evidence Officer Cosma was a final policymaker of the City of Ferguson.</u>

**C. Thomas Jackson is entitled to summary judgment on all remaining counts because Plaintiffs have adduced no evidence (as none exists) to establish any involvement of Thomas Jackson in his individual or official capacities regarding the subject occurrences.**

    1. *Thomas Jackson is entitled to qualified immunity ong Plaintiffs' claims against him in his individual capacity as there is no evidence he was individually involved in any of the alleged occurrences.*

    2. *Thomas Jackson is entitled to summary judgment on claims against him in his official capacity as there is no evidence of any underlying constitutional violation, such claim is redundant to the claim against the City of Ferguson, and Plaintiffs have not pleaded or proved that as a matter of state law, he was the final policymaker regarding any of the subject occurrences.*

**D. The City of Ferguson is entitled to summary judgment on all remaining counts because Plaintiffs have adduced no evidence (as none exists) to establish the City of Ferguson's policies or procedures were the moving force behind any alleged constitutional violations.**

    1. *Plaintiffs' claims fail because there is no underlying constitutional deprivation.*

    2. *Plaintiffs cannot prevail because the rights of which Plaintiffs complain were not clearly established at the time of the subject arrest.*

    3. *Plaintiffs have no evidence the City had any policy, custom, or training causing constitutional deprivations to Plaintiffs.*

        a. <u>Plaintiffs have failed to identify or establish that any policy or regulation of the City was unconstitutional on its face or by implementation.</u>

6

    b. <u>Plaintiff has not presented "detailed evidence," about a "continuing, widespread, persistent pattern of unconstitutional conduct" or custom by officers in the City.</u>

    c. <u>Plaintiffs have not established the City was responsible for training or supervising Defendant Officers or that such officers received inadequate training which was the moving force behind any constitutional violation to Plaintiffs.</u>

4. *Plaintiffs' claim for punitive damages against the City cannot prevail as a matter of law.*

WHEREFORE, Defendants respectfully request that this Court enter its Order and Judgment granting Defendants' Motion for Summary Judgment on all counts against them, for their costs and fees expended, and for such further relief this Court deems just and proper.

/s/Peter J. Dunne
Peter J. Dunne   #31482MO
Robert T. Plunkert   #62064MO
PITZER SNODGRASS, P.C.
Attorneys for Defendants City of Ferguson,
Chief Thomas Jackson, Officers Justin Cosma,
Matt Delia, Devouton, and McKinnon
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 7th day of April, 2016, to be served by operation of the Court's electronic filing system upon the following:

- Gregory L. Lattimer, Attorney for Plaintiffs, 1200 G. Street, N.W., Suite 800, Washington, D.C. 20005, lattlaw@aol.com;
- Malik Z. Shabazz, Attorney for Plaintiffs, 1200 G. Street, N.W., Suite 800, Washington, D.C. 20005, attorney.shabazz@yahoo.com;
- Reginald A. Green, Attorney for Plaintiffs, One Georgia Center, Suite 605, 600 West Peachtree Street, N.W., Atlanta, Georgia 30308, rgreene@greenelegalgroup.com; and
- Michael E. Hughes, Attorney for Defendants St. Louis County and Chief Jon Belmar, 41 S. Central Ave, Clayton MO 63105, mhughes2@stlouisco.com. pgunn@stlouisco.com.

/s/ Peter J. Dunne

{01622149.DOCX;1}