UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACEY WHITE ET AL, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No.: 4:14CV01490 HEA |
| | ) |
| THOMAS JACKSON, ET AL, | ) |
| | ) |
| Defendants. | ) |

## *DEFENDANTS CITY OF FERGUSON, THOMAS JACKSON, JUSTIN COSMA, MATT DELIA, BRANDON MCKINNON, AND RYAN DEVOUTON'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT*

COME NOW Defendants, the City of Ferguson, former Ferguson Chief of Police Thomas Jackson, former Ferguson Police Officer Justin Cosma, and Maryland Heights Police Lieutenant Matt Delia and Police Officers Brandon McKinnon and David "Ryan" DeVouton, by and through their attorneys, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, propound the following Statement of Uncontroverted Material Facts in Support of their Motion for Summary Judgment:

1. On August 11, 2014, Lt. Delia, P.O. DeVouton, and P.O. McKinnon were performing duties as licensed peace officers at the request of St. Louis County, Missouri, and by virtue of the order and assignment to duty by the City of Maryland Heights Police Department.  Ex. A, Lt. Matt Delia, Dep. 10:8–11:9, Oct. 1, 2015; ex. D, Police Report of Arrest of Plaintiffs Damon Coleman and Theophilus Green.

2. On August 11, 2014, at least one officer of the St. Louis County Police Department determined the protest near West Florissant area had turned more violent and more civilly disobedient.  Ex. A, Lt. Delia Dep. 8:5–23, 15:24–17:4; ex. B, Det. Edwin Menzenwerth Dep. 66:4–67:19, Nov. 30, 2015; ex. C, Robert Pusins Dep. 196:15–197:6, Jan. 7, 2016; ex. J, David "Ryan" DeVouton Dep. 8:4–9:1, Oct. 1, 2015.

3. On August 11, 2014, at least one officer of the St. Louis County Police Department determined that the police were to clear the protesters, by-standers and other people from the area near West Florissant.  *Id.*

4. On August 11, 2014, at least one officer of the St. Louis County Police Department determined the area near West Florissant constituted an unlawful assembly and informed Lt. Delia of the same.  *Id.*

5. On August 11, 2014, Lt. Delia, P.O. DeVouton, and P.O. McKinnon heard police deliver several audible commands to the protesters, by-standers and other people to leave / disperse the area near West Florissant.  Ex. A, Lt. Delia Dep. 18:12–20:2; ex. I, Brandon McKinnon Dep. 12:23–13:4, Oct. 1, 2015; ex. J, DeVouton Dep. 13:9–14; ex. D, Damon Coleman and Theophilus Green Police Report; ex. E, Damon Coleman Dep. 41:24–42:1, Oct. 14, 2015; ex. F, Theophilus Green Dep. 49:12–18, Oct. 26, 2015; ex. G, Antonio French Dep. 32:14–36:7; ex. H, Damon Coleman Video.

6. On August 11, 2014, Lt. Delia, P.O. DeVouton, and P.O. McKinnon were all present and did not observe Plaintiffs Coleman and Green leave the subject parking near West Florissant after being ordered to do so and before Plaintiffs Coleman and Green were placed under arrest.  Ex. H, Damon Coleman Video.

{01606524.DOCX;1}

7. Lt. Delia perceived Plaintiffs Coleman and Green making throwing motions and throwing items toward himself and towards other police officers.  Ex. A, Lt. Delia Dep. 16:16–17:4, 17:22–18:6.

8. Lt. Delia informed P.O. DeVouton that Lt. Delia had observed Plaintiffs Coleman and Green throwing items at officers. Ex. J, DeVouton Dep. 12:12–20, 15:22–16:1, 16:17–22.

9. P.O. McKinnon did not place Plaintiffs Coleman or Green in handcuffs. Ex. I, McKinnon Dep. 17:16–22.

10. On August 11, 2014, neither Lt. Delia, nor P.O. DeVouton, nor P. O. McKinnon possessed or were equipped with any weapons or firearms capable of discharging less-lethal projectiles such as rubber bullets, mace/pepper balls, or bean bags. Ex. K, Lt. Delia Affidavit; ex. L, P.O. DeVouton Affidavit; ex. M, P.O. McKinnon Affidavit.

11. On August 11, 2014, neither Lt. Delia, nor P.O. DeVouton, nor P. O. McKinnon discharged any less-lethal munitions in conjunction with the arrest of Mr. Damon Coleman and Mr. Theophilus Green. Ex. K, Lt. Delia Affadavit; ex. L, P.O. DeVouton Affidavit; ex. M, P.O. McKinnon Affidavit.

12. On August 11, 2014, neither Lt. Delia, nor P.O. DeVouton, nor P. O. McKinnon observed each other ever discharge any less-lethal munitions in conjunction with the arrests of Plaintiffs Damon Coleman and Theophilus Green. Ex. K, Lt. Delia Affidavit; ex. L, P.O. DeVouton Affidavit; ex. M, P.O. McKinnon Affidavit.

13. Plaintiffs did not identify any of the three Defendant Maryland Heights Officers (Lt. Delia, P.O. DeVouton, nor P. O. McKinnon) as an officer who allegedly used force against them.  Ex. E, Coleman Dep. 46:5–9, 73:12–16, 131:7–13; ex. F, Green Dep. 46:5–47:1.

14. P.O. Cosma was a police officer for the City of Ferguson and was performing duties as such on August 13, 2014.  Ex. P, Cosma Dep. 6:15–7:4; 11:2–6, 31:14–17; 42:5–10, Oct. 29, 2015.

15. No force was used either against Ms. Tracey White or her son, William Davis, inside the McDonald's off of West Florissant in Ferguson.  Ex. N, Tracey White Dep. 128:16–129:15, Sept. 29, 2015.

16. P.O. Cosma has never come in contact with Tracey White.  Ex. P, Cosma Dep. 57:11–14.

17. Tracey White was arrested by a St. Louis County Police Officer and two St. Charles Police Officers.  Ex. R, David Ryan Dep. 38:5–8, Oct. 1, 2015.

18. William Davis was arrested by St. Louis County Officer Terrence McCoy.  Ex S, Terrence McCoy Dep.  83:8–84:8, Oct. 1, 2015.

19. Any officer associated with the arrests of either Ms. White or Mr. Davis were with either the St. Louis County Police Department of St. Charles Police Department.  Ex.  R, Ryan Dep. 44:24–45:9; ex. O, GoPro Video; ex. S, Ms. White and Mr. Davis Police Report; ex. B, Edwin Menzenwerth Dep. 75:12–15; ex. C, Pusins Dep. 84:18–23, 159:16–160:3; ex. S, Police Report of Tracey White and William Davis.

20. P.O. Cosma was not involved in any use of force towards or the arrests of Tracey White and William Davis.  *Id.*

21. Mr. Thomas Jackson was the Chief of the City of Ferguson in the subject time frame.  Ex. T, Thomas Jackson Dep. 11:23–12:12, Oct. 27, 2015.

22. During all times relevant to Plaintiffs' allegations, Mr. Jackson was not a final policymaker with respect to police response in the subject areas of demonstrations on and near West Florissant where Plaintiffs allege force was used against them and where

4

Plaintiffs allege they were arrested.  Ex. T, T. Jackson Dep. 107:3–23; 37:18–40:24; 45:3–8.

23. During all times relevant to Plaintiffs allegations, St. Louis County Police Chief Belmar was the ultimate officer in command of the subject areas of demonstrations on and near West Florissant where Plaintiffs allege force was used against them and they were arrested.  Ex. U, Jon Belmar Dep. 66:11–67:1, Oct. 27, 2015.

24. During all times relevant to Plaintiffs allegations, the St. Louis County Police Department (and not the City of Ferguson Police Department) was the entity with command and jurisdiction over the subject areas of demonstrations on and near West Florissant where Plaintiffs allege force was used against them and where Plaintiffs allege they were arrested.  Ex. T, T. Jackson Dep. 107:3–23; 37:18–40:24; 45:3–8; ex. U, Belmar Dep. 66:11–67:1; ex. B, Det. Menzenwerth Dep. 70:22–74:20; ex. R, Ryan Dep. 45:10–46:14; ex. V, Richard Mundy Dep. 72:3–74:14, Oct. 26, 2015.

WHEREFORE, Defendants respectfully request that this Court enter its Order and Judgment granting Defendants' Motion for Summary Judgment on all counts against them, for their costs and fees expended, and for such further relief this Court deems just and proper.

/s/Peter J. Dunne
Peter J. Dunne   #31482MO
Robert T. Plunkert   #62064MO
PITZER SNODGRASS, P.C.
Attorneys for Defendants City of Ferguson,
Chief Thomas Jackson, Officers Justin Cosma,
Matt Delia, Devouton, and McKinnon
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

5

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 7th day of April, 2016, to be served by operation of the Court's electronic filing system upon the following:

- Gregory L. Lattimer, Attorney for Plaintiffs, 1200 G. Street, N.W., Suite 800, Washington, D.C. 20005, lattlaw@aol.com;
- Malik Z. Shabazz, Attorney for Plaintiffs, 1200 G. Street, N.W., Suite 800, Washington, D.C. 20005, attorney.shabazz@yahoo.com;
- Reginald A. Green, Attorney for Plaintiffs, One Georgia Center, Suite 605, 600 West Peachtree Street, N.W., Atlanta, Georgia 30308, rgreene@greenelegalgroup.com; and
- Michael E. Hughes, Attorney for Defendants St. Louis County and Chief Jon Belmar, 41 S. Central Ave, Clayton MO 63105, mhughes2@stlouisco.com. pgunn@stlouisco.com.

/s/ Peter J. Dunne

{01606524.DOCX;1}