UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TRACEY WHITE ET AL, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| vs. | ) | Case No.: 4:14CV01490 HEA |
|  | ) |  |
| THOMAS JACKSON, ET AL, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## *DEFENDANTS CITY OF FERGUSON, THOMAS JACKSON, JUSTIN COSMA, MATT DELIA, BRANDON MCKINNON, AND RYAN DEVOUTON'S MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO EXCLUDE EXPERT TESTIMONY PURSUANT TO* DAUBERT

COME NOW Defendants, City of Ferguson, former Ferguson Chief of Police Thomas Jackson, former Ferguson Police Officer Justin Cosma, and Maryland Heights Lieutenant Matt Delia and Officers Brandon McKinnon and David "Ryan" DeVouton ("Defendants"), and for their Memorandum in Support of their Joint Motion to Exclude Testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), state:

### I.    INTRODUCTION

The remaining counts[1] in Plaintiffs' Third Amended Complaint (Doc. No. 81) include state law claims of false arrest, battery, and assault, and federal claims based on 42 U.S.C. § 1983 and the Fourth Amendment regarding excessive force, unlawful arrest, and municipal

---

[1] This Court has dismissed all state law claims regarding negligent supervision and intentional infliction of emotional distress. Doc. No. 103.

liability. For the reasons stated below, the expert opinion testimony of Plaintiffs' purported expert, Mr. Robert Pusins, should be excluded.

## II.     STANDARD OF REVIEW

The Eighth Circuit will review a district court's decision to exclude expert testimony under an abuse of discretion standard. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 570 (8th Cir. 2009). The Eighth Circuit "will not reverse the district court unless the district court abused its discretion and its ruling had a substantial influence on the outcome. *Id.* (internal citation omitted).

## III.    ARGUMENT

**A. Law: F.R.E. 702 and its requirements.**

"The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence." *Id.*; *see also Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006). Pursuant to Federal Rule of Evidence 702:

> A district court applies a three-part test when screening expert testimony under Rule 702: First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*United States v. Ameren Missouri*, 2016 WL 728234, at *27 (E.D. Mo. Feb. 24, 2016) (internal citations and block quotation omitted).

"A witness can be qualified as an expert by "knowledge, skill, experience, training, or education, and it is the responsibility of the trial judge to determine whether a particular expert has sufficient specialized knowledge to assist jurors in deciding the specific issues in the case." *Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.*, 254 F.3d 706, 715 (8th Cir.

2001); *but see* F.R.E. 702 (amended in 2011 to change "assist" to "help"). Helpfulness to the trier of fact is the "touchstone" of Rule 702. *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993). For expert testimony to be admissible, it must go "beyond the ken of people of ordinary intelligence." *U.S. v. Davis*, 457 F.3d 817, 824 (8th Cir. 2006). "It is true that relevant testimony from a qualified expert is admissible only if the expert knows of facts which enable him to express a reasonably accurate conclusion as opposed to conjecture or speculation." *Jones v. Otis Elevator Co.*, 861 F.2d 655, 662 (11th Cir. 1988). "[T]rial courts can screen out experts who would act as mere conduits for hearsay by strictly enforcing the requirement that experts display some genuine 'scientific, technical, or other specialized knowledge [that] will help the trier of fact to understand the evidence or to determine a fact in issue.'" *Williams v. Illinois*, 132 S.Ct. 2221, 2241 (U.S. 2012) (citing F.R.E. 702(a)).

The Eighth Circuit has considered several nonexhaustive factors when determining the reliability of an expert's opinion:

> (1) whether the theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; (4) whether the theory has been generally accepted; ... [(5)] whether the expertise was developed for litigation or naturally flowed from the expert's research; [(6)] whether the proposed expert ruled out other alternative explanations; and [(7)] whether the proposed expert sufficiently connected the proposed testimony with the facts of the case.

*Fancher v. Klann*, 2014 WL 4294960, at *2 (D. Minn. 2014) (citing *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686–87 (8th Cir. 2001).

**B. Robert Pusins' testimony should be excluded because Plaintiffs have not established, and cannot establish by a preponderance of the evidence, that his testimony is admissible pursuant to F.R.E. 702.**

On December 15, 2015, Plaintiffs disclosed Robert Pusins as a purported expert in police practices and procedures. Ex. A, Pusins' signed report. As Plaintiffs cannot meet their burden in

establishing F.R.E.'s four criteria and the above three-part test, the testimony of Mr. Pusins should be excluded pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

In his report, Mr. Pusins cited to supposed findings by the United States Department of Justice ("DOJ") and the Community Oriented Policing Services ("COPS") before disclosing and stating his opinions on page 10 of his report. Ex. A. Mr. Pusins' opinions are summarized, in his own words, by each heading: "1. Arrests were made without articulation and documentation of probable cause. . . 2. Supervisory Oversight of Arrests and Articulation and Documentation of Probable Cause. . . 3. Use of Force. . . [and] 4. Decontamination and Medical Aid to Injured Prisoners." Defendants will discuss how each of the above opinions are inadmissible, including by the citation to the DOJ and COPS reports.

1. *Mr. Pusins' opinions regarding any alleged failure to document probable cause should be excluded as they do not assist the trier of fact in determining the ultimate issues.*

Mr. Pusins believed the alleged failure of the officers to document probable cause violated "widely accepted police practices, falls below the standard of care for arrests and is unreasonable and <u>can lead</u> to constitutional violations." Ex. A (emphasis added).

Mr. Pusins' testimony regarding any delay in documenting the arrests in police reports or failure to require a probable cause statement (sign and sworn) does not assist the trier of fact determine whether there was a false arrest, battery, assault, any excessive force, an unlawful arrest within the meaning of the Fourth Amendment, or any municipal liability as to the City of Ferguson or officers in their official capacity. *Walls v. Pastor*, 2012 WL 5392177, *4 (W.D. Wash. 2012) (failure to state a claim where there was an alleged delay in filing the police report); *see also Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996) (no showing gender caused

failure to investigate, therefore no claim under equal protection clause) (citing *Gomez v. Whitney*, 757 F.2d 1005, 1006, n.1 (9th Cir. 1985)); *Scott v. BJC Behavioral Health*, 2011 WL 2899141, at *4 (E.D. Mo. 2011) ("The courts have not recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."). Moreover, whether an officer's articulation of probable cause is reduced to a signed and sworn affidavit is immaterial to the question of whether excessive force is used or whether an arrest was unlawful. "Probable cause exists when the totality of the circumstances at the time of the arrest are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." *Michael Barrientez v. Jefferson County*, 2016 WL 915188, at *6 (E.D. Mo. Mar. 10, 2016) (citing *Peterson v. Kopp*, 754 F.3d 594, 598 (8th Cir. 2004)). There is no evidence the City of Ferguson or any of the Maryland Heights Officers (Lt. Delia, P.O. DeVouton, and P.O. McKinnon) participated in or had any knowledge there would be a delay in documenting probable cause for the subject arrests. *See* ex. B, Robert Pusins Dep. 205:6–15 (Mr. Pusins "didn't get into trying to make a determination if probable cause existed or did not exist[,]" and that "the delay in reporting, which in my estimation adds to the - - the credibility and thoroughness and accuracy of the police officers.").

Accordingly, as Mr. Pusins' testimony regarding documentation of probable cause by St. Louis County does not assist a trier of fact with respect to determining liability or damages with respect to the City of Ferguson, Thomas Jackson, Justin Cosma, Matt Delia, Ryan DeVouton, and Brandon McKinnon, his testimony on this topic should be excluded.

2. *Mr. Pusins' opinions regarding oversight of arrests and documentation of probable cause should be excluded as they do not assist the trier of fact in determining the ultimate issues.*

Mr. Pusins conceded his opinion in the second category regarding oversight was not related to any alleged violation relating to the arrests of Plaintiffs Mr. Coleman and Mr. Green. Ex. B, Pusins Dep. 215:12 –216:12, 259:4–14, Jan. 7, 2016 (role was to say there should be supervisory oversight of the arrests and reports). Mr. Pusins was unable to state who was responsible for supervising the Maryland Heights Officers in this incident. *Id.* at 215:1–11. As explained in Defendants' Motion for Summary Judgment, the undisputed evidence is that St. Louis County was the supervising agency with respect to the Maryland Heights Officers' activity on August 11, 2014, and because Mr. Pusins' opinions pertain to supervision, this topic should be excluded with respect to these Defendants.

Moreover, with respect to the second aspect of this opinion, the supposed failure to document the arrests does not involve or affect what force was actually used in making the arrests. *See* Section B.1. This does not assist the trier of fact determine the ultimate issues.

*3. Mr. Pusins' opinions regarding use of force should be excluded.*

It is improper for an expert to attempt to opine as to the credibility of a witness. *Nichols v. American Nat. Ins. Co.*, 154 F.3d 875, 883 (8th Cir. 1998); *Westcott v. Crinklaw,* 68 F.3d 1073, 1076 (8th Cir.1995) (the issue of credibility should be "left in the exclusive province of the jury"). Mr. Pusins admitted there was a dispute of fact as to whether force was used against Mr. Coleman and Green (ex. B, Pusins Dep. 216:8–12), but any conclusion that a Maryland Heights Officer was an officer who used force against Mr. Coleman or Mr. Green is based on inadmissible speculation (*see* ex. B, Pusins Dep. 217:19 –219:15). There is no specialized knowledge Mr. Pusins offers that somehow would allow him to determine what officer allegedly used force against Mr. Coleman at the time of the arrest, or whether it was even a Maryland Heights officer.

6

Accordingly, Mr. Pusins' testimony regarding the use of force with regards to these Defendants should be excluded as it does not assist the trier of fact determine any ultimate issue.

*4. Mr. Pusins' opinions regarding decontamination and medical aid should be excluded as Plaintiffs have not pleaded any claims of denial or delay of medical care, and even if they did, this does not assist the trier of fact make any determinations as to the ultimate issues.*

Plaintiffs have not alleged the City of Ferguson, Thomas Jackson, Justin Cosma, Matt Delia, Ryan DeVouton, or Brandon McKinnon denied or delayed access to medical care for any Plaintiff. Doc. No. 81. Accordingly, any opinions on the same are irrelevant, immaterial, and do not assist the trier of fact in determining any ultimate issue.

Even if Plaintiffs had pleaded such a matter, Mr. Pusins admitted he was unable to provide any evidence there was a denial of medical care to either Mr. Coleman or Mr. Green. Ex. B, Pusins Dep. 219:16–24. With respect to decontamination, he admitted in times of civil unrest, such decontamination would have been accessible away from the areas of civil unrest. *Id.* at 219:25–223:11. Mr. Pusins admitted medical personal could have been present at staging areas, and that Mr. Pusins was not critical of the Maryland Heights Officers with respect to the command structure and establishing any decontamination process. *Id.* Further, as is explained in Defendants' Motion for Summary Judgment, there is no evidence Mr. Jackson or P.O. Cosma were involved in any use of force or in any arrest. Accordingly, Mr. Pusins opinions regarding denial of medical care and decontamination would not assist the trier of fact reach any determination as to any ultimate issue.

*5. Mr. Pusins' testimony regarding the DOJ and COPS reports should be excluded.*

As stated above, in his report, Mr. Pusins appeared to merely repeat alleged findings by the DOJ and COPS regarding the City of Ferguson and the assessment of the police response to the civil unrest, respectively.

In *Hill v. Fikes Truck Line, LLC*, Judge Charles Shaw struck an expert's testimony where that expert "did not perform his own testing," it was "not clear whether [purported expert] reviewed the testing data," the purported expert did not know the criteria for post-traumatic stress syndrome, "and the opinion is entirely that of another expert." 2012 WL 5258753, at *4 (E.D. Mo. 2012). In so ruling, Judge Shaw cited to several reported cases forbidding attempts of purported experts to parrot the opinions of other experts. *Id.*; *see Williams*, 132 S.Ct. at 2241; *Dura v. CTS Corp.*, 285 F.3d 609, 613 (7th Cir. 2002) (experts cannot simply "parrot" opinions of others); *In re TMI Litig.*, 193 F.3d 613, 715–16 (3d Cir. 1999) (affirming exclusion of expert testimony where purported expert "blindly" relied upon conclusions of other experts rather than evaluating the evidence available to him); *TK–7 Corp. v. Estate of Barbouti*, 993 F.2d 722, 732–33 (10th Cir.1993) (finding expert may not, without any familiarity of the methods used or reasoning, simply adopt findings in a report).

Here, Mr. Pusins admitted he did not rely upon the DOJ report cited in his own report in rendering opinions, but that he believed the DOJ report *supported* his opinions. Ex. B, Pusins Dep. 233:10–238:2 (also stating the DOJ report only supports general constitutional principles that could be learned elsewhere). Further, Mr. Pusins cited to the COPS report regarding his opinions regarding a failure to document probable cause (this does not assist the trier of fact reach a determination as to the ultimate issues of fact). Ex. B, Pusins Dep. 139:8–25.

Accordingly, as Mr. Pusins did not rely on the DOJ and COPS reports in rendering his opinions, and merely cited them as they were other entities that allegedly shared his opinions (Ex. B, Pusins Dep. 233:10–238:2), Mr. Pusins believed he repeated or "parroted" findings of the DOJ and COPS. He established no methodology and did not independently evaluate the information tested in the reports. Therefore, any portions of Mr. Pusins testimony regarding

8

these two reports should be excluded as lacking specialized knowledge and for failure to assist the jury in determining an ultimate issue of fact as to these Defendants.

## IV. CONCLUSION

For all the aforementioned reasons, this Court should exclude all expert testimony of Plaintiffs' purported expert witness Mr. Robert Pusins.

WHEREFORE, Defendants respectfully pray that this Court exclude testimony from Robert Pusins, or, in the alternative, bifurcate proceedings between these Defendants and Plaintiffs and exclude said testimony from claims against these Defendants, and for such further relief as this Court deems just and proper.

/s/Peter J. Dunne
Peter J. Dunne   #31482MO
Robert T. Plunkert   #62064MO
PITZER SNODGRASS, P.C.
Attorneys for Defendants City of Ferguson,
Chief Thomas Jackson, Officers Justin Cosma,
Matt Delia, Devouton, and McKinnon
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 7th day of April, 2016, to be served by operation of the Court's electronic filing system upon the following:

- Gregory L. Lattimer, Attorney for Plaintiffs, 1200 G. Street, N.W., Suite 800, Washington, D.C. 20005, lattlaw@aol.com;
- Malik Z. Shabazz, Attorney for Plaintiffs, 1200 G. Street, N.W., Suite 800, Washington, D.C. 20005, attorney.shabazz@yahoo.com;
- Reginald A. Green, Attorney for Plaintiffs, One Georgia Center, Suite 605, 600 West Peachtree Street, N.W., Atlanta, Georgia 30308, rgreene@greenelegalgroup.com; and
- Michael E. Hughes, Attorney for Defendants St. Louis County and Chief Jon Belmar, 41 S. Central Ave, Clayton MO 63105, mhughes2@stlouisco.com. pgunn@stlouisco.com.

/s/ Peter J. Dunne