**STATE OF MISSOURI** )
)
**ST. LOUIS COUNTY** )

**OTHER:** <u>ST. LOUIS COUNTY CHARTER --</u>

<u>ADOPTED BY THE VOTERS OF ST.</u>

<u>LOUIS COUNTY NOVEMBER 6, 1979</u>

I, *GENEVIEVE M. FRANK*, *County Clerk in and for said County, hereby certify the attached document(s) identified above to be a true copy of records on file in the Office of the County Clerk.*

*IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said County at Office in Clayton, this* <u>26th</u> *day of* <u>April</u> *, 2016.*

GENEVIEVE M. FRANK
COUNTY CLERK

By: JEANETTE O. HOOK
Deputy County Clerk

**EXHIBIT**

B

tabbies®

# St. Louis County Charter



Adopted by the voters
of St. Louis County
November 6, 1979

# Table of Contents

Members and Staff, Charter Commission . . . . . . . . . . . . . . . . . . . . . . . . i

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Preamble . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Article I      Corporate Name, Boundaries and Powers . . . . . . . . . . . 1

Article II     County Council . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
                 Auditor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
                 Administrative Director . . . . . . . . . . . . . . . . . . . . . . . . 14

Article III    County Executive . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Article IV    Departments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
                 Department of Administration . . . . . . . . . . . . . . . . . . . 17
                 Department of Community Health and Medical Care . . 18
                 Department of Highways and Traffic . . . . . . . . . . . . . . 21
                 Department of Human Resources . . . . . . . . . . . . . . . . . 21
                 Department of Parks and Recreation . . . . . . . . . . . . . . 22
                 Department of Planning . . . . . . . . . . . . . . . . . . . . . . . . . 22
                 Department of Police . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
                 Department of Public Works . . . . . . . . . . . . . . . . . . . . 26
                 Department of Revenue . . . . . . . . . . . . . . . . . . . . . . . . . 27
                 Department of Justice Services . . . . . . . . . . . . . . . . . . . 28
                 Department of Judicial Administration . . . . . . . . . . . . 29

Article V     Legal Officers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30
                 County Counselor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30
                 Prosecuting Attorney . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Article VI    Miscellaneous Offices . . . . . . . . . . . . . . . . . . . . . . . . . . 32
                    Public Administrator . . . . . . . . . . . . . . . . . . . . . . . . . 32
                    Condemnation Commission . . . . . . . . . . . . . . . . . . . . 32
                    Fire Standards Commission . . . . . . . . . . . . . . . . . . . . 33

Article VII   Merit System . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Article VIII   The Budget . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Article IX    Initiative, Referendum and Recall . . . . . . . . . . . . . . . . 38

Article X     Amendments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

Article XI    General Provisions . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41
                 Schedule . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45
                 Certificate of Final Adoption . . . . . . . . . . . . . . . . . . . . 47

# Charter Commission of 1979

**Lawrence K. Roos,** *Chairman*

| | |
|---|---|
| Richard T. Stith, Jr.<br>*Vice-Chairman* | Laurie Donovan<br>*Secretary* |
| Dr. Donald F. Cairns | James E. Dearing |
| Bruce E. Druckenmiller | Dr. John B. Ervin |
| Adolph Frank | Paul A. Koch |
| Howard D. Margraff | Marcia B. Mellitz |
| Donald E. Mueller | Charles E. Sweeney |

Clarence G. Tiemeyer

| | |
|---|---|
| Morton I. Golder<br>*General Counsel* | Victor D. Brannon<br>*Governmental Research Institute*<br>*Technical Consultant* |

Julia M. Griffith
*Executive Secretary*

At the
County a
County H
voters, a
half by th

Many
on the Co
was comp
included
people ac
leaders.

The C
and the en
the Comm
early in th
held after
approved

Intere
suggestio
so. The C
received.

Throu
advice fro
law. Resea
Institute,
similar ca

On th
suggestio
mission co
sound and
voters of t
changes w
and opera

i

# Introduction

At the general election of November 7, 1978, the voters of St. Louis County authorized the establishment of a commission to review the County Home Rule Charter of 1968. Pursuant to that decision by the voters, a Commission of 14 members was appointed in January 1979, half by the County Supervisor and half by the County Council.

Many points of view and County communities were represented on the Commission. The membership, shown on the opposite page, was composed of men and women of varying political affiliations, and included municipal and school officials, a former County Supervisor, people active in a variety of businesses and professions, and civic leaders.

The Commission held twenty regular meetings between January and the end of June, which was the official deadline for completion of the Commission's work. In addition, three public hearings were held early in the Commission's deliberations and another four hearings were held after drafts were prepared of the Charter changes tentatively approved by the Commission.

Interested citizens and local officials were invited to submit their suggestions both at the public hearings and in writing, and many did so. The Commission carefully considered each of the suggestions it received.

Throughout its work, the Commission had the benefit of legal advice from an attorney with extensive experience in the field of public law. Research assistance was provided by the Governmental Research Institute, a private, not-for-profit organization which had served in a similar capacity to the County Charter Commissions of 1949 and 1967.

On the basis of its review of the Charter of 1968 and the many suggestions submitted by interested citizens and officials, the Commission concluded that the basic structure of County Government was sound and should not be changed. However, it was also concluded that voters of the County should be asked to approve a number of Charter changes which the Commission believed would improve the structure and operations of the County Government.

The Commission unanimously approved the final drafts of the Revised Charter and two separate Charter amendments which were submitted to the voters of St. Louis County on November 6, 1979. The voters approved and adopted both the Revised County Charter and the two Charter Amendments.

The Revised Charter of 1979 retains the basic structure and most provisions of the 1968 Charter. Changes were made only in those portions of the 1968 Charter where the Charter Commission's studies indicated that such changes would improve the operations of the County Government, or where changes were required to update or clarify provisions of the 1968 Charter. Two separate Charter Amendments dealing with the disposal of solid waste and a fire standards commission were approved by the voters to enable the County Government to cope with problems which the Commission concluded can be handled effectively only on a County-wide basis.

iii

# Preamble

In order to secure the benefits and advantages of the constitution of the State of Missouri, and to avail ourselves of home rule in county affairs to the fullest extent possible and in recognition of the dual nature of this county in its performance of both state and certain local functions, we, the people of St. Louis County, Missouri with profound reverence for the Supreme Ruler of the Universe, and grateful for His goodness, do establish this charter as the fundamental law for government of the county.

# Article I

## Corporate Name, Boundaries And Powers

**Section 1.010.**   St. Louis County, Missouri, shall continue to be a body corporate and politic. Its corporate name is "St. Louis County, Missouri." It shall have perpetual succession, may have a corporate seal, and may sue and be sued as a county as authorized by law.

**Section 1.020.**   The seat of government shall continue to be in the City of Clayton and the boundaries shall continue as at present unless legally changed.

**Section 1.030.**   The county shall have all powers possible for a county to have under the constitution and laws of Missouri as fully and completely as though they were specifically enumerated in this charter. These powers shall include, but shall not be restricted to or by, the following: all powers now or hereafter given by the constitution or by law to this county, to any county of whatever class, whether or not St. Louis County be includable therein, or to any county court, county officer, county office, agency or department and all other powers not expressly prohibited by the constitution, by law or by this charter; and all powers necessary and proper to carry into execution any other power. All powers shall be carried into execution as provided by this charter or by law, but if no such provision is made then by ordinance.

**Section 1.040.**   The powers of the county under this charter shall be construed liberally in favor of the county, and the specific mention of particular powers in this charter or in any law shall not be construed as limiting in any way the general powers stated in this article.

1

# Article II

## County Council

**Section 2.010.**   All legislative power of the county shall be vested in the council.

**Section 2.020.**   The council shall consist of seven members, each of whom shall be a qualified voter and resident in his district for at least one year preceding his nomination, and shall continue to reside therein during his incumbency except as otherwise provided in this charter. Each member shall have resided in the county for at least two years next before his election.

**Section 2.030.**   The districts from which members of the council shall be elected are those presently established by ordinance.

**Section 2.035.**   Within thirty days before June 1, 1981, and within thirty days before June 1 each tenth year thereafter and, in the event that a reapportionment has been invalidated by a court of competent jurisdiction, within sixty days after the judgment shall have become final, the central committee of St. Louis County of each of the two parties casting the highest vote for governor at the last preceding election shall, at a meeting duly called and held, nominate, by the vote of a majority of all the members of the Committee, two members of its party from each council district as nominees for reapportionment commissioners. Each nominee shall be a registered voter in the council district for which he is nominated and shall hold no other public office or employment. Each committee shall certify in writing to the county executive its list of nominees. Within thirty days thereafter the county executive shall appoint a commission consisting of one person from each district from each list to divide the county into the number of council districts established by this charter. If any party committee fails to certify a list within the time herein provided the county executive shall appoint a member of his own choice from each council district from the political party of the committee failing to make the nomination. Vacancies in the commission shall be filled by the county executive from the same political party and the same district as the previous members. The commission shall reapportion the council districts by dividing the population of the county by the number of council districts established by this charter so that the population of each district shall, as near as possible, equal that figure and so that each district shall be composed of contiguous territory as compact as may be. Not later than six months after the population of St. Louis County is reported to the president of the United States after each decennial census or six months after the appointment of the commis-

2

sion by the county executive, whichever is later, the commission shall file with the county clerk and with the office or officer charged with conducting elections in the county a final statement of the numbers and the boundaries of the districts together with a map of the districts. The final statement must receive the affirmative vote of a majority plus one of all the members. At the next general election held at least nine months after the statement is filed and at general elections thereafter councilmen shall be elected according to such districts until a reapportionment is made as herein provided, but no reapportionment shall shorten the term of any councilman.

**Section 2.040.** The members of the council shall be elected by the qualified voters of the respective districts for terms of four years commencing on the first day of January following their election. The members from the even numbered districts shall be elected at the general election in the year one thousand nine hundred eighty and the members from the odd numbered districts shall be elected at the general election in the year one thousand nine hundred eighty two and so on at succeeding general elections.

**Section 2.050.** The council at its first regular meeting in every calendar year shall select from its members a chairman and vice-chairman whose term of office shall be for one year. In the absence of the chairman and vice-chairman, the council shall select from its members a presiding officer who shall perform all of the duties of the chairman during the absence of the chairman and vice-chairman.

**Section 2.060.** The council shall hold regular meetings as may be fixed by ordinance, but not less than forty-eight regular weekly meetings in each calendar year. All regular and special meetings of the council shall be held at the seat of government and shall be open to the public.

**Section 2.070.** The council shall determine its own rules and order of business and shall keep a journal of its proceedings. The council shall be the judge of the qualifications of its members. A majority of the members of the council shall constitute a quorum, but a smaller number present at any meeting may adjourn from day to day or to a certain day and may compel the attendance of absent members in such manner and under such penalties as the council may by ordinance provide.

**Section 2.080.** Ordinances and resolutions shall be introduced by a member or members of the council or by the council as a whole, and shall be in written or printed form. The enacting clause of all ordinances passed by the council shall be, "Be it Ordained by the County Council of St. Louis County, Missouri." An affirmative vote by a

3

majority of all members of the council shall be necessary to pass any ordinance or resolution except as otherwise provided in this charter. On the final passage of any ordinance or resolution the yeas and nays shall be entered by name on the journal, and at the request of any one member, the yeas and nays on any other question shall be so entered. All ordinances, resolutions, orders and proceedings of the council shall be public records and shall be kept in bound form and available for public examination.

**Section 2.090.** No ordinance shall be revived or reenacted by mere reference to the title thereof, but the same shall be set forth at length. No section or sections of any ordinance shall be amended unless the section or sections amended shall be set forth in full as amended.

**Section 2.100.** All ordinances shall be read at least once in open session of the council either in their entirety or by title. Without consent of all members, no final vote shall be taken on the passage thereof until the expiration of at least fourteen days from the time that such ordinance was first introduced. An ordinance which has been introduced may be amended after introduction and prior to its final passage, but any amendment must be germane to the original purpose of the ordinance.

**Section 2.110.** All ordinances passed by the council shall within five days thereafter be presented to the county executive and within fifteen days after presentation he shall return them to the council endorsed with his approval or accompanied by his objections. Upon approval by the county executive, an ordinance shall be deemed enacted. Ordinances presented to the county executive and returned with his objections may be reconsidered by the council. The objections of the county executive shall be entered upon the journal of the council and it shall proceed at its convenience to consider the question pending, which shall be in this form: "Shall the ordinance pass, the objections of the County Executive thereto notwithstanding?" The vote upon this question shall be taken by yeas and nays and if two-thirds of all members of the council vote in the affirmative, the ordinance shall be deemed enacted. Whenever the county executive shall fail within fifteen days to return an ordinance presented to him, the ordinance shall be deemed enacted.

**Section 2.120.** Except as otherwise provided in this charter all ordinances shall take effect at the expiration of fifteen days after the date of enactment, unless a later date therefor be fixed therein. Ordinances relating to the following subjects shall take effect immediately upon enactment:

4

1. Calling an election or providing for the submission of any proposal to the people;

2. Appropriations for the support of the county government and the payment of principal and interest on the county's debts;

3. Borrowing of funds in anticipation of taxes; directing the issuance of bonds previously authorized at an election;

4. Fixing tax rates;

5. Amendments to the zoning ordinance.

**Section 2.130.** To meet a public emergency affecting the immediate preservation of the public peace, health, safety and welfare the council may adopt emergency ordinances. An emergency ordinance shall be introduced in the form and manner prescribed for ordinances generally, except that it shall be plainly designated as an emergency ordinance and shall contain in the body of the ordinance a declaration that an emergency exists and shall set forth the facts in clear and specific terms to support the declaration. If at least two-thirds of all members of the council vote in the affirmative then the ordinance shall take effect immediately upon its enactment but if only a majority vote in the affirmative it shall take effect at the expiration of fifteen days after its enactment.

**Section 2.140.** 1. Each member of the council shall receive an annual salary of eleven thousand dollars payable monthly. After the effective date, the compensation of the members of the council shall be subject to change by ordinance adopted by the council with the affirmative vote of at least five members. An ordinance establishing the salary of the council presented to the county executive and returned with his objections may be reconsidered by the council; if at least six members of the council vote in the affirmative, the ordinance shall be deemed enacted. The salary of members of the council shall be fixed at least ten months prior to the election of the council and shall not be increased or diminished during any term in office, and further provided that no such change in salary shall become effective prior to January 1, 1983 nor prior to two years after the effective date of the last preceding change in salary. The chairman shall receive an additional salary, while chairman, in an amount equal to twenty-five percent of the salary of a member of the council. Provision shall be made in the current expense budget submitted each year by the county executive in such amount as may be required to finance the salaries provided for in this section or by an ordinance enacted pursuant to this section.

2. The members of the county council shall not receive an expense allowance, but shall be reimbursed for actual and necessary lawful

5

expenses as defined by ordinance incurred in performance of their duties required by law and this charter when such expenses are supported by invoices, receipts, or other evidence showing the nature and purpose of the expenses.

3. The effective date of the provisions of subsections 1 and 2 of this Section 2.140 shall be January 1, 1981 for Council Districts 2, 4 and 6 and January 1, 1983 for Council Districts 1, 3, 5 and 7.

4. If any member of the council is absent from more than four consecutive regular meetings of the council, unless excused by resolution of the council, the member's office shall be forfeited.

**Section 2.150.** Any vacancy occurring in the council shall be filled at the next general or special election called in accordance with statute. Nominations for election to fill a vacancy shall be made in accordance with statute by the committee men and committee women of each of the two parties casting the highest vote for governor in the last election whose townships lie in whole or in part within the council district wherein the vacancy exists. Any person nominated and elected must have the same qualifications otherwise established in this charter for the office. Upon certification of the results of the election by the office or officer charged with conducting elections in the county the winner of the election shall take office immediately and shall hold office for the unexpired term.

**Section 2.160.** Any member of the council who moves his residence from the district in which he was elected or appointed shall forfeit his office unless he moves from the district in which he was elected or appointed to a district bearing the same number and established by reapportionment. No member shall forfeit his office by reason of any change in the boundary line of his district made by reapportionment.

**Section 2.170.** No member of the council shall hold any other office or employment under the United States, the State of Missouri, or any municipality or political subdivision thereof. When any member accepts any such office or employment, his office as member of the council shall thereby be vacated. This section shall not apply to members of the organized militia, of the military reserve corps and notaries public.

**Section 2.180** Pursuant to and in conformity with the constitution of Missouri and without limiting the generality of the powers vested in the council by this charter, the council shall have, by ordinance, the power to:

1. Limit the number of deputies, assistants and employees in each

6

office, department, board and commission; set the compensation of members of boards and commissions and of all county officers and employees not under the merit system, whether or not this charter fixes any such compensation, except that the compensation of elective officers shall be fixed at least ten months prior to the election of such officers and shall not be increased or diminished during their term of office; establish a basic monthly pay plan, including monthly flat rates for full time and part time personnel and session rates, for employees under the merit system.

2. Appropriate money for the payment of debts and expenses of the county for any public purpose; adopt an annual budget in accordance with the terms of this charter;

3. Assess, levy, equalize, remit, and collect all taxes now or hereafter authorized by the constitution or by law and prescribe a method or system to facilitate the assessment, calculation, extension and collection of taxes including the design of books and forms and the purchase and installation of necessary mechanical devices;

4. Establish and collect fees for licenses, permits, inspections and services performed by county officers and employees; require all fees to be accounted for and paid into the county treasury;

5. License, tax, and regulate all businesses, occupations, professions, vocations, activities, or things whatsoever set forth and enumerated by the constitution or by statute now or hereafter applicable to St. Louis County, charter counties, or counties of the first class;

6. Borrow money in anticipation of the collection of taxes and revenues for the current calendar year but not in excess of ninety percent of the estimated collectible taxes and revenues for such year yet uncollected; determine the amount and terms of such loans, and authorize the county executive to execute and issue warrants of the county for all money borrowed to the lenders thereof as evidence of such loans and of the terms of the county's obligation to repay the same; immediately before their delivery to such lenders, such warrants shall be registered in the office of the county treasurer by entry upon the books of the treasurer correctly stating the date, amount, serial number, in whose favor drawn, by whom presented and the date presented to the treasurer for registration; all warrants so issued and registered in connection with such loans shall have preference and priority in payment from the date of their registration by the treasurer over all warrants subsequently issued, and over all prior issued and then unregistered warrants;

7. Acquire in the name of the county by condemnation, purchase, gift, donation or otherwise, real and personal property, in fee simple

7

title, or any estate or interest therein; exercise all the rights and powers of eminent domain and, upon condemnation and payment therefor, cause the fee simple title to such property to vest in the county; acquire by eminent domain such property or rights in property, together with any grants and privileges in excess of that actually to be occupied by the public improvement, or used in connection therewith, as may be reasonably necessary to effectuate the purpose intended and cause the fee simple title to such property or the control of the use thereof to be vested in the county;

8. Rent or lease county properties and rent or lease other property for county use;

9. Dispose of any real property owned by the county, including, but not limited to, property acquired by condemnation as excess property, to the highest and best bidder by open and public competition unless made to a former or abutting owner or to the United States or any of its agencies or to the State of Missouri or any of its political subdivisions or municipalities; and authorize county officers to dispose of personal property upon terms advantageous to the county;

10. Take and hold property in trust and provide for the administration thereof;

11. Collect and dispose of sewage, offal, ashes, garbage and refuse, or license and regulate such collection and disposal, and impose a charge for such service;

11a. Provide for the disposal of any liquid, solid, semi-solid, or gaseous waste, or combination thereof, including but not limited to, sewage, garbage, refuse, hazardous and toxic substances; license and regulate such disposal including discharge, deposit, injection, dumping, spilling, leaking or placing of any such waste or special waste into or on any land or water, or discharged into the air, or which may enter the environment; provide for a manifest identifying quantity, origin, routing and destination of hazardous, toxic and special waste during its transportation from the point of generation to the point of disposal, treatment or storage, according to applicable law or regulations thereunder. No municipal ordinance on this subject shall be enforceable unless it shall conform to county ordinances. The expenses of regulation and licensing under this section shall be defrayed by fees from the licenses prescribed under this section and to the extent that said license fees are not sufficient to fund the regulation and licensing, such difference shall be financed by county general revenue funds or grants from the State of Missouri or the United States Government.

12. Call elections to submit to the voters propositions for the

issuance of bonds of the county incurring indebtedness to provide funds for purposes authorized by the constitution and by law; call elections for any lawful purpose; establish election procedures not inconsistent with applicable law;

13. Create, organize, consolidate, and abolish departments, divisions, bureaus, commissions, boards, offices and employments, and transfer functions and duties from one department to another, but only upon recommendation of the county executive, and in the case of the department of judicial administration, upon the concurrence of a majority of the circuit judges of the county;

14. Exercise all powers and duties now or hereafter conferred upon counties, county courts, county governing bodies and county officers by the constitution, by law and by this charter and determine and make provision for any matter of county government not otherwise provided herein;

15. Acquire, establish, construct, equip, improve, extend, repair, maintain, manage, and operate public hospitals, sanitariums, health centers, institutions and clinics but no patient who is otherwise entitled to admission and treatment in any institution shall be denied the facilities thereof because of his inability to pay therefor;

16. Acquire, establish and provide for the planning, development, construction, maintenance and operation of a system of parks, parkways, recreation, conservation, forest, scenic and historic sites and facilities and to establish reasonable charges for the use of the facilities therein;

17. Establish, open, locate, relocate, and vacate public easements, rights of way, streets, alleys, public roads, highways and bridges; construct, reconstruct, maintain and repair county highways, streets, roads, sidewalks, bridges and culverts;

18. Provide for the location, relocation and establishment of county highways and bridges into and through county and other public parks, areas, reservations and institutions, and for connecting such highways with the county highway system; and construct and maintain such highways and bridges;

19. Adopt by reference, with or without modification, codes, standards, or regulations prepared by a national technical trade or a service association, the State of Missouri, or any of its agencies, or the United States, or any of its agencies, relating to traffic, building, planning, electrical installations, fire prevention, food products, air and water pollution, and all other subjects which the county has power to regulate, provided that a copy of every such code, standard or regula-

9

tion as adopted and in effect shall be kept in the county clerk's office and open to public inspection;

20. Cooperate or join by contract or otherwise with any city, county, state or political subdivision or agency thereof, or with the United States or any agency thereof, for the planning, development, construction, acquisition or operation of any public improvement or facility, or for a common service; and accept, in the name of the county, gifts, devises, bequests, and grants-in-aid from any city, county, state or political subdivision or agency thereof, or from the United States or any agency thereof;

21. Provide the terms upon which the county shall perform any services and functions of any municipality or political subdivision in the county, except school districts, when accepted by a vote of a majority of the qualified electors voting thereon in such municipality or subdivision, which acceptance may be revoked by a like vote; and cooperate and contract with the municipalities or political subdivisions in the county as otherwise authorized by this charter and by law;

22. Furnish or provide within the part of the county outside incorporated cities any service or function of any municipality or political subdivision, except school districts;

23. Exercise legislative power pertaining to public health, police and traffic, building construction, and planning and zoning, in the part of the county outside incorporated cities, and on such other subjects as may be authorized by the constitution or by law;

24. Provide for the creation of districts in the unincorporated areas of the county within which may be provided police protection, fire protection, public water supply, streets, sidewalks, street lighting, sewers, sewage disposal facilities, garbage and refuse collection and disposal, and such kindred facilities as the voters therein by a majority of those voting thereon may approve, the same to be paid for from funds raised by special assessment, general taxation or service charge, or any combination thereof within such districts; and, when authorized by law, provide for the consolidation of such functions with those now performed in existing districts;

25. Grant franchises or permits in the name of the county for periods not longer than twenty years;

26. Make such rules and regulations as may be necessary or proper to establish and carry into effect the provisions of this charter and ordinances and provide for the enforcement thereof by appropriate penalties not exceeding for any one offense a fine of one thousand

dollars or imprisonment in the county jail for not more than one year, or by both such fine and imprisonment;

27. Provide for and require the building and repairing of any road, street, highway or sidewalk in that part of the county outside incorporated cities, the cost thereof to be levied as a special assessment on all lots or pieces of ground abutting on such improvements in proportion to the front foot thereof;

28. Establish procedures for the conduct of investigations by the council or any of its committees of any question or matter on which the council may lawfully take action, including not by way of limitation, the power to issue subpoenas for witnesses and subpoenas duces tecum for books, records and documents; provide penalties for the failure to answer any subpoena or subpoena duces tecum; provide for the service of said subpoenas or subpoenas duces tecum by any officer charged with the service of process;

29. Establish a county municipal court with jurisdiction to hear and determine cases involving violations of this charter and ordinances of the county, subject to appeal by either party to the circuit court in the same manner as provided by law for appeals from associate circuit courts in criminal cases and authorize such court to accept jurisdiction to hear and determine cases involving violations of ordinances of any municipality in the county;

30. Establish uniform procedures governing purchases of and contracts for property and services all of which shall be based upon competitive bids except in those instances authorized by ordinance;

31. Provide for disaster planning and civil defense as required by law or deemed appropriate for the county;

32. Establish and provide for the financial support of programs providing legal aid or services in both civil and criminal matters to persons in the county who may be in need thereof and unable to pay therefor;

33. Provide for a county plan for the physical development of the county, which plan shall set forth policy regarding the physical development of the county, including recommendations for the most desirable use of land within the county for residential, recreational, agricultural, commercial, industrial and other purposes; for the most desirable density of population in the several parts of the county; for a system of principal thoroughfares, highways, streets and other public ways; for airports, parks, playgrounds and other public open spaces; for the general location, relocation and improvement of public buildings; for the general location and extent of public utilities and termi-

nals, whether publicly or privately owned, for water, sewerage, light, power, transit and other purposes; for adequate drainage facilities and control; and for such other matters as may be beneficial to the county. The county plan shall contain a statement of the objectives, standards and principles sought to be embodied therein. The plan shall be based on studies of physical, social, economic and governmental conditions and trends and shall be designed to assure the coordinated development of the county and to promote the general welfare and prosperity of its people. The plan and the elements thereof approved by the county council shall be printed and made available upon request at a cost fixed by the county council. The planning commission shall from time to time review the county plan in order to assure that the plan conforms to the existing goals and policies of St. Louis County. This review shall occur not less than twelve months after the adoption of this charter and thereafter not less frequently than once every five years;

34. Establish a pension and retirement plan, including death benefits, for employees of the county and the spouses and minor children of deceased employees;

35. Make all necessary and proper provisions for carrying into execution the foregoing powers directly or by and through county officers and employees; provide for any matter involved in the transition from the present charter to this charter.

**Section 2.190.**   1. In addition to all other powers and duties vested in or required of the council under the provisions of this charter, the council shall have power, by order or resolution, to do the following:

(1) Correct errors in assessment records and tax records and compromise taxes as provided by law;

(2) Subpoena witnesses and order the production of books and papers relating to any subject matter within its jurisdiction. The council may call upon the appropriate officer to execute its process and to arrest any person refusing to obey such subpoena or order. Each day a person shall refuse to obey such subpoena or order shall be a separate offense;

(3) Exercise and perform any and all other powers of a non-legislative nature which it may possess and any and all other duties which it may need to or be required to perform by the constitution, laws and this charter.

2. The council shall provide for an independent annual audit of the accounts of the county and its officers and employees and may provide for such more frequent audits as it deems necessary. Such audits shall be made by a certified public accountant or firm of such accountants

12

who have no personal interest, direct or indirect, in the fiscal affairs of the county government or any of its officers. The council may, without requiring competitive bids, designate such accountant or firm annually or for a period not exceeding three years.

# Auditor

**Section 2.200.** The council shall appoint a county auditor. The auditor shall have had at least five years experience in accounting and shall possess such further qualifications as may be provided by ordinance. His term shall be four years commencing on January 1 of each year following the election of the county executive. He may be removed from office by a vote of two-thirds of the council for incompetence, neglect of duty or malfeasance in office.

**Section 2.210.** The auditor shall be the auditing officer of the county. He shall manage his office and appoint the employees therein under the merit system. The auditor shall have the power to:

1. From time to time review the accounting system of the county and recommend to the council such changes as deemed necessary for greater economy and efficiency in the administration of public funds;

2. Audit the accounts and records of accountable officers and employees of the county giving due regard to generally accepted principles of auditing, including consideration of the effectiveness of the accounting system, internal audit and control and related administrative practices in all county offices;

3. Investigate all matters relating to the receipt, disbursement, and application of public funds;

4. Make such other investigations and reports in relation to fiscal matters as shall be directed by the council;

5. Whenever he deems it necessary to any investigation, examine the parties, witnesses, and others on oath or affirmation touching any matter or circumstance in such examination.

**Section 2.220.** All officers and employees of the county shall furnish to the auditor such information and records regarding powers, duties, activities, organization, property, financial transactions and methods of business in their respective offices and employments as the auditor may from time to time require of them.

## Administrative Director

**Section 2.230.** The council shall appoint an administrative director who shall hold office at the pleasure of the council. The administrative director shall provide the council with administrative services in the performance of its functions, supervise the activities of such assistants and employees as the council may appoint as its executive staff and be responsible for the performance of all duties required by law to be performed by a county clerk or clerk of the county court, not otherwise provided for by this charter or by ordinance.

**Section 2.240.** The administrative director shall appoint a county clerk, and such additional assistants, deputies and employees for the county clerk as may be authorized by ordinance, under the merit system. The county clerk shall keep the county seal, attend meetings of the council, keep a record of the proceedings of the council and other permanent records of the county as required by law or ordinance and perform such other duties as may be required by ordinance.

# Article III

## County Executive

**Section 3.010.** The executive power of the county shall be vested in the county executive. The county executive shall be elected at the general election in 1982 and every four years thereafter. He shall take office on January 1 following his election. He shall be a qualified voter of the county, and shall have resided in the county for at least two years next before his election. He shall devote his entire time to the duties of his office. The salary of the county executive shall be fixed by ordinance.

**Section 3.020.** A vacancy in the office of county executive shall be filled by the council. The person so selected shall be a member of the same political party as the previous occupant. He shall hold office until January 1 following the next general election. A successor shall be elected at the next general election for the unexpired or the full term as the case may be.

**Section 3.030.** During the county executive's temporary disability or absence from the county, the chairman of the council shall be acting county executive until the next meeting of the council, at which

time the council shall designate to serve as county executive one of its members who shall be of the same political party as the county executive unless there be none of such party.

**Section 3.040.** The county executive shall be responsible for the proper and efficient administration of such affairs of the county as are placed in his charge or under his jurisdiction or control by this charter, by law or by ordinance. The county executive may appoint an executive staff consisting of a director of community development and such other assistants and employees as may be authorized by ordinance, all of whom shall serve at the pleasure of the county executive and not be subject to the merit system.

**Section 3.050.** In addition to other powers and duties herein provided, the county executive shall:

1. Appoint, except as otherwise provided in this charter, and subject to confirmation as herein provided, all (a) heads of departments and remove the same at any time and (b) members of boards and commissions and delegate and assign to them duties and functions not inconsistent with this charter or ordinances; upon the occurrence of any vacancy in any appointive or elective office except council member, designate an acting officer to serve until the vacancy is filled in the manner provided in this charter;

2. Employ, by and with the approval of the council, experts and consultants in connection with any of the functions of the county;

3. Coordinate and supervise the work of the departments and agencies of the county subject to his control;

4. Transfer temporarily, with the consent of the head of the office or department, deputies or employees from one office or department to another office or department to promote efficiency and economy;

5. Execute and enforce the provisions of this charter, the laws of the state pertaining to the government of the county, and the ordinances, resolutions, orders and policies of the council; see that all contracts with the county are faithfully performed and cause to be instituted in the name of the county appropriate actions thereon;

6. Attend regular meetings of the council and participate in its discussions without vote, and attend such other meetings as the council may require;

15

7. Recommend to the council such measures as may, in his opinion tend to improve the county government and the general well-being of the people, submit to the council an annual report of the affairs of the county and such other reports as may be requested by the council or any three members thereof;

8. Promote and encourage cooperative relationships between the county and the political subdivisions within the county in matters relating to land use planning, public health, sewers, parks, safety, public welfare and any and all other governmental functions in which the people of St. Louis County could gain through better cooperative arrangements;

9. Examine the parties, witnesses and others on oath or affirmation touching any matter or circumstance in the examination of any payroll, account, demand or claim against the county and have access to all county books, records and papers kept by county officers and employees;

10. Represent the county and perform such other duties as may be prescribed by this charter or by law or be required of him by ordinance or resolution of the council or as may be necessarily implied by the powers and duties herein specified;

11. Establish by executive order from time to time systems of administrative organization in the departments which shall be as uniform as the various departmental functions will permit and which shall not be inconsistent with any ordinance;

12. Submit to the council for approval by ordinance an annual balanced budget at the time and in the manner provided in this charter and by ordinance.

# Article IV

## Departments

**Section 4.010.**   There shall be the departments of administration, highways and traffic, community health and medical care, human resources, judicial administration, parks and recreation, planning, police, public works, revenue, justice services and such other departments as may be established by ordinance. All departments shall be internally organized as may be provided by ordinance or in the absence thereof, by executive order of the county executive.

16

**Section 4.020.** Except as otherwise provided in this charter the head of each department shall be a director who shall be appointed by the county executive subject to confirmation by the council and shall hold office at the pleasure of the county executive. Each director shall have a knowledge of the principles and practices of administrative organization, be familiar with the functions for which he is responsible and have had at least three years of executive or responsible administrative experience. In appointing a director the county executive shall consider his character, reputation, formal education, personality, technical training, experience and administrative and managerial ability.

**Section 4.030.** The head of each department shall manage the department, and appoint, under the merit system, except as otherwise provided herein, and assign functions and duties to, such officers, deputies, assistants and employees as may be provided for in this charter or by ordinance. The head of each department may delegate any of the powers and duties of his office to officers, deputies, assistants and employees in the department but the final responsibility therefor shall be in the head of the department.

# Department of Administration

**Section 4.040.** The director of administration shall have charge of the administration of such financial and personnel affairs of the county not otherwise provided for and shall perform such other and related duties as may be provided by ordinance.

**Section 4.050.** The director of administration shall appoint, under the merit system, an accounting officer who shall:

1. Preaudit all bills, invoices, payrolls and other evidence of claims, demands or charges against the county. He shall draw vouchers on the county treasury for all such claims, demands or charges which are lawful if (a) the facts relative thereto are certified to him by the county officer or employee having authority therefor, (b) funds are or have been appropriated by ordinance for such purpose, and (c) a sufficient unencumbered balance to pay the same is in the fund against which the voucher is drawn;

2. Examine all contracts, orders and other documents by which the county incurs any financial obligation, and ascertain before approval and certification that an unencumbered balance, sufficient to pay the same, remains in the appropriation account against which such obligation is to be charged;

3. Keep and supervise all accounts which may be required by law or ordinance to be kept;

4. Prepare and publish the annual county financial statement;

5. Possess and exercise all the powers and duties given by law to the county clerk, or clerk of the county court, relative to county warrants, accounts, settlements, financial statements and other fiscal affairs of the county except as otherwise provided in this charter;

6. Supervise and coordinate the taking of an annual inventory of all county property under the control and management of various county officers and departments showing the amount, location and estimated value thereof;

7. Perform such other functions and duties in relation to the county's accounting system as may be directed by ordinance or by the county executive;

8. Prescribe, with the approval by ordinance, the accounting system of the county and the forms, systems and procedures for administrative appropriation and fund accounting.

**Section 4.060.** The director of administration shall appoint, under the merit system, the treasurer of the county who shall:

1. Receive and retain custody of all public funds belonging to or handled by the county or any of its officers;

2. Deposit or invest all funds coming into his hands in such depositories or securities as may be authorized by law or by ordinance;

3. Supervise the disbursement of all county funds;

4. Exercise all the powers and perform all the duties of a county treasurer as may be required or authorized by law.

**Section 4.070.** The director of administration shall be the budget officer for the county and shall have charge of and be responsible for the preparation of the budget as required by this charter and as directed by the county executive.

**Section 4.080.** The director of administration shall appoint, under the merit system, a purchasing agent who shall have charge of and be responsible for the purchasing of all supplies for the county and such other personal property and services as may be directed by ordinance.

## Department of Community Health and Medical Care

**Section 4.120.** The director of the department of community health and medical care shall be either a licensed physician or shall be

18

the holder of at least a master's degree in public health or hospital administration and shall have at least five years of progressively responsible executive or administrative experience. If a physician, the director shall be board certified or board eligible in preventive medicine or a related specialty and shall have had at least five years' executive experience in the field of public or community health.

**Section 4.130.** The director of community health and medical care shall exercise those powers and perform those duties required by law to be performed by a county hospital commissioner and by any county hospital officer and shall possess the powers and duties conferred upon deputy state health commissioners and county health officers by law and such other powers and duties as may be required by ordinance. The director shall have the power, without limiting the foregoing general powers, to:

1. Manage, control or contract for the operation of all county hospitals, sanitariums, hospital facilities, and institutions operated primarily for the medical care of patients therein;

2. Manage, control or contract for the operation of all county medical clinics;

3. Arrange with public or private hospitals and medical institutions for the care of patients who are in need of and eligible for free care at county expense, but for whom there are no available facilities at the county hospital;

4. Recommend to the county executive from time to time proposals governing the admission of patients and the operation of county hospital facilities;

5. See that laws and ordinances relating to public health are observed and enforced;

6. Establish and maintain such activities and clinics as are needed to promote the public health of the county;

7. Administer the programs for the control of rabies in the county;

8. Inspect the water supply and water supply facilities and sewers and sewer treatment facilities and plumbing facilities to see that they conform with established principles of public health;

9. Recommend to the county executive from time to time such proposals as will in his judgment tend to preserve or promote the public health of the county;

10. Administer those programs authorized by ordinance for the control of weeds, rats and mosquitoes;

11. Promote cooperative relationships relating to public health between the county and the City of St. Louis and between the county and other cities and counties and between the county and the municipalities and other political subdivisions in the county.

**Section 4.140.** 1. The director of community health and medical care shall appoint a chief medical examiner and as many assistant medical examiners and professional specialists as may be provided for by ordinance. The chief and each assistant medical examiner shall be a licensed physician experienced in forensic pathology, or shall be eligible to be so licensed, and who shall become licensed within one year after his appointment.

2. Whenever in the opinion of the chief medical examiner, after a full investigation of the circumstances and cause of death, there is reasonable suspicion of a violation of the criminal or civil law of the state, a full copy of all evidence and opinion of the investigating examiner shall be promptly filed with the prosecuting attorney and the department of police.

3. The chief medical examiner shall keep full and complete records in his office, properly indexed, giving the name, if known, of deceased persons whose deaths have been investigated by him or any of his assistants, the place where the body was found, date and cause of death, and all other information that may be required by law or by ordinance or that the chief examiner deems pertinent. All such records shall be available for inspection by the prosecuting attorney, the attorney general, the superintendent of the state highway patrol, the department of police and by any party or his attorney having a justifiable interest therein.

4. The chief medical examiner and each assistant shall have power to administer oaths and affirmations, take affidavits, and make examinations as to any matter within their jurisdiction but they shall not be required to summon a jury of inquisition.

5. In addition to the duties prescribed by this charter, the chief medical examiner, either directly or through assistants, shall perform those duties and functions prescribed by law for coroners except as otherwise provided in this charter or by ordinance.

6. The prosecuting attorney, the department of police and all interested or affected officers and employees of the county shall cooperate fully with and assist the chief medical examiner in the performance of his duties.

**Section 4.150.** There shall be a county health and hospital advisory board composed of nine residents of the county holding no other

20

county office, appointed by the county executive subject to confirmation by the council. Members shall serve overlapping terms of three years except any appointed to fill a vacancy occurring during the term of a member. At least two but no more than four of the members shall be regularly licensed practitioners of medicine. One member shall be a regularly licensed practitioner of dentistry. The advisory board shall advise the director of community health and medical care relative to the functions and affairs of that department.

## Department of Highways and Traffic

**Section 4.160.** The director of highways and traffic shall be a registered professional engineer with at least five years' experience in a responsible position in transportation, highways, or traffic engineering or a combination thereof, at least three years of which shall have been in an administrative capacity.

**Section 4.170.** The director of highways and traffic shall exercise those powers and perform those duties required by law to be performed by a county surveyor and by a county highway engineer and such other powers and duties as may be required by ordinance. The director shall supervise the construction, maintenance, repair, reconstruction and traffic control of all county and urban highways, streets, roads, sidewalks, bridges and culverts.

**Section 4.180.** There shall be within the department of highways and traffic, a board of highways and traffic composed of residents of the county holding no other county office, appointed by the county executive subject to confirmation by the council. The board shall consist of one member residing in each of the council districts and two other members in addition. Members shall serve overlapping terms of four years except those appointed to fill a vacancy occurring during the term of a member. The board shall advise the director and the council relative to the functions and affairs of the department and shall perform such other duties as may be required by ordinance.

## Department of Human Resources

**Section 4.190.** The director of human resources shall have a bachelor's degree from an accredited college and at least five years' experience in a responsible executive or administrative position in social services or related programs. The director shall also be known as the county welfare commissioner.

**Section 4.200.** The director of human resources shall exercise those powers and perform those duties required by law or by ordi-

nance and all of the powers and duties conferred by law or ordinance on county welfare commissioners. In addition and without limitation the director shall administer programs relating to unemployment, community development, housing and neighborhood preservation and improvement, senior citizens, drug abuse prevention, delinquency prevention and public assistance and shall promote cooperation relating to welfare services and human services programs between the county and other public and private agencies and such other powers as may be provided by statute or ordinance.

# Department of Parks and Recreation

**Section 4.210.** The director of parks and recreation shall have had at least five years' experience in an executive or responsible administrative position in the field of parks or recreation. The director shall also be known as the commissioner of parks and recreation.

**Section 4.220.** The director of parks and recreation shall exercise those powers and perform those duties required by law or by ordinance. In addition and without limitation the director shall:

1. Manage, maintain and control the operation of all parks, park facilities, and parkways owned or operated by the county;

2. Promote and administer all recreational services, programs and activities sponsored by the county.

**Section 4.230.** There shall be a county parks and recreation advisory board composed of nine residents of the county holding no other county office, appointed by the county executive subject to confirmation by the council. Members shall serve overlapping terms of three years except those appointed to fill a vacancy occurring during the term of a member. The advisory board shall advise the director of parks and recreation relative to the functions and affairs of the department.

# Department of Planning

**Section 4.240.** The director of planning shall have a bachelor's degree from an accredited college, with a major in planning or a related field. The director shall have had at least five years' experience in a responsible planning position, three of which shall have been in an administrative capacity.

**Section 4.250.** The director of planning shall exercise those powers and perform those duties with respect to planning and zoning required of him by ordinance.

Section 4.260.　There shall be within the department of planning a planning commission which shall consist of nine members holding no other county office, appointed by the county executive subject to confirmation by the council. Six of the members shall be residents of that part of the county outside incorporated cities and three shall be residents of municipalities in the county. Members shall serve overlapping terms of three years except any appointed to fill a vacancy during the term of a member. The commission shall advise and make recommendations to the director and the council with respect to planning and zoning and shall perform such other duties as may be required by ordinance. No ordinance relating to zoning which is contrary to the recommendation of a majority of the members of the planning commission shall be adopted by the council except by an affirmative vote of two-thirds of the members of the council.

# Department of Police

Section 4.270.　1. The board of police commissioners shall be in charge the department of police.

2. The board shall consist of five members who shall be residents of the county for not less than three years next preceding their appointment. Not more than three members of the board shall belong to the same political party, and none shall hold any other public office, members of the organized militia or of the reserve corps of the armed services and notaries public excepted. The members of the board shall be appointed by the county executive with the approval of a majority of the entire county council. All such appointments shall become effective twenty days after such approval unless disapproved prior thereto by a majority of the circuit judges of the county. Members of the board shall serve overlapping terms of three years. Commissions shall be issued by the county executive to the persons so appointed designating the time for which appointed. Any vacancy in the board shall be filled by appointment and approval in like manner for the unexpired portion of that term. All members shall continue to serve until their respective successors shall have been appointed and qualified.

3. Any member of the board may be removed for cause by the county executive with the approval of a majority of the entire council, but such member shall first be presented with a written statement of the reasons therefor, and shall have the privilege of a public hearing if the member so requests.

4. The board annually shall select one of its members as chairman, one of its members as vice-chairman, and one of its members as secretary to serve during the ensuing year and until their respective suc-

cessors are selected and qualified. Any member of the board or any other member of the department of police, who during the member's term of office shall accept any other public trust or emolument, or who shall knowingly receive any nomination for any office elective by the people without publicly declining the same within twenty days succeeding such nomination, or who shall become a candidate for the nomination for any office at the hands of any political party, shall be deemed to have thereby forfeited and vacated office as such member of board or police department.

5. A majority of the board shall constitute a quorum for the transaction of business, but no action shall be taken by the board unless three concurring votes are cast.

6. The board shall have power to summon and compel attendance of witnesses before it, whenever necessary in the discharge of its duties and shall have power to administer oaths or affirmations in the premises to any person appearing or called before it.

7. The board shall have the following powers and duties: (1) to formulate policies governing the operation and conduct of the department of police; (2) to appoint as superintendent of police a person qualified and experienced in police administration and law enforcement, and to remove such superintendent by vote of a majority of the entire board; provided, however, that the superintendent shall first be presented with a written statement of the reasons therefor, and shall have the privilege of a public hearing if he so requests; (3) to hear and determine appeals from the decisions of the superintendent of police on disciplinary matters arising within the department; (4) to formulate standards for observance by police departments of municipalities of the county, in order to secure deputization of their personnel by the superintendent; (5) to promulgate, upon recommendation of the superintendent of police a manual of rules and regulations for the qualifications, conduct and discipline of personnel of the department of police, and its operation; (6) to hear and determine appeals from citizens from decisions of the superintendent regarding their complaints; (7) to have such other powers and duties with respect to police administration and law enforcement as the council may by ordinance provide; (8) to regulate and license all private watchmen, private detectives and private police serving or acting in the county and no person shall act as such without first having obtained such license as authorized by law or by ordinance. Penalties for the violation of regulations promulgated by the board under this subsection shall be prescribed by ordinance. From and after January 1, 1979 no municipality within the county shall enact or enforce any regulation or license of private watchmen, private detectives or private police. The expenses

24

of regulation and licensing under this subsection shall be defrayed by fees from the licenses prescribed under this subsection and to the extent that said license fees are not sufficient to fund the regulation and licensing, such difference shall be financed by county general revenue funds.

**Section 4.275.** 1. The superintendent of police shall have supervision, management, and control of, and be responsible to the board for the operation of the department of police and all personnel thereof and for the efficient and effective adminstration and performance of the duties, powers and functions of suppression of crime and other policing, and law enforcement, including traffic control, in the county invested by this charter in him and in the department of police. The superintendent shall devote his entire time to the duties of his office.

2. The superintendent of police and the department of police, including the duly authorized officers, agents and deputized representatives thereof shall have all the powers and perform all the duties of the sheriff and the constables with respect to preservation of order, prevention of crimes and misdemeanors, apprehension and arrest, conserving the peace and other police and law enforcement functions, except those powers and duties vested in other departments or officers of the county by this charter. In addition thereto, the superintendent and the department of police shall enforce the ordinances and orders of the council, and have such other powers and duties as may be provided by ordinance including, but not limited to, the performance of police duties in incorporated areas of the county under contract authorized or entered into by the council with the governing body of any such incorporated area. The superintendent shall also have the power to deputize members of the police departments of the various municipalities of the county and other persons under such standards, conditions and regulations as the board of police commissioners shall approve.

**Section 4.280.** The superintendent of police shall appoint, employ, promote and retain all personnel and other employees of the department of police from applicants qualified in accordance with and pursuant to ordinance which shall provide for authority in the board of police commissioners, upon recommendation of the superintendent of police, to: provide minimum character, mental and physical qualifications to be met by personnel and examination and screening of applicants for positions in the police department; establish and amend rules for examination, certification and other necessary details of the personnel administration, in order to ensure reasonable tenure of office irrespective of political considerations. Said ordinance shall further provide against any kind of assessment for political purposes

25

upon employees in the department of police; provide penalties for the violation of this section and the ordinances and rules adopted in connection therewith; and provide such other matters as may be necessary to fulfill the purposes of this section. The superintendent of police shall remove, suspend or take other disciplinary action against all personnel and other employees of the department in accordance with the provisions contained herein and the rules and regulations adopted by the board of police commissioners. In the event of an employee's discharge, he shall first be furnished with a written statement of the reasons therefor by the superintendent of police. All cases of disciplinary action shall be subject to each employee's right of appeal to the board of police commissioners, whose findings and orders shall be final and conclusive.

# Department of Public Works

**Section 4.300.** The director of public works shall be a registered professional engineer or architect with at least five years' experience in a responsible engineering or architectural position, at least three years of which shall have been in an administrative capacity.

**Section 4.310.** The director of public works shall perform those duties and exercise those powers with respect to the construction, reconstruction, repair, maintenance and operation of public and private buildings required of him by ordinance. In addition, and without limitation, it shall be his duty and he shall have the power to:

1. Enforce zoning ordinances;

2. Issue and revoke all electrical, plumbing and other building permits authorized by law or by ordinance, provided that permits for facilities for which community health and medical care department inspection is required by law or ordinance shall not be issued until approved by the department of community health and medical care;

3. Enforce all laws, ordinances and codes regulating building construction;

4. Design, construct, reconstruct, repair, maintain and operate all county buildings and structures and have charge of and manage all real property owned by the county, except as otherwise provided by this charter or by ordinance;

5. Have charge of the acquisition, by purchase or otherwise, of any interest in real property, except as otherwise provided by this charter or by ordinance.

26

**Section 4.320.** There shall be a board of zoning adjustment composed of three residents of the county, holding no other public office, appointed by the county executive subject to confirmation by the council. Members shall serve overlapping terms of three years except those appointed to fill a vacancy occurring during the term of a member. The board of zoning adjustment shall have jurisdiction and those powers and duties provided by law or ordinance.

**Section 4.330.** There shall be a building commission of five residents holding no other county office appointed by the county executive subject to confirmation by the council. Members shall serve overlapping terms of three years except those appointed to fill a vacancy occurring during the term of a member. The building commission shall prepare and recommend to the council codes and amendments thereto regulating the construction of buildings. When authorized by ordinance the commission shall have all the powers and duties prescribed by law for the building commission and the department and board of plumbing and sewer inspection and such other powers and duties provided by ordinance. The public works director shall be the secretary and executive officer of the commission. The commission may appoint advisory committees to assist with the licensing of trades as may be provided by ordinance.

# Department of Revenue

**Section 4.340.** The director of revenue shall have charge of the assessment, extension and collection of all taxes and licenses and the recording of all instruments. The director shall supervise the performance of all other related duties and powers as may be provided by law or by ordinance to be performed by the offices of assessor, collector, county clerk and recorder of deeds.

**Section 4.350.** The director of revenue shall appoint under the merit system, the assessor, collector and recorder of deeds. Nothing herein shall affect the merit system status of persons holding the offices of assessor and collector at the time this charter is adopted.

**Section 4.360.** The assessor shall possess and exercise all the powers and duties given by law to the county assessor, and shall possess and exercise all the powers and duties given by law to the county clerk relative to the extension, abstraction, billing, listing and certifying of real and personal property, merchant and manufacturer, railroad, utility or other taxes for state, school, county or other purposes, and shall perform such other duties relative thereto as are provided by law or ordinance, including serving as secretary to the county board of equalization.

27

**Section 4.370.** The collector shall be responsible for the collection of all real and personal property, merchant and manufacturer, railroad, utility or other taxes for state, school, county or other purposes, and he shall perform such other duties as are provided by law or ordinance.

**Section 4.380.** The recorder of deeds shall possess and exercise all the powers and duties given by law or by ordinance to the recorder of deeds.

**Section 4.390.** There shall be a board of equalization composed of three residents of the county, holding no other county office, who shall be appointed by the county executive, subject to confirmation by the council. Members shall serve overlapping terms of three years except those appointed to fill a vacancy occurring during the term of a member. They shall take an oath to equalize fairly and impartially the valuation of all taxable property in the county. The board shall have the powers and duties prescribed by law and by ordinance.

# Department of Justice Services

**Section 4.400.** The director of justice services shall have a bachelor's degree from an accredited college and at least five years' experience in a responsible executive or administrative position in correction services or related programs.

**Section 4.410.** The director of justice services shall possess all the powers and duties required by law and by ordinance. In addition to the general powers and duties herein provided, and without limitation, it shall be his duty and he shall have the power to:

1. Have control and charge of all children's buildings, all places of detention and correction for children, and other county child welfare institutions;

2. Perform such duties and functions relating to juvenile and adult probation as may be requested by the circuit court having jurisdiction in St. Louis County;

3. Render such assistance to the circuit court having jurisdiction in the county as may be required by law or by ordinance;

4. Perform all duties and functions required by law or by ordinance to be performed by any probation or juvenile officer;

5. Have the custody, rule, keeping and charge of all jails and correctional institutions, and of all the prisoners therein and perform all

duties and exercise all powers with respect thereto required by law to be performed by the sheriff;

6. Perform investigations of a welfare nature for the circuit court or probate court when so requested.

**Section 4.420.** There shall be a county justice services advisory board composed of six residents of the county holding no other county office, appointed by the county executive, subject to confirmation by the council. The director of community health and medical care shall be a member of the board ex-officio. Members shall serve overlapping terms of three years except those appointed to fill a vacancy occurring during the term of a member. The advisory board shall advise the director relative to the functions and affairs of his department.

# Department of Judicial Administration

**Section 4.430.** The director of judicial administration shall be a licensed practicing attorney or shall have a bachelor's degree from an accredited college. The director shall be appointed by a majority of the circuit judges of the county at a meeting duly called and held for that purpose, but if the circuit judges fail to make an appointment within sixty days after the commencement of any term or after a vacancy occurs the county executive shall appoint the director subject to confirmation by the council. The director shall serve for a term of four years, except one appointed to fill a vacancy occurring during a term. Terms shall begin January 1, 1981 and each fourth year thereafter. The director may be removed from office during his term by the authority who appointed him in the same manner as he was appointed.

**Section 4.440.** The director of judicial administration shall be the administrative officer for the circuit court in St. Louis County and shall:

1. Supervise all matters relating to the offices of circuit clerk, sheriff, constables and all clerical and administrative personnel relating thereto;

2. Examine the state of the dockets of the court; secure information as to the circuit court's need of assistance; prepare and transmit semiannually to the presiding judge of the circuit court statistical data and reports as to the business of the court;

3. Possess and exercise all powers and duties given by the constitution, by law and by ordinance to the offices of circuit clerk, sheriff and constable except as otherwise provided in this charter;

4. Perform those administrative functions incidental to the opera-

tion of the juvenile court not otherwise provided for by this charter or by ordinance;

5. Assist the circuit court in the conduct of the business of the court with respect to such other matters as the court may request from time to time.

**Section 4.450.** The director of judicial administration shall appoint, under the merit system, the circuit clerk and the sheriff, who shall exercise the powers and duties of their respective offices as deputies of the director of judicial administration.

# Article V
## Legal Officers

**Section 5.010.** There shall be a county counselor and a prosecuting attorney. Each shall have been a licensed practicing attorney in Missouri for at least five years and a resident of the county for at least three years before assuming office. Each shall devote all of his time to the duties of his office and shall not engage in the private practice of law. Each may from time to time make such provisions as he considers appropriate authorizing the performance by any other officer or employee in his office of any power or duty prescribed for the office by law, by this charter or by ordinance.

## County Counselor

**Section 5.020.** The county counselor shall be appointed by the county executive subject to confirmation by the council and shall hold office at the pleasure of the county executive. He shall be the county's attorney and counselor at law. He may, within the merit system, appoint a deputy county counselor and such number of associate and assistant county counselors as may be authorized by ordinance.

**Section 5.030.** 1. The county counselor shall have charge of and conduct all of the civil law business of the county, its departments, divisions, offices, officers, boards and commissions. He shall institute, in the name and on behalf of the county, all civil suits and other proceedings at law or in equity requisite or necessary to protect the rights and interests of the county and enforce any and all rights, interests or claims against any and all persons, firms or corporations in whatever court or jurisdiction such action may be necessary; and he may also appear and interplead, answer or defend, in any proceeding

30

or tribunal in which the county's interests are involved. He shall prepare or approve as to form all leases, deeds, contracts, bonds, ordinances, rules, regulations, drafts of legislation, and other instruments. He shall institute and prosecute all proceedings for the collection of delinquent taxes and licenses of every kind owing to the county. He shall, upon request, furnish legal advice and opinions to the council, the county executive, department heads, elective officials, and to all county boards and commissions, respecting county business. He shall prosecute violations of county ordinances.

2. The county counselor shall have all powers and duties vested by law in county counselors and attorneys for any officer, office, board, commission or other agency of the county. Neither the council nor any department, division, office, officer, board, commission, or other agency or body of the county shall have any attorney other than the county counselor, except as may be authorized by ordinance in each employment.

## Prosecuting Attorney

**Section 5.040.** The prosecuting attorney shall be elected at the general election in 1982 and every four years thereafter. He shall take office on January 1 following his election.

**Section 5.050.** A vacancy in the office of prosecuting attorney shall be filled by the county executive subject to confirmation by the council. The person so selected shall be a member of the same political party as the previous occupant. He shall hold office until January 1 following the next general election at which a successor shall be elected for the unexpired or the full term as the case may be.

**Section 5.060.** The prosecuting attorney shall possess and exercise all the powers and duties now or hereafter given to that office by the constitution, by law and ordinance.

**Section 5.070.** Whenever in the opinion of the prosecuting attorney it is necessary to make inquiry into the death of any person he may make such inquiry by performing the duties and functions of the coroner as prescribed by the statutes pertaining to inquests or he may initiate a hearing before any associate circuit court in the county where the inquiry shall be conducted in accordance with the statutes pertaining to inquests.

31

# Article VI

## Miscellaneous Offices

**Section 6.010.** There shall be no elective county officers other than county executive, councilmen and prosecuting attorney. Elective officers shall be nominated and elected in the manner provided in the election laws for the nomination and election of state and county officers. The incumbents of said offices at the time this charter is adopted shall continue in office until the expiration of the terms for which they were elected; any vacancy in any of said offices shall be filled for the unexpired term as provided in this charter.

## Public Administrator

**Section 6.020.** There shall be a public administrator who shall be appointed by the probate judge subject to confirmation by the county council until December 31, 1984. After this date the public administrator shall be appointed by a majority of the circuit judges of the county at a meeting duly called and held for that purpose subject to confirmation by the county council. If the probate judge or the circuit judges, as the case may be, fail to make an appointment within sixty days after the commencement of any term or after a vacancy occurs, the county executive shall appoint the public administrator subject to confirmation by the council. The public administrator shall serve for a term of four years, except one appointed to fill a vacancy occurring during a term. Terms shall begin January 1, 1981 and each fourth year thereafter. The public administrator may be removed from office during his term by the authority who appointed him in the same manner as he was appointed. He shall possess and exercise the powers and duties prescribed for the office by the constitution and laws of the state. His compensation shall be set by ordinance and he shall account for and pay into the county treasury to be credited to the general revenue fund all fees payable to him pursuant to law.

## Condemnation Commission

**Section 6.030.** 1. There shall be a permanent condemnation commission composed of three members and three alternates all of whom shall hold no other county office and shall be residents of the county. They shall be appointed by a majority of the circuit judges of the county at a meeting duly called and held for that purpose, but if the circuit judges fail to make an appointment within thirty days after a vacancy occurs the county executive shall make the appointment sub-

ject to confirmation by the council. All members and alternates shall serve overlapping terms of three years except those appointed to fill a vacancy occurring during the term of any member or alternate. Not more than two members and one alternate shall belong to the same political party.

2. Members shall receive such compensation as may be established by ordinance. Alternates shall receive no compensation except for such times as they may be actively engaged in the work of the commission, for which they shall receive the same compensation as a member.

3. The commission shall assess the damage and benefits in all condemnation proceedings brought by the county and in any other condemnation proceeding in which the judge before whom the proceeding is pending so orders.

4. The commission shall designate one of its members as chairman and shall adopt such rules and regulations for the conduct of the business of the commission as will not be inconsistent with law or with the rules of the circuit court.

5. Nothing herein contained shall abrogate the right to appeal from any commission award in condemnation in the manner provided by law nor the right to trial by jury.

# Fire Standards Commission

Section 6.040.  1. There shall be a fire standards commission composed of seven residents of the county who shall be appointed by the county executive, subject to confirmation by the council. One member shall be a chief of a fire protection district. One member shall be a chief of a municipal fire department. Two members shall be elected fire protection district directors, two shall be elected municipal officials and one shall be a citizen who is neither a fire chief, elected municipal official or fire protection district director. Of the members appointed first after the adoption of this section, two shall be appointed for one-year terms, two shall be appointed for two-year terms and three shall be appointed for three-year terms, but thereafter all members shall serve a term of three years, except those appointed to fill a vacancy occurring during the term of a member.

2. The commission shall have the power to establish and provide minimum training and educational standards and to issue regulations for any person performing the duties of a firefighter for any municipality, fire protection district, or other public agency. The training and educational standards adopted by the commission shall be reasonably

related to the position of firefighter. Any person who is employed or appointed as a firefighter after the effective date of the standards established by the commission who fails to meet such standards within six months of the beginning of such service shall be terminated. Thereafter, such person shall not be eligible for employment or appointment as a firefighter by any other municipality, fire protection district, or other public agency for a period of one year after his date of termination unless such person successfully meets the standards established by the commission. The minimum training and educational standards established by the commission shall not apply to volunteer firefighters, any person who served as a firefighter for twelve consecutive months prior to the adoption of this section, and any person appointed to the position of firefighter during a state of emergency declared by the county executive. Penalties for the violation of training and educational standards or the regulations promulgated by the commission shall be prescribed by ordinance. The expenses of the commission under this section shall be financed by the county general revenue fund or by grants from the State of Missouri or United States Government.

3. The commission shall, as authorized by ordinance, operate and maintain training facilities for the instruction and training of firefighters. The expenses for operation and maintenance of training facilities shall be defrayed by the fire protection district, municipality, or other public agency in proportion to its use of the facilities or by grants from the State of Missouri or United States Government.

# Article VII

## Merit System

**Section 7.010.**   There is established a system of personnel administration for the appointment of all county employees and appointive county officers, except as otherwise provided in this charter, on the basis of merit ascertained as nearly as practicable by competitive examination and for the retention of said employees and officers on the basis of merit and ability. It is also the purpose of the merit system to provide a plan for classification of positions whereby, in determining the rate of basic pay which an employee will receive, the principle of equal pay for substantially equal work will be followed and variations in rates of basic pay paid to different employees will be in proportion to substantial differences in the difficulty, responsibility, and qualification requirements of the work performed and to the contributions of employees to efficiency and economy. The merit system shall not apply to elected officers, heads of departments, the county auditor, the

34

county counselor, the administrative director of the council and, if authorized by ordinance, one executive assistant and one secretary for each of them. The merit system shall not apply to the public administrator, members of boards and commissions, executive staffs of the council and the county executive. The officers and employees of the department of police shall be employed as otherwise provided in this charter.

**Section 7.020.** There shall be a civil service commission composed of three residents of the county appointed by the county executive subject to confirmation by the council. The members shall be known to be in sympathy with the merit system of public employment, shall hold no other public office and shall serve overlapping terms of four years except any appointed to fill a vacancy occurring during the term of a member. The personnel director shall be secretary for the commission, and shall attend its meetings but shall have no right to vote.

**Section 7.030.** The civil service commission shall from time to time recommend to the council and county executive policies for the operation of the merit system and shall also:

1. Recommend to the council and county executive, for establishment by ordinance, a basic monthly pay plan, including monthly flat rates for full time and part time personnel and session rates for positions to which the merit system applies;

2. Set up and revise a position classification plan, assign job classifications to pay ranges contained in the basic monthly pay plan, including flat rates and session rates, and establish and amend rules for examination, certification, payment of personnel within the appropriation of funds by the council and other necessary details of personnel administration;

3. Hear appeals as provided by ordinance in case of disciplinary actions by appointing authorities, and from decisions of the personnel director in cases involving examinations and examination ratings;

4. Promulgate a system of veterans' preference in examinations;

5. Promulgate rules prohibiting employees and officers under the merit system from engaging in political activities or being required to make any political contributions;

6. Exercise such other powers and perform such other duties as may be authorized by ordinance.

**Section 7.040.** There shall be a personnel director who shall be appointed by the county executive under the merit system and who

35

shall administer the merit system and exercise those powers and perform those duties required of him by ordinance. He shall appoint such other assistants and employees as are necessary to carry out his duties and functions and as may be authorized by ordinance. He shall be the chief administrator for the merit system and shall certify all additions, deletions and changes in payrolls of employees subject to the merit system. Unless otherwise provided by ordinance the personnel director shall be in the department of administration.

**Section 7.050.** The adoption of this charter shall not affect the merit system status of any employee subject thereto at the time this charter takes effect, except as otherwise provided by this charter.

# Article VIII

## The Budget

**Section 8.010.** The budget and financial affairs of the county shall be governed by this charter and ordinances enacted pursuant thereto except as otherwise provided by the constitution. The fiscal year of the county shall be as established by ordinance from time to time.

**Section 8.020.** 1. Not later than sixty days prior to the beginning of each fiscal year, the county executive shall submit to the council a balanced current expense budget for the ensuing fiscal year, a capital program and an accompanying message. The proposed budget document shall present for each fund: (a) the estimated income and revenue of the fund for the budget year and (b) the estimated income and revenue of the fund during the fiscal year immediately preceding the budget year. The total expenditure proposed in the budget for each fund shall be no greater than the lesser of (a) and (b), plus any unencumbered cash balance in the fund at the end of the fiscal year immediately preceding the budget year. The county executive may propose additional expenditures if he also proposes additional income and revenue, but such additional expenditures may not exceed ninety percent of the estimated additional income and revenue to be received from taxes plus the total estimated additional income and revenue to be received from any other source.

2. The budget shall provide a complete financial plan for all county funds and activities and for all funds for county purposes, whatever their source, for the ensuing fiscal year. It shall be in such form as the county executive deems desirable or as may be required by ordinance. It shall include proposed tax rates, all estimated income

36

and revenue, all proposed expenditures for current operations, debt service, and capital improvement during the ensuing fiscal year and such other subjects required by ordinance or by the county executive.

3. The capital program shall contain at least (1) a clear, general summary of the program, (2) the capital improvements pending and proposed to be undertaken during the five fiscal years next ensuing, together with the estimated cost of each improvement and the pending or proposed method of financing it, and (3) the estimated annual cost of operating and maintaining the facilities to be constructed or acquired. The program may be reviewed and extended each year.

**Section 8.030.** Copies of the budget shall be available for public inspection. The council shall hold at least one public hearing on the proposed budget before it takes final action. At least five days' notice of the hearing shall be given and the hearing shall not be held within ten days after the budget is submitted to the council by the county executive.

**Section 8.040.** 1. After the public hearing, the council may adopt the budget with or without amendment. The council shall not increase the total expenditures from any fund to an amount greater than the lesser of the income and revenue estimates presented in the budget proposed by the county executive plus any unencumbered cash balance in the fund at the end of the fiscal year immediately preceding the budget year; but if the county executive proposes and the council provides additional income and revenue the council may appropriate such funds but not more than ninety percent of the estimated additional income and revenue to be received from taxes plus the total estimated additional income and revenue to be received from any other sources.

2. The council shall adopt the budget on or before the last day of the fiscal year currently ending. If it fails to adopt the budget by that date, the amounts appropriated for current operation for the current fiscal year shall be deemed appropriated for the ensuing fiscal year on a month to month basis, with all items in it prorated accordingly, until such time as the council does adopt a budget. Adoption of the budget shall constitute appropriations of the amounts specified therein as expenditures from the funds indicated and shall constitute a levy of the taxes therein proposed.

**Section 8.050.** If recommended by the county executive the council may by ordinance during any fiscal year make supplemental or emergency appropriations from available income and may reduce or transfer appropriations. The county executive may by executive order contemporaneously filed with the council transfer appropriations

within any department during any fiscal year.

**Section 8.060.** Every appropriation, except an appropriation from general obligation bonds of the county, shall lapse at the close of the fiscal year to the extent that it has not been expended or encumbered. Any cash surplus in any fund at the end of any fiscal year shall be carried forward and merged with the income of such fund for the succeeding year. Payment of any legal unpaid obligations of any fund for any prior year, however, shall be a first charge in the budget against the income of such fund for the budget year.

# Article IX

## Initiative, Referendum and Recall

**Section 9.010.** In accordance with the procedures hereinafter provided, the people reserve the power to propose and enact or reject ordinances independent of the council, to approve or reject ordinances by referendum, and to recall an elective county officer.

**Section 9.020.** Initiative petitions may propose ordinances on any subject except ordinances on subjects which by this charter become effective immediately upon enactment. Such petitions shall be signed by qualified voters equal in number to at least five percent of the total vote cast for governor in each of two thirds of the council districts at the last election at which a governor was chosen. Each petition shall contain the full text of the measure and an enacting clause which shall read as follows: "Be it enacted by the people of St. Louis County:". Such petitions shall be filed with the office or officer charged with conducting elections in the county which shall be the judge of their sufficiency. The proposed ordinance shall be submitted to the voters at the next general election held at least sixty days after the petitions are filed. An affirmative vote of a majority of those voting on the proposition shall be sufficient for its adoption.

**Section 9.030.** Petitions signed by five hundred registered voters and filed with the county clerk within ten days of the enactment of any ordinance, except ordinances which become effective immediately upon enactment, shall serve to postpone for forty days the effective date of such ordinance. Petitions proposing a referendum on such ordinance shall be signed by registered voters equal in number to at least five percent of the total vote cast for governor in each of the council districts at the last election at which a governor was chosen and shall be filed before the new effective date of such ordinance. Such petitions shall be filed with the office or officer charged with conduct-

ing elections in the county which shall be the judge of their suffi-
ciency. The question of approving or rejecting the ordinance shall be
submitted at the next general election held at least sixty days after the
petitions are filed. Any measure referred to the people shall take effect
when approved by a majority of the votes cast thereon. This section
shall not be construed to deprive any member of the council of the
right to introduce any measure.

**Section 9.040.**  Petitions demanding the recall of any county elec-
tive officer shall be signed by registered voters in the county or the
council district, as the case may be, equal in number to at least twenty
percent of the total vote cast for governor therein at the last election at
which a governor was chosen. Such petitions shall be filed with the
office or officer charged with conducting elections in the county which
shall be the judge of their sufficiency. The question shall be submitted
to the voters in the county or council district, as the case may be, at
the next primary or general election held at least thirty days after the
petitions are filed, except that if the petitions be filed more than
ninety days before any such election the question shall be submitted
at a special election called by the office or officer charged with con-
ducting elections in the county. If the majority of the votes cast on the
question at the election be in favor of the recall, the office shall be-
come vacant immediately upon certification of the results by the office
or officer charged with conducting elections in the county. All recall
proceedings shall at once be discontinued upon the death, resignation
or removal of the officer whose recall is in question.

# Article X

## Amendments

**Section 10.010.**  This charter may be repealed, revised or
amended in any one of the following ways:

1. In the manner provided in the state constitution for the framing
and adopting of a county charter;

2. By ordinance adopted by the council and submitted to the vot-
ers at a general or special election and approved by a majority of those
voting on the proposition;

3. By petitions setting forth the proposal and adopted by the
voters in the manner hereinafter provided. Such petitions shall be
signed by qualified voters equal in number to at least five percent of

the total vote cast for governor in each of the council districts at the last election at which a governor was chosen. Each petition shall contain the full text of the proposal and an enacting clause which shall read as follows: "Be it resolved by the people of St. Louis County that the county charter be amended (or repealed, or revised):". The petitions shall be filed with the office or officer charged with conducting elections in the county which shall determine their sufficiency. The proposal shall be submitted to the voters at the next general election occurring not less than ninety days after the petitions are filed. An affirmative vote of a majority of those voting on any proposal shall be sufficient for its adoption;

4. By direct submission by charter commission to the qualified voters in the manner hereinafter provided.

**Section 10.020.** 1. At the general election in November, 1988, and every ten years thereafter the office or officer charged with conducting elections in the county shall submit to the voters the question "Shall there be a Charter Commission to revise and amend the Charter?". The question shall be submitted on a separate ballot and if a majority of the votes cast thereon is in the affirmative, a charter commission shall be appointed, and shall act, in the manner herein provided.

2. After January 1 and before January 20 following any general election at which a majority of the votes cast is in the affirmative on said question a charter commission shall be appointed. Each councilman shall appoint one member who shall be a registered voter in the district represented by the appointing councilman. The county executive shall appoint members equal in number to the number of council districts. Of the members appointed by the county executive all shall be registered voters in the county, at least two shall hold elective municipal office, and no more than the smallest number required for a majority shall be of the same political party. The county executive shall designate one of the members to serve as chairman. On the death, resignation or inability of any member to serve, his appointing authority shall appoint a successor. Members of the commission shall receive no compensation but the necessary expenses of the commission shall be paid by the county on vouchers signed by the chairman.

3. The commission shall frame a charter or amendment or amendments on or before December 31 following its appointment. On said date the commission shall stand discharged and cease to exist. Any charter or amendment must receive the affirmative vote of six tenths of all the members of the commission before submission to the voters.

4. Any charter or amendments framed by the commission shall

take effect on the day fixed therein if approved by vote of a majority of the qualified voters of the county voting thereon at a special or general election held on a day fixed by the commission not less than thirty days nor more than one year after the completion of the charter or amendments.

5. Except as herein provided the provisions of the Missouri constitution for framing and adopting a county charter shall apply.

# Article XI

## General Provisions

**Section 11.010.** All ordinances, resolutions, orders and regulations in force at the time this charter takes effect and not inconsistent with the provisions of this charter shall remain and be in force until altered, modified or repealed.

**Section 11.020.** All bills, measures and proceedings pending or under consideration by the council at the time this charter takes effect and not inconsistent with provisions hereof shall remain unaffected by this charter and may be acted upon and disposed of as if they had originated and been introduced under this charter.

**Section 11.030.** All judicial proceedings of any kind or character and all condemnation proceedings for the taking or damaging of private property for public use, and all proceedings to incur debt and issue bonds, begun or pending at the time this charter takes effect, and all contracts for the doing of any kind of public work, not completed and performed at the time this charter takes effect, shall in no wise be affected by the adoption of this charter; but the same may be completed in every respect as nearly as may be in accordance with the provisions of this charter.

**Section 11.040.** All rights of action, contracts, titles, fines, penalties and forfeitures accrued to and in favor of the county or against the county before this charter goes into effect shall remain in existence in full force and effect as fully in every respect as if this charter had not taken effect. All recognizances and contracts lawfully entered into or executed by or to the county and the lien thereof, and all writs, prosecutions, actions and causes of action shall continue and remain unaffected by this charter.

**Section 11.050.** All ordinances, resolutions, orders and proceedings of the council may be proved by the certificate of the county clerk under the county's seal, and the same or copies thereof when so certi-

fied or when printed and published by authority of the council shall be received in evidence in all cases and places and by all courts without further proof. Copies of the books, records and papers, or parts thereof, of any department, office, board, commission or agency when duly certified by the officer having custody and control of any such books, records and papers shall be prima facie evidence of the recitals therein contained and shall be received in evidence in all places and by all courts without further proof.

**Section 11.060.** All officers elected or appointed for definite terms under the provisions of this charter shall continue to hold office, unless lawfully removed, until their successors are duly elected or appointed and qualified, provided that no officer may vote on the qualifications of his successor.

**Section 11.070.** Before entering upon his duties every officer shall file with the county clerk his certificate of election or appointment and shall take and subscribe before and file with the county clerk his oath or affirmation that he possesses all the qualifications of the office to which he is chosen, and is not subject to any of the disqualifications in this charter named, that he will support the constitution of the United States and of the State of Missouri, and will demean himself faithfully in office.

**Section 11.080.** 1. No officer or employee of the county, whether elected or appointed, shall in any manner whatsoever be interested in or receive any benefit from the profits or emoluments of any contract, job, work or service for the county. No such officer or employee shall accept any service or thing of value, directly or indirectly, from any person, firm or corporation having dealings with the county, upon more favorable terms than those granted to the public generally; nor shall he receive, directly or indirectly, any part of any fee, commission or other compensation paid or payable to the county, or by any person in connection with any dealings with the county, or by any person in connection with any dealings with or proceedings before any office, officer, department, board, commission or other agency of the county. No such officer or employee shall directly or indirectly be the broker or agent who procures or receives any compensation in connection with the procurement of any type of bonds for county officers, employees or persons or firms doing business with the county guaranteeing the performance of any contract with the county. No such officer or employee shall solicit or accept any compensation or gratuity in the form of money or otherwise for any act or omission in the course of his public work, provided, however, that the head of any department or board or commission of the county may permit an employee to

42

receive a reward publicly offered and paid for the accomplishment of a particular task.

2. The provisions of this section shall be broadly construed and strictly enforced for the purpose of preventing officers and employees from securing any pecuniary advantages, however indirect, from their public associations, other than their compensation provided by law. In order, however, to guard against injustices, the council may, by resolution, generally authorize stock ownership in widely owned corporations dealing with county, or specifically authorize any county officer or employee to own an interest in any corporation or to maintain a business in connection with any person, firm or corporation dealing with the county, or permit a member of a board or commission generally to transact business with the county other than in a matter in which he has personally participated as a member or which is before the board or commission of which he is a member if, on full public disclosure of all pertinent facts to the council by such officer or employee, the council shall determine that such stock ownership, connection or transaction does not violate the public interest.

3. Any officer or employee of the county who willfully conceals any such interest or violates any of the provisions of this section shall forfeit his office. If any person shall offer, pay, refund or rebate any part of any fee, commission or other form of compensation to any officer or employee of the county in connection with any county business or proceeding, he shall, on conviction, be punishable by imprisonment for not less than one or more than six months. Any contract made in violation of this section may be declared void by the county executive or by resolution of the council. The requirements and penalties of this section shall be in addition to all other provisions and penalties provided by law.

4. This section shall be self-enforcing but the council may supplement its provisions and extend prohibitions against conflicts of interest by ordinance not inconsistent herewith.

**Section 11.090.**   An officer or employee of the county whose pay is fixed by this charter or by ordinance may not receive additional pay for any other service or duty for the county.

**Section 11.100.**   Any person in the service of the county who handles any public money shall be bonded by corporate surety and premiums on such bonds shall be paid by the county.

**Section 11.110.**   There shall be no discrimination in employment or compensation of county employees on account of sex, race, color, national origin, or religious affiliation. The county shall not employ

any person who is a member of the communist party or who advocates the overthrow, by violence, of the American form of government.

**Section 11.120.**   The departments, officers, boards, commissions and other agencies provided for in this charter shall be entitled to the possession of all papers, books, documents, maps, plats, records, and archives now in the possession or under the control of those, respectively, who are superseded under this charter by such departments, officers, boards and other agencies.

**Section 11.130.**   If any doubt shall exist as to what department, office, officer or agency of the county shall exercise or perform any power or duty conferred or imposed by the constitution, by law or by this charter, the council by ordinance shall specify by whom such power or duty shall be exercised or performed.

**Section 11.140.**   In the event that any of the powers and duties of counties or county officers prescribed by the constitution or by statute are withdrawn or assumed by the state the implementation thereof and the closing or abolition of any county office may be effected by ordinance.

**Section 11.150.**   If a code or other volume or volumes containing this charter or the ordinances, resolutions or orders of the county be published by authority of the council, the same shall be received in evidence in all courts and other places without further proof.

**Section 11.160.**   The articles, sections, paragraphs, sentences, clauses and all other parts of this charter are severable, it being the purpose of this charter to provide for the government of St. Louis County, Missouri, in compliance in all respects with the constitution of Missouri and with the laws of Missouri governing said county except insofar as said laws are legally modified or legally supplanted by this charter. If a court or competent jurisdiction shall adjudge to be invalid or unconstitutional any one or more articles, sections, paragraphs, sentences, clauses or other parts of this charter, such judgment or decree shall not affect, impair, invalidate or nullify the remainder of this charter, but the effect thereof shall be confined to the articles, sections, paragraphs, sentences, clauses or other parts of this charter so adjudged to be invalid or unconstitutional.

**Section 11.170.**   This charter shall take effect upon its approval by the voters. The charter of 1968 and all amendments thereto except as herein provided shall be superseded by this charter.

# Schedule

**Section 12.010.** This charter shall be submitted to the qualified voters of the county at the November Supplemental election which shall be held on Tuesday, November 6, 1979. The election shall be conducted by the office or officer charged with conducting elections in the county.

**Section 12.020.** This schedule shall constitute a part of the charter only to the extent and for the time required to effect the transition from the charter of 1968 as amended to the government as provided in this charter.



# Certificate of Final Adoption

We, the undersigned members of the St. Louis County Charter Commission, duly appointed under the provisions of Section 10.020 of the Charter of 1968 as amended by the voters November 7, 1978, hereby certify that the foregoing is the proposed Charter of St. Louis County as finally approved and adopted by the unanimous vote of all the members of the Commission on the 28th day of June, 1979, for submission to the voters at the November Supplemental election to be held Tuesday, November 6, 1979.

_(signatures)_

Chairman

Vice Chairman

Secretary

47

# BE IT RESOLVED BY THE PEOPLE OF ST. LOUIS COUNTY THAT THE COUNTY CHARTER BE AMENDED BY ADDING THE FOLLOWING SECTION TO ARTICLE XI

Section 11.180:

1. For purposes of this section the following definitions shall be used:

A. "Professional sports facility" means any construction, building or improvement to real estate intended to accommodate regularly scheduled games of a professional sports team, provided that the term shall not include any such facility which is in existence and accommodating such games on the date of enactment of this amendment to the Charter.

B. "Site preparation" means any work of any kind at or related to the site of a professional sports facility, including without limitation infrastructure such as roads, streets, parking, sewer lines, water lines, and electric and gas facilities.

C. "Financial assistance" means any County assistance of value, direct or indirect, whether or not channeled through an intermediary entity, including but not limited to tax reduction, exemption, credit, or guarantee against or deferral of increase; dedication of tax or other revenues; tax increment financing; issuance, authorization, or guarantee of bonds; purchase or procurement of land or site preparation; loans or loan guarantees; sale or donation or loan of any County resource or service; deferral, payment, assumption or guarantee of obligations, and all other forms of assistance of value.

D. "Development" means any aspect of development, including without limitation design, construction, operation, maintenance, financing, and site preparation.

E. "County" means St. Louis County and every department, agency, commission, entity, or corporation of, belonging to, created by, authorized by, or affiliated with St. Louis County. For example, "County" includes the Planned Industrial Expansion Authority, the County Economic Council, the Office of Community Development, and the Convention and Tourism Bureau.

F. "Governing body" means the entity which, or official who, proposes to take action to provide financial assistance to the development of a professional sports facility. For example, "governing body" includes the County Executive, the County Council, the Board of Commissioners of the Planned Industrial Expansion Authority, the Board of Directors of the County Economic Council, and the Director of the Office of Community Development.

2. Before the County can act, by ordinance or otherwise, to provide financial assistance to the development of a professional sports facility, the following procedures must be fully implemented:

A. A fiscal note must be prepared by the County Auditor, received by the governing body, and made available to the public at least 20 days prior to final action. The fiscal note shall state the total estimated financial cost, together with a detailed estimated cost, to the County, including the value of any services, of the proposed action, and shall be supported with an affidavit by the Auditor that the Auditor believes the estimate is reasonably accurate.

B. A public hearing must be held by the governing body allowing reasonable opportunity for both proponents and opponents to be heard. Notice of the hearing shall be published three consecutive times in two newspapers of general circulation, not less than ten days before the hearing.

3. No financial assistance may be provided by or on behalf of the County to the development of a professional sports facility without the approval of a majority of the qualified voters of the County voting thereon. Such voter approval shall be a condition precedent to the provision of such financial assistance.

4. If any provision of this Section 11.180 or its application to any person, entity, or circumstance should be held invalid, in whole or in part, the invalidity does not affect other provisions or applications of this Section which can be given effect without the invalid provision or application, and to this end the provisions of this section are severable.

A PROPOSAL

TO AMEND ARTICLE IV OF THE ST. LOUIS COUNTY
CHARTER (1979), "DEPARTMENTS," BY REPEALING AND
RE-ENACTING SECTIONS 4.340 AND 4.350 AND BY
REPEALING SECTION 4.360, AND TO AMEND ARTICLE VI
OF THE ST. LOUIS COUNTY CHARTER (1979),
"MISCELLANEOUS OFFICES," BY REPEALING AND RE-
ENACTING SECTION 6.010 AND BY ENACTING AND ADDING
THERETO THREE NEW SECTIONS TO BE KNOWN AS
SECTIONS 6.050, 6.060 and 6.070, ALL PERTAINING
TO ELECTION OF THE ST. LOUIS COUNTY ASSESSOR.

SECTION 1. Article IV of the St. Louis County Charter
(1979), "Departments," shall be amended by repealing therefrom
Sections 4.340 and 4.350 and by enacting the following in lieu
thereof:

**Section 4.340.** The director of revenue shall have
charge of the extension and collection of all taxes and
licenses and the recording of all instruments. The
director shall supervise the performance of all other
related duties and powers as may be provided by law or by
ordinance to be performed by the offices of collector,
county clerk and recorder of deeds.

**Section 4.350.** The director of revenue shall appoint
under the merit system, the collector and recorder of
deeds.

SECTION 2. Article IV of the St. Louis County Charter
(1979), "Departments," shall be amended by repealing therefrom
Section 4.360.

SECTION 3. Article VI of the St. Louis County Charter
(1979), "Miscellaneous Offices," shall be amended by repealing
therefrom Section 6.010 and by enacting the following in lieu
thereof:

**Section 6.010.** There shall be no elective county
officers other than county executive, councilmen,
prosecuting attorney and assessor. Elective officers
shall be nominated and elected in the manner provided in
the election laws for the nomination and election of
state and county officers. The incumbents of said
offices at the time this charter is adopted shall
continue in office until the expiration of the terms for
which they were elected; any vacancy in any of said
offices shall be filled for the unexpired term as
provided in this charter.

SECTION 4. Article VI of the St. Louis County Charter

EXHIBIT A

(1979), "Miscellaneous Offices," shall be amended by enacting and adding thereto three new sections as follows:

### ASSESSOR

**Section 6.050.** The assessor shall be elected at a special election in April of 2011 and shall hold office through December 31, 2014; nominations for election shall be made in accordance with statute by the committee men and women of each of the two parties casting the highest vote for governor in the 2008 election. Thereafter the assessor shall be elected at the general election in 2014 and every four years thereafter, and shall take office on January 1 following the election. The assessor shall be a qualified voter of the county and shall have resided in the county for at least two years next before being elected. The assessor's entire time shall be devoted to the duties of the office. The assessor's salary shall be fixed by ordinance.

**Section 6.060.** A vacancy in the office of assessor shall be filled by the county executive subject to confirmation by the council. The person so selected shall be a member of the same political party as the previous occupant and shall hold office until January 1 following the next general election at which a successor shall be elected for the unexpired or the full term as the case may be.

**Section 6.070.** The assessor shall possess and exercise all the powers and duties given by law to the county assessor and shall possess and exercise all the powers and duties given by law to the county clerk relative to the extension, abstraction, listing and certifying of real and personal property, merchant and manufacturer, railroad, utility or other taxes for state, school, county or other purposes, and shall perform such other duties relative thereto as are provided by law or ordinance. The assessor may delegate any of the assessor's powers and duties to officers, deputies, assistants and employees but the final responsibility therefor shall be with the assessor.