IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACEY WHITE et. al., | * |
| Plaintiffs, | * |
| vs. | * Case No. 4:14-cv-01490 (HEA) |
| | * |
| THOMAS JACKSON, et. al., | * |
| Defendants. | * |
| | * |

**PLAINTIFFS' MOTION TO STRIKE EXHIBITS D & S OF THE MOTION
FOR SUMMARY JUDGMENT FILED BY DEFENDANTS CITY OF
FERGUSON, THOMAS JACKSON, JUSTIN COSMA, MATT DELIA, BRANDON
MCKINNON, AND RYAN DEVOUTON THAT CONSTITUTE INADMISSIBLE HEARSAY**

Come now the plaintiffs, by and through counsel, and hereby move this Court to strike Exhibits D & S that defendants City of Ferguson, Thomas Jackson, Cosma, Delia, McKinnon and DeVouton have submitted in support of their motion for summary judgment.

I. **Statement Of Relevant Facts**

In support of their motion for summary judgment the defendants have submitted a number of exhibits. Their Exhibit D is an investigative report allegedly prepared by a Det. Menzenwerth, in February, 2015, purporting to set forth the facts pertaining to the arrests of plaintiffs Green and Coleman. This document obtained final approval on May 4, 2015. Interestingly, Det. Menzenwerth had no personal involvement in the arrest of any of the plaintiffs and neither exhibit existed when plaintiffs' complaint was filed. Their Exhibit S is an identical document purporting to set forth facts pertaining to the arrests of plaintiffs Tracey White and William Davis. The defendants have submitted these documents for the Court's consideration as it evaluates their motion for summary

judgment and in doing so, they expressly contend that the representations and assertions contained therein are an accurate rendition of the facts. However, nothing could be farther from the truth. As will be shown below, these exhibits are nothing more than rank hearsay that are inadmissible as a matter of law and may not be considered by the Court for purposes of evaluating the defendants' motion.

**II.     Argument**

Generally speaking, a court cannot consider inadmissible hearsay evidence in the context of a motion for summary judgment. *Carter v. George Washington Univ.*, 387 F.3d 872, 880 (D.C. Cir. 2004). The 8th Circuit is in agreement, inadmissible hearsay may not be used to support or defeat a motion for summary judgment. *Jenkins v. Winter*, 540 F.3d 742, 748 (8th Cir. 2008); *Brooks v. Tri-Systems, Inc.*, 425 F.3d 1109, 1111 (8th Cir. 2005). In *Akers v. Liberty Mutual Group*, 744 F. Supp. 2d 92, 96 (D.D.C. 2010), it was put thusly:

> Because the objective of summary judgment is to prevent unnecessary trials, and because "[v]erdicts cannot rest on inadmissible evidence," it follows that the evidence considered at summary judgment must be capable "of being converted into admissible evidence." *Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (refusing to consider at the summary judgment stage a plaintiff's affidavits because they were not based on personal knowledge and relied on hearsay statements); *Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)* (holding that "absent a showing of admissibility" an appellant could not rely on a third party's description of an expert's anticipated testimony to oppose summary judgment); *Cotton v. Wash. Metro. Area Transit Auth., 2004 U.S. Dist. LEXIS 3829, 2004 WL 473658, at *6 (D.D.C. Mar. 3, 2004)* (stating that "[t]he evidence that the party offers to make the requisite showing [at summary judgment] must be evidence of the character which would be admissible [at trial]" (citing *Simpkins v. Wash. Metro. Area Transit Auth., 2 F. Supp. 2d 52, 56-57 (D.D.C. 1998))).*
> 
> Hearsay, which is a "a statement, other than one made by the declarant . . . offered in evidence to prove the truth of the matter asserted," FED. R. EVID. 801(c), is inadmissible unless it falls within a statutory exception, *see generally id. 801-07.* "'[S]heer hearsay . . . counts for nothing' on summary judgment." *Greer, 505 F.3d at 1315* (quoting *Gleklen v. Democratic Cong. Campaign Comm., Inc., 199 F.3d 1365,*

*1369, 339 U.S. App. D.C. 354 (D.D.C. 2000))*; *see also Tinsley v. Gen. Motors Corp., 227 F.3d 700, 703 (6th Cir. 2000)*; *Macuba v. DeBoer, 193 F.3d 1316, 1322-23 (11th Cir. 1999)* (reversing the lower court's denial of summary judgment because the district court erred in considering the plaintiff's hearsay testimony as substantive evidence); *Md. Highways Contractors Ass'n, Inc. v. Maryland, 933 F.2d 1246, 1252 (4th Cir. 1991)*.

The D.C. Circuit has been more succinct,

> Verdicts cannot rest on inadmissible evidence. Gleklen's evidence about the conversation is sheer hearsay; she would not be permitted to testify about the conversation at trial. It therefore counts for nothing. [Citations omitted].

*Gleklen v. Democratic Congressional Campaign Committee, Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000). Documents are no different:

> hearsay cannot be considered in awarding or avoiding summary judgment. *See id*. Moreover, "[t]o be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of *Rule 56(e)*." *Nnadili v. Chevron U.S.A., Inc., 435 F. Supp. 2d 93, 105 (D.D.C. 2006)* (quoting *Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000))* (declining to consider in motion for summary judgment maps lacking any authentication); *see also Fed. R. Civ. P. 56(e)(1)* ("If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit."); *Ashford v. District of Columbia, Civil Action No. 02-1955 (RMC), 2006 U.S. Dist. LEXIS 67790, 2006 WL 2711530, at *2 (D.D.C. Sept. 21, 2006)* ("A failure to present any evidence of their authentication in light of the defendants' challenge would render the documents inadmissible at trial." (citing *Fed. R. Evid. 1003*)); *Wells v. Xpedx, No. 8:05-CV-2193-T-EAJ, 2007 U.S. Dist. LEXIS 67000, 2007 WL 2696566, at *2 (M.D. Fla. Sept. 11, 2007)* ("[T]o be considered for or against summary judgment, a document must be authenticated, either by an affidavit that meets the requirements of *Rule 56(e)* [of the] Federal Rules of Civil Procedure, or in accord with the Federal Rules of Evidence."). Indeed, for the Court to accept anything less "would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial." *Greene v. Dalton, 164 F.3d 671, 675, 334 U.S. App. D.C. 92 (D.C. Cir. 1999)*.

*Ragsdale v. Holder*, 668 F.Supp. 2d 7, 16 (D.D. C. 2009); see also *Akers supra.*, at 97.

The defendants' Exhibits D & S are nothing more than after the fact police reports manufactured for purposes of this litigation that were created by an uninvolved detective at the

direction of defendants St. Louis County and Belmar that contain, at a minimum, hearsay upon hearsay. There is absolutely nothing of substance in either exhibit that is based upon the personal knowledge the alleged reporting officer, Det. Menzenwerth. No exception of any kind exists for the admission of these exhibits into evidence at a trial nor has one been asserted.

Wherefore, for the reasons stated herein, and in the record of this proceeding, plaintiff respectfully requests that the Court strike Exhibits D & S of defendants' City of Ferguson, Thomas Jackson, Cosma, Delia, McKinnon and DeVouton's motion for summary judgment because they are "sheer hearsay and count for nothing."

## Certification of Counsel

Undersigned counsel attempted to contact counsel for the defendants prior to filing this motion to ascertain their position, without success.

Respectfully submitted,

By /s/ Gregory L. Lattimer
Gregory L. Lattimer [371926DC]
1200 G Street, N.W., Suite 800
Washington, D.C. 20005
Tel. (202) 434-4513
Fax: (866) 764-6442
Lattlaw@aol.com

Malik Z. Shabazz [458434DC]
Black Lawyers for Justice
1200 G Street, N.W., Suite 800
Washington, D.C. 20005
Tel: (202) 434-4528
Fax: (202) 248-4478
attorneyshabazz@yahoo.com

Reginald A. Greene[308674GA]
Greene Legal Group, LLC
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
Tel. (404) 574-4308
Fax: (404) 574-4308
rgreene@greenelegalgroup.com
Counsel for the Plaintiffs

## **Certificate of Service**

The undersigned certifies that a copy of the foregoing was served by the court's electronic filing to all counsel of record this 29th day of May, 2016.

/s/ Gregory L. Lattimer
Gregory L. Lattimer