UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TRACEY WHITE ET AL, | ) |
| --- | --- |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No.: 4:14CV01490 HEA |
| | ) |
| THOMAS JACKSON, ET AL, | ) |
| | ) |
| Defendants. | ) |

## *FERGUSON AND MARYLAND HEIGHTS DEFENDANTS' JOINT REPLY IN SUPPORT OF THEIR JOINT MOTION TO EXCLUDE EXPERT TESTIMONY PURSUANT TO* DAUBERT

COME NOW Defendants, the City of Ferguson, former Ferguson Chief of Police Thomas Jackson, former Ferguson Police Officer Justin Cosma, and Maryland Heights Lieutenant Matt Delia and Maryland Heights Police Officers Brandon McKinnon and David "Ryan" DeVouton ("Defendants"), and for their Joint Reply in Support of their Joint Motion to Exclude Expert Testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), state as follows:

### *I.      INTRODUCTION*

Defendants will not repeat the arguments raised in their Motion to Exclude (Doc. No. 146) and Memorandum in Support (Doc. No. 147), but submit the following joint reply in response to the arguments made by Plaintiffs in the order presented in Plaintiffs' Response (Doc. No. 196).

Plaintiffs allege a "Travis Wilson" shot and killed Michael Brown, though Defendants will reply under the belief Plaintiffs have misnamed former City of Ferguson Police Officer

{01656594.DOCX;1}

Darren Wilson. Defendants deny the incident regarding Michael Brown constituted excessive force (and many of the other irrelevant references contained in Plaintiffs' statement of facts), and further state that the Michael Brown is not relevant to this case nor an issue presently before the Court (but is the subject of litigation before Judge E. Richard Webber in Cause No. 4:15-cv-00831-ERW). Regardless, Defendants respond to the Plaintiffs' arguments as follows.

## II. ARGUMENT

### A. Failure to Document Probable Cause

Plaintiffs appear to concede Mr. Pusins is not being offered as an expert regarding constitutional violations against any individual Plaintiff,[1] but for the purpose of opining that there are allegedly unconstitutional policies and practices of Chief Jackson and the City of Ferguson regarding their alleged failure to properly document probable cause with regard to Plaintiffs' arrests. *See* Doc. No. 196, pp. 5–6.[2] Plaintiffs have offered no evidence stating Chief Jackson or the City of Ferguson were responsible for implementing any practice or policy regarding the documentation of probable cause for the arrests in the West Florissant area in the subject timeframe. Doc. No. 145-18, 107:3–23; *see also* Doc. No. 145-19, 66:11–67:1 (Chief Belmar agreed, regarding who was in charge, he was "the ultimate person in this situation").

Instead, the Plaintiffs purport to offer Mr. Pusins in order to parrot the DOJ and COPS reports without any effort to apply the reports to the City of Ferguson or Chief Jackson with respect to the documentation of probable cause regarding the subject arrests. As there can be no *Monell* liability in the absence of a constitutional violation (*Brockinton v. City of Sherwood, Ark.*,

---

[1] At the outset, Defendants respectfully conclude that Mr. Pusins' testimony is inadmissible insofar as it is offered against any officer in their individual capacity. None of the opinions identified are offered against any officer in his individual capacity (therefore not probative). In addition, to discuss any alleged custom would be prejudicial against an individual officer.

[2] Defendants dispute Chief Jackson and the City of Ferguson had policies that affected the individual arrests and the Plaintiffs, more fully explained in Defendants' brief regarding their Motion for Summary Judgment.

503 F.3d 667, 674 (8th Cir. 2007)), Mr. Pusins' discussion opinions regarding custom and policy does nothing to assist the trier of fact.

**B. Failure to Provde Oversight of Arrests and Documentation of Probable Cause**

Similarly, Plaintiffs point to Mr. Pusins' testimony regarding "supervisory oversight" and documenting probable cause. Doc. No. 196, p. 8. There is no testimony by Mr. Pusins nor evidence upon which he relies to establish the City of Ferguson or Chief Jackson had supervisory oversight regarding the documentation of probable cause in the subject time frame and regarding arrests in the West Florissant area. In fact, the very police reports criticized by Mr. Pusins were not prepared by the City of Ferguson, but by St. Louis County.

**C. Use of Force**

Plaintiffs further appear to concede that Mr. Pusins has offered no opinions regarding the propriety of the use of force by any individual officer against any individual Plaintiff. Doc. No. 196, p. 9. Rather, Plaintiffs cite to Mr. Pusins' report regarding an officer's knowledge of excessive force, an officer should document and justify the use of force, and should be supervised to do the same. *Id.* at p. 10–11. Plaintiffs have not established, neither through Mr. Pusins' testimony nor from any documents upon which he relied, showing that Chief Jackson or the City of Ferguson had any involvement regarding informing the arresting officers regarding excessive force (such a duty belongs to the State of Missouri, pursuant to *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014)), or regarding the documentation of the subject arrests (as they were made by St. Louis County officers or Maryland Heights officers), or the supervision of the same (*see* . Doc. No. 145-18, 107:3–23; *see also* Doc. No. 145-19, 66:11–67:1). Mr. Pusins' testimony appears to attempt to state a standard of simple negligence more than *Monell* liability in that he testified regarding the industry standard. Even assuming Mr.

{01656594.DOCX;1}

Pusins testified the City of Ferguson engaged in a "continuing, widespread, and persistent pattern of" (*Johnson v. Douglas Cnty Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013)) failing to document arrests or supervising, the same does not constitute a constitutional violation. *See* Doc. 147, p.p. 4–5. To the extent he opined there was a continuing, widespread, and persistent pattern of excessive force, there is no evidence whatsoever such an alleged policy was a motivating factor behind any of the decisions made by the arresting officers, *none of whom were who were Ferguson police officers.*

### D. DOJ and COPS Reports

Mr. Pusins' reliance on the DOJ and COPS reports is not, by itself, a guarantee as to admissibility in federal courts. *See Fancher v. Klann*, 2014 WL 4294960, at *2 (D. Minn. 2014) (citing *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686–87 (8th Cir. 2001)). Without engaging in a Rule 403 balancing test at this time (as Defendants believe any probative value of the reports is substantial outweighed by their prejudicial value), Plaintiffs do not point to any factual evidence showing the proferred testimony is helpful to the trier of fact making any determination in this matter.

### E. Cases Insufficiently Distinguished

Plaintiffs attempt to distinguish *Dura v. CTS Corp.*, 285 F.3d 609 (7th Cir. 2002), *In re TMI Litig.*, 193 F.3d 613 (3d Cir. 1999), and *Rk-7 Corp. v. Estate v. Barbouti*, 993 F.2d 733 (10th Cir. 1993) by claiming, "In the instant case, Pusins is not relying upon the DOJ reports to support his conclusion. It was just one of several factors that he considered when reviewing the evidence." Doc. No. 196, p. 13. Plaintiffs further state he evaluated evidence available to him. This statement is simply incorrect. Mr. Pusins admits he is not familiar with any general order of the City of Ferguson unless it was discussed in the DOJ report. Ex. B, Pusins Dep. 185:16–20.

He was unaware of any orders of Tom Jackson in the general orders which any officer followed in this suit. *Id.* at 191:13–16. He did not know whether any St. Louis County officers were aware of any City of Ferguson general order. *Id.* at 183:4–21; *see also id.* at 184:1–7 (not pointing to any policy or procedure by the City of Ferguson having any influence on any arrest in the lawsuit). With respect to St. Louis County, as of August 11, 2014, Mr. Pusins was not aware of any custom. *Id.* at 140:1–9. Mr. Pusins believed there was a City of Ferguson custom regarding arrests without probable cause and a lack of review by supervisors (opinions he arrived at exclusively via the DOJ report) (*id.* at 138: 9–18), but did not explain how a City of Ferguson custom influenced any of the arrests in this case whatsoever based on the diverse employers of the arresting officers, chain of command and the individual arrests.[3] Further, naming such a custom merely parroted the DOJ's alleged findings, which, pursuant to Defendants' cited cases, is insufficient for the admission of expert testimony.

### III. CONCLUSION

Plaintiffs offer Mr. Pusins' testimony not for the purpose assisting the trier of fact determine whether any individual defendant violated any Plaintiffs' constitutional rights, nor with respect to any policy of the City of Ferguson, but allegedly regarding the City of Ferguson alleged custom (in which he parrots the DOJ report without performing any additional research or specific evidence to support that contention). Due to the chain of command structure, neither Mr. Pusins nor Plaintiffs are able to tie any alleged custom of the City of Ferguson to any of the

---

[3] Mr. Pusins admitted a failure to provide a written probable cause affidavit (ex. B, Pusins Dep. 211:21–24), failure to provide a police report within one or two days (*id.* at 212:25–212:3; 278:19–23; 279:6–12) . Mr. Pusins was unfamiliar to whom the three Maryland Heights officer reported during the arrests. *Id.* at 215:1–19. He was unable to state whether Theophilus Green or Damon Coleman's rights were violated. *Id.*

5

subject arrests.[4] This purported expert opinion (in addition to the remainder) is inadmissible for the reasons stated in the Memorandum in Support, including for the reason it does not assist the trier of fact determine a material fact in this case.

|  | /s/Peter J. Dunne |
|---|---|
|  | Peter J. Dunne  #31482MO |
|  | Robert T. Plunkert   #62064MO |
|  | PITZER SNODGRASS, P.C. |
|  | Attorneys for Defendants |
|  | 100 South Fourth Street, Suite 400 |
|  | St. Louis, Missouri 63102-1821 |
|  | (314) 421-5545 |
|  | (314) 421-3144 (Fax) |

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 1st day of June, 2016, to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF:

Gregory L. Lattimer
Malik Z. Shabazz
1200 G. Street, N.W., Suite 800
Washington, D.C. 20005
lattlaw@aol.com
attorney.shabazz@yahoo.com
Attorneys for Plaintiffs

Reginald A. Green
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
rgreene@greenelegalgroup.com
Co-counsel for Plaintiffs

Michael E. Hughes
41 S. Central Ave
Clayton, Missouri 63105
mhughes2@stlouisco.com
pgunn@stlouisco.com
Attorney for Defendants St. Louis County and Chief Jon Belmar

|  | /s/Peter J. Dunne |
|---|---|

---

[4] For the reasons stated in Defendants' Motion for Summary Judgment, the lack of any evidence whatsoever to support the element of causation warrants summary judgment regarding the *Monell* claim against the City of Ferguson and Chief Jackson.

6

{01656594.DOCX;1}