IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TRACEY WHITE, et al.,            )
                                 )
        Plaintiffs               )
                                 )
v.                               )        Cause No. 14-cv-01490 - HEA
                                 )
THOMAS JACKSON, et al.,          )
                                 )
        Defendants.              )

**REPLY MEMORANDUM OF LAW OF THE ST. LOUIS COUNTY DEFENDANTS
IN SUPPORT OF THEIR MOTION TO EXCLUDE EXPERT TESTIMONY
PURSUANT TO DAUBERT**

COME NOW Defendants Jon Belmar, Sgt. David Ryan, Officer Terence McCoy, Officer

Michael McCann, Det. Derik Jackson, Det. Joseph Patterson, Det. Aaron Vinson, Det. William

Bates, Det. Nicholas Payne, Officer Daniel Hill, Officer Antonio Valentine, and St. Louis

County, Missouri, ("St. Louis County Defendants") and submit the following Reply

Memorandum of Law in Support of their Motion to Exclude Expert Testimony Pursuant to

*Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

**State of Relevant Facts**

There are several "facts" listed in plaintiffs' "Statement of Relevant Facts" section that

are inaccurate.   The first is that Chief Belmar "admits that the requirement of written reports

documenting arrests and use of force was suspended because of the dire conditions in Ferguson."

Chief Belmar never indicated that he suspended the requirement of written reports, or that

officers were relieved of accounting for probable cause for their arrests.  Rather, he avers that he

assigned the task of preparing reports which included documentation of probable cause to a

detective during the extraordinary Ferguson events.  Belmar Affidavit ¶¶12, 13, and 26.  Chief

1

Belmar further states that he directed that officers had to be able to account for each person arrested, the arresting officer, and the reasons for the arrest to ensure the existence of probable cause. *Id.* at ¶14.  He expected officers to cooperate with the report writer to make certain that information within reports was complete and accurate.  *Id.* at ¶16.  The requirement of reviewing and approving police reports up the chain of command continued.  *Id.* at ¶17.  A detective was assigned to keep track of who made each arrest, and to ensure that the arresting officers could articulate probable cause. *Id.* at ¶26.  Had a County Officer in the Ferguson area made an arrest without being able to articulate probable cause, that officer would be subject to discipline. *Id.* at ¶28.  Additionally the affidavit includes a statement that St. Louis County never suspended the requirement that use of force reports be prepared in accordance with policy. *Id.* at ¶34.  The change then attendant to the need to respond to the riotous conditions in Ferguson was to shift the actual report preparation from the arresting officer to a detective.  Therefore, plaintiffs' statement that "the moving defendants do not contend that Mr. Pusins' factual premise is contrived or wrong" cannot be further from the case.[1]

Plaintiffs also cite to *Abdullah v. County of St. Louis,* 52 F.Supp.3d 936, 945 (E.D.Mo. 2014), for an unclear reason.  The case has no relevance to the claims, however.  Plaintiffs' various police encounters occurred between August 11 and 13, 2014.  The court in *Abdullah* issued an injunction against a "keep moving" strategy that was not developed until August 18, 2014.

## Argument

### A. *Exclusion of Expert Testimony*

---

[1] Plaintiffs quote from Mr. Pusins' deposition where he testified that "police officers were just not held accountable, were not required to provide probable cause for arrest, not required to document the use of force. . . ."

2

*Lauzon v. Senco Products,* 270 F.3d 681, 686-88 (8th Cir. 2001). "Expert testimony is inadmissible if it is speculative, unsupported by sufficient facts, or contrary to the facts of the case." *Concord Boat Corp. v. Brunswick Corp.,* 207 F.3d 1039, 1056–57 (8th Cir. 2000).

Plaintiffs apparently argue that Mr. Pusins' opinion is actually that "it was foreseeable that constitutional rights would be violated" and that "the failure to articulate and document probable cause . . . can lead to constitutional violations . . . ." They state the opinion is offered in support of their effort to make a claim against St. Louis County and Chief Belmar for an "unconstitutional policy". Even so, the opinion does not meet the test of admissibility for several reasons.

A review of the pleadings establishes that plaintiffs do not even seek to hold St. Louis County or Chief Belmar liable for a defective policy. The allegations directed against the Chief and County are contained within Section "F" of each plaintiff's count. Plaintiffs allege that defendants "were acting under the direction and control, and pursuant to the practices and customs of Defendants City of Ferguson and St. Louis County and implemented by Defendants Belmar and Thomas." Therefore, any opinions pertaining to a St. Louis County policy are wholly irrelevant.

Plaintiffs carry the burden of demonstrating admissibility by showing that the reasoning or methodology in question is applied properly to the facts in issue. *Marmo v. Tyson Fresh Meats, Inc.,* 457 F.3d 748, 758 (8th Cir. 2006). They do not present any evidence to establish the factors outlined above, including whether the theory has been tested, the source of the theory, or a connection between the theory and the facts of the case. Most glaringly, plaintiffs do not explain in Opinion 1 how the timing of the preparation of police reports or probable cause statements can impact constitutional rights, particularly in view of the case law included in

4

defendants' initial memorandum that inaccurate police reports do not violate the constitution. *Shock v. Tester,* 405 F.2d 852 (8th Cir. 1969).

Further, in order to establish liability against either the Chief or the County, plaintiffs must show that the policy [or custom] at issue was the "moving force" behind the claimed constitutional violation. *Monell v. New York Dep't of Soc. Services,* 436 U.S. 658, 694 (1978). Mr. Pusins' opinion falls short of the requisite causal connection to meet the standard of admissibility. He writes that "the failure to articulate and document the probable cause . . . can lead to constitutional violations." He does not explain how constitutional violations are more likely under the facts in the record. More than undue speculation is required of an expert. *Polski v. Quigley Corp.,* 538 F.3d 836, 841 (8th Cir. 2008). The connection which is required here, the "moving force" must be to a reasonable degree of certainty. *O'Neal v. Remington Arms,* 817 F.3d 1055, 1064 (8th Cir. 2015); *Glastetter v. Novartis Pharmaceuticals Corp.,* 252 F.3d 986, 989 (8th Cir. 2001). Because Mr. Pusins does not offer sufficient nexus between the documentation of probable cause and the claimed constitutional violations, his opinion is not sufficiently reliable to meet the standards of admissibility.

Additionally, the deposition testimony plaintiffs quote on page 8 of their Memorandum of Law wholly misstates the facts. Opinion 1 is not reliable because it is based on inaccurate information. Contrary to Mr. Pusins' conclusions, Chief Belmar's Affidavit proves that police officers were indeed held accountable, were required to provide probable cause for their arrests, and were required to document the use of force. The County had a Use of Force Policy in place that was never suspended during the Ferguson unrest. Because the opinion is based on inaccurate information it is not worthy to be presented to a jury.

Finally, plaintiffs intimate that Mr. Pusins opines that defendants' "actions amounted to policies and practices . . . that exhibited a reckless disregard and deliberate indifference to the constitutional rights of citizens". The question of deliberate indifference is the ultimate legal conclusion which is an inappropriate subject of expert testimony in a Fourth Amendment case, however. *Berry v. City of Detroit,* 25 F.3d 1342, 1353 (6th Cir. 1994) (holding that an expert can opine on the effect of a given policy, but not offer the legal conclusion that defendant was deliberately indifferent). See also *Albertenst v. Hunt,* 2011 WL 6140888 (E.D. Mo. Dec. 9, 2011); *Peterson v. City of Plymouth,* 60 F.3d 469, 475 (8th Cir. 1995); *Salsa v. Carpenter,* 980 F.2d 299, 305 (5th Cir. 1992). As a result, defendants ask the Court to additionally preclude Mr. Pusins from testifying that defendants' actions were reckless or amounted to deliberate indifference.

### Opinion 2

Mr. Pusins states that the "standard of care" is to memorialize probable cause for an arrest contemporaneously or within a reasonable time frame to give supervisors the ability to make sure that all of the elements of probable cause are contained within the paperwork. As discussed in the initial Memorandum of Law, however, whether paperwork is appropriately filled out does not violate the Constitution. Additionally, Mr. Pusins does not state what a reasonable time frame is. The practice of assigning a detective to prepare the police reports which included the basis for probable cause did not begin until August 11, 2014. Even under non-emergent conditions, it takes time for the completion and supervisory review of all of the paperwork. Plaintiffs Harris, Burns, Green, and Coleman's police encounters were on August 11, 2014. Kerry White and the Bowers were arrested around midnight on August 12-13. Tracey White's, William Davis', and Dwayne Matthews' claims arose on August 13. Mr. Pusins therefore cannot

6

reasonably conclude that **plaintiffs'** constitutional rights were impacted by the decision to assign a detective to the report writing function.

Plaintiffs point out that Mr. Pusins testified that he was not aware of any customs of the St. Louis County Police Department prior to August, 2014, in contrast to verifying the absence of the alleged offending custom. Either way, the impact is the same. Mr. Pusins does not have evidence that the practice of delaying the preparation of paperwork preceded August 11, 2014, which is a key element to establishing a claim based on custom. *Thelma D. v. Bd. of Educ. of City of St. Louis,* 934 F.2d 929, 934 (8th Cir. 1991).

Plaintiffs emphasize that "it is not the customs of the municipal defendants that are at issue, it is the policies enacted by the municipal defendants in August, 2014 that displayed deliberate indifference to the constitutional rights of the citizenry of Ferguson that are at issue." Defendants then ask the Court to dismiss the claims against the County and Chief altogether based on the admission. Plaintiffs have not alleged a constitutional violation based on a policy; the sole claim is based on the "practices and customs". See, e.g., ¶57 of Third Amended Complaint.

Finally, plaintiffs argue that civil unrest does not provide a basis for suspending the protections of the Constitution. Defendants agree, and have never claimed they are excused from arrests only upon probable cause, or limiting force to only what is reasonably necessary, or even to preparing paperwork. Mr. Pusins states, however, that paperwork should be prepared within a reasonable time following an arrest. The issue then that Mr. Pusins does not address is whether the emergent circumstances on the ground in Ferguson between August 11 and 13, 2014 (the dates of the events in the Complaint), extended what can be deemed a reasonable time to complete paperwork to two days. Whether a longer period was reasonable need not be

determined because the plaintiffs' claims all arose within two days of the implementation of the "practice" or "custom" at stake.

### Opinion 3

Mr. Pusins offers the same opinions concerning use of force reports as he does for police reports, probable cause statements, and any other paperwork he asserts should have been filled out.  Plaintiffs do not advance any arguments in opposition to the Motion that were not raised under Opinions 1 or 2.  Defendants ask the Court to exclude Mr. Pusins' Opinion 3 for the same reasons that Opinions 1 and 2 are inadmissible.

### Opinion 4

It appears as if plaintiffs are withdrawing the opinions contained in the Expert Report under Opinion 4, Decontamination.  No further discussion is therefore necessary.

### DOJ and COPS Reports

Plaintiffs argue that Mr. Pusins should be permitted to testify about the contents of the DOJ and COPS reports because according to page 14 he "considered them", although on page 16 they state "Mr. Pusins is not relying upon the DOJ reports to support his conclusion."  Without reliance on information in the reports to support his conclusions, there is no reason to bring the existence or contents of the reports before a jury.

FRE 703 provides: "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect."

Mr. Pusins did not base his opinions on information or data in the reports because admittedly he did not rely on them to support his conclusions.  Therefore the rule used to justify use of hearsay by an expert does not apply to Mr. Pusins.  Plaintiffs cite to no authority which allows a party to make hearsay evidence admissible simply by providing it to an expert who "considered" but did not rely on it.  Defendants further submit that because Mr. Pusins did not rely on the hearsay reports in formulating his conclusions, any probative value in helping the jury evaluate the opinions is outweighed by the prejudicial effect.

Plaintiffs cite to *First Union Nat'l Bank v. Benham,* 423 F.3d 855, 862 (8th Cir. 2005) to argue that the factual basis of an opinion goes to credibility; not admissibility.  Yet, the use of the reports must still meet the standard of FRE 703, which is not the case here.

Plaintiffs then attempt to distinguish the authorities that prevent one expert from adopting the opinions of another, such as *Dura v. CTS Corp.,* 285 F.3d 609 (7th Cir. 2002), by stating that Mr. Pusins has worked in the law enforcement field for thirty years and reviewed the material provided him specific to the individual plaintiffs listed on Pages 1 through 5 of his report.  He did not, however engage in the interviews, research, or work of those who prepared the COPS report. The opinions Mr. Pusins proffers are limited to the few contained within his Rule 26 report, whereas the COPS report covers matters affecting four law enforcement agencies over a seventeen day period of time.  His background and review of material related to the plaintiffs does not establish that he came to independent opinions regarding matters in the COPS report.

### *Conclusion*

Therefore, for the above stated reasons as well as those contained within the material originally submitted to the Court in connection with their Motion, Defendants ask the Court to exclude any and all opinions plaintiffs attempt to offer by their endorsed expert Robert R. Pusins.

Respectfully submitted,


PETER J. KRANE
COUNTY COUNSELOR

By: _____
Michael E. Hughes #23360MO
Associate County Counselor
Mhughes2@stlouisco.com
Priscilla F. Gunn #29729MO
Assistant County Counselor
Pgunn@stlouisco.com
41 S. Central, Ninth Floor
Clayton, MO 63105
(314) 615-7042
(314) 615-3732 (fax)


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was delivered to all counsel of record by the Court's Electronic Filing this 2nd day of June, 2016