# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TRACEY WHITE et. al., | * |
| Plaintiffs, | * |
| vs. | * Case No. 4:14-cv-01490 (HEA) |
| | * |
| THOMAS JACKSON, et. al., | * |
| Defendants. | * |
| | * |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Come now the plaintiffs, by and through counsel, and hereby submit their proposed jury instructions

### A. MISSOURI APPROVED JURY INSTRUCTIONS [MAI] 7th Ed.

2.01, 2.02 2.03, 2.04, 2.05, 3.01, 4.01, 10.01, 16.01(1), 23.01, 23.02, 23.04

### MANUAL OF MODEL CIVIL JURY INSTRUCTIONS
### FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT

1-1 - 1.9, 2.1-2.4, 2.8, 2.14, 3.1-3.4, 3.6

### PROPOSED STANDARD FEDERAL JURY INSTRUCTION NO. 1

The Statute (42 U.S.C. §1983)

The law to be applied in this case is the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. Section 1983 of Title 42 of the United States Code states: Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction

thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Sand, Modern Federal Jury Instructions, Instruction 87-65

## PROPOSED STANDARD FEDERAL JURY INSTRUCTION NO. 2

Purpose of the Statute

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes. Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the fourteenth amendment and federal laws. Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

Sand, Modern Federal Jury Instructions, Instruction 87-66

## PROPOSED STANDARD FEDERAL JURY INSTRUCTION NO. 3

Burden of Proof I shall shortly instruct you on the elements of plaintiff's section 1983 claim, and on the elements of defendant's qualified immunity defense. The plaintiff has the burden of proving each and every element of his section 1983 claim by a preponderance of the evidence. If you find that any one of the elements of plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant.

Sand, Modern Federal Jury Instructions, Instruction 87-67

# PROPOSED STANDARD FEDERAL JURY INSTRUCTION NO. 4

Elements of a Section 1983 Claim

To establish a claim under section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

Sand, Modern Federal Jury Instructions, Instruction 87-68

# PROPOSED STANDARD FEDERAL JURY INSTRUCTION NO. 5

State Official Acting Under Color of State Law as a Matter of Law

Whether the defendant committed the acts alleged by the plaintiff is a question of fact for you, the jury, to decide. I will instruct you in a moment on how you will decide that issue. For now, assuming that the defendant did commit those acts, I instruct you that, since defendant _____ was an official of the _____ , at the time of the acts in question, he was acting under color of state law. In other words, the first statutory requirement is satisfied.

Sand, Modern Federal Jury Instructions, Instruction 87-70

# PROPOSED STANDARD FEDERAL JURY INSTRUCTION NO. 6

General Instruction

The second element of plaintiff's claim is that he was deprived of a federal right by the defendants. In order for the plaintiff to establish the second element, he must show these things by a preponderance of the evidence: first, that the defendants committed the acts alleged by plaintiff; second, that those acts caused the plaintiff to suffer the loss of a federal right; and, third, that, in performing the acts alleged, the defendants acted intentionally or recklessly.

Sand, Modern Federal Jury Instructions, Instruction 87-74

### PROPOSED STANDARD FEDERAL JURY INSTRUCTION NO. 7

State of Mind General

I instruct you that, to establish a claim under section 1983, the plaintiff must show that the defendants acted intentionally or recklessly. If you find that the acts of the defendants were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendants.

Sand, Modern Federal Jury Instructions, Instruction 87-75

### PROPOSED STANDARD FEDERAL JURY INSTRUCTION NO. 8

State of Mind Intentional

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. In determining whether the defendant acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Sand, Modern Federal Jury Instructions, Instruction 8776

## PROPOSED STANDARD FEDERAL JURY INSTRUCTION NO. 9

State of Mind Recklessness

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether defendant acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Sand, Modern Federal Jury Instructions, Instruction 87-77

## PROPOSED STANDARD FEDERAL JURY INSTRUCTION NO. 10

Proximate Cause Generally

The third element which plaintiff must prove is that the defendants' acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of the defendants and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of a defendants' act or omission. If an injury was a direct result or a reasonably probable consequence of a defendants' act or omission, it was proximately caused by such act or omission. In other words, if a defendants' act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause. In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the

defendants. If you find that the defendants have proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of the defendants' conduct, you must find that the defendants did not proximately cause plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.

Sand, Modern Federal Jury Instructions, Instruction 87-79

**PROPOSED STANDARD FEDERAL JURY INSTRUCTION NO. 14**

Compensatory Damages

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendants should be held liable.

If you return a verdict for the plaintiff, then you must consider the issue of actual damages.

If you return a verdict for the plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendants.

You shall award actual damages only for those injuries which you find that plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find plaintiff has proven by a preponderance of evidence to have been the direct

result of conduct by the defendants in violation of section 1983. That is, you may not simply award actual damages for any injury suffered by plaintiff you must award actual damages only for those injuries that are a direct result of actions by these defendants and that are a direct result of conduct by defendants which violated plaintiff's federal rights under color of law.

Sand, Modern Federal Jury Instructions, Instruction 87-87

### PROPOSED STANDARD FEDERAL JURY INSTRUCTION NO. 15

Damages for the Mere Fact of Violation

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar. Nominal damages must be awarded when the plaintiff has been deprived by defendants of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of the defendants' conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

Sand, Modern Federal Jury Instructions, Instruction 87-88

### PROPOSED STANDARD FEDERAL JURY INSTRUCTION NO. 16

Causation and Damages

I have said that you may award damages only for those injuries which you find the plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendants in violation of section 1983. You must distinguish between, on the one hand, the

existence of a violation of the plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that the defendants deprived the plaintiff of his rights in violation of section 1983, you must ask whether the plaintiff has proven by a preponderance of evidence that the deprivation caused the damages that he claims to have suffered.

If you find that the damages suffered by the plaintiff were partly the result of conduct by the defendants that were legal and partly the result of conduct by him that was illegal, you must apportion the damages between the legal and illegal conduct that is, you must assess the relative importance of the legal and the illegal conduct and allocate the damages accordingly.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 87-89

## PROPOSED STANDARD FEDERAL JURY INSTRUCTION NO. 17

Exemplary or Punitive Damages

If you award the plaintiff actual damages, then you may also make him a separate and additional award of exemplary or punitive damages. You may also make an award of punitive damages even though you find that plaintiff has failed to establish actual damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing such conduct in the future. You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to the plaintiff's rights.

An intent to injure exists when the defendant has a conscious desire to violate federal rights of which he is aware, or when the defendant has a conscious desire to injure plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that defendant has a conscious desire to violate rights or injure plaintiff unlawfully.

If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's federal rights or unlawfully injure him or if you find that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are Inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent this defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter defendant or persons like him from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded. Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 87-92

                        Respectfully submitted,

                        By /s/ Gregory L. Lattimer
                        Gregory L. Lattimer [371926DC]
                        1200 G Street, N.W., Suite 800
                        Washington, D.C. 20005
                        Tel. (202) 434-4513
                        Fax: (866) 764-6442
                        Lattlaw@aol.com

                        Malik Z. Shabazz [458434DC]
                        Black Lawyers for Justice
                        1200 G Street, N.W., Suite 800
                        Washington, D.C. 20005
                        Tel: (202) 434-4528
                        Fax: (202) 248-4478
                        attorneyshabazz@yahoo.com

                        Reginald A. Greene [308674GA]
                        Greene Legal Group, LLC

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
Tel. (404) 574-4308
Fax: (404) 574-4308
rgreene@greenelegalgroup.com

Counsel for the Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing filed electronically with the Clerk of the Court was served electronically via the Court's electronic filing system on this 13th day of September, 2016 upon:

Peter J. Dunne, Esq.
Robert T. Plunkert, Esq.
Pitzer Snodgrass, P.C.
100 South Fourth Street
Suite 400
St. Louis Missouri 63102-1821

Michael E. Hughes, Esq.
Associate County Counselor
Priscilla F. Gunn, Esq.
Assistant County Counselor
41 S. Central
Ninth Floor
Clayton, MO 63105

/s/ Gregory L. Lattimer