UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACEY WHITE ET AL, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No.: 4:14CV01490 HEA |
| | ) |
| THOMAS JACKSON, ET AL, | ) |
| | ) |
| Defendants. | ) |

# *DEFENDANTS CITY OF FERGUSON, FORMER FERGUSON POLICE CHIEF THOMAS JACKSON, FORMER FERGUSON POLICE OFFICER JUSTIN COSMA, AND MARYLAND HEIGHTS POLICE OFFICERS RYAN DEVOUTON, BRANDON MCKINNON, AND MATT DELIA'S JOINT OBJECTIONS TO PLAINTIFFS' COMPLIANCE WITH ORDER OF COURT RELATING TO TRIAL*

COME NOW Defendants, the City of Ferguson, former Ferguson Police Chief Thomas Jackson, and former Ferguson Police Officer Justin Cosma, and Maryland Heights Police Officers Ryan Devouton, Brandon McKinnon and Matt Delia, (the "Defendants"), by and through their undersigned counsel, and for their joint objections to Plaintiffs' Compliance with Order of Court Relating to Trial, (Doc. No. 229), state as follows:

**A. Joint Stipulations**

Attorneys for the parties held an approximately forty-minute teleconference regarding proposed stipulations and the statement of the case to be read at voir dire. During this conference, attorneys for these Defendants stated they were willing to agree to the first three proposed stipulations set forth in Doc. No. 229, but were unwilling to stipulate to paragraphs four and five, including for the reason they were misleading, confusing and argumentative.

When the attorney for Plaintiffs was informed of this objection, he indicated he would not agree to any of the proposed stipulations.

Attorneys for the parties also discussed a proposed statement of the case to be read at voir dire. During this discussion, the attorney for Plaintiffs refused to omit reference to "negligence" in connection with the alleged civil rights violation claims in the proposed statement, a reference to which the Defendants objected. See *Chadd v. Cape Girardeau Cty. Jail*, No. 1:15-CV-25-JAR, 2015 WL 566423, at *2 (E.D. Mo. Feb. 10, 2015) ("[M]ere negligence does not rise to the level of a constitutional violation, and supervisors cannot be held vicariously liable under § 1983 for the actions of a subordinate."). However, the Plaintiffs' current submission has omitted any reference to negligence, and these Defendants consent to the proposed voir dire statement contained in paragraph 229.

### B. Plaintiffs List of Witnesses

Defendants object to the following witnesses identified by Plaintiffs for the reasons stated below (identified by line item):

**19. Mercy Healthcare** – It is unclear to whom this refers and which representative or individual of Mercy Healthcare Plaintiffs intend to call as a witness (whether it is custodian of record, nurse, physician, etc.), and Defendants are therefore without sufficient information to determine the propriety, relevance or timeliness of this request.

**25. Custodian of Records - Christian Hospital Northeast - St. Louis** – To the extent this identified witness refers to any individual who intends to testify regarding any alleged medical treatment provided to or alleged injuries sustained by Plaintiffs Damon Coleman and/or Theophilus Green, Defendants object to this witness as no record of any medical treatment or medical care has been properly identified to Defendants or has been disclosed in discovery.

2

{01726157.DOCX;1}

**26. Custodian of Records - Northwest Healthcare - Christian Hospital** – Please see above regarding witness 25.

**27. Custodian of Records Mercy Health Clinic** – Please see above regarding witness 25.

**28. Bianca Haghighi** – To the best of Defendants' knowledge and information, this individual has never been identified in Plaintiff's mandatory discovery disclosures under FRCP 26 nor otherwise disclosed in discovery.

**30. Thomas Terry** – To the best of Defendants' knowledge and information, this individual has never been identified in Plaintiff's mandatory discovery disclosures under FRCP 26 nor otherwise disclosed in discovery.

**C. List of Exhibits**

Plaintiffs identify "Robert Pusins' CV" in line thirteen of their proposed exhibits. Defendants object to this proposed exhibit of witness Robert Pusins, as Mr. Pusins should be excluded as an expert witness from testifying in the trial of this matter. *See* Doc. No. 146 and accompanying memoranda. Further, the proposed CV constitutes inadmissible hearsay under Federal Rule of Evidence 802. *See, e.g., Sheffield v. State Farm Fire & Cas. Co.*, No. 5:14-CV-38, 2016 WL 3548550, at *8 (S.D. Ga. June 23, 2016) (excluding expert's curriculum vitae as inadmissible hearsay, citing to several cases and the Handbook of Federal Evidence).

Plaintiffs also identify "Department of Justice's Report After-Action Assessment (Excerpts)" in line fifteen of their proposed exhibits. Defendants have submitted a Motion to Exclude any mention or reference to the topic of the governmental investigations after the events identified in the Amended Complaint (Doc. No. 146 and accompanying memoranda), have requested exclusion of this information and testimony in their Motions in Limine (Doc. No. 222),

have joined in St. Louis County's Motions in Limine (Doc. No. 228), and now continue object regarding this topic by objecting to Plaintiffs' purported exhibit identified here. Specifically, page ii. of the report, which is omitted from Plaintiffs' excerpt but is herein attached as Exhibit 1 to these objections, states as follows:

> This project was supported by cooperative agreement number 2013-CK-WX-K009, awarded by the Office of Community Oriented Policing Services, U.S. Department of Justice. **The opinions contained herein are those of the author(s) and do not necessarily represent the official position or policies of the U.S. Department of Justice. References to specific agencies, companies, products, or services should not be considered an endorsement by the author(s) or the U.S. Department of Justice. Rather, the references are illustrations to supplement discussion of the issues.**

Ex. 1 (emphasis added). Excerpts from this report offered by Plaintiffs is a compilation of opinions from unknown authors, none of whom are properly identified or named as expert witnesses in this matter. Accordingly, Plaintiffs should be prohibited from referring to, mentioning or admitting this exhibit based on Plaintiffs' failure to disclose the individuals who actually wrote or made the report as witnesses pursuant to Federal Rule of Civil Procedure 26 (Defendants were unable to identify or cross-examine the authors). Plaintiffs should be forbidden from using this exhibit for lack of foundation, and as the contents constitute inadmissible hearsay under Federal Rule of Evidence 802. The above quote establishes that Plaintiffs have failed to show the report sets out factual findings from a legally authorized investigation. *See Gen. Mills Operations, LLC v. Five Star Custom Foods, Ltd*., 703 F.3d 1104 (8th Cir. 2013). Here, there is no evidence the opinions contained in the report were based on competent evidence, sworn interviews or reliable evidence. *See Bailey v. City of Chicago*, No. 08 C 4441, 2012 WL 850741, at *5 (N.D. Ill. Mar. 9, 2012); C*oleman v. Home Depot, Inc.*, 306

F.3d 1333, 1342 (3d Cir. 2002) (stating a report may be untrustworthy "if the report appears to have been made subject to a suspect motivation").

Further, this Court should bar admission of item fifteen as the prejudicial value substantially outweighs whatever probative value it may have. F.R.E. 403. Federal Rule of Evidence 403 provides "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "Rule 403 recognizes that a cost/benefit analysis must be employed to determine whether or not to admit evidence; relevance alone does not ensure its admissibility." *Coleman v. Home Depot, Inc*., 306 F.3d 1333, 1343 (3d Cir. 2002). "…[E]vidence may be excluded if its probative value is not worth the problems that its admission may cause, e.g. unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence." *Id*. Because of the presumption relevant evidence is admissible, "the probative value of evidence must be substantially outweighed by the problems in admitting it." *Id*. (internal quotations omitted).

A jury may give undue weight to what is referred to as a formal report or so-called "official" finding, none of which is the case here with the proposed exhibit, and which would result in undue prejudice. *Rambus, Inc. v. Infineon Technologies AG*, 222 F.R.D. 101, 110 (E.D. Va. 2004) (citing *Martin v. Cavalier Hotel Corp*., 48 F.3d 1343, 1358 (4th Cir.1995)). In *Martin*, a report of a state agency was excluded where there was concern a "jury would have placed undue weight on such evidence." *Martin* at 1358. A party may be able to overcome the prejudicial affect by introducing evidence contradicting a prejudicial finding. *Rambus* at 110. It

is unreasonable, however, to expect a party to contradict such a finding when they lack access to the underlying information used to formulate the opinion. *Id*.

Here, item fifteen contains, *inter alia*, various hearsay statements of conclusory opinion that constitute critiques of police agencies. In this case, there is no evidence any of the arrests of any Plaintiff were made pursuant to a policy or custom of the City of Ferguson. As explained in Defendants' Motion for Summary Judgment (Doc. No. 143) and accompanying memoranda, the Plaintiffs have failed to demonstrate that any arrest of any Plaintiff was made under or pursuant to any policy or custom of the City of Ferguson or with the knowledge of or under the supervision of Ferguson Police Chief Thomas Jackson. *See* Ex. 1, pp. 16–17 ("Again, Ferguson PD Chief Jackson requested a Code 2000 although St. Louis County PD Chief Belmar was the primary incident commander for the informal joint command at the time, and the first arrests for failure to disperse occurred") (internal footnote omitted). This does not amount to sufficient evidence to present a case to a jury under 42 U.S.C. § 1983 against the City of Ferguson and against Chief Thomas Jackson regarding a claim of alleged supervisory liability. *See* Doc. 143 and accompanying memoranda; *see also* Ex. 1 ("Based on the tactics occurring under the direction of the St. Louis County PD. . .").

In short, the document which Plaintiffs now seek to admit defeats its own alleged probative value and admissibility within the context of municipal liability under *Pembaur v. City of Cincinnati*, 475 U.S. 469, 486 (1986), and should be excluded from evidence.

**D. Depositions, Interrogatory Answers, and Requests for Admissions**

Plaintiffs have not submitted any of the foregoing.

**E. Instructions**

{01726157.DOCX;1}

Plaintiffs' submission of proposed jury instructions are improper, incomplete and invite reversible error if this Court were to use the instructions the Plaintiffs have requested. Among other deficiencies, the Plaintiffs have failed to prepare packages pertaining to the claims of each Plaintiff against each individual Defendant. Plaintiffs' submissions are not compliant with this Court's Amended Case Management Order in this regard. Under the proposed instructions, the Plaintiffs appear to abandon their state law claims completely,[1] and Plaintiffs have also failed to include any verdict forms. Plaintiffs have failed to restate each instruction and have submitted only a list of Missouri Approved Jury Instructions and Eighth Circuit Model Civil Jury Instructions making it difficult to ascertain exactly which jury instructions Plaintiffs are proposing to submit.[2] Plaintiffs have failed to identify and specify the conduct of each of the individual Defendants in order to allow the jury to identify the alleged conduct at issue for each proposed claim. Plaintiffs' submission forces the Defendants to rewrite and submit proper instructions to this Court regarding every single proposed instruction (including those required under the 8th Circuit Model Civil Jury Instructions but not listed by Plaintiffs). Defendants will explain specifically the error contained in each of Plaintiffs' proposed instructions, and Defendants object specifically to each instruction.

Plaintiffs have failed to submit any packages pertaining to any claims of excessive force or unlawful seizure (including municipal claims and supervisory claims against the City of Ferguson and Thomas Jackson under 42 U.S.C. § 1983) under the Fourth Amendment (Fourteenth Amendment by incorporation) to the U.S. Constitution. Defendants assert Plaintiffs

---

[1] Defendants therefore submit alternative instructions with respect to the federal claims purportedly submitted by Plaintiffs in their submissions in Doc. No. 234.

[2] The Eighth Circuit Model Instructions are inconsistent in their numbering, as the provided table of contents does not accurately reflect the model jury instructions. For example, 2.14 is listed as EXPLANATORY: DEPOSITION EVIDENCE AT TRIAL in the table of contents, but within the instructions 2.14 is actually EXPLANATORY: WITHDRAWAL. Therefore, Defendants cannot be sure to which instructions Plaintiffs are referring within their list of proposed instructions.

have thereby abandoned their intention to submit these claims to the jury. *See, e.g., Blatt v. Shove*, No. C11-1711RAJ, 2014 WL 6901748, at *1 (W.D. Wash. Dec. 5, 2014) ("Mr. Blatt has waived his right to submit jury instructions by failing to submit any of his own"); *Calloway v. Oklahoma Cty.*, No. CIV-04-0017-F, 2006 WL 15532, at *2 (W.D. Okla. Jan. 4, 2006) ("Clearly, any state law claims which might have otherwise been the basis for any relief have been waived by the plaintiffs, at least for purposes of this case, as a result of plaintiffs' failure to submit jury instructions on any state claims and their failure to object to the lack of such instructions.") (internal citation omitted).

However, if this Court grants leave to Plaintiffs to submit instructions pertaining to federal claims of excessive force, unlawful seizure, municipal liability, and supervisory liability, Defendants reserve the right and respectfully request that they be allowed to submit instructions on those claims.

As Plaintiffs have only submitted MAI instructions (although failing to restate the instructions with language precise to this case), Defendants hereby submit a set of alternative instructions (including preliminary instructions, instructions to use during trial, and instructions at the end of trial). Defendants also submit modified/additional instructions pertaining to the claims to which the Plaintiffs have alluded in their submissions (state law claims of assault, battery, and unlawful arrest) pertaining to Justin Cosma,[3] Matt Delia, Ryan DeVouton, and Brandon McKinnon. Theophilus Green does not testify any force was used against him other than less lethal munitions, and as there is no evidence the Maryland Heights officers discharged less lethal munitions, no submission for battery is warranted. In addition, neither Plaintiff Theophilus Green nor Plaintiff Damon Coleman could identify any officer who allegedly used

---

[3] Defendants object, first and foremost, to any instruction being submitted to the jury, as Plaintiffs have conceded Officer Cosma was not present during any arrest of any Plaintiff and used no force against any Plaintiff.

8

{01726157.DOCX;1}

any force against them.  Defendants object to any submission of any assault[4] or battery against Matt Delia, Ryan DeVouton, and Brandon McKinnon for this reason.  The submissions Defendants make are in the alternative, in the event this Court disagrees.

Defendants object to instructions number one and two, as the Eighth Circuit has propounded Model Jury Instructions in civil cases for use by this Court.  These instructions are augmentative, duplicative, unnecessary, and may mislead and confuse the jury (especially in light of the Eighth Circuit's Model Jury Instructions).  The statement of the intent by Congress of the passage of 42 U.S.C. § 1983 is not information required for the jury to reach the ultimate verdicts on the legal claims and issues the Plaintiffs allege in this matter.

Defendants object to instruction three as it departs from the Eighth Circuit's Model Jury Instructions (2014), 1.3  EXPLANATORY:  GENERAL;  NATURE OF CASE; BURDEN OF PROOF; DUTY OF JURY; CAUTIONARY.  In addition, the heightened standard for proving punitive damages under Missouri law (Defendants object to *any* submission of punitive damages) by clear and convincing evidence. MAI 3.01 [1998 Revision] General.  Accordingly, this Court should refuse to tender instruction three and submit the referenced jury instructions prepared by Defendants (in the event punitive damages are found to be submissible by this Court).

Defendants object to Plaintiffs' fourth instruction as this is an improper verdict director and strays from the Eighth Circuit Model Jury Instructions regarding 42 U.S.C. § 1983 claims. Eighth Circuit's Model Jury Instructions (2014), 4.40 ELEMENTS OF CLAIM: EXCESSIVE USE OF FORCE -- ARREST OR OTHER SEIZURE OF PERSON -- BEFORE

---

[4] In addition, Plaintiffs neither pleaded, nor adduced any evidence supporting any actions taken by the Maryland Heights police officers whereby they intended to cause Plaintiff the apprehension of bodily harm.  Accordingly, Defendants object to any instruction for this purpose, and offer an alternative instruction in the event this Court disagrees regarding the evidence.

9

CONFINEMENT -- FOURTH AMENDMENT. Plaintiffs' proposed instruction amounts to a roving commission and fails to specify the facts the jury must find to be true in order to find against any Defendant. This proposed instruction attempts to narrow the jury's attention to the facts which are presumably to be presented by Plaintiffs and Defendants. No posited or ultimate facts are contained in this instruction. Defendants propose their alternative instruction to Plaintiffs' proposals and specifically object to the delivery of Plaintiffs' fourth instruction.

Defendants object to the fifth instruction, not only because it deviates from the Eighth Circuit's Model Jury Instructions, but because color of law is not at issue against these Defendants. *See supra*.

Defendants object to the sixth instruction for the reasons stated above pertaining to the fourth instruction. This departs from the Eighth Circuit's Model Jury Instructions, fails to correctly state and define the law, is argumentative and confusing, and does not assist the trier of fact.

Defendants object to the seventh and eighth instructions, as these instruction specifically seeks to discuss the state of mind of Defendants. This proposal was considered and rejected in Eighth Circuit Model Jury Instruction 4.40, and is based on *Graham v. Connor*, 490 U.S. 386 (1989).

Plaintiffs' ninth instruction purportedly defines recklessness, which is again an argumentative and unnecessary departure from the Eighth Circuit Model Jury Instructions cited above and the arguments cited above regarding "state of mind."

Plaintiffs' tenth instruction seeks to explain probable cause, though this is not contemplated in the Eighth Circuit Model Jury Instructions, nor is it necessary under the Eighth

Circuit Model Jury Instructions and is irrelevant to the facts of this case. Accordingly, Defendants object to tendering Plaintiffs' tenth instruction.

Defendants note Plaintiffs did not submit an eleventh, twelfth, or thirteenth instruction, but proceed directly to the fourteenth.

Defendants object to Plaintiffs' fourteenth instruction regarding damages, as the proper instruction regarding compensatory damages is a modification of Eighth Circuit's Model Jury Instructions (2014), 4.70 DAMAGES: ACTUAL PRISONER CIVIL RIGHTS (modified).

Defendants object to Plaintiffs' fifteenth instruction regarding nominal damages, as the proper instruction regarding compensatory damages is a modification of Eighth Circuit's Model Jury Instructions (2014), 4.71 DAMAGES: NOMINAL – PRISONER CIVIL RIGHTS.

Defendants object to Plaintiffs' sixteenth instruction regarding causation and damages, as these subjects are properly and adequately addressed in the Eighth Circuit's Model Jury Instructions.

Defendants object to the submission of punitive damages against these Defendants. Plaintiffs have insufficient evidence to proceed on or to submit such a claim, as Plaintiffs have not established that any of the individual Defendants[5] acted with the requisite mental intent. *See* Eighth Circuit's Model Jury Instructions (2014), 4.72 DAMAGES: NOMINAL – PRISONER CIVIL RIGHTS. For reasons more fully stated in his Motion for Summary Judgment, Defendant Officer Justin Cosma was never involved in any arrest of any Plaintiff; this fact has been conceded by Plaintiffs, and his continued presence as a party to this case is sanctionable. Defendant Police Chief Thomas Jackson was not a supervisor to any individual arresting a single named Plaintiff. The three Maryland Heights Police Officer Defendants acted upon at least

---

[5] The City of Ferguson, as well as individuals sued in their official capacity, are immune from liability for punitive damages. *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1982).

arguable probable cause in arresting Plaintiffs Damon Coleman and Theophilus Green. *See* Doc. 143 and accompanying memoranda. There is no evidence any of the Maryland Heights Defendants used any force other than the minimum force needed to properly effect the arrests of Plaintiffs Green and Coleman, nor any evidence that whatever force Damon Coleman alleges he was subjected occurred as the result of any action or conduct of a Maryland Heights Police Officer Defendant. *See* Doc. 143 and accompanying memoranda; *see also* Doc. No. 221, Defendants' Trial Brief.

Alternatively, and if the Defendants objections are overruled, the Defendants tender an alternative instruction which properly contains language from Eighth Circuit Model Jury Instructions 4.72 and 13.72.

**F. Trial Brief**

Plaintiffs submitted a "Statement of Relevant Facts" which refer to an individual identified as "Travis Wilson," a person unknown to these Defendants. Doc. No. 230, p. 1. Defendants dispute the version of events as posited by Plaintiffs, and have submitted a Motion in Limine regarding this topic (Doc. No. 222, Fourth Motion in Limine).

Further, the Plaintiffs have stated to the Court that Plaintiffs Damon Coleman and Theophilus Green have sued Defendants City of Ferguson and Thomas Jackson. Doc. No. 230, p. 2. They have not (*see* Doc. No. 81, ¶ 124). There is no claim stated in the Amended Complaint by Plaintiffs Green and Coleman against Ferguson or Chief Jackson, and Defendants object to this statement and the mischaracterization of the claims that are actually pending before the Court.

### G. Motion in Limine

Plaintiffs have not submitted any of the foregoing.

/s/ Peter J. Dunne
Peter J. Dunne  #31482MO
Robert T. Plunkert   #62064MO
PITZER SNODGRASS, P.C.
Attorneys for Defendants
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 19th day of September 2016, to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF:

Gregory L. Lattimer
Malik Z. Shabazz
1200 G. Street, N.W., Suite 800
Washington, D.C. 20005
lattlaw@aol.com
attorney.shabazz@yahoo.com
Attorneys for Plaintiffs

Reginald A. Green
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
rgreene@greenelegalgroup.com
Co-counsel for Plaintiffs

Michael E. Hughes
41 S. Central Ave
Clayton, Missouri 63105
mhughes2@stlouisco.com
pgunn@stlouisco.com
Attorney for Defendants St. Louis County and Chief Jon Belmar

/s/ Peter J. Dunne