IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRACEY WHITE, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Cause No. 14-cv-01490 - HEA |
| | ) | |
| THOMAS JACKSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ST. LOUIS COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRETRIAL SUBMISSIONS

COME NOW Defendants Jon Belmar, Sgt. David Ryan, Officer Terence McCoy, Officer Michael McCann, Det. Derik Jackson, Det. Joseph Patterson, Det. Aaron Vinson, Det. William Bates, Det. Nicholas Payne, Officer Daniel Hill, Officer Antonio Valentine, and St. Louis County, Missouri, ("St. Louis County Defendants") and for their objections to Plaintiffs' Pretrial Submission state:

**Joint Stipulation**

The attorneys for the parties engaged in a string of emails. The email string can be made available to the Court. It demonstrates that the defendants wanted to agree to the first three proposed stipulations , in fact they were essentially proposed by defendants, and further that defendants had proposed a statement of the case to be read at voir dire. In the email chain the defendants gave reasons why paragraphs 4 and 5 could not be stipulated to. Finally there was an approximate 40 minute conference call to try to work things out. The parties still could not agree to the 5 paragraph stipulation and so plaintiff s' attorney indicated that plaintiffs would not stipulate to anything, including the first three paragraphs that everyone seemed willing to stipulate to. Regarding the proposed statement of the case to be read at voir dire, plaintiffs

1

insisted that the words "negligent" and "negligently" be used regarding the constitutional claims against the governmental entities. Mr. Plunkert pulled up the *Monell* decision and indicated that if plaintiffs had any other decision it would be immediately located on Westlaw, but plaintiffs did not wish to pursue that any further.

**Witnesses:**

Defendants object to Bianca Haghighi and Thomas Terry because defendants do not know who the witnesses are, and defendants are not aware that their names have been disclosed in any document produced by the parties, or identified in Disclosures.

**Exhibits:**

Defendants join in the objections to the CV of Robert Pusins (Line 13 of Plaintiffs' Exhibit List) and Excerpts from After Action Assessment (Line 15 of Plaintiffs' Exhibit List) filed by Codefendants City of Ferguson, Thomas Jackson, Justin Cosma, Ryan Devouton, Brandon McKinnon, and Matt Delia. St. Louis County Defendants assert the same objections as codefendants assert in Document 232 to the exhibits in Lines 13 and 15 of plaintiffs' Pretrial Exhibit List. St. Louis County Defendants additionally reassert the objections to the Exhibits which their raised in their *Daubert* Motion, as well as in their Motion in Limine.

Plaintiff 1. Objections: No foundation and hearsay. Further this document was not disclosed in Disclosures or in response to discovery requests.

Plaintiff 2. Objections: No photographs of Nathan Burns were attached. No photographs of Nathan Burns were produced in Disclosures or in response to Discovery.

Plaintiff 3 entitled "Antwan Harris Medical Records."

The Objection is this is merely a Discharge Summary, and this is not "Medical Records," and so this is presented in isolation. Defendants have no objection to the entire medical chart of Antawn Harris.

Plaintiff 4, referred to as "Antawn Harris medical invoices." Objection is lack of foundation that these are the actual charges that were necessary and reasonable.

Plaintiff 5 A   No objection

Plaintiff 5 B   Objection to the foundation regarding who took this photo

Plaintiff 6. Identified as "Dwayne Matthews; medical records." Objection is that these are incomplete as these are only 3 pages out of at least 19, and therefore are ambiguous and calls for speculation and conjecture as to what occurred. Further things such as the X Ray report start off as a continuation of a reading, and shows a normal reading but because the entire record is not produced, you cannot tell what parts of the body were listed as normal

Plaintiff 8 C, is objected to as it shows someone holding a "Revolution" newspaper with headlines that are inflammatory and hearsay and argumentative

Plaintiff 8 H, the photo is objected to as inflammatory and hearsay and argumentative as it shows two people in black shirts holding a large black banner that says "Stolen lives, killed by law enforcement," and then lists more printing.

Plaintiff 9   The videos were not attached. If this is the video previously produced then it is not objected to. However because we cannot be sure what it is, it is objected to.

Plaintiff 11   Objection as not relevant or material and no foundation.

Plaintiff 13   The objections of the co-defendants are incorporated by reference. Also see objections above. Further objection, must be a proper foundation presented.

Plaintiff 14A, 14B, 14C, 14D, 14E, 14F, 14G, 14 H are being presented by plaintiffs apparently to show the truth of matters asserted which is classic hearsay, and in fact these documents were not prepared by police officers or by prosecutors and so they do not accurately show the "statement of charges of plaintiffs" and are objected to.

Plaintiff 15 is objected to for the reasons stated in the Defendants' Motions in Limine, and the Daubert Motions and stated above.

**Instructions:**

Defendants object to plaintiffs' proposed instructions for multiple reasons. Initially, plaintiffs do not point out the specific conduct or acts they attribute to each defendant to support each claim or submission. They have not included specific verdict directing instructions or verdict forms, so defendants cannot determine exactly what plaintiffs intend to submit against each individual defendant. It is difficult for defendants to offer proposed instructions of their own because plaintiffs have not make clear which theories and claims they intend to go forward with.

Plaintiffs have not submitted any packages pertaining to any claims of excessive force or unlawful seizure under the Fourth Amendment. Nor have they presented any instructions pertaining to supervisory liability of Chief Belmar, or to municipal liability against St. Louis County. Defendants therefore assert that plaintiffs have abandoned the claims.

Defendants offer the following specific objections to general instructions plaintiffs offer. Defendants object to proffered instruction 1.7, which pertains to questions by jurors. Because jurors are not familiar with the rules of evidence, permitting jurors to question witnesses may become confusing. Defendants ask the Court to exercise its discretion and disallow questioning by jurors. Defendants further object to Model Eighth Circuit Instruction 2.3 on stipulated

testimony because the parties have not offered stipulated testimony. They object to Instruction 2.8 on character testimony because defendants are not aware of any character witnesses in the lawsuit.

Defendants object to instructions 1 and 2 because the Eighth Circuit has Model Instructions that should be used instead. The instructions plaintiffs offer are argumentative, duplicative, and unnecessary. The statement regarding Congress' intent concerning the passage of 42 U.S.C. §1983 is not information required for the jury to reach its verdict.

Defendants object to instruction 3 because it departs from the Eighth Circuit instructions. Instruction 3.4 is the proper burden of proof instruction for the court to give.

Defendants object to instructions 4 through 10 because they vary from the Model Eighth Circuit instruction, and because they amount to a roving commission as they fail to specify the facts the jury must find in order render a verdict against the individual defendants. Plaintiffs do not identify the constitutional right at stake, or the conduct attributable to each defendant. Defendants suggest that the appropriate verdict directing instruction for Fourth Amendment excessive use of force claims against the individual police officers is Model Eighth Circuit instruction 4.40. Additionally, a definition of deliberate indifference according to 4.23 is required.

Plaintiffs have not offered any instructions concerning Fourth Amendment false arrest. They have therefore abandoned the claims. Alternatively, defendants submit that Third Circuit Model Instructions 4.12 and 4.12.2 are the appropriate instructions to use for such claims.

Defendants further object to the use of plaintiffs' damages instruction 14 through 16 because they fail to comport with Eighth Circuit Model instructions. Instruction 4.70 is the appropriate damages instruction to use.

Defendants object to Instruction 17 on punitive damages. First, a punitive damages instruction is not warranted by the evidence, and defendants object to submission of punitive damages at all. Plaintiffs will not show that defendants acted with the requisite mental intent. Additionally, under Missouri law, a higher burden of proof applies to punitive damages. Plaintiffs must establish proof by clear and convincing evidence to recover punitive damages. *Rodriguez v. Suzuki Motor Corp.*, 936 S.W.2d 104, 110 (Mo. banc 1996).

Defendants incorporate by reference the objections of the co-defendants to plaintiffs' instructions.

PETER J. KRANE
COUNTY COUNSELOR


/s/ Michael E. Hughes
Michael E. Hughes #23360MO
Associate County Counselor
Mhughes2@stlouisco.com
Priscilla F. Gunn #29729MO
Assistant County Counselor
Pgunn@stlouisco.com
41 S. Central, Ninth Floor
Clayton, MO 63105
(314) 615-7042
(314) 615-3732 (fax)

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was delivered to all counsel of record through the Court's electronic filing system this 19th day of September, 2016.

/s/ Michael E. Hughes