Instruction Number __1__

Your verdict must be for plaintiff Tracey White and against defendant David Ryan if you believe:

Defendant Ryan intentionally arrested plaintiff,

unless you believe plaintiff is not entitled to recover by reason of Instruction Number_____,

MAI 23.04 (modified) see MAI Committee comment B, "no action for false imprisonment …for an arrest that is lawful)

Submitted by Defendant David Ryan

Instruction Number __2__

Your verdict must be for defendant David Ryan if you believe:

First, defendant Ryan was a police officer, and

Second, defendant Ryan had reasonable cause to believe that an offense had been committed by Tracey White.

MAI 32.13 (modified by *Beck v. Ohio*, 379 U. S. 89, 91 (1964).

Submitted by Defendant David Ryan

Instruction Number __3__

Your verdict must be for plaintiff Tracey White and against defendant Terrence McCoy if you believe:

Defendant McCoy intentionally arrested plaintiff,

unless you believe plaintiff is not entitled to recover by reason of Instruction Number_____,

MAI 23.04 (modified) see MAI Committee comment B, "no action for false imprisonment …for an arrest that is lawful)

Submitted by Defendant Terrence McCoy

Instruction Number __4__

    Your verdict must be for defendant Terrence McCoy if you believe:

        First, defendant McCoy was a police officer, and

        Second, defendant McCoy had reasonable cause to believe that an offense had been committed by Tracey White.

MAI 32.13 (modified by *Beck v. Ohio*, 379 U. S. 89, 91 (1964)).

Submitted by Defendant Terrence McCoy

Instruction Number____5____

    Your verdict must be for plaintiff Tracey White and against defendant Michael McCann if you believe:

        Defendant McCann intentionally arrested plaintiff,

        unless you believe plaintiff is not entitled to recover by reason of Instruction Number_____,


MAI 23.04 (modified) see MAI Committee comment B, "no action for false imprisonment …for an arrest that is lawful)


Submitted by Defendant Michael McCann

Instruction Number ___6___

Your verdict must be for defendant Michael McCann if you believe:

First, defendant McCann was a police officer, and

Second, defendant McCann had reasonable cause to believe that an offense had been committed by Tracey White.


MAI 32.13 (modified by *Beck v. Ohio*, 379 U. S. 89, 91 (1964).

Submitted by Defendant Michael McCann

Instruction Number ___7___

Your verdict must be for plaintiff Tracey White and against defendant David Ryan if you believe:

    First, defendant Ryan intentionally threw plaintiff Tracey White to the ground, and

    Second, in throwing plaintiff Tracey White to the ground, defendant Ryan used more force than was reasonably necessary, and

    Third, defendant Ryan thereby caused plaintiff bodily harm.


MAI 23.02 (modified)

*Ostmann v. Hines*, 128 S.W 248 (Mo. App. 1910)
*Neal v. Helbling*, 726 S.W.2d 483 (Mo. App. 1987)

Submitted by Defendant David Ryan

Instruction Number __8__

Your verdict must be for Defendant David Ryan and against Plaintiff Tracey White unless you believe Defendant Ryan threw plaintiff to the ground and in so doing defendant Ryan used more force than was reasonably necessary.


MAI 33.01

Submitted by Defendant David Ryan

Instruction Number __9__

Your verdict must be for plaintiff Tracey White and against defendant Terrence McCoy if you believe:

> First, defendant McCoy intentionally threw plaintiff Tracey White to the ground, and
>
> Second, in throwing plaintiff Tracey White to the ground, defendant McCoy used more force than was reasonably necessary, and
>
> Third, defendant McCoy thereby caused plaintiff bodily harm.

MAI 23.02 (modified)

*Ostmann v. Hines*, 128 S.W 248 (Mo. App. 1910)
*Neal v. Helbling*, 726 S.W.2d 483 (Mo. App. 1987)

Submitted by Defendant Terrence McCoy

Instruction Number __10__

    Your verdict must be for Defendant Terrence McCoy and against Plaintiff Tracey White unless you believe Defendant McCoy threw plaintiff to the ground and in so doing defendant McCoy used more force than was reasonably necessary.


MAI 33.01

Submitted by Defendant Terrence McCoy

Instruction Number __11__

    Your verdict must be for plaintiff Tracey White and against defendant Michael McCann if you believe:

        First, defendant McCann intentionally threw plaintiff Tracey White to the ground, and

        Second, in throwing plaintiff Tracey White to the ground, defendant Ryan used more force than was reasonably necessary, and

        Third, defendant Ryan thereby caused plaintiff bodily harm.


MAI 23.02 (modified)

*Ostmann v. Hines*, 128 S.W 248 (Mo. App. 1910)
*Neal v. Helbling*, 726 S.W.2d 483 (Mo. App. 1987)

Submitted by Defendant McCann

Instruction Number  12

Your verdict must be for Defendant Michael McCann and against Plaintiff Tracey White unless you believe Defendant McCann threw plaintiff to the ground and in so doing defendant McCann used more force than was reasonably necessary.


MAI 33.01

Submitted by Defendant Michael McCann

Instruction Number __13__

Your verdict must be for the Plaintiff Tracey White and against Defendant David Ryan for unconstitutional use of force if all the following elements have been proved:

*First*, the Defendant Ryan threw Tracey White to the ground and

*Second*, the force used was excessive because it was not reasonably necessary to take the plaintiff into custody; and

*Third*, as a direct result, the plaintiff was injured.

*Fourth,* Defendant Ryan was acting under color of state law.

In determining whether the force, if any was "excessive," you must consider: the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances. You should keep in mind that the decision about how much force to use often must be made in circumstances that are tense, uncertain and rapidly changing.  You must determine whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer.

If any of the above elements has not been proved, then your verdict must be for the defendant.

Model Eighth Circuit Instruction 4.40

Submitted by Defendant David Ryan

Instruction Number __14__

Your verdict must be for the Plaintiff Tracey White and against Defendant Michael McCann for unconstitutional use of force if all the following elements have been proved:

*First*, the Defendant McCann threw Tracey White to the ground and

*Second*, the force used was excessive because it was not reasonably necessary to take the plaintiff into custody; and

*Third*, as a direct result, the plaintiff was injured.

*Fourth,* Defendant McCann was acting under color of state law.

In determining whether the force, if any was "excessive," you must consider: the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances. You should keep in mind that the decision about how much force to use often must be made in circumstances that are tense, uncertain and rapidly changing. You must determine whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer.

If any of the above elements has not been proved, then your verdict must be for the defendant.

Model Eighth Circuit Instruction 4.40

Submitted by Defendant Michael McCann

Instruction Number __15__

Your verdict must be for the Plaintiff Tracey White and against Defendant Terrence McCoy for unconstitutional use of force if all the following elements have been proved:

*First*, the Defendant McCoy threw Tracey White to the ground and

*Second*, the force used was excessive because it was not reasonably necessary to take the plaintiff into custody; and

*Third*, as a direct result, the plaintiff was injured.

*Fourth*, Defendant McCoy was acting under color of state law.

In determining whether the force, if any was "excessive," you must consider: the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances. You should keep in mind that the decision about how much force to use often must be made in circumstances that are tense, uncertain and rapidly changing. You must determine whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer.

If any of the above elements has not been proved, then your verdict must be for the defendant.

Model Eighth Circuit Instruction 4.40

Submitted by Defendant Terrence McCoy

Instruction Number _16_

Your verdict must be for plaintiff Tracey White and against Defendant Police Chief Jon Belmar if all of the following elements have been proved:

*First*, defendant police officers Ryan, McCoy and McCann committed an unconstitutional arrest of Tracey White or committed an unconstitutional use of force against Tracey White; and

*Second*, the reason that they committed the unconstitutional arrest or unconstitutional use of force is that they had not been trained or supervised; and

*Third*, defendant Chief Belmar acted under color of law.

The elements to show that a supervisor has failed to train or supervise are (1) notice of a pattern of unconstitutional acts committed by subordinates; (2) deliberate indifference to or tacit authorization of those acts; (3) failure to take sufficient remedial action; and (4) proximate cause of the plaintiff's injury.

In order to show deliberate indifference or tacit authorization the plaintiff must prove that Chief Belmar had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation.

If any of the above elements has not been proved, then your verdict must be for Chief Jon Belmar in Tracey White's claim of unconstitutional failure to train and supervise.


Submitted by Defendant Chief Jon Belmar

Model Eight Circuit Instruction 4.40, modified to fit a claim of Supervisory liability based upon *City of Canton v. Ohio*, 489 U. S. 378, 385 (1989); *Livers v. Shenck*, 700 F. 3d 340, 355 (8th Cir. 2012); *Brockington v. City of Sherwood*, 503 F. 3d 667, 673 (8th Cir. 2007)

Instruction Number __17__

Your verdict must be for plaintiff Tracey White and against Defendant St. Louis County if all of the following elements have been proved:

*First*, defendant police officers Ryan, McCoy or McCann committed an unconstitutional arrest of Tracey White or committed an unconstitutional use of force against Tracey White; and

*Second*, the reason that they committed the unconstitutional arrest or unconstitutional use of force is that they had not been trained or supervised; and/or the acts of police officers Ryan, McCoy or McCann were performed in compliance of an official policy of St. Louis County, or that it reflects that custom of St. Louis County which amounts to a de facto policy and

*Third*, defendant St. Louis County acted under color of law.

The failure to train or supervise occurs when a governmental agency inadequately trains or supervises its employees, the failure to train is an official policy, and that policy causes the employee to violate a person's constitutional rights. An identified deficiency in the agency's training must be closely related to the ultimate injury, such that the deficiency in training actually caused the police officers' conduct. Accreditation is prima facie evidence that standards and practices of a governmental agency meet constitutional due process requirements.

To establish a custom, a plaintiff must show that the unconstitutional arrest or unconstitutional use of force was caused by a widespread and persistent pattern of such unconstitutional conduct, and that the policy makers of St. Louis County were either deliberately indifferent to or tacitly approved of the conduct.

If any of the above elements has not been proved, then your verdict must be for St. Louis County on Tracey White's claims against St. Louis County.


Submitted by Defendant St. Louis County

Model Eight Circuit Instruction 4.40, modified to fit a claim of Municipal Liability based upon *Monell v. Dep't of Social Services*, 436 U. S. 658 (1978); *Szabla v. City of Brooklyn Park, Minn.*, 486 F. 3d 385, 389 (8th Cir. 2007); *Russell v. Hennepin County*, 420 F. 3rd 841, 849 (8th Cir. 2005), citing *Larson v. Miller,* 76 F. 3.3d 1446, 1453 (8th Cir. 1996).

Instruction Number __18__

Your verdict must be for the Plaintiff Tracey White and against Defendant David Ryan for unconstitutional arrest if all the following elements have been proved:

*First*, the Defendant David Ryan arrested Tracey White; and

*Second*, that arrest subjected plaintiff to a seizure; and

*Third*, the seizure was without probable cause; and

*Fourth*, Defendant Ryan acted under color of law.

In determining whether probable cause existed, you must consider that probable cause exists when police have knowledge of facts and circumstances warranting belief by a prudent person that an offense has been committed by the person arrested. Probable exists when the totality of the circumstances at the time of the arrest is sufficient to lead a reasonable officer to believe that a person has committed or is committing an offense. The law does not require law enforcement officers to conduct a perfect investigation in order to avoid suit for false arrest. What is reasonable for an arrest in the context of a potential large scale riot may be different from what is reasonable in the relative calm of another situation. The fact that the person arrested is later found innocent is not material.

If any of the above elements has not been proved, then your verdict must be for the defendant David Ryan.

Submitted by Defendant David Ryan

Model Eight Circuit Instruction 4.40, modified to fit a claim of unconstitutional false arrest, based upon *Beck v. Ohio*, 379, U.S. 89, 91 (1964); *Joseph v. Allen*, 712 F. 3d 1222, 1227 (8th Cir. 2013); *Fisher v. Wal-Mart Stores, Inc*, 619 F. 3d 811, 820 (8th Cir. 2010)

Instruction Number __19__

Your verdict must be for the Plaintiff Tracey White and against Defendant Michael McCann for unconstitutional arrest if all the following elements have been proved:

*First*, the Defendant Michael McCann arrested Tracey White; and

*Second*, that arrest subjected plaintiff to a seizure; and

*Third*, the seizure was without probable cause; and

*Fourth*, Defendant McCann acted under color of law.

In determining whether probable cause existed, you must consider that probable cause exists when police have knowledge of facts and circumstances warranting belief by a prudent person that an offense has been committed by the person arrested. Probable exists when the totality of the circumstances at the time of the arrest is sufficient to lead a reasonable officer to believe that a person has committed or is committing an offense. The law does not require law enforcement officers to conduct a perfect investigation in order to avoid suit for false arrest. What is reasonable for an arrest in the context of a potential large scale riot may be different from what is reasonable in the relative calm of another situation. The fact that the person arrested is later found innocent is not material.

If any of the above elements has not been proved, then your verdict must be for the defendant Michael McCann.

Submitted by Defendant Michael McCann

Model Eight Circuit Instruction 4.40, modified to fit a claim of unconstitutional false arrest, based upon *Beck v. Ohio*, 379, U.S. 89, 91 (1964); *Joseph v. Allen*, 712 F. 3d 1222, 1227 (8th Cir. 2013); *Fisher v. Wal-Mart Stores, Inc*, 619 F. 3d 811, 820 (8th Cir. 2010)

Instruction Number __20__

  Your verdict must be for the Plaintiff Tracey White and against Defendant Terrence McCoy for unconstitutional arrest if all the following elements have been proved:

  *First*, the Defendant Terrence McCoy arrested plaintiff Tracey White; and

  *Second*, that arrest subjected plaintiff to a seizure; and

  *Third*, the seizure was without probable cause; and

  *Fourth*, Defendant McCoy acted under color of law.

  In determining whether probable cause existed, you must consider that probable cause exists when police have knowledge of facts and circumstances warranting belief by a prudent person that an offense has been committed by the person arrested. Probable exists when the totality of the circumstances at the time of the arrest is sufficient to lead a reasonable officer to believe that a person has committed or is committing an offense. The law does not require law enforcement officers to conduct a perfect investigation in order to avoid suit for false arrest. What is reasonable for an arrest in the context of a potential large scale riot may be different from what is reasonable in the relative calm of another situation. The fact that the person arrested is later found innocent is not material.

  If any of the above elements has not been proved, then your verdict must be for the defendant David Ryan.


Submitted by Defendant Terrence McCoy

Model Eight Circuit Instruction 4.40, modified to fit a claim of unconstitutional false arrest, based upon *Beck v. Ohio*, 379, U.S. 89, 91 (1964); *Joseph v. Allen*, 712 F. 3d 1222, 1227 (8th Cir. 2013); *Fisher v. Wal-Mart Stores, Inc*, 619 F. 3d 811, 820 (8th Cir. 2010)