IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **TRACEY WHITE et. al.,** | * |
| **Plaintiffs,** | * |
| vs. | * Case No. 4:14-cv-01490 (HEA) |
| | * |
| **THOMAS JACKSON, et. al.,** | |
| | * |
| **Defendants.** | |
| | * |

**PLAINTIFFS' OBJECTION TO  ST. LOUIS COUNTY AND
INDIVIDUAL ST. LOUIS COUNTY DEFENDANTS' BILL OF COSTS**

Come now the plaintiffs, by and through counsel, and hereby file their objection to the Bill of Costs filed by St. Louis County defendants on October 21, 2016.  These defendants seek $13,249.78 in costs pursuant to Fed. R. Civ. P. Rule 54(d)(1).  As will be noted below, defendants Bill of Costs is both premature and include amounts for which the defendants are not entitled.

This action was initiated by ten (10) individual plaintiffs on August 28, 2014 alleging violations of the Constitution and laws of the United States and the State of Missouri resulting from unlawful arrests made without probable cause and excessive force following the shooting death of Michael Brown.  On October 3, 2016, the Court granted the defendant's motion for summary judgment on the sole basis that the defendant officers were entitled to qualified immunity.  That Order was appealed on October 4, 2016.  The appeal  is currently pending before the U.S. Court of Appeals for the Eighth Circuit.[1]

---

[1]/ The Clerk of the Court prematurely taxed costs on November 7, 2016.  Defendants filed their Bill of Costs on October 21, 2016.  The Court's local rules, Rule 54.- 8.03, provides:

(continued...)

### A. Defendants' Bill Of Costs Is Premature As No Final Determination Has Been Made That Defendants Are The Prevailing Party

Fed.R.Civ. P. 54(d)(1) states:

(d) Costs; Attorney's Fees.

(1) Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

As costs are allowed only to the prevailing party and as the Court's ruling that defendants are entitled to judgment as a matter of law on the basis of qualify immunity is the subject of an appeal, defendants' bill of cost should be held in abeyance until a final determination is made that the defendants are the prevailing party.  Indeed, the appeal may result in the reversal of the Court's ruling negating any finding that the defendants are the prevailing parties and thus entitled to costs.

Holding in abeyance the issue of costs until such time as there is a final determination as to who is the prevailing party would be in the interest of the Court as well as the parties.  It would allow resolution of the ultimate issue, whether the defendants are the prevailing party, before the parties have to litigate the appropriateness of the costs requested, or the Court having to utilize limited resources to decide a matter that may be ultimately reversed.

Accordingly, plaintiffs urge the Court to hold in abeyance defendants' Bill of Costs until such

---

[1](...continued)
"Each party objecting to a bill of costs shall file, within fourteen (14) days of being served, a memorandum stating specific objections."  Thus, after adding the time for service, plaintiffs' objections are due and are being filed on November 7, 2016.  Thus, the clerk's taxing of costs on November 7, 2016 fails to afford the plaintiffs the time that they were entitled to have for preparation of their opposition prior to taxing costs.

time that a final determination is reached as to who is the prevailing party in this case.

**B.     Defendants Are Not Entitled To Any Costs**

The Eighth Circuit Court of Appeals has ruled that the prevailing party is entitled to costs necessary for the litigation. *Nemmers v. Dubuque*, 764 F.2d 502 (8th Cir. 1985). In view of the fact that defendants prevailed on their motion for summary judgment on their claim that they were entitled to qualified immunity, no costs associated with discovery were not necessary for this litigation. Qualified immunity is a defense that is to be made prior to conducting discovery. That was the precise finding of the U.S. Supreme Court in *Saucier v. Katz*, 533 U.S. 194 (2001).

Here, the St Louis County defendants did not make such an argument. Rather, they chose to endure the costs and expenses of discovery in a case where there were ten plaintiffs and thirteen defendants and in which they claim they incurred over $13,000 in costs. In addition, the City of Ferguson defendants filed a Bill of Costs seeking $8,032.27 in costs from plaintiffs as well. As defendants had the right to seek dismissal of this lawsuit prior to conducting discovery, all expenses relating to discovery were unnecessary to the litigation of this case. Moreover, by proceeding with discovery without first moving on their claim of qualified immunity, the defendants waived any right to recover costs related to discovery or mediation.

Accordingly, plaintiffs maintain that the defendants are not entitled to any costs relating to discovery or mediation in this matter.

**C. Expert and Mediation Fees and Related Costs**

Defendant seeks to recover $3,080.48 in expert and mediation fees and related costs. Specially, the St. Louis defendants seek:

$ 1,048.76 - Mediator Fees

-3-

    $ 1,250.00 - Plaintiff expert witness fee

    $   670.91 - travel cost of defendants' counsel for expert deposition

However, these fees were not necessary for the litigation of this case. Again, the Eighth Circuit has held that the traditional rule is that expert fees are not recoverable beyond the statutory allowance for attendance, mileage and subsistence. That Court has allowed for exceptions to this traditional rule only when it can be shown that "the expert's testimony was crucial to the issues decided." *Nemmers*, *supra*., 764 F.2d at 506.

As noted above, all costs related to expert witness fees and travel expenses were not necessary as the defendants prevailed in this case on their claim that they were entitled to judgment as a matter of law on the basis of qualified immunity. That finding could have been made without any expert discovery and in fact could have been made prior to plaintiffs naming their expert. Thus, any expenses related to expert fees ($1,250)(Exhibit D), expert deposition ($2,033.30)(Exhibit B-13) or travel expenses ($670.91)(Exhibit D) are not recoverable as they were not necessary for the litigation.

This finding is underscored further by the fact that the Court granted defendants' motion for summary judgment without considering any expert testimony or expert report. Thus, for this reason as well, the expert costs were not necessary for the litigation of this matter. Any costs incurred by the defendants was done for their convenience and at their expense and are not recoverable from plaintiffs.

There are additional reasons to exclude the costs for the plaintiffs expert's deposition and travel expenses to the deposition. In addition, to the fact that the expert testimony was unnecessary in this case, the costs sought by defendants for taking the expert's deposition were not necessary for

this litigation and are excessive. Defendants seek to recover $2,033.30 for the taking of the deposition by the court reporter. In addition to a $320.00 fee for the attendance of the court reporter, the defendants also seek to recover $1,675.80 for an expedited transcript at the rate of $ 5.70 per page and $ 37.50 for copying 150 pages of exhibits. An expedited transcript was a luxury not a necessity and the rate of $5.70 per page far exceeds the regular fee associated with a deposition transcript.

Moreover, defendants are not entitled to recover for the cost of travel to a deposition. First and foremost, the courts have ruled that "barring exceptional circumstances, an attorney's traveling expenses in connection with the taking of depositions are not taxable costs." *Evans v. Fuller*, 94 F.R.D. 311 (D.AZ. 1982). Furthermore, it was not necessary for two counsel to travel to Florida for purposes of taking the experts' deposition and then tax plaintiffs for the costs for both counsel. The expert could have been deposed in Missouri or could have been deposed via video conference, both of which were far less costly than the cost of two counsel traveling to the sunshine state to take the deposition of a witness who played no role in the litigation of this case nor, more importantly, in the resolution of this case.

Lastly, the mediator's fee of $ 1,048.76 is not recoverable as it too was not necessary for the litigation of this case. While defendants noted on the bill of costs that the mediation was "court ordered," the parties could have opted out of mediation. Indeed, the mediation process is a voluntary process for which the parties share the cost. It is unconscionable to tax plaintiffs the entire cost of mediation that was unsuccessful from onset because of the conduct of the defendants. Defendants attended mediation without any intent to amicably resolve this matter. Under no interpretation of law is mediation a necessary element of litigation in this matter or any case for that matter and,

therefore, is not a taxable cost.

### D. Equitable Considerations Preclude The Taxing Of Costs

This action was initiated by ten (10) individual plaintiffs who were unlawfully arrested and some were subjected to excessive force in violation of the Constitution and laws of the United States and the State of Missouri during demonstrations following the shooting death of Michael Brown. The plaintiffs in this action were all victims, and while the Court has found that the defendant officers are entitled to qualified immunity from suit, they should not now be forced to also pay the expenses of the defendants, many of which could have been avoided had of the defendants raised the defense of qualified immunity prior to discovery.

This Court has discretion to award or not to award costs. The applicable statute makes awarding costs permissible, not mandatory. See *Greaser v. Department of Corrections*, 145 F.3d 979 (8th Cir. 1998), wherein the Court upheld the denial of costs to the prevailing party. The plaintiffs in this case urge the Court to deny defendants' Bill of Costs if for no other reason than it would be grossly inequitable to tax plaintiffs for the costs of defendants under the circumstances.

Wherefore for the reasons set forth herein and in the record of this proceeding, the plaintiffs respectfully requests that the Court reject the St. Louis defendants' Bill of Costs and the Clerk's taxing of those costs in this case.

Respectfully submitted,

By /s/ Gregory L. Lattimer
Gregory L. Lattimer [371926DC]
1200 G Street, N.W., Suite 800
Washington, D.C.  20005
Tel. (202) 434-4513
Fax: (866) 764-6442
Lattlaw@aol.com

Malik Z. Shabazz [458434DC]
Black Lawyers for Justice
1200 G Street, N.W., Suite 800
Washington, D.C.  20005
Tel: (202) 434-4528
Fax: (202) 248-4478
attorneyshabazz@yahoo.com

Reginald A. Greene[308674GA]
Greene Legal Group, LLC
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
Tel. (404) 574-4308
Fax: (404) 574-4308
rgreene@greenelegalgroup.com

Counsel for the Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing filed electronically with the Clerk of the Court was served electronically via the Court's electronic filing system on this 7th day of November, 2016 upon:

Peter J. Dunne, Esq.
Robert T. Plunkert, Esq.
Pitzer Snodgrass, P.C.
100 South Fourth Street
Suite 400
St. Louis Missouri 63102-1821
Attorneys for Defendants City of Ferguson, Chief Thomas and Officer Cosma

Michael E. Hughes, Esq.
Associate County Counselor
Priscilla F. Gunn, Esq.
Assistant County Counselor
41 S. Central
Ninth Floor
Clayton, MO 63105
Attorneys for St. Louis County and Chief Belmar

/s/ Gregory L. Lattimer