UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACEY WHITE, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:14CV1490 HEA |
| THOMAS JACKSON, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants St. Louis County and the Individual St. Louis County Defendants' Bill of Costs, [Doc. No. 261], and Defendants City of Ferguson, Thomas Jackson and Officer Justin Cosma's Bill of Costs, [Doc. No. 262]. Plaintiff objects to the Bills of Costs. For the reasons set forth below, Defendants' Bills of Costs are granted, as modified herein.

Federal Rule of Civil Procedure 54(d) states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees- should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). "Rule 54 represents a codification of the presumption that the prevailing party is entitled to costs." *Martin v. DaimlerChrysler Corp.,* 251 F.3d 691, 696 (8th Cir.2001) (quotations omitted); *see also Ex Parte Peterson,* 253 U.S. 300, 315-17 (1920) (discussing common law of costs). In other words, "[t]he losing party bears the burden of overcoming the presumption that the prevailing party is entitled to

costs...." *168th & Dodge, L.P. v. Rave Reviews Cinemas, LLC,* 501 F.3d 945, 958 (8th Cir.2007). Despite the presumption, exactly which costs will be awarded is a matter left to the discretion of the district court. *Poe v. John Deere Co.,* 695 F.2d 1103, 1108-09 (8th Cir.1982). However, "the district court must provide a rationale for denying the prevailing party's claim for costs." *Thompson v. Wal-Mart Stores, Inc.,* 472 F.3d 515, 517 (8th Cir.2006).

Plaintiffs' objection that the assessment of costs is premature is without merit. Judgment was entered in this Court in favor of Defendants and against Plaintiffs. Thus, Defendants are the prevailing parties in this Court.

Plaintiffs' objections regarding Defendants' taking of depositions and moving forward before seeking qualified immunity are also without merit. Clearly, Defendants were within reasonable trial preparation in conducting discovery in order to prepare the motions for summary judgment and for trial, if necessary.

Title 28, United States Code, Section 1920 expressly identifies the expenses a court may tax as costs against a losing party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 440 (1987). In relevant part, it provides:

A judge ... of any court of the United States may tax as costs the following:

**(1)** Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic

>   transcript necessarily obtained for use in the case;
>
>   (3) Fees and disbursements for printing and witnesses;
>
>   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
>   **(5)** Docket fees under [§ ] 1923 of this title;
>
>   **(6)** Compensation of court appointed experts....

28 U.S.C. § 1920.

**Fees for Service of Summons**

St. Louis County:  $65.00

City of Ferguson: $59.40

**Fees for printed or electronically recorded transcripts necessarily obtained for use in the case**

St. Louis County: $ 10,029.31

City of Ferguson: $ 6,439.80

**Fees and disbursements for printing**

St. Louis County: $79.99

City of Ferguson: $283.07

**Other costs**

      Both the County and the City of Ferguson requested $1,250 for the fee of Expert Witness Robert Pussin.  St. Louis County has withdrawn this request.  It will be disallowed for the City of Ferguson.  *Crawford Fitting*

*Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987).

St. Louis County also requested mediation costs in the amount of $1,048.76.  This request has also been withdrawn.

Accordingly,

**IT IS HEREBY ORDERED** that St. Louis County and the Individual St. Louis County Defendants' Bill of Costs, [Doc. No. 261] is approved in the amount of $10,169.30.

**IT IS FURTHER ORDERED** that the City of Ferguson, Thomas Jackson and Officer Justin Cosma's Bill of Costs, [Doc. 262], is approved in the amount of $6,782.27.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs in favor of Defendants St. Louis County and the Individual County Defendants and against Plaintiffs in the amount of $10,169.30.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs in favor of the City of Ferguson, Thomas Jackson and Officer Justin Cosma and against Plaintiffs in the amount of $6,782.27.

Dated this 28th day of June, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE