IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DeWAYNE MATTHEWS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Cause No. 14-cv-01490 - HEA |
| ) | |
| ST. LOUIS COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION
TO EXCLUDE PLAINTIFF'S EXPERT WITNESS AND FOR
DAUBERT HEARING**

COME NOW Defendants Jon Belmar, Det. Joseph Patterson, Det. Aaron Vinson, Det. William Bates, Det. Nicholas Payne, and St. Louis County, Missouri and submit the following Memorandum of Law in Support of their Motion to Exclude Expert Testimony Pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) and for Daubert Hearing.

**Introduction**

At the time Plaintiff endorsed his expert witness Robert Pusins, and submitted the expert report pursuant to Rule 26 of the Federal Rules of Civil Procedure, there were ten plaintiffs, and twelve defendants who have since been dismiss from the lawsuit. Additionally, there were claims for Fourth Amendment unlawful arrests, as well as state law false arrest, battery, and assault claims that have been dismissed. The majority of Mr. Pusins' opinions relate to parties and claims which are no longer in the lawsuit. As such they are no longer relevant or applicable to the remaining claims. Defendants filed a *Daubert* Motion prior to any rulings by the Court on the Motion to Summary Judgment (Document 153). Because the Court previously granted Defendants' Motion for Summary Judgment, it was unnecessary for the Court to rule on the

*Daubert* Motion.  To the extent Plaintiff wishes to continue to use Mr. Pusins to testify on any of the remaining claims, Defendants ask the Court to hold a *Daubert* Hearing, and to exclude Mr. Pusins as a witness in the case.

## Standard of Review and Legal Requirements

Federal Rule of Evidence 702 governs the admission of expert testimony in federal court. The Supreme Court interpreted Rule 702 as to require district courts to serve as "gatekeepers," admitting only the expert evidence based on specialized knowledge that is both "relevant and reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).  A district court's decision to exclude expert testimony because it lacks relevancy or reliability is subject to review for abuse of discretion. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 570 (8th Cir. 2009).

The Eighth Circuit has mapped the contours of *Daubert*'s reliability and relevancy requirements. "First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy." *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). "Second, the proposed witness must be qualified to assist the finder of fact." *Id.* The third and final prong of Rule 702 requires that the expert's testimony must be "based on sufficient facts or data" collected via "reliable principles and methods," and that the expert must have "reliably applied" those principles and methods "to the facts of the case." Fed.R.Evid. 702(b)-(d).

Although "the factual basis of an expert opinion" usually "goes to the credibility of the testimony, not the admissibility," an expert opinion "so fundamentally unsupported that it can offer no assistance to the jury" must be excluded. *Nebraska Plastics, Inc., v. Holland Colors Americas, Inc.*, 408 F.3d 410, 416 (8th Cir. 2005) (qtd. case omitted). An expert opinion is fundamentally unsupported if it fails to fit the relevant and specific facts of the case at hand.

*Lawrey v. Good Samaritan Hosp.*, 751 F.3d 947, 952-53 (8th Cir. 2014). "Expert testimony is inadmissible if it is speculative, unsupported by sufficient facts, or contrary to the facts of the case." *Concord Boat Corp. v. Brunswick Corp.,* 207 F.3d 1039, 1056–57 (8th Cir. 2000).

In determining whether the proffered testimony has sufficient indicia of reliability from an evidentiary sense to be of assistance to the jury, factors for the Court to consider include:

> (1) whether the theory or technique 'can be (and has been) tested'; (2) 'whether the theory or technique has been subjected to peer review and publication'; (3) 'the known or potential rate of error'; and (4) whether the theory has been generally accepted. *Peitzmeier v. Hennessy Indus., Inc.,* 97 F.3d 293, 297 (8th Cir.1996) (citing *Daubert,* 509 U.S. at 593–94, 113 S.Ct. 2786). *Daubert* 's progeny provides additional factors such as: whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case. *Bogosian v. Mercedes–Benz of N. Am., Inc.,* 104 F.3d 472, 479 (1st Cir.1997) (finding testimony of the expert and the plaintiff must be sufficiently related); *Daubert v. Merrell Dow Pharm., Inc.,* 43 F.3d 1311, 1317 (9th Cir.1995) (addressing whether opinion was developed naturally out of research or solely for litigation); *Claar v. Burlington N.R. Co.,* 29 F.3d 499 (9th Cir.1994) (discussing whether the expert accounts for obvious alternative explanations).

*Lauzon v. Senco Products,* 270 F.3d 681, 686-88 (8th Cir. 2001).

## **Argument**

Defendants ask the Court to exclude Mr. Pusins' testimony because it does not meet the criteria for admissibility under Federal Rule of Evidence 702.

**A.** *Opinion No. 1*

Defendants attach Mr. Pusins' Report as Exhibit A. His first opinion is that defendants did not prepare sufficient documentation surrounding plaintiff's arrest. He faults defendants for not preparing police reports, probable cause statements, charging documents, and affidavits to support the existence of probable cause for the arrest. He states on pages 11-12 of his report that the "lack of sufficient documentation surrounding the arrest of each of the plaintiffs including the conduct of each of the plaintiffs and the conduce of each of the law enforcement officers

involved in the arrests of the plaintiffs causes the facts regarding the arrests to remain in dispute."

Defendants ask the Court to exclude the testimony because it is irrelevant to the issues raised in the Third Amended Complaint, it does not assist the trier of fact, and it pertains to issues that have already been resolved on summary judgment and on appeal in *White v. Jackson,* 865 F.3d 1064 (8th Cir. 2017).  The Eighth Circuit specifically found that the "individual defendants could have reasonably concluded that Matthews was 'cognizant of the unlawful acts being committed by the other members of the assembly,' chose not to disassociate himself from the assembly, had heard the dispersal orders, and chose not to disperse. See *State v Mast,* 713 S.W.2d 601, 603-04 (Mo. Ct. App. 1986). See also Mo. Rev. Stat. § 574.060.1. The officers thus had at least arguable probable cause to arrest, Matthews for refusal to disperse." *White,* 865 F.3d at 1079.  The court's finding constitutes the law of the case, which may not be relitigated.  The law of the case doctrine "requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy. In other words, the doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' *United States v. Carter,* 490 F.3d 641, 644 (8th Cir.2007) (quoting *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)). The doctrine applies to decisions made by appellate courts," as well. *Gander Mountain Co. v. Cabela's, Inc.,* 540 F.3d 827, 830 (8th Cir. 2008).  Therefore, opinions related to the appropriateness of plaintiff's arrest have already been decided, and are no longer part of the case.  Because Opinion No. 1 relates to Plaintiff's claim for unlawful arrest, it should be excluded.

Regardless, defendants submit that opinions related to deficient documentation should be excluded because they do not assist the trier of fact determine whether plaintiff's constitutional rights were violated. In *Shock v. Tester,* 405 F.2d 852 (8th Cir. 1969), the court held that a party does not have a constitutional right to be free from even a false police report. See also *A.J. ex rel. Dixon v. Tanksley,* 94 F.Supp.3d 1061, 1071 (E.D. Mo. 2015). It is not the absence of documentation that caused the alleged constitutional violation.

**B.** *Opinion No. 2*

Mr. Pusins' next opinion is that the delay in the preparation of the police reports prevented supervisory oversight regarding the existence and articulation of probable cause for arrests. Because the lawfulness of Mr. Matthews' arrest is no longer at issue in this case, his Opinion No. 2 no longer even arguably holds relevance to the case, or can assist the trier of fact.

**C.** *Opinion No. 3*

Mr. Pusins' third opinion is that Defendants did not document or review the use of force. His reasoning for documenting the use of force is the same as it is for preparing timely police reports. Defendants ask the Court to exclude the opinion for the same reasons they ask the Court to exclude Opinion No. 1. Any alleged deficiencies in documentation was not the cause of any claimed constitutional violations.

Moreover, the opinion is based on such inaccurate information as to warrant exclusion. Sgt. Wathen did prepare a use of force report concerning DeWayne Matthews, which was reviewed up the chain of command. Exhibit B.

Plaintiff suggests that the opinion is offered to hold Chief Belmar or the County responsible for the use of force. To hold either the County or its Chief liable under 42 U.S.C. § 1983, Plaintiff must show the existence of a custom of laxness or inaction toward allegations of

misconduct, and that such custom was the moving force behind the constitutional violation. *Board of County Comm'rs v. Brown,* 520 U.S. 397 (1997); *Ware v. Jackson County,* 150 F.3d 873, 885 (8th Cir. 1998).

Mr. Pusins agrees that prior to August 11, 2014, St. Louis County did not have a custom of report writing delays. (Exhibit D, page 140). He does not claim that the use of force policy which included the procedures for preparing use of force reports was deficient. *Id.* at page 254. Chief Belmar avers that use of force report review is not regularly completed within the three day time frame that the ten plaintiffs involved in the in original lawsuit encountered police, in any event. Belmar Affidavit ¶ 39. Nor does Mr. Pusins offer the opinion that unconstitutional uses of force or false arrests were so widespread, prevalent, and persistent within the Department prior to August 11, 2014, so as to constitute a custom. See *Ware,* 150 F. 3d at 880-81.

Plaintiff's police encounter was on August 13, 2014. The practice of delegating the report writing function to a detective did not begin until August 11. Any connection between report writing delays which began on August 11, and the ability to supervise the actions of the named individual defendants on August 11, 12 and 13, is so attenuated as fall below the test of admissibility under Rule 702. It amounts to nothing more than inadmissible speculation.

Moreover, even if supervisors were hampered in their ability to oversee the work of subordinates through report writing delays, Chief Belmar avers that supervisors were on the ground with the police officers. The arrest teams were directly supervised by commanders of all ranks. Supervisors did not have to rely on police reports or use of force reports to determine whether subordinates followed policy. Supervisors were able to observe the actions of police officers with their own eyes. Sgt. Wathen witnessed the force applied to Mr. Matthews directly. The opinions offered by Mr. Pusins regarding supervision do nothing to establish the deliberate

indifference required to prove supervisory inadequacies under 42 U.S.C. §1983. See *Mettler v. Whitledge,* 165 F.3d 1197, 1204-05 (8th Cir. 1999).

**D.  Opinion No. 4**

Mr. Pusins' final opinion relates to decontamination procedures.  In view of the original *Daubert* Motion Defendants filed, plaintiff withdraws Opinion No. 4 from consideration.  See Document 197.

Additionally, Mr. Pusins does not provide a basis or foundation for or his conclusions. He testified that he was not aware of any procedures in place, and that a decontamination post should have been set up.  (Exhibit D, page 211)  The Affidavit of Chief Belmar proves that St. Louis County indeed had a decontamination post, and procedures in place for addressing contamination and injuries in Ferguson. Belmar Affidavit ¶¶ 43-46.

Further, Mr. Pusins agreed that front line officers or members of the arrest team are not responsible for decontamination or offering first aid. *Id.* at 221-22.  His opinion is a general one, and not directed to any particular plaintiff or defendant.  And even if Matthews' particular exposure to spray or gas was not appropriately attended to by an officer, Pusins' testimony cannot support liability against the County or Chief Belmar based on an isolated instance of failure to make available to a particular plaintiff resources at hand. *Board of County Comm'rs,* 520 U.S. at 1391-92.  Mr. Pusins' opinions do not demonstrate a nexus between plaintiffs' claims and any action attributable to any of the defendants.

## Conclusion

Therefore, for the above stated reasons, Defendants ask the Court to grant the instant Motion, and to exclude the expert opinions of Robert Pusins.

                                          PETER J. KRANE
                                          COUNTY COUNSELOR

                                          ___/s/ Priscilla F. Gunn_____
                                          Michael E. Hughes #23360MO
                                          mhughes2@stlouisco.com
                                          Priscilla F. Gunn #29729MO
                                          pgunn@stlouisco.com
                                          Associate County Counselors
                                          41 S. Central, Ninth Floor
                                          Clayton, MO 63105
                                          (314) 615-7042
                                          (314) 615-3732 (fax)
                                          Attorneys for the Defendants

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by the Court's Electronic filing system this 4th day of September to all counsel of record.


/s/ Priscilla F. Gunn