# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TRACEY WHITE, et al.,  ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:14CV1490 HEA |
| ) | |
| THOMAS JACKSON, et al., ) | |
| ) | |
| ) | |
| Defendants, ) | |

## OPINION, MEMORANDUM AND ORDER

Defendants Belmar, St. Louis County, Vinson, Bates, Patterson and Payne, have filed a Motion to Exclude Plaintiff's Expert and For Daubert Hearing [Doc. No. 295] pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). Plaintiff opposes the motion. A hearing was held on October 31, 2018. The motion to exclude is fully briefed and ready for disposition. For the following reasons, Defendants' motion to exclude Plaintiff's expert Robert Pusins will be granted in part and denied in part.

## Legal Standard

Factual Basis

"As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party

to examine the factual basis for the opinion in cross-examination." *Loudermill v. Dow Chem. Co.*, 863 F.2d 566, 570 (8th Cir. 1988). *See also* Fed. R. Evid. 703. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596, 113 S. Ct. 2786, 2798 (1993). Testimony must be excluded only when it is "so fundamentally unsupported that it can offer no assistance to the jury." *Loudermill*, 863 F.2d at 570.

Expert Opinions

    Rule 702 requires the trial judge to act as a "gatekeeper," admitting expert testimony only if it is both relevant and reliable. *United States v. Vesey*, 338 F.3d 913, 916 (8th Cir. 2003) *citing Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589 (1993). "Expert testimony should be admitted if it is based on sufficient facts, it 'is the product of reliable principles and methods,' and 'the witness has applied the principles and methods reliably to the facts of the case.'" *Vesey*, 338 F.3d *citing* Fed. R. Evid. 702. Defendants do not directly challenge the reliability of Pusins' methods, which amounted to assessing the documentation and review procedures against his understanding of acceptable practices and the standard of care based on his experience. Instead, Defendants argue that Pusins'

2

opinions are based on inaccurate, inapplicable facts and are not relevant to the legal elements of Plaintiff's claims.

## Discussion

Factual Basis

Defendants argue that Mr. Pusins based his opinions on incorrect information. Defendants claim that Sgt. Wathen prepared a use of force report, contrary to Mr. Pusins' report. If Defendants are correct, Pusins' understanding that the use of force report was not filed and reviewed timely may be the subject of cross examination. Regardless, Pusins' opinions regarding the reporting and review of uses of force have a factual basis in the COPS Report and the chain of command routings of the use of force report filed by Sgt. Wathen. Defendants' Exhibit A, 1-5.

Factual Applicability

Defendants question the applicability of the findings of the U.S. Department of Justice Civil Rights Division Investigation of the Ferguson Police Department ("DOJ Report") and After-Action Assessment ("COPS Report") to the surviving claims. Defendants are correct that opinions which rely solely upon the DOJ Report do not relate to the conduct of St. Louis County Police Department and therefore should be excluded. The DOJ Report refers only to the conduct of the Ferguson Police Department. Defendants' Exhibit A, 6-7.

3

Defendants argue that the COPS Report is insufficient because it does not indicate which specific agency engaged in any particular practice, does not implicate all four agencies in every finding, and does not address the documentation or review of the use of force. However, the COPS Report details the specific actions of each police agency and specifies the scope of its findings. Defendants' Exhibit F. Similarly, the COPS Report includes factual information related to incomplete and decentralized documentation during the mass demonstrations. Defendants' Exhibit F at 42. Moreover, Mr. Pusins relied on further sources of information beyond the COPS and DOJ Reports. Defendants' Exhibit A, 1-5. Therefore, generalities in the COPS Report do not undermine the basis for Pusins' opinions.

Relevance of Mr. Pusins' Opinions

Defendants argue that Mr. Pusins' opinions do not relate to the remaining § 1983 claims for excessive use of force and the failure to train or supervise. For an excessive use of force claim, the dispositive question is whether the amount of force the officer used was objectively reasonable. *Graham v. Connor*, 490 U.S. 386, 396-97 (1989). Reasonableness of a use of force depends on the circumstances surround the arrest. *Graham*, 490 U.S. at 396. In his report, Pusins' opinion is that the documentation of the arrest and the review of the use of force in this case did not meet standards and practices in the field of policing. Defendants'

4

Exhibit A, 10-17. Pusins further explained that standards are in place to prevent possible constitutional violations during arrests. Defendants' Exhibit A at 15. Therefore, Pusins' opinions are relevant to the circumstances of the arrest and whether the alleged acts constituting excessive force in fact occurred.

As for the failure to train or supervise claim, the Court of Appeals for Eighth Circuit explained on review in *White v. Jackson* that:

> Since § 1983 does not allow for vicarious liability, "a plaintiff must identify a governmental 'policy or custom that caused the plaintiff's injury' to recover" under that statute. Id. (quoting *Bd. of the Cty. Comm'rs v. Brown,* 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)). Municipal liability will not attach unless individual liability is "found on an underlying substantive claim." Id. (*quoting McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005)).

*White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Plaintiff asserts that Pusins will testify that St. Louis County created an environment lacking accountability, based in general on the basis of the COPS Report and specifically on the facts of the case. Regardless of whether Pusins ultimately determined whether agency policies *caused* the alleged constitutional violation as Defendants claim, his opinion is relevant to whether such an environment existed in the first place.

Defendants also argue that Mr. Pusins' opinions are related only to the lawfulness of Plaintiff Matthews' arrest. Plaintiff responds that the determination of qualified immunity for the unlawful arrest claim does not preclude liability for the municipal defendants, citing *Owen v. Independence*, 445 U.S. 622 (1980).

5

However, Plaintiff cannot assert unlawful arrest as a basis for the failure to supervise claim, since the Court of Appeals for the Eighth Circuit reversed summary judgment on the failure to supervise claim only so far as it related to the excessive use of force. *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017). Moreover, Defendants are correct that Mr. Pusins' opinions regarding whether there was probable cause are not relevant or helpful to the trier of fact in determining the remaining claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to exclude or limit the testimony of Mr. Robert Pusins [Doc. No. 295] is **GRANTED in part and DENIED in part.**

The motion is **GRANTED** to the extent that Mr. Pusins will not be permitted to testify regarding: (1) whether there was probable cause to arrest Plaintiff Matthews or (2) opinions based solely on the conduct of police agencies other than St. Louis County Police Department.

The motion is **DENIED** in all other respects. Specifically, Mr. Pusins will be permitted to testify regarding his opinions specific to the conduct of St. Louis County Police Department, including the documentation and review of arrests and

the use of force.

Dated this 13th day of November, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

7