IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DEWAYNE MATTHEWS                                    *

      Plaintiff,                                   *

    vs.                                             *   Case No. 4:14-cv-01490 (HEA)

                                        *

JON BELMAR, et al.,                                 *

      Defendants.                                  *

**PLAINTIFF'S TRIAL BRIEF**

Comes now the plaintiff, by and through counsel, and hereby submits his trial brief in accordance with the Court's Order of August 21, 2018.

**Statement Of Relevant Facts**

On August 8, 2014, Travis Wilson of the Ferguson, Mo., police department and Michael Brown, a teenaged African American encountered one another. A violent confrontation ensued, and Michael Brown, who was unarmed, was shot to death by Travis Wilson. Although the fact that an unarmed African American was shot and killed by a police officer, is not an unusual event in the United States, the Michael Brown shooting was somewhat unique in that it occurred between 12:00 p.m. and 1:00 p.m. in the afternoon, and there were several independent witnesses. As a result of the number of witnesses, technology and the internet, the shooting of Michael Brown was seen by millions of people. The African American community in Ferguson was particularly enraged by what appeared to be an excessive use of force which culminated with Michael Brown being shot in the forehead with the final shot fired by an officer who had already shot Mr. Brown several times prior to that.

Public outrage about the shooting turned into protests which subsequently led to civil unrest in the streets of Ferguson. In response, the Ferguson Police and the St. Louis County Police took up arms and in militaristic displays of force and weaponry engaged U.S. Citizens as if they were war combatants. In doing so, the City of Ferguson and the St. Louis County Police Departments used wanton and unnecessary force and acted as if the civil rights of the citizenry that they encountered had been revoked during the period of August 11-13, 2014. The plaintiff in this case was a victim of the atrocities committed by the City of Ferguson and the St. Louis County Police Departments during that period.

Plaintiff  DeWayne Matthews was seized and beaten without cause while he was walking in a direction that he had been directed to take by the police.  The plaintiff alleges that this conduct violated the 4th Amendment in that he was subjected to excessive force.

The plaintiff further alleges that defendant Belmar created a situation in Ferguson, Mo., following the shooting death of Michael Brown, by implementing a policy where police officers were allowed to ignore the constitutional rights of citizens for the sake of expediency, that resulted in the violation of their constitution right to be free from an unwarranted and unlawful seizure.

## II.  Legal Authority For The Plaintiff's Claims

Inasmuch as this case is on remand from the 8th Circuit, the applicable legal authority for plaintiff's claims is not in dispute:

> we conclude that the district court erred in granting defendants Vinson, Bates, Patterson, and Payne qualified immunity with regard to Matthews' claims that officers had held his head underwater for three to five seconds, pepper sprayed him, and took turns punching and kicking him for two to three minutes. We have previously concluded that police officers had used an objectively unreasonable amount of force when they allegedly kicked and punched an individual while he was handcuffed on the ground and no longer resisting. Krout v. Goemmer, 583 F.3d 557,

566 (8th Cir. 2009). We noted in that case, that it "was clearly established that the use of this type of gratuitous force against a suspect who is handcuffed, not resisting, and fully subdued is objectively unreasonable under the Fourth Amendment." Id.  Taking the evidence in the light most favorable to Matthews, the alleged facts here are almost identical to those in Krout. Matthews was lying on the ground, handcuffed, and not resisting arrest while officers kicked, punched, and pepper sprayed him. Matthews also testified that while he was lying face down in the culvert, officers approached him and held his head underwater for three to five seconds. This is the type of gratuitous force that is objectively unreasonable under the Fourth Amendment.

The district court dismissed Matthews' excessive force claim after finding that medical evidence undermined his testimony. As an initial matter, this is a misleading characterization of the record. Matthews' medical records simply indicate that he told the doctor that he had not lost consciousness, had not told paramedics about the beating or drowning, and that his x rays and CT scans were normal. None of this evidence contradicts Matthews' testimony that he had been beaten and drowned. Nevertheless, even if the medical evidence did conflict with Matthews' testimony, that type of factual and credibility conflict is a genuine issue of material fact, and it is "the role of the jury" to resolve such conflicts.

To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation. That does not mean however that a § 1983 excessive force plaintiff must be able to personally identify his assailants to avoid summary judgment.  Testimony of the officers on the scene, including that of Vinson and Bates, confirms that Vinson and Bates physically removed Matthews from the culvert. Patterson confirmed that he deployed pepper spray. Payne testified that he observed the arrest and yelled at Matthews to stop resisting. When Matthews was handcuffed, he sat up and leaned against Payne's leg. Payne helped Matthews up and brought him to the paramedics. This is sufficient evidence to identify Vinson, Bates, Patterson, and Payne as officers who personally participated in Matthews's arrest.

Because we reverse the grant of summary judgment on Matthews' § 1983 excessive force claim, we also reverse on his failure to train, supervise, and discipline claim as it relates to his remaining excessive force claim.

*White v. Jackson*, 865 F.3d 1064, 1080-81 (8th Cir. 2017).

While it is certain that the defendants will attempt to raise as many obstacles as possible to prevent an orderly resolution of this fairly simple trial, the plaintiff is not aware of any legitimate

substantive or procedural problems at this time.

Respectfully submitted,

By  /s/ Gregory L. Lattimer
Gregory L. Lattimer [371926DC]
1200 G Street, N.W., Suite 800
Washington, D.C.  20005
Tel. (202) 434-4513
Fax: (866) 764-6442
Lattlaw@aol.com

Malik Z. Shabazz [458434DC]
Black Lawyers for Justice
1200 G Street, N.W., Suite 800
Washington, D.C.  20005
Tel: (202) 434-4528
Fax: (202) 248-4478
attorneyshabazz@yahoo.com

Reginald A. Greene[308674GA]
Greene Legal Group, LLC
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
Tel. (404) 574-4308
Fax: (404) 574-4308
rgreene@greenelegalgroup.com

Counsel for the Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing filed electronically with the Clerk of

the  Court was served electronically via the Court's electronic filing system on this 22nd day of

January, 2019 upon:

Michael E. Hughes, Esq.
Associate County Counselor
Priscilla F. Gunn, Esq.
Assistant County Counselor
41 S. Central
Ninth Floor
Clayton, MO 63105

/s/ Gregory L. Lattimer