UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEWAYNE MATTHEWS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:14CV1490 HEA |
| THOMAS JACKSON, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Summary Judgment, filed by defendants Jon Belmar and the County of St. Louis, [Doc. No. 292]. Plaintiff opposes the motion. The Motion is denied.

### Facts and Background

The facts and background have been previously detailed. After remand from the appeal of this Court's grant of summary judgment to all defendants, Defendants Belmar and St. Louis County again move for summary judgment on the claims against them. Defendants argue that there is no dispute as to any material facts which could subject them to liability.

Plaintiff's remaining claims against these defendants are under 42 U.S.C. § 1983 for deprivation of his civil rights and for failure to supervise, and discipline.

### Standard

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cordry v. Vanderbilt Mortg. & Fin., Inc.,* 445 F.3d 1106, 1109 (8th Cir.2006) (quoting *Bockelman v. MCI Worldcom, Inc.,* 403 F.3d 528, 531 (8th Cir.2005)). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quoting Fed.R.Civ.P. 56(c)). The proponent need not, however, negate the opponent's claims or defenses. *Id.* at 324–25. In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e)). A "genuine" dispute of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). "If the evidence is merely colorable ... or is

not significantly probative ... summary judgment may be granted." *Id.* at 249–50 (citations omitted).

## Discussion

Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Monell v. Dep't of Soc. Serv.,* 436 U.S. 658, 690–91 (1978); *City of Canton, Ohio v. Harris,* 489 U.S. 378, 388–89 (1989).

A plaintiff may establish municipal liability under § 1983 by proving that his or her constitutional rights were violated by an action pursuant to official municipal policy or misconduct so pervasive among non-policymaking employees of the municipality as to constitute a custom or usage with the force of law." *Ware v. Jackson Cnty., Mo.,* 150 F.3d 873, 880 (8th Cir.1998) (internal quotation marks and citation omitted). "[I]n order to state a viable § 1983 claim [ ], plaintiff is required to plead facts sufficient to show at least an inference that [her] constitutional rights were violated as a result of action taken pursuant to an official policy, or as a result of misconduct so pervasive among non-policymakers as to constitute a widespread custom and practice with the force of law." *Davis v. St. Louis County, Mo.,* 4:14CV1563 CAS, 2015 WL 758218, at *12 (E.D.Mo. Feb. 23, 2015) (citation omitted).

The pleadings, affidavits and evidence in the record, together with the reasonable inferences to be drawn therefrom, establish that disputes of material fact exist which must be decided by the trier of fact. As such, summary judgment is not appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment, [Doc. No. 292], is **DENIED**.

Dated this 31st day of January, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE